**MEMO ENDORSED**

*File unsigned*  ( A1 × A~ )

*Motion dealt with*
*in open court*
*3/28/08*

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

Stephen R. Stern, Esq. (SRS-5665)
Philip S. Ross, Esq. (PR-0867)
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:     (212)421-4000
Fax:     (212)223-3857
Attorneys for Defendants Moses Stern, aka
Mark Stern, First Republic Group Realty, LLC,
Ephraim Frenkel and Land Title Associates Escrow

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,:          07 Civ. 11586 (LAK) (GWG)

                                    Plaintiffs,        :

                -against-                              :     ORDER TO SHOW CAUSE
                                                             TO QUASH, MODIFY, LIMIT
MOSES STERN, aka MARK STERN,                      :     AND/OR ENJOIN COMPLIANCE
JOSHUA SAFRIN,                                          WITH NONPARTY SUBPOENAS
FIRST REPUBLIC GROUP REALTY, LLC,             :
EPHRAIM FRENKEL,
LAND TITLE ASSOCIATES ESCROW                 :

                                    Defendants.       :
-----------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 3/28/08

UPON the annexed Affidavit of Stephen R. Stern sworn to March 26, 2008 (the "Stephen

R. Stern Affidavit"), counsel for Defendants Moses Stern, aka Mark Stern, First Republic Group

Realty, LLC, Ephraim Frenkel and Land Title Associates Escrow (the "First Republic

Defendants"), the exhibits annexed thereto, the Complaint, and upon all the prior pleadings and

proceedings heretofore had herein,

LET Plaintiffs, Amusement Industry Inc., dba Westland Industries and Practical Finance

Co., Inc., or their counsel, and Defendant Joshua Safrin, or his counsel, show cause before this

Court, why an Order should not be entered:

(A) Pursuant to Fed.R.Civ.P. 26(c)(1), Fed.R.Civ.P. 45(c)(3) and Fed.R.Civ.P. 65,

quashing, modifying, limiting and/or enjoining compliance with nonparty subpoenas

listed on Exhibit 1 to the Stephen R. Stern Affidavit; and

(B) Granting such other and further relief as the Court may deem just and proper;

AND SUFFICIENT CAUSE APPEARING THEREFORE, it is hereby:

**ORDERED**, that pending the determination of the within motion, compliance with the

nonparty subpoenas listed on Exhibit 1 to the Stephen R. Stern Affidavit is hereby stayed; and it

is further

**ORDERED**, that service of this Order to Show Cause together with the papers submitted

in support thereof, upon counsel for the Plaintiffs and upon counsel for Defendant Joshua Safrin

through the filing of same on the ECF system on or before March ___, 2008 shall be deemed good

and sufficient service.

Dated: New York, New York
       March ___, 2008

       _____ o'clock ___.m

                                            _____
                                                            U. S. D. J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,    :    07 Civ. 11586(LAK) (GWG)

                  Plaintiffs,    :    AFFIDAVIT OF
                                                    STEPHEN R. STERN
        -against-    :    IN SUPPORT OF ORDER
                                                    TO SHOW CAUSE TO
MOSES STERN, aka MARK STERN,    :    QUASH, MODIFY, LIMIT
JOSHUA SAFRIN, FIRST REPUBLIC           AND/OR STAY COMPLIANCE
GROUP REALTY, LLC, EPHRAIM FRENKEL,    :    WITH 37 NON-PARTY
LAND TITLE ASSOCIATES ESCROW.           SUBPOENAS

                  Defendants.    :
-------------------------------------------------------------------X

State of New York    )
                    )    ss.:
County of New York    )

    STEPHEN R. STERN, being duly sworn, deposes and says the following:

    1.    I am a partner in Hoffinger Stern & Ross LLP, defendants Moses Stern, aka Mark Stern, First Republic Group Realty, LLC ("FR"), Ephraim Frenkel and Land Title Associates Escrow (collectively, the "FR Dfts") attorneys. As such, I am fully familiar with the facts stated herein.

    2.    This affidavit is submitted in support of FR Dfts motion to quash, modify, limit or enjoin compliance with 37 non-party subpoenas served by plaintiffs and co-defendant Joshua Safrin ("Safrin") (collectively, the "Subpoenas"). A schedule of the Subpoenas is annexed hereto as Exhibit 1; individual copies are annexed as set forth on the Exhibit 1 schedule.

    3.    The heart of the complaint is plain, temporally, factually narrow and limited, centering on plaintiff Amusement Industry, Inc.'s ("Amusement") alleged advancement of $13 million on behalf of FR in connection with FR's acquisition of 11 shopping malls (the "Property Portfolio") alleged to be worth $190 million (the "advance"). Essentially, the complaint claims, in or about mid-June 2007, Steven Alevy (the son of Amusement's principal) discussed limited/partial financing in connection with the Property Portfolio acquisition (the "limited

financing"); and a "Letter of Intent" was prepared on or about June 29, 2007 regarding (*inter alia*) proposed limited financing, which plaintiffs allege subsequently magically became a "contract." The complaint alleges further Amusement made a July 11, 2007 "counter offer," which plaintiffs also claim magically became a second "contract."

4.    The complaint references *two* disparate promissory notes (one for $13 million and another for $15 million). The allegations confirm the thrust of the complaint relates to (a) a limited time period (mid-June - mid-July 2007), (b) the purported advance, (c) whether either alleged "contract" was entered into, (d) what rights, if any, plaintiffs have in connection with any alleged "contract" or "promissory note," and (e) whether the advance is truly secured.

5.    All defendants have filed motions to dismiss. The Court directed discovery to proceed while the motions are pending. However, the spate of non-party subpoenas which flowed thereafter, together with the questionable subject matter of those subpoenas, demonstrates the issuing parties have gone overboard, seeking irrelevant material and confidential commercial information, and jeopardizing business relationships between FR and other entities while making no effort to tailor the subpoenas to explicitly exclude privileged materials.

6.    By way of example, plaintiffs subpoenaed Jones Lang LaSalle, the post-purchase leasing/managing agent for the Property Portfolio, seeking, *inter alia*, information regarding rent rolls, financial statements, etc. (see Exh. 23). We are informed plaintiffs contacted Jones et al prior to the commencement of the litigation, claiming plaintiffs "owned" the Property Portfolio and FR did not. Clearly, the information demanded goes far beyond the thrust of the complaint, and is directed at obtaining private, confidential commercial information to which plaintiffs have no right and which is interrupting the orderly conduct of the business of the Property Portfolio.

7.    By way of further example, plaintiffs subpoenaed Citigroup, the primary lender in financing the acquisition in excess of 120 million dollars (Exh 13). That subpoena has interfered with and jeopardizes the lender/borrower relationship. Further, this subpoena is a thinly veiled effort to gain leverage in this litigation. And, beyond that, the subpoena intrudes on

a private business relationship, and is wholly unnecessary to the thrust of the case. Collectively, these subpoenas have and continue to create immediate and irreparable harm to FR's business and business relationships.

8.      The issuance of a host of other subpoenas to various non-parties, including law firms, which supposedly received payments from proceeds of monies advanced in connection with the acquisition of the Property Portfolio (Exhs 2, 7, 8, 9, 10, 11, 17, 19, 20, 21, 25, 27, 28, 29, 30, 31, 32, 34, 37, 38) is also irrelevant. By way of example only, my firm received subpoenas demanding, among other things, all documents concerning any debts "outstanding as of January 1, 2007 [i.e., long before the transaction alleged in the complaint] or thereafter [ostensibly continuing to the present day]" owed by defendant Mark Stern, nonparty First Republic Group Corp. and FR as well as all documents concerning any payments made toward satisfaction of said debts (Exh 21). These subpoenas invade privileged and confidential information as well as seek irrelevant information    there are a host of such subpoenas directed to other law firms and business relationships. Allegations regarding payments to alleged creditors of defendants are irrelevant and seeking information from the alleged creditors themselves goes far beyond what is proper and necessary in this action. Additionally, the Safrin subpoena to my firm demands, *inter alia*, communications with defendant Stern, non-party First Republic Group Corp., FR and with their respective alleged attorneys regarding attempts to purchase the Property Portfolio and the procurement of financing (Exh 20). This subpoena goes beyond the core of the complaint, and seeks plainly privileged communications. Indeed, that issuing counsel appear to have made no effort to tailor the subpoenas to exclude privileged material demonstrates further that they were seemingly intent on causing the expenditure of unnecessary resources in addressing the subpoenas; again, simply to gain leverage in the litigation. In this regard, we refer the Court to a communication from Buchanan Ingersoll which we received, demonstrating the intrusive, burdensome and privilege-implications of the subpoena served on it (Exh 39).

9.      Certain subpoenas on their face may be appropriate in very limited respects (i.e., those to Steven Alevy, Bankers Capital LLC, Stephen Friedman, Esq. and Buchanan Ingersoll & Rooney [Exhs 36, 5, 6, 35, 7, 8]); however, the issuing parties have gone farther than appropriate (e.g., demanding all of the underlying transaction documents which, clearly, are unduly burdensome, intrude on commercial matters intended to be confidential, are immaterial to the thrust of the complaint and are unnecessary as well as documents relating to the assignment of the main purchase contract from non-party First Republic Group Corp. to FR.

10.     At this point in the litigation, we submit it is at least appropriate to stay compliance, as (a) there is ample party discovery to engage in, and (b) determination of the motions to dismiss may obviate any justification put forth by the issuing counsel for the subpoenaed materials.  At the very least, to proceed with these subpoenas now would be prejudicial to the FR Dfts [especially if the Court ultimately grants, in whole or in part, the motions to dismiss].

11.     We attempted to resolve these issues with issuing counsel, without success and also advised them we would be moving for a stay and related relief.

12.     Accordingly, we respectfully request the subpoenas be quashed, modified, limited or stayed pending determination of the motions to dismiss.

_____
Stephen R. Stern

Sworn to before me this
26th day of March, 2008

_____
Notary Public

MARK W. GEISLER
Notary Public, State of New York
No. 02GE4833871
Qualified in Westchester County
Commission Expires December 31, 2009