UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation, dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MOSES STERN, an individual aka MARK STERN; JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company; EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited liability company,<br><br>Defendants. | Case No. CV 07-11586 (LAK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STERN, FIRST REPUBLIC, FRENKEL AND LAND TITLE'S MOTION TO DISMISS**

PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
(212) 643-7000

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
(310) 639-0782
Attorneys for plaintiffs

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

SUMMARY OF FACTUAL ALLEGATIONS ................................................................. 2

ARGUMENT ...................................................................................................................... 2

I. THE COMPLAINT ALLEGES ALTERNATE THEORIES OF RECOVERY, NOT INCONSISTENT FACTUAL CLAIMS. .................................................... 2

II. CAUSES OF ACTION 1-6, 8-12, AND 16 DO NOT VIOLATE THE STATUTE OF FRAUDS ...................................................................................... 4

III. THE VARIOUS CAUSES OF ACTION ARE PROPERLY ALLEGED AGAINST STERN INDIVIDUALLY ................................................................ 6

IV. THE FRAUDULENT CONCEALMENT AND NEGLIGENT MISREPRESENTATION CLAIMS ARE PROPERLY PLED ......................... 7

V. PLAINTIFFS' FRAUD CAUSES OF ACTION ARE SUFFICIENTLY ALLEGED ............................................................................................................ 7

VI. PLAINTIFFS' CLAIMS AGAINST FRENKEL AND LAND TITLE – THEIR ESCROW AGENT – ARE PROPERLY PLEADED ......................................... 7

VII. PLAINTIFFS' CONVERSION CLAIMS ARE PROPERLY PLED ................ 8

VIII. PLAINTIFFS' CONSPIRACY CLAIM (CAUSE OF ACTION 25) IS PROPERLY PLED ............................................................................................. 10

IX. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (CAUSE OF ACTION 26) IS NOT "DUPLICATIVE" OF THE BREACH OF CONTRACT CLAIMS .... 10

X. THERE IS NO INDISPENSABLE PARTY .................................................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page

**CASES**

Ad Rendon Comm., Inc. v. Lumina Ams. Inc.,
  2007 U.S. Dist. LEXIS 75625 (S.D.N.Y. October 9, 2007) ........................................ 9

Alexander & Alexander, Inc. v. Fritzen,
  68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) ................................................................. 10

Buchwald v. Di Lido Beach Resort, Ltd. (In re McCann, Inc.),
  318 B.R. 276 (Bankr. S.D.N.Y. 2004) ......................................................................... 4

ESI, Inc. v. Coastal Corp.,
  61 F.Supp.2d 35 (S.D.N.Y. 1999) ............................................................................... 3

Fabry's S.R.L. v. IFT Intern., Inc.,
  2003 U.S. Dist. LEXIS 8597 (S.D.N.Y. May 21, 2003) .............................................. 9

Felix The Cat Prods. v. Cal. Clock Co.,
  2007 U.S. Dist. LEXIS 25290 (S.D.N.Y. March 30, 2007) ......................................... 4

John Wiley & Sons, Inc. v. Daniel,
  2007 U.S. Dist. LEXIS 33412 (S.D.N.Y. April 30, 2007) ........................................... 4

McKenna v. Wright,
  386 F.3d 432 (2d Cir. 2004) ........................................................................................ 4

Picard v. Wall Street Discount Corp.,
  526 F. Supp. 1248 (S.D.N.Y. 1981) .......................................................................... 11

Pilliard v. Sotheby's, Inc.,
  No. 95 Civ. 7775, 1997 U.S. Dist. LEXIS 9725 (S.D.N.Y. July 10, 1997) ................ 9

Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litigation),
  151 F.Supp.2d 371 (S.D.N.Y. 2001) ........................................................................... 4

Salvatore v. Kumar,
  45 A.D.3d 560, 845 N.Y.S.2d 384 (2d Dep't 2007) .................................................. 10

Weber v. King,
  110 F. Supp. 2d 124 (E.D.N.Y. 2000) ......................................................................... 6

Yonaty v. Glauber,
  2007 NY Slip Op 3825 ................................................................................................ 6

# Table of Authorities
## (continued)

Page

**RULES AND STATUTES**

Ltd. Liab. Co. Law § 603(b) ........................................................................................6

NY UCC § 8-113 .........................................................................................................6

F.R.C.P. 8 ............................................................................................................ passim

# PRELIMINARY STATEMENT[1]

The motion to dismiss filed by defendants Stern, First Republic, Frenkel and Land Title (collectively, "Stern" or "defendants") largely is duplicative of the motion to dismiss filed by their co-defendant Safrin. Stern repeats, almost verbatim, Safrin's arguments concerning plaintiffs' claims for (i) breach of contract (alleged lack of privity); (ii) fraudulent concealment, negligent misrepresentation and breach of fiduciary duty (alleged lack of a special relationship); and (iii) fraud (e.g., alleged lack of particularity). For the same reasons set forth in plaintiffs' memorandum of law opposing Safrin's motion, Stern's motion to dismiss these claims should be denied.

On the rare occasion Stern sets forth an independent argument, he entirely misses the mark. For example, Stern complains that plaintiffs' claims should be dismissed because they incorporate by reference factually inconsistent allegations. The law is plain that this technical pleading deficiency does not mandate dismissal.

Stern's arguments also are flatly contradicted by a plain reading of plaintiffs' Complaint. For example, Stern suggests that plaintiffs' claims should be dismissed because they do not satisfy the statute of frauds. To the extent plaintiffs' claims concern an agreement to transfer real property, and thus arguably fall within the statute, plaintiffs have alleged the existence of a sufficient writing.

Similarly, in an argument that borders on bad faith, Stern asserts that plaintiffs' claims against Frenkel and Land Title – plaintiffs' escrow agent – should be dismissed because the Complaint somehow alleges that plaintiffs authorized or ratified the release of their escrow funds. Simply put, plaintiffs' Complaint alleges otherwise.

---

[1] Unless otherwise noted, defined terms herein have the same meaning ascribed to them in plaintiffs' memorandum of law opposing defendant Safrin's motion to dismiss.

In short, for the reasons set forth herein and in plaintiffs' opposition to Safrin's motion, Stern's tag-along motion should be denied.

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiffs hereby incorporate by reference the summary of factual allegations set forth in their memorandum of law opposing defendant Safrin's motion to dismiss.

## ARGUMENT

Plaintiffs hereby incorporate by reference the legal arguments set forth in their memorandum of law opposing Safrin's motion to dismiss.

### I. THE COMPLAINT ALLEGES ALTERNATE THEORIES OF RECOVERY, NOT INCONSISTENT FACTUAL CLAIMS.

Stern argues that plaintiffs' claims regarding the LOI, the "July 11 Counter Offer" and the two promissory notes executed by Stern[2] should be dismissed because they are factually inconsistent with each other. (Stern Br. at 12.) According to Stern, "if a claim incorporates inconsistent factual allegations of an alternative claim, the inconsistent factual allegations are treated as binding admissions to defeat the claims . . . requiring their dismissal." (Id. (emphasis added).) Notably, Safrin does not make this bizarre argument, which entirely misstates the law.

F.R.C.P. 8(d) expressly permits a party to plead alternate, even inconsistent, claims:

> (2) *Alternative Statements of a Claim or Defense.* A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

F.R.C.P. 8(d)(2)-(3) (2007) (emphasis added). Stern's own cases confirm as much. (Stern Br. at 12-13 (citing cases).) Contrary to Stern's suggestion, however, incorporation by reference of inconsistent factual allegations across claims in a pleading does not "require" dismissal:

---

[2] Unlike Safrin, Stern does not assert that his signature on the promissory notes is not authentic.

> Fed. R. Civ. P. 8(e)(2) [now FRCP 8(d)] expressly permits a plaintiff to set forth alternative and even inconsistent statements of a claim, "subject to the obligations set forth in Rule 11." Although ESI should not have directly incorporated the contradictory statements contained in prior claims, this technical error does not require Claim Four to be stricken from the Second Amended Complaint. *Cf. Banque Arabe et Internationale D'Investissement v. Bulk Oil (USA) Inc.*, 726 F. Supp. 1411, 1421 (S.D.N.Y. 1989) (refusing to dismiss Count IV solely on basis that it incorporated by reference alternative allegations made in earlier counts in violation of rule against asserting multiple theories of recovery in same count).

ESI, Inc. v. Coastal Corp., 61 F.Supp.2d 35, 71 (S.D.N.Y. 1999) (emphasis added).

Here, Stern argues that plaintiffs have incorporated by reference inconsistent factual allegations across claims, which merits dismissal. The Court in ESI expressly rejected this precise argument. Id. (rejecting argument that alternate claims contained "contradictory allegations . . . by virtue of ESI's reallegation and incorporation" of allegations). This Court should do the same.

Stern also suggests that plaintiffs' claims are internally inconsistent as a result of allegations relating to both the LOI and the "July 11 Counter Offer." (Stern Br. at 13.) This is incorrect. For example, the 6th, 8th, and 9th causes of action all allege claims based on an agreement "consistent" with the LOI and "July 11" contracts, not directly based thereon. (Compl. ¶¶ 102-104, 116, 122.) There is no internal inconsistency here.

The Eleventh and Twelfth causes of action, on the other hand, depend exclusively on the "July 11 contract." (Compl. ¶¶ 136, 144.) Thus, there can be no argument that there is inconsistency with the LOI contract, as it is not part of the facts alleged in the claim. The 4th and 5th causes of action

survive this attack for yet another reason: they both explicitly are based on the grant deeds and membership interest assignments, not the LOI or "July 11 contract."[3] (Compl. ¶¶ 90, 98.)

Accordingly, the Stern defendants' motion to dismiss based on plaintiffs' purported pleading inconsistencies must be denied.

## II. CAUSES OF ACTION 1-6, 8-12, AND 16 DO NOT VIOLATE THE STATUTE OF FRAUDS

In an even more bizarre twist, Stern next argues that counts 1-6, 8-12, and 16 should be dismissed because they violate the statute of frauds requirement that agreements to convey a right to real property must be in writing. (Stern Br. at 14-17.) Citing absolutely no authority, Stern devotes more than three pages to this inane argument, which fails based on a plain reading of plaintiffs' complaint.

F.R.C.P. 8(c) provides that the statute of frauds is an affirmative defense; as such, it typically is asserted in an answer. John Wiley & Sons, Inc. v. Daniel, 2007 U.S. Dist. LEXIS 33412, *5 n.2 (S.D.N.Y. April 30, 2007) ("The Court is mindful that the affirmative defense of laches, like all affirmative defenses, is usually asserted in an answer. See McKenna v. Wright, 386 F.3d 432, 435 (2d Cir. 2004)."). Affirmative defenses may be raised by motion to dismiss only where it is clear from the face of the complaint that the plaintiff can prove no set of facts entitling it to relief. Id. ("However, the defense may, in certain circumstances, be raised in a motion to dismiss"); Felix The Cat Prods. v. Cal. Clock Co., 2007 U.S. Dist. LEXIS 25290, *5 (S.D.N.Y. March 30, 2007) ("[I]n certain circumstances, when the [affirmative] defense of laches is clear on the face of the complaint, and where it is clear that

---

[3] Stern's reliance on Buchwald and Rieger is thus misplaced, as those cases deal only with internal inconsistencies within claims. Buchwald v. Di Lido Beach Resort, Ltd. (In re McCann, Inc.), 318 B.R. 276, 290 (Bankr. S.D.N.Y. 2004); Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litigation), 151 F.Supp.2d 371, 407 (S.D.N.Y. 2001) ("That is not to say, however, that Rule 8(e) grants plaintiffs license to plead inconsistent *assertions of facts* within the allegations that serve as the factual predicates for an independent, unitary claim. Internally conflicting factual assertions that constitute integral components of a claim must be distinguished from a permissible alternative statement embodying a theory of a whole sufficient claim") (citation omitted).

the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense [of laches] on a motion to dismiss"). Here, plaintiffs plainly have set forth allegations which – if proven – would entitle them to relief.

First, as to the claims that address an interest in real property, plaintiffs have alleged the existence of a sufficient writing. Specifically, in claim 1, plaintiffs seek declaratory relief as to the ownership of real property. (Compl. ¶¶ 72-73.) Plaintiffs allege that their rights arise out of "executed grant deeds." (Id. ¶ 71.) Similarly, in claim 2, plaintiffs seek to quiet title to the real property they own as a result of their transaction with Stern, Safrin and First Republic. (Id. ¶¶ 78-79.) Again, plaintiffs refer to "executed grant deeds" in their allegations. (Id. ¶ 75.) Finally, in claim 4, plaintiffs seek judicial foreclosure, again arising out of executed deeds. (Id. ¶¶ 87, 90.) Such allegations plainly are sufficient at this stage.

Further, several of plaintiffs' claims do not even concern a transfer of real property, and, as such, are not subject to the statute of frauds. Accordingly, it is not necessary to plead the existence of a writing. See, e.g., claim 6 (breach of an agreement to repay plaintiffs' investment); claim 8 (breach of an agreement to provide to Amusement "50% ownership in First Republic LLC," seeking specific performance) (Compl. ¶ 117, 118); claim 9 (breach of an agreement to provide to Amusement "50% ownership in First Republic LLC," seeking money damages) (Id. ¶ 123, 124); claim 11 (breach of an agreement to provide to Amusement "100% ownership in First Republic LLC," seeking specific performance) (Id. ¶ 137-138); claim 12 (breach of an agreement to provide to Amusement "100% ownership in First Republic LLC," seeking money damages) (Id. ¶¶ 145-146); and claim 16 (seeking

money damages for breach of the agreement regarding the use of the $13 million, by defendants' disbursing the money to unrelated third parties).[4]

In fact, some of plaintiffs' claims allege a writing, even though they do not concern the transfer of an interest in real property. See, e.g., claim 1 (declaratory relief as to the ownership of LLC memberships arising from executed assignments); claim 3 (quiet title of personal property arising from executed assignments); claim 5 (judicial foreclosure of personal property, again arising from executed assignments); and claim 10 (breach of an executed promissory note).

In sum, it is plain from the face of plaintiffs' complaint that they have pleaded sufficient allegations under which, if true – as plaintiffs anticipate demonstrating – would satisfy the statute of frauds (if it is applicable) and entitle them to relief. Accordingly, Stern's motion to dismiss based on the statute of frauds must be denied.

### III. THE VARIOUS CAUSES OF ACTION ARE PROPERLY ALLEGED AGAINST STERN INDIVIDUALLY

Like Safrin, Stern also moves to dismiss the claims asserted against him individually – claims 6, 8, 9, 11, 12 and 16 – on the grounds (i) plaintiffs have failed to allege privity between them and Stern; and (ii) at best, the Complaint alleges that Stern entered into a contract on behalf of defendant First Republic Group LLC, and that Stern cannot be held individually liable on such a contract. (Stern Br. at 18-20.) Stern's arguments do not differ from those raised by Safrin in this regard. Accordingly, for the reasons set forth in plaintiffs' memorandum of law in opposition to Safrin's motion to dismiss

---

[4] An agreement to convey membership interests in an LLC does not concern real property, and is not covered by the stature of frauds. A limited liability company (LLC) membership interest can either be a "security" under UCC Article 8 or a general intangible. Ltd. Liab. Co. Law § 603(b). Either way, it is personal property. Weber v. King, 110 F. Supp. 2d 124, 128, n.4 (E.D.N.Y. 2000) ("a membership interest in the limited liability company is personal property") (citing NYLLCL § 601). Yonaty v. Glauber, 2007 NY Slip Op 3825, 2; 40 A.D.3d 1193, 1195, 834 N.Y.S.2d 744, 747 (3d Dep't Div. 2007) (same). Even if the were considered a "security," New York's Uniform Commercial Code expressly provides that the statute of frauds does not apply. NY UCC § 8-113 ("Statute of Frauds Generally Inapplicable"). Similarly, an agreement to convey money does not concern real property, and is not covered by the stature of frauds.

at 11-13, Stern's motion to Stern's motion to dismiss plaintiffs' individual claims against him should be denied.

IV. **THE FRAUDULENT CONCEALMENT AND NEGLIGENT MISREPRESENTATION CLAIMS ARE PROPERLY PLED**

Again like Safrin, Stern argues that plaintiffs' fraudulent concealment, negligent misrepresentation and breach of fiduciary claims (counts 17, 18, 20-22 and 27) should be dismissed because plaintiffs do not allege a special or fiduciary relationship with Stern. (Stern Br. at 20-24.) Stern raises nothing that Safrin has not raised. Accordingly, for the reasons set forth in plaintiffs' memorandum of law in opposition to Safrin's motion to dismiss at 13-17, Stern's motion to dismiss plaintiffs' counts 17, 18, 20-22 and 27 should be denied.

V. **PLAINTIFFS' FRAUD CAUSES OF ACTION ARE SUFFICIENTLY ALLEGED**

Continuing to follow Safrin, Stern argues that plaintiffs' fraud-based claims should be dismissed because plaintiffs do not (i) identify any misrepresentations made to them in claims 19 and 20; (ii) meet the requirements of Rule 9(b); (iii) allege a misrepresentation of present fact; and (iv) allege justifiable reliance. (Stern Br. at 24-31.) While he slightly varies the order, Stern essentially repeats Safrin's arguments verbatim. Accordingly, for the reasons set forth in plaintiffs' opposition to Safrin's motion at 17-25, Stern's motion to dismiss plaintiffs' fraud-based claims should be denied.

VI. **PLAINTIFFS' CLAIMS AGAINST FRENKEL AND LAND TITLE – THEIR ESCROW AGENT – ARE PROPERLY PLEADED**

Citing absolutely no authority, Stern argues that plaintiffs' claims against Frenkel and Land Title – counts 13 and 14 – should be dismissed because the complaint contains allegations stating that Amusement either authorized or ratified Frenkel/Land Title's wrongful release of the $13 million held in escrow. (Stern Br. at 32.) Stern's failure to acknowledge the plain allegations set forth in the Complaint borders on bad faith.

7

The notion that plaintiffs authorized the release of the escrow funds is flatly contradicted by plaintiffs' allegations. As the Complaint makes clear, the only individuals authorized to direct the release of the escrow funds were Allen Alevy or Allen Sragow – neither of whom ever provided such authorization to Frenkel or First Title. (Compl. ¶¶ 58, 236 - 239.) Indeed, Frenkel and Land Escrow were given repeated instructions to this effect, and thus knew that neither Steven Alevy nor Steven Friedman had authority to authorize any release of the funds. (Id. ¶¶ 51, 59, 63.) Moreover, plaintiffs believe (and have alleged) that Frenkel and Land Title in any event released the escrow before Steven Alevy and Stephen Friedman provided their purported authorization. (Id. ¶¶ 58, 61-63, 162.)

Stern also apparently believes that plaintiffs "ratified" the release of the funds because they demanded a release of the Escrow Documents, and not a return of the escrow funds themselves. This too is belied by plaintiffs' complaint, which specifically alleges to the contrary. (Compl. ¶¶ 65, 156.)

## VII.   PLAINTIFFS' CONVERSION CLAIMS ARE PROPERLY PLED

Stern next argues that plaintiffs' claim for conversion (count 24) should be dismissed because (i) Steven Alevy authorized the release of the funds; (ii) no demand was made upon Stern for return of the funds; and (iii) the claim is duplicative of plaintiffs' breach of contract claim. (Stern Br. at 33-34.) While these arguments are "original" – in that Safrin did not make them – they too fail.

The notion that Steven Alevy's purported authorization to release the escrow funds defeats plaintiffs' claim, frankly, is ridiculous. As plaintiffs' complaint makes clear, the only individuals authorized to direct the release of the escrow funds were Allen Alevy or Allen Sragow. Steven Alevy did not have such authority, and, in fact, was tricked by defendants into "releasing" the funds. (Compl. ¶¶ 236 - 239.) Stern's argument that no demand was made upon him also is flatly contradicted by the complaint. (Compl. ¶ 239.)

Moreover, New York law is plain that a conversion claim is not duplicative of a breach of contract claim where, as here, a plaintiff demonstrates wrongful acts by the defendant separate and

8

apart from the contract claim. Fabry's S.R.L. v. IFT Intern., Inc., 2003 U.S. Dist. LEXIS 8597, *11 (S.D.N.Y. May 21, 2003) ("[a] plaintiff must show acts that were unlawful or wrongful as opposed to mere violations of contractual rights.") (citation omitted); Pilliard v. Sotheby's, Inc., No. 95 Civ. 7775, 1997 U.S. Dist. LEXIS 9725, *19 (S.D.N.Y. July 10, 1997) ("to sustain a conversion claim, a plaintiff must allege acts that are unlawful or wrongful as distinguished from acts that are a mere violation of contractual rights"); see also Ad Rendon Comm., Inc. v. Lumina Ams. Inc., 2007 U.S. Dist. LEXIS 75625, *13 (S.D.N.Y. October 9, 2007) ("In determining whether a conversion claim is duplicative of a breach of contract claim, courts look both to the material facts upon which each claim is based and to the alleged injuries for which damages are sought").

For example, in Fabry's, the court allowed the conversion claim, because the defendant continued to retain plaintiff's money even in the absence of a contract (after the contract was terminated). In Pilliard, the court allowed a conversion claim where the relief sought was different: enforcement of a liability clause versus return of (the value of) a consigned artifact, and punitive damages. 1997 U.S. Dist. LEXIS 9725, *20 ("Punitive damages can be awarded for conversion claims, but not breach of contract claims").

Here, plaintiffs have alleged that, if a contract never formed between the parties – which plaintiffs do not believe to be the case – Stern (and Safrin) nonetheless wrongfully have converted plaintiffs' $13 million. Stated more simply, plaintiffs' conversion and breach of contract claim are alternative, not duplicative.

Further, plaintiffs have sought punitive damages, as well as an accounting and an equitable divestiture, in connection with their conversion claims. This too distinguishes their conversion claims from their breach of contract claims.

Accordingly, Stern's motion to dismiss plaintiffs' conversion claims should be denied.

9

## VIII. PLAINTIFFS' CONSPIRACY CLAIM (CAUSE OF ACTION 25) IS PROPERLY PLED

Stern next argues that plaintiffs' conspiracy clam fails because New York law does not recognize an independent cause of action for civil conspiracy. (Stern Br. at 34-35.) Stern's recitation of the law on this issue is, at best, incomplete. As the cases cited in Stern's brief explain, a civil conspiracy claim "stands or falls with the underlying tort." Salvatore v. Kumar, 45 A.D.3d 560, 845 N.Y.S.2d 384 (2d Dep't 2007) (citation omitted); Alexander & Alexander, Inc. v. Fritzen, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546, 547 (1986) ("Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort"). For the reasons set forth herein and in plaintiffs' opposition to Safrin's motion to dismiss, plaintiffs properly have pleaded their tort claims. Accordingly, plaintiffs' conspiracy claim stands as well.

## IX. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (CAUSE OF ACTION 26) IS NOT "DUPLICATIVE" OF THE BREACH OF CONTRACT CLAIMS

Finally, Stern argues that plaintiff's unjust enrichment claim should be dismissed as duplicative of their breach of contract claim. (Stern Br. at 35.) Stern is just wrong. Plaintiffs' unjust enrichment claim (Count 26) is pleaded as an alternative to their breach of contract claims. F.R.C.P. 8(d). If the Court ultimately finds that no contract existed between the parties, plaintiffs nonetheless assert that defendants have been unjustly enriched by their wrongful taking and using Amusement's escrowed $13 million. (Compl. ¶ 249.)

## X. THERE IS NO INDISPENSABLE PARTY

Again, citing absolutely no authority, the Stern defendants inexplicably complain that plaintiffs failed to join Steven Alevy as an indispensable party to the Action. Stern – who has not asserted claims against Mr. Alevy or otherwise sought to join him in this action – fails to explain why Mr. Alevy is indispensable. Notwithstanding, Stern asserts that Mr. Alevy is indispensable due to his involvement in the transaction, apparently as an alleged joint tortfeasor. The law provides otherwise.

10

Picard v. Wall Street Discount Corp., 526 F. Supp. 1248, 1252 (S.D.N.Y. 1981) ("a joint tortfeasor [is] not an indispensable party") (citing Kerr v. Compaignie De Ultramar, 250 F.2d 860 (2d Cir. 1953)).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in plaintiffs' opposition to Safrin's motion to dismiss, plaintiffs respectfully request that the Court deny Stern's motion to dismiss in its entirety.

Dated: March 28, 2008

> SILLS CUMMIS & GROSS P.C.
> One Rockefeller Plaza
> New York, New York  10020
> (212) 643-7000
>
> By: _____
> Philip R. White
> Marc D. Youngelson
>
> ALLEN P. SRAGOW
> SRAGOW & SRAGOW
> 6665 Long Beach Boulevard, Suite B-22
> Long Beach, California 90805
> Tel: (310) 639-0782
>
> Attorneys for Plaintiffs
> Amusement Industry, Inc. dba Westland Industries
> and Practical Finance Co., Inc.

11