**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MOSES STERN, an individual aka MARK STERN; JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company; EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited liability company,<br><br>Defendants. | CASE NO. 07 CV 11586 (LAK)<br><br><br>**PLAINTIFFS' MOTION TO COMPEL THE STERN DEFENDANTS TO PRODUCE DOCUMENTS AND CERTIFICATION IN SUPPORT THEREOF** |

Plaintiffs Amusement Industry, Inc. ("Amusement") and Practical Finance Co., Inc. ("Practical," and, together, "plaintiffs"), by their undersigned attorneys, hereby move to compel defendants Moses Stern, First Republic Group Realty LLC, Ephraim Frenkel, and Land Title Associates Escrow (collectively, the " Stern defendants") to produce documents in response to plaintiffs First Request for the Production of Documents and Things directed to the Stern defendants, dated March 14, 2008 (the "Requests"). As demonstrated below, the Stern defendants have (i) engaged in an evasive, time-consuming correspondence campaign to avoid producing documents; (ii) failed to produce a single document to plaintiffs in this action (the "Action"); and (iii) violated both their discovery obligations under the Federal Rules of Civil Procedure and the parties' agreement with respect to the production of documents.

**<u>Summary of Dispute and Request for Relief</u>**

On March 14, 2008, plaintiffs served the Requests on the Stern defendants. (Exs. A-B hereto.) The Requests seek discovery of evidence concerning crucial issues in the Action,

virtually all of which is solely within the possession and/or knowledge of the Stern defendants (or defendant Safrin). For example, the Requests seek documents relating to defendants' efforts to obtain financing for the purchase of the real estate portfolio from Colonial. (Ex. A (e.g., Request Nos. 2-5).) Significantly, the Requests also seek documents concerning the use and/or release of the $13 million placed by Amusement into escrow with defendants Land Escrow and Frenkel. (Id. (Request Nos. 62-63).) As the Court may recall, at the March 28, 2008 conference (the "March 28 Conference") concerning the Stern defendants' motion to quash and/or enjoin compliance with plaintiffs' nonparty subpoenas herein, counsel for defendants was unable to explain the whereabouts, or otherwise to identify the use, of plaintiffs' $13 million.[1]

At the March 28 Conference, counsel for the Stern defendants claimed that he had not received copies of the Requests on March 14. Accordingly, plaintiffs re-served the Requests that same day. (Ex. C.) On March 31, 2008, the Stern defendants acknowledged service of the Requests on March 28. (Ex. D.)

Also on March 31, plaintiffs agreed to extend the Stern defendants' time to respond to the Requests to April 28, 2008, and proposed that the parties "exchange our respective written responses and document productions simultaneously on April 28." (Ex. E.) On April 1, 2008, the Stern defendants agreed to plaintiffs' proposal. (Ex. F.)

Thereafter, plaintiffs heard nothing further from the Stern defendants concerning document production issues for three weeks. Then, on April 22, 2008, the Stern defendants asserted that plaintiffs' document production was overdue. (Ex. G.) That same day, plaintiffs forwarded the parties' March 31 and April 1 correspondence confirming the parties' agreement to produce documents on April 28, and requested that the Stern defendants confirm that they were "on target to make their document production on April 28, as agreed.". (Ex. H.)

---

[1]     The Court denied the Stern defendants' motion. See Docket entry #45.

Instead of confirming the agreed-upon production date, the Stern defendants responded with a host of evasive and obstructive correspondence, all of which apparently was designed to avoid their discovery obligations. First, the Stern defendants implied that the parties had no agreement because plaintiffs did not respond to the Stern defendants' April 1 letter. (Exs. I-J.) The Stern defendants then requested an extension of time to May 8, 2008. (Ex. K.) Plaintiffs denied this request, and confirmed that they were prepared to produce documents on April 28. (Ex. L.) Remarkably, the Stern defendants continued to fail to confirm (or deny) that they were prepared to produce documents on April 28. (Exs. M-R.)

Ultimately, on April 25, 2008, the Stern defendants changed their story yet again, and claimed that they had agreed only to produce written responses and objections, but not documents, on April 28. (Exs. S-T.) That same day, counsel finally confirmed orally that the Stern defendants would not produce documents on April 28. (Exs. U-V.)

On April 28, 2008, plaintiffs produced 4,531 pages of documents to both the Stern defendants and defendant Joshua Safrin. (Ex. W.) To date, plaintiffs have produced a total of 6,056 pages to defendants. That same day, the Stern defendants provided written responses to the Requests, which stated only that they would "make documents available for inspection and copying at such time and place as may be mutually agreed upon by counsel." (Exs. X-Y.) The Stern defendants have not produced a single page of documents to plaintiffs (defendant Safrin has produced a mere three pages).

Pursuant to F.R.C.P. 34(b), the Stern defendants were obligated to produce documents in response to the Requests on April 14, 2008. As a courtesy, plaintiffs extended this date until April 28. The Stern defendants did not produce documents on the agreed-upon date, and have failed to identify a document production date. In fact, defendants do not even promise to produce on May 8, the date they previously requested. Defendants' failure to produce

3

documents is particularly troubling given their inability to explain to the Court the whereabouts of plaintiffs' $13 million.

As the Court is aware, there is a tight discovery schedule in the Action (with which plaintiffs have complied). In view of the Stern defendants' plainly cagey correspondence, plaintiffs are concerned that the May 8 production date offered, but apparently withdrawn, by defendants is not "real," and that defendants shortly will provide a further pretext to avoid their discovery obligations. In other words, it appears that the Stern defendants are seeking to delay (if not avoid entirely) the inevitable discovery of the evidence that will confirm defendants' wrongful actions. Such gamesmanship is unacceptable.

Accordingly, in view of the foregoing, plaintiffs respectfully request that the Court order the Stern defendants (i) promptly to produce all non-privileged documents responsive to the Requests; and (ii) to reimburse plaintiffs the attorneys' fees incurred in making this application to address the Stern defendants' frivolous and baseless conduct.

DATED: April 29, 2008

SILLS CUMMIS & GROSS, P.C.

By: _____

Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Attorneys for plaintiffs

Marc D. Youngelson, Esq., hereby certifies that annexed hereto are true and correct copies of (i) the Requests (Ex. A); (ii) an affidavit of service (Ex. B); (iii) correspondence between counsel (Exs. C-W); and (iv) pages excerpted from the Stern defendants' responses to the Requests (Exs. X-Y). I certify under penalty of perjury that the foregoing is true and correct.

_____

Marc D. Youngelson

4

EXHIBIT A

PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MOSES STERN, an individual aka MARK STERN; JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company; EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited liability company, <br><br> Defendants. | CASE NO. 07 CV 11586 (LAK) <br><br> **PLAINTIFF AMUSEMENT INDUSTRY, INC.'S and PRACTICAL FINANCE CO.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS UPON DEFENDANTS MOSES STERN, an individual aka MARK STERN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of this Court, PLAINTIFFS AMUSEMENT INDUSTRY, INC. dba WESTLAND and

PRACTICAL FINANCE CO., by their undersigned counsel, hereby demand that defendants

1

MOSES STERN, an individual aka MARK STERN, FIRST REPUBLIC GROUP REALTY LLC,

EPHRAIM FRENKEL and LAND TITLE ASSOCIATES ESCROW produce for inspection and

copying the documents requested herein at the offices of Sills Cummis & Gross P.C., at One

Rockefeller Plaza , New York, New York 10020 within thirty (30) days of service of these

requests.

## DEFINITIONS

1.    The term "communication" means the transmittal of information (in the form of

facts, ideas, inquiries or otherwise).

2.    The term "document" is defined to be synonymous in meaning and equal in scope

to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation,

electronic or computerized data compilations. A draft or non-identical copy is a separate document

within the meaning of this term.

3.    Identify (with respect to persons). When referring to a person, "to identify" means

to give, to the extent known, the person's full name, present or last known address, and when

referring to a natural person, additionally, the present or last known place of employment. Once a

person has been identified in accordance with this subparagraph, only the name of that person

need be listed in response to subsequent discovery requesting the identification of that person.

4.    Identify (with respect to documents). When referring to documents, "to identify"

means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date

of the document; and (iv) author(s), addressee(s) and recipient(s).

5.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name

or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to

impose a discovery obligation on any person who is not a party to the litigation.

2

6. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8. The following rules of construction apply to all discovery requests:

(a) All/Each. The terms "all" and "each" shall be construed as all and each.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

9. The term "YOU", "YOUR" or "YOURS" as used herein, refers to Defendants in this action, and to each person or entity who, with respect to the subject matter of the request, was or is acting on behalf of such Defendant.

10. The term "FRIEDMAN" as used herein, refers to STEPHEN FRIEDMAN, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

11. The term "SAFRIN" as used herein, refers to the Defendant in this action, JOSHUA SAFRIN, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

12. The term "FRENKEL" as used herein, refers to the Defendant in this action, EPHRAIM FRENKEL, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

3

13.    The term "LAND ESCROW" as used herein, refers to the Defendant in this action, LAND TITLE ASSOCIATES ESCROW, a New York limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

14.    The term "FIRST CORP" as used herein, refers to First Republic Group, Corp., a New York corporation, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

15.    The term "CITIGROUP" as used herein, refers to Citigroup Global Markets Realty Corp., and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

16.    The term "COLONIAL" as used herein, refers to Colonial Realty Limited Partnership, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

17.    The term "FIDELITY" as used herein, refers to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

18.    The term "FIRST REPUBLIC LLC" as used herein, refers to the Defendant in this action, FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.  FIRST REPUBLIC LLC is the borrower of the loan made by CITIGROUP as lender pursuant to a Loan Agreement dated as of July 11, 2007.

19.    The term "FRGR LLC" as used herein, refers to FRGR MANAGING MEMBER LLC, a Delaware limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.  FRGR LLC is the borrower of the

4

mezzanine loan made by CITIGROUP as lender pursuant to a Mezzanine Loan Agreement dated as of July 11, 2007.

20. The term "LOANS" as used herein, refers to collectively and separately, the loan made by CITIGROUP as lender to FIRST REPUBLIC LLC as borrower pursuant to a Loan Agreement dated as of July 11, 2007; to the mezzanine loan made by CITIGROUP as lender to FRGR LLC as borrower pursuant to a Mezzanine Loan Agreement dated as of July 11, 2007; and to all loan and mezzanine loan procurement activities of both these borrowers and CITIGROUP as lender that occurred prior to July 11, 2007.

21. The term "PORTFOLIO PURCHASE" as used herein, refers to that written Purchase And Sale Agreement of April 20, 2007 between COLONIAL REALTY LIMITED PARTNERSHIP, a Delaware limited partnership as seller and First Republic Group, Corp., a New York corporation as buyer, for First Republic Group, Corp. to purchase from COLONIAL REALTY LIMITED PARTNERSHIP eleven shopping centers in the southeastern United States, which purchase occurred and closed on about July 12, 2007.

22. The term "Amusement" as used herein, refers to the plaintiff herein, AMUSEMENT INDUSTRY, INC. a California corporation dba WESTLAND INDUSTRIES, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

## INSTRUCTIONS

23. Documents, including electronically stored information, responsive to the requests for production below must be produced in their native electronic format (including all metadata associated with such documents or electronically stored information), meaning in the electronic file format in which the subpoenaed party maintains and retains them, and includes any responsive

5

emails and other forms of communication in electronic format that exist, in accordance with F.R.C.P. 34(b).

24.     In producing documents, YOU are requested to furnish all documents known or available to YOU regardless of whether the documents are possessed directly by YOU or YOUR agents, employees, representatives, or investigators; by YOU or former attorneys or their agents, employees, representatives or investigators; or by any other legal entities controlled by or in any manner affiliated with YOU.

25.     If any documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder. This Request covers all information and documents that are or have been in the possession of responding party, all documents to which responding party has or has had access, and all documents that are, or were subject to responding party's control. If any documents requested were, but no longer are in responding party's possession, custody or control, and/or there are any documents requested to which responding party had, but no longer has access, responding party shall state in detail and with particularity for each such document: (i) the present location of the document; (ii) the name and address of the person(s) now in possession, custody or control of it; (iii) the date the document left responding party's possession, custody or control; and (iv) the circumstances under which it left responding party's possession, custody or control, or, if applicable, the circumstances by reason of which responding party's no longer has access to the document.

26.     This Document Request is a continuing one. If, after producing documents, you obtain or become aware of any further documents responsive to this Document Request, you are required to produce such additional documents as required by F.R.C.P.26(e).

27.    If any Request is deemed to call for information contained in a privileged communication, or information protected from disclosure by the work product doctrine or otherwise, responding party must set forth with specificity all the information required by Local Civil Rule 26.2.

28.    If any document is produced in redacted form, that portion of the document which is redacted should be identified and the response should, with respect to each such redaction, identify the basis for producing the document in redacted form.

29.    Pursuant to F.R.C.P. 34 documents should be organized and labeled to correspond with the categories in this Document Request. Documents attached to each other (physically or via electronic mail) should not be separated.

## REQUESTS FOR PRODUCTION

1.    All telephone records for incoming and outgoing telephone calls to and from YOU for June and July of 2007.

2.    All documents and communications concerning the purchase of the real estate portfolio from COLONIAL.

3.    All documents and communications concerning the financing of the purchase of the real estate portfolio from COLONIAL.

4.    All documents and communications concerning YOUR personal investment in the purchase of the real estate portfolio from COLONIAL.

5.    All documents and communications concerning YOUR personal investment in the financing of the purchase of the real estate portfolio from COLONIAL.

6.    All documents and communications concerning the organization of FIRST REPUBLIC GROUP REALTY LLC as a limited liability company, including but not limited to

7

limited liability company agreements, certificates of election, consents of members, borrowing resolutions, and management agreements.

      7.      All documents and communications concerning the organization of FRGR MANAGING MEMBER LLC as a limited liability company, including but not limited to limited liability company agreements, certificates of election, consents of members, borrowing resolutions, and management agreements.

      8.      All documents and communications concerning the organization of FRGR HOLDINGS LLC as a limited liability company, including but not limited to limited liability company agreements, certificates of election, consents of members, borrowing resolutions, and management agreements.

      9.      All documents and communications concerning the organization of MS COLONIAL LLC as a limited liability company, including but not limited to limited liability company agreements, certificates of election, consents of members, borrowing resolutions, and management agreements.

      10.      All documents and communications concerning the organization of JSAE COLONIAL LLC as a limited liability company, including but not limited to limited liability company agreements, certificates of election, consents of members, borrowing resolutions, and management agreements.

      11.      All documents and communications concerning the capitalization of FIRST REPUBLIC GROUP REALTY LLC as a limited liability company.

      12.      All documents and communications concerning the capitalization of FRGR MANAGING MEMBER LLC as a limited liability company.

8

13.    All documents and communications concerning the capitalization of FRGR HOLDINGS LLC as a limited liability company.

14.    All documents and communications concerning the capitalization of MS COLONIAL LLC as a limited liability company.

15.    All documents and communications concerning the capitalization of JSAE COLONIAL LLC as a limited liability company.

16.    All documents and communications concerning the disbursement of money or assets of FIRST REPUBLIC GROUP REALTY LLC to its members.

17.    All documents and communications concerning the disbursement of money or assets of FRGR MANAGING MEMBER LLC to its members.

18.    All documents and communications concerning the disbursement of money or assets of FRGR HOLDINGS LLC to its members.

19.    All documents and communications concerning the disbursement of money or assets of MS COLONIAL LLC to its members.

20.    All documents and communications concerning the disbursement of money or assets of JSAE COLONIAL LLC to its members.

21.    All minutes, resolutions, and other corporate documents concerning the conduct of business by FIRST REPUBLIC GROUP REALTY LLC in 2007 and 2008.

22.    All minutes, resolutions, and other corporate documents concerning the conduct of business by FRGR MANAGING MEMBER LLC in 2007 and 2008.

23.    All minutes, resolutions, and other corporate documents concerning the conduct of business by FRGR HOLDINGS LLC in 2007 and 2008.

24.    All minutes, resolutions, and other corporate documents concerning the conduct of business by MS COLONIAL LLC in 2007 and 2008.

25.    All minutes, resolutions, and other corporate documents concerning the conduct of business by JSAE COLONIAL LLC in 2007 and 2008.

26.    All documents and communications concerning the value of the real estate portfolio or any of its constituent parts purchased from COLONIAL.

27.    All documents and communications concerning YOUR communication (including correspondence) with CITIGROUP concerning the purchase of the real estate portfolio from COLONIAL.

28.    All documents and communications concerning YOUR communication (including correspondence) with CITIGROUP concerning the financing of the purchase of the real estate portfolio from COLONIAL.

29.    All documents and communications concerning YOUR communication (including correspondence) with COLONIAL concerning the purchase of the real estate portfolio from COLONIAL.

30.    All documents and communications concerning YOUR communication (including correspondence) with COLONIAL concerning the financing of the purchase of the real estate portfolio from COLONIAL.

31.    All documents and communications concerning any payments made by YOU to Amusement.

32.    All documents and communications concerning any payments made by YOU to CITIGROUP .

10

33.    All documents and communications concerning any payments made by FIRST REPUBLIC GROUP REALTY LLC, FRGR MANAGING MEMBER LLC, FRGR HOLDINGS LLC, MS COLONIAL LLC or JSAE COLONIAL LLC to Amusement.

34.    All documents and communications concerning any payments made by FIRST REPUBLIC GROUP REALTY LLC, FRGR MANAGING MEMBER LLC, FRGR HOLDINGS LLC, MS COLONIAL LLC or JSAE COLONIAL LLC to CITIGROUP .

35.    All documents and communications concerning any real estate investment activity by FIRST REPUBLIC GROUP REALTY LLC, FRGR MANAGING MEMBER LLC, FRGR HOLDINGS LLC, MS COLONIAL LLC or JSAE COLONIAL LLC other than in connection with the real estate portfolio purchased from COLONIAL.

36.    All deeds recorded concerning the real estate portfolio purchased from COLONIAL.

37.    All security instruments, including mortgages, deeds of trust, and other financing documents, recorded or filed concerning the real estate portfolio purchased from COLONIAL.

38.    All documents and communications concerning YOUR communication (including correspondence) with FRENKEL in 2007 and 2008.

39.    All documents and communications concerning YOUR communication (including correspondence) with FRIEDMAN in 2007 and 2008.

40.    All documents and communications concerning YOUR communication (including correspondence) with STEVEN ALEVY in 2007 and 2008.

41.    All documents and communications concerning YOUR communication (including correspondence) with SAFRIN in 2007 and 2008.

11

42.    All documents and communications concerning YOUR communication (including correspondence) with STERN in 2007 and 2008.

43.    All documents and communications concerning YOUR communication (including correspondence) with AVERY EGERT in 2007 and 2008.

44.    All documents and communications concerning YOUR communication (including correspondence) with FIDELITY in 2007 and 2008.

45.    All documents and communications concerning YOUR communication (including correspondence) with LAND ESCROW in 2007 and 2008.

46.    All documents and communications concerning YOUR communication (including correspondence) with Buchanan Ingersoll & Rooney PC in 2007 and 2008.

47.    All documents and communications concerning YOUR communication (including correspondence) with Herrick, Feinstein LLP in 2007 and 2008.

48.    All documents and communications sent by YOU to, and received by YOU from FRENKEL concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

49.    All documents and communications sent by YOU to, and received by YOU from FRIEDMAN concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

50.    All documents and communications sent by YOU to, and received by YOU from STEVEN ALEVY concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

12

51.    All documents and communications sent by YOU to, and received by YOU from SAFRIN concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

52.    All documents and communications sent by YOU to, and received by YOU from STERN concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

53.    All documents and communications sent by YOU to, and received by YOU from AVERY EGERT concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

54.    All documents and communications sent by YOU to, and received by YOU from FIDELITY concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

55.    All documents and communications sent by YOU to, and received by YOU from LAND ESCROW concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

56.    All documents and communications sent by YOU to, and received by YOU from, the law firm of Buchanan Ingersoll & Rooney PC , or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

57.    All documents and communications sent by YOU to, and received by YOU from, the law firm of Herrick, Feinstein LLP, or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

58.    All closing and settlement statements concerning the real estate portfolio purchased from COLONIAL.

59. All closing and settlement statements concerning the financing of the real estate portfolio purchased from COLONIAL.

60. All documents and communications concerning the secondary financing for the purchase of the real estate portfolio from COLONIAL.

61. All documents and communications concerning the formation of a partnership, joint venture, or other business relationship between YOU and AMUSEMENT.

62. All documents and communications concerning the funds placed by AMUSEMENT into escrow with LAND ESCROW and FRENKEL.

63. All documents and communications concerning the release of funds placed by AMUSEMENT into escrow with LAND ESCROW and FRENKEL.

64. All documents and communications concerning the promissory notes signed by STERN in connection with the financing of the real estate portfolio purchased from COLONIAL.

65. All documents and communications concerning the membership interest assignment agreements signed in connection with the financing of the real estate portfolio purchased from COLONIAL.

66. All documents and communications concerning the escrow agreement signed in connection with the financing of the real estate portfolio purchased from COLONIAL.

67. All documents and communications concerning the source of funds used to purchase the real estate portfolio purchased from COLONIAL.

68. All documents and communications concerning YOUR involvement in the negotiation, sale, purchase or financing of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

69. All documents and communciations concerning debts owed by YOU during 2007

to:

(a)    Carruthers & Roth

(b)    Young Conaway Starrgatt & Taylor

(c)    Odin Feldman Pittleman

(d)    Young Conaway Starrgatt & Taylor

(e)    Cavazos Hendricks & Poirot Smitham, P.C.

(f)    Buchanan Ingersoll & Rooney PC

(g)    Herrick Feinstein LLP

(h)    Mary Stark

(i)    Frank Dwyer

(j)    NRAI Entity Services LLC

(k)    Burr Forman

(l)    Parker Hudson Rainer

(m)    Prudential Douglas Elliman

(n)    Integra

(o)    Bruce Minsky, Esq.

(p)    GMAC International Properties Group

(q)    ACE Capital Group

(r)    Hoffinger Stern & Ross LLP

(s)    Reiss Eisenpress LLP

(t)    Roman Associates, LTD

(u)    Chatham Financial Corporation

(v)    All Risk Insurance Agency, Inc.

(w)    Vintage Insurance

(x)    Roger G. Roth, CPA & Associates

70.    All documents and communications sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning the sale and purchase of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

71.    All documents and communications sent by YOU to, and received by YOU from, any escrow or escrow agent related to FIRST REPUBLIC LLC's purchase of shopping centers from COLONIAL in 2007.

72.    All documents and communications sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning a loan from CITIGROUP to FIRST REPUBLIC LLC in 2007.

73.    All documents and communications concerning the sources of funds obtained or used by FIRST REPUBLIC LLC to purchase shopping centers from COLONIAL in 2007.

74.    All documents and communications which mention either Plaintiff herein, AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES or PRACTICAL FINANCE CO., INC., a California corporation, including as abbreviated (such as "Amusement", "Westland", or "Practical").

75.    All documents and communications concerning the entry by STERN, FIRST CORP, SAFRIN or FIRST REPUBLIC LLC into negotiations or agreements with either Amusement, Westland or Practical herein.

76.    The LAND ESCROW escrow file concerning the LOANS.

16

77. The LAND ESCROW escrow file concerning the PORTFOLIO PURCHASE.

78. All closing statements concerning the LOANS.

79. All settlement statements concerning the LOANS.

80. All closing statements concerning the PORTFOLIO PURCHASE.

81. All settlement statements concerning the PORTFOLIO PURCHASE.

82. All escrow demands concerning the LOANS.

83. All escrow demands concerning the PORTFOLIO PURCHASE.

84. All escrow instructions concerning the LOANS.

85. All escrow instructions concerning the PORTFOLIO PURCHASE

86. All wire instructions and receipts concerning the LOANS.

87. All wire instructions and receipts concerning the PORTFOLIO PURCHASE.

88. All bank records for the LAND ESCROW escrow account.

89. All documents and communications concerning payments and disbursements from the LAND ESCROW escrow account.

90. All documents and communications submitted to LAND ESCROW in connection with the LOANS.

91.    All documents and communications submitted to LAND ESCROW in connection with the PORTFOLIO PURCHASE.

Dated:  March 14, 2008

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York  10020
(212) 643-7000
Attorneys for Plaintiffs
Amusement Industry, Inc. dba Westland
Industries and Practical Finance Co., Inc.

By: _____
     Marc D. Youngelson

18

## CERTIFICATE OF SERVICE

I certify that I am over 18 years of age and not a party to this litigation and that on this date

I caused a true copy of the foregoing FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

AND THINGS to be served via hand delivery upon:

Jonathan Daniel Lupkin, Esq.,
Flemming Zulack Williamson Zauderer, LLP
One Liberty Plaza
New York, NY 10006
Counsel to defendant Joshua Safrin

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155
Counsel to defendants Moses Stern, First Republic Group Realty LLC,
Ephraim Frenkel and Land Title Associates Escrow

Dated: March 14, 2008

Marc D. Youngelson

19

EXHIBIT B

# RELAY COURIER INC

## ONE RIVERFRONT PLAZA, P.O. BOX 200532, NEWARK, NJ 07102 (973) 941-4763

### AFFIDAVIT OF SERVICE

I, _Sean Isaacs_ BEING DULY SWORN ACCORDING TO LAW

UPON MY OATH DEPOSE AND SAY:

1:    I AM ASSOCIATED WITH **RELAY COURIER INC.**, ONE RIVERFRONT PLAZA, P.O. BOX 200532 NEWARK, NJ 07102. I AM NOT A PARTY TO THIS ACTION AND OVER 18 YEARS OF AGE.

2:    ON _March 14th 2008_, I SERVED ON BEHALF

OF _Sills Cummis & Gross 1 Riverfront Plaza Newark NJ 07102_ VIA HAND

DELIVERY UPON _Stephen R. Stern (left envelope in between door handles)_

LOCATED AT _150 E. 58th Street 19th Fl. New York, N.Y. 10155_

I HEREBY CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT.

SWORN AND SUBSCRIBED TO
BEFORE ME ON THIS ____DAY
OF _____, 2008

_____
A NOTARY PUBLIC OF NEW JERSEY

EXHIBIT C

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

March 28, 2008

**Via facsimile and regular mail**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

      Re:    <u>Amusement Industry, Inc. v. Moses Stern, et al.</u>

Dear Stephen:

      Enclosed herewith is a second copy of plaintiffs' discovery requests to defendants in the above-referenced matter.

Very truly yours,

Marc D. Youngelson

Enclosure
cc:    Allen Sragow, Esq.
        Jonathan Lupkin, Esq.

EXHIBIT D

# HOFFINGER STERN & ROSS, LLP

150 EAST 58TH STREET
NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER. (212) 223-3857
TELECOPIER. (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

March 31, 2008

**By Facsimile & US Mail**

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, NY 10020

Re:    Amusement Industry, Inc. et ano v. Moses Stern, et al

Dear Marc:

Thank you for promptly forwarding the document requests addressed to this firm's clients in the above as a result of my statement that we had never been served with document requests from the plaintiff. I acknowledge Phil stated in Court that the attached were previously served; but, as I stated in Court they were never received.

In any event, we do acknowledge receipt effective Friday March 28, 2008 and will use that date for all purposes under the FRCP.

Thank you for your promptness.

Sincerely,

Stephen R. Stern

SRS:sc

cc:    Philip R. White, Esq. (By Facsimile and Mail)
Jonathan D. Lupkin, Esq. (By Facsimile and Mail)

{30052.DOCX}

EXHIBIT E

# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-464s

March 31, 2008

**Via facsimile and regular mail**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

        Re:    Amusement Industry, Inc. v. Moses Stern, et al.

Dear Stephen:

        Thank you for your letter of earlier today regarding the document requests (the "Requests") directed to your clients in the above-referenced.  We do not understand why you did not receive them when they previously were served.  However, rather than fight about it, plaintiffs are happy to agree to extend your clients' time to respond to the Requests through and including Monday, April 28, 2008.  In fact, plaintiffs need a similar extension of time to respond to your clients' document requests.  We assume you have no problem with this.  In view of the foregoing, I suggest we exchange our respective written responses and document productions simultaneously on April 28.  Thank you.

                        Very truly yours,

                        Marc D. Youngelson

cc:    Allen Sragow, Esq.
       Jonathan Lupkin, Esq.

EXHIBIT F

# HOFFINGER STERN & ROSS, LLP
### 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

April 1, 2008

## BY FACSIMILE, US MAIL & E MAIL

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, NY 10020

Re:     Amusement Industry, Inc. v. Moses Stern, et al

Dear Marc:

Further to the attached letter, we are not under the impression our respective firms are fighting about anything - simply there is a difference of belief regarding the lack of service of the discovery upon the defendants this office represents.

That having been said and given the content of your attached letter, we do agree April 28, 2008 is the date each of us should exchange responses and/or objections to the respective document requests. Does that work for you?

Please confirm this. Thank you.

Sincerely,

Stephen R. Stern

SRS:sc
Attachment & Enc.

cc:    Philip R. White, Esq. (By Facsimile, US Mail and E Mail)
       Allen P. Sragow, Esq. (By Facsimile, US Mail and E Mail)
       Jonathan D. Lupkin, Esq. (By Facsimile, US Mail and E Mail)

{300161.DOCX}

EXHIBIT G

# HOFFINGER STERN & ROSS, LLP
## 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

April 22, 2008

**BY E MAIL**

Philip R. White, Esq.                Allen Sragow, Esq.
Sills Cummis & Gross                 Sragow & Sragow
One Rockefeller Plaza                6665 Long Beach Boulevard, Suite B-22
New York, New York  10020            Long Beach, California 90805

      Re:    Amusement Industry, et ano v. Mark Stern, et al.

Dear Counsel:

On March 11, 2008 Defendants Moses Stern aka Mark Stern, First Republic Group LLC, Ephraim Frenkel and Land Title Associates Escrow First Request for Production of Documents was served upon you by both e mail and Federal Express.  Plaintiff's response was due on April 11, 2008.  No request for an extension of time was made.  Please advise when we can expect Plaintiffs' response and the production of the requested documents.

Very truly yours,

Stephen R. Stern

Enc.
SRS:sc

cc:    Arthur E. Brown (by e mail)
       Jonathan D. Lupkin, Esq. (by e mail)

{300277.DOC}

EXHIBIT H

## Marc Youngelson

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Tuesday, April 22, 2008 5:27 PM |
| **To:** | Stephen R. Stern |
| **Cc:** | sragow@sragow.com; Philip White; 'Lupkin, Jonathan'; 'abrown@kayescholer.com' |
| **Subject:** | FW: Amusement v. Stern |
| **Attachments:** | Scan001.PDF; Scan001.PDF; Scan001.PDF |

Dear Steve:

   Phil White forwarded me your letter of today concerning plaintiffs' responses to defendants' document requests (a copy of which is enclosed).  By e-mail dated March 31, I forwarded you a letter requesting a brief extension (through April 28) to respond to your clients' discovery requests, so that all parties could exchange responses and objections on the same date (your clients' responses and documents are due on that date, and we have an agreement in place with Mr. Lupkin that his clients' responses and documents are due on that date as well).  A copy of my March 31 e-mail and letter is enclosed herewith.

   On April 1, you responded by agreeing that we would exchange responses and documents on April 28.  A copy of your April 1 letter is enclosed herewith.

   I trust this resolves the concern raised in your letter of today.  Please confirm that your clients are on target to make their document production on April 28, as agreed.  Thank you.

Regards,

Marc


Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Marc Youngelson
**Sent:** Monday, March 31, 2008 4:20 PM
**To:** 'srstern@hsrlaw.com'
**Cc:** Jonathan Lupkin; 'Allen Sragow'; Philip White
**Subject:** Amusement v. Stern

Dear Steve:

Please see the enclosed correspondence.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.

One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

EXHIBIT I

**Marc Youngelson**

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Wednesday, April 23, 2008 10:50 AM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Dear Marc,

I am pleased to hear from you.

I believe neither your office nor the Sragow office confirmed the content of my April 1 letter regarding the date of April 28. The letter of April 1 which you attached to your e mail below asked "Does that work for you?" as well as "please confirm".

Is your letter of April 22, 2008, in response to mine of the same day inquiring as to the status of the response of the plaintiffs, the confirmation in connection with my April 1, 2008 letter? Are your clients on target to meet the date of April 28, 2008 which was previously not confirmed?

Thank you.

Sincerely,

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
*********************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
*********************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Tuesday, April 22, 2008 5:27 PM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com
**Subject:** FW: Amusement v. Stern

Dear Steve:

Phil White forwarded me your letter of today concerning plaintiffs' responses to defendants' document requests (a copy of which is enclosed). By e-mail dated March 31, I forwarded you a letter requesting a brief extension (through April 28) to respond to your clients' discovery requests, so that all parties could exchange responses and objections on the same date (your clients' responses and documents are due on that date, and we have an agreement in place with Mr. Lupkin that his clients' responses and documents are due on that date as well). A copy of my March 31 e-mail and letter is enclosed herewith.

On April 1, you responded by agreeing that we would exchange responses and documents on April 28. A copy of your April 1 letter is enclosed herewith.

I trust this resolves the concern raised in your letter of today.  Please confirm that your clients are on target to make their document production on April 28, as agreed.  Thank you.

Regards,

Marc


Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Marc Youngelson
**Sent:** Monday, March 31, 2008 4:20 PM
**To:** 'srstern@hsrlaw.com'
**Cc:** Jonathan Lupkin; 'Allen Sragow'; Philip White
**Subject:** Amusement v. Stern

Dear Steve:

Please see the enclosed correspondence.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com


NOTICE:
The contents of this email and any attachments to it contain confidential

and/or legally privileged information from the law firm of Sills Cummis & Gross P.C.

This information is only for the use of the intended recipient. If you are not the intended

recipient, you are hereby notified that any disclosure, copying, distribution, or the taking

of any action in reliance on the contents of the contained information is strictly prohibited

and that the documents should be returned to this firm immediately. In this regard, if you

have received this email in error, please notify us by email immediately.



**Although this email and any attachments are believed to be free of any virus or other

defect that might affect any computer system into which it is received and opened, it is the

responsibility of the recipient to ensure that it is virus free and no responsibility is

accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way

4/25/2008

EXHIBIT J

## Marc Youngelson

**From:** Marc Youngelson
**Sent:** Wednesday, April 23, 2008 1:24 PM
**To:** 'Stephen R. Stern'
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Steve:

   While I am puzzled by your response, I too am pleased to hear from you.  Perhaps I was unclear in my initial e-mail.  Your April 22 letter stated that "No request for an extension of time was made."  As the letters I forwarded you established, you were just wrong.  Rather than apologize for what I assume was a simple oversight, you try to shift the blame for your error to us.  This makes no sense.  In the future, it might be better if you were more aware of the correspondence in this case before you accuse us of something that simply is not true.

   You also failed to respond to my question regarding whether your clients are prepared to produce documents on April 28.  Again, I am sure this was a simple oversight.  So, I ask you again, please confirm that your clients' documents will be forthcoming on April 28.

   I hope that you and your family had a nice Passover.

Warm regards,

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Wednesday, April 23, 2008 10:50 AM
**To:** Marc Youngelson
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Marc,

   I am pleased to hear from you.

   I believe neither your office nor the Sragow office confirmed the content of my April 1 letter regarding the date of April 28.  The letter of April 1 which you attached to your e mail below asked "Does that work for you?" as  well as "please confirm".

   Is your letter of April 22, 2008, in response to mine of the same day inquiring as to the status of the response of the plaintiffs, the confirmation in connection with my April 1, 2008 letter?  Are your clients on target to meet the date of April 28, 2008 which was previously not confirmed?

   Thank you.

Sincerely,

4/25/2008

EXHIBIT K

## Marc Youngelson

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Wednesday, April 23, 2008 1:41 PM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Dear Marc:

Please note – there still has been no confirmation regarding my April 1 letter which asks for one – perhaps, if a response had been received then or even now this exchange would not be needed. A simple confirmatory note would have sufficed. Is it possible to receive one? Is there a problem?

My intention or desire is not to shift or place blame but simply to work within the confines of the FRCP and the exchanges we have had. If you prefer to focus on the concept of "no request for an extension has been sought by your office" as a statement that you feel is wrong perhaps you should also focus on the non-confirmation of the date or the non-response to the letter seeking confirmation.

I note further your letter disregards my question regarding production by your clients.

Given your non-responsiveness to the foregoing I can only surmise the April 28 date is presenting a problem for your clients. Then, rather than engaging in a who blinks first exchange I will simply suggest with the intervening Passover holiday and, at least, my clients unavailability for the duration of the Holiday, that the date of May 8, 2008 be substituted.

I trust this will present no issues given the mutuality of the suggestion.

Please continue to enjoy the Holiday with your family as well.

Sincerely,

Steve

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax:  (212) 750-1259
```
```
***********************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
***********************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Wednesday, April 23, 2008 1:24 PM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Steve:

4/25/2008

EXHIBIT L

## Marc Youngelson

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Wednesday, April 23, 2008 4:49 PM |
| **To:** | 'Stephen R. Stern' |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Dear Steven:

    You are once again unfortunately incorrect.  Plaintiffs are prepared to produce documents on April 28.  Accordingly, your request for a further extension of time is rejected.  We will expect your clients' documents to be produced to us on April 28, as agreed.  Thank you.

Regards,

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Wednesday, April 23, 2008 1:41 PM
**To:** Marc Youngelson
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Marc:

        Please note – there still has been no confirmation regarding my April 1 letter which asks for one – perhaps, if a response had been received then or even now this exchange would not be needed.   A simple confirmatory note would have sufficed.  Is it possible to receive one?  Is there a problem?

        My intention or desire is not to shift or place blame but simply to work within the confines of the FRCP and the exchanges we have had.   If you prefer to focus on the concept of "no request for an extension has been sought by your office" as a statement that you feel is wrong perhaps you should also focus on the non-confirmation of the date or the non-response to the letter seeking confirmation.

        I note further your letter disregards my question regarding production by your clients.

        Given your non-responsiveness to the foregoing I can only surmise the April 28 date is presenting a problem for your clients.  Then, rather than engaging in a who blinks first exchange I will simply suggest with the intervening Passover holiday and, at least, my clients unavailability for the duration  of the Holiday, that the date of May 8, 2008 be substituted.

        I trust this will present no issues given the mutuality of the suggestion.

        Please continue to enjoy the Holiday with your family as well.

Sincerely,

4/27/2008

EXHIBIT M

## Marc Youngelson

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Thursday, April 24, 2008 6:51 AM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Dear Mark:

Thank you for your note immediately below and the advice regarding plaintiffs' production.

Am I to take it that you are now confirming the request set forth in my April 1 letter as of April 22, 2008 – a letter to which you have never responded?   Please advise.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
**************************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
**************************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Wednesday, April 23, 2008 4:49 PM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Steven:

   You are once again unfortunately incorrect.  Plaintiffs are prepared to produce documents on April 28.  Accordingly, your request for a further extension of time is rejected.  We will expect your clients' documents to be produced to us on April 28, as agreed.  Thank you.

Regards,

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

EXHIBIT N

## Marc Youngelson

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Thursday, April 24, 2008 10:25 AM |
| **To:** | 'Stephen R. Stern' |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Dear Stephen:

My communications have been perfectly clear.  We expect your clients' documents on April 28.  Thank you.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Thursday, April 24, 2008 6:51 AM
**To:** Marc Youngelson
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Mark:

Thank you for your note immediately below and the advice regarding plaintiffs' production.

Am I to take it that you are now confirming the request set forth in my April 1 letter as of April 22, 2008 – a letter to which you have never responded?  Please advise.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax:  (212) 750-1259
*******************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
*******************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Wednesday, April 23, 2008 4:49 PM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com;

EXHIBIT O

## Marc Youngelson

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Thursday, April 24, 2008 10:31 AM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Mark:

A plain reading of the communications before yesterday – meaning none addressing the confirmation – demonstrates a completely different story.

If there was a response to my April 1 letter which simply asked for confirmation of the April 28 date, please provide it to me and I will concur that your communications have been clear.   Absent receipt of same your communications have been otherwise.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
************************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
************************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Thursday, April 24, 2008 10:25 AM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Dear Stephen:

My communications have been perfectly clear.  We expect your clients' documents on April 28.  Thank you.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Thursday, April 24, 2008 6:51 AM

EXHIBIT P

**Marc Youngelson**

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Thursday, April 24, 2008 10:33 AM |
| **To:** | 'Stephen R. Stern' |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Steve:

I'm sorry that you think so. We still expect your documents on April 28.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
Direct Dial: (973) 643-5279
email: myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Thursday, April 24, 2008 10:31 AM
**To:** Marc Youngelson
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Mark:

A plain reading of the communications before yesterday – meaning none addressing the confirmation – demonstrates a completely different story.

If there was a response to my April 1 letter which simply asked for confirmation of the April 28 date, please provide it to me and I will concur that your communications have been clear. Absent receipt of same your communications have been otherwise.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
*******************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
*******************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Thursday, April 24, 2008 10:25 AM

EXHIBIT Q

## Marc Youngelson

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Thursday, April 24, 2008 10:36 AM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Marc:

Again, noticeably absent from your note is any confirmation of the April 1 request for confirmation made some 3 weeks ago. As well, absent is any letter that clears up the position you have taken .

Silence on this point - -the request having been made no less than 3 times now – speaks volumes.

If the confirmation exists I am pleased to receive it – if it does not exist, a simple statement to that effect would suffice.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
*********************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
*********************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Thursday, April 24, 2008 10:33 AM
**To:** Stephen R. Stern
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Steve:

I'm sorry that you think so. We still expect your documents on April 28.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
Direct Dial: (973) 643-5279
email: myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Thursday, April 24, 2008 10:31 AM

EXHIBIT R

## Marc Youngelson

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Thursday, April 24, 2008 10:50 AM |
| **To:** | 'Stephen R. Stern' |
| **Cc:** | sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Steven:

Noticeably absent from your communications is a representation that defendants will comply with their discovery obligations under the Federal Rules of Civil Procedure and the parties' agreement.  We still expect your documents on April 28.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com


**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Thursday, April 24, 2008 10:36 AM
**To:** Marc Youngelson
**Cc:** sragow@sragow.com; Philip White; Lupkin, Jonathan; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Marc:

Again, noticeably absent from your note is any confirmation of the April 1 request for confirmation made some 3 weeks ago. As well, absent is any letter that clears up the position you have taken .

Silence on this point - -the request having been made no less than 3 times now – speaks volumes.

If the confirmation exists I am pleased to receive it – if it does not exist, a simple statement to that effect would suffice.

Thank you.

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax: (212) 750-1259
*****************************************

This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.
*****************************************

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]

EXHIBIT S

## Marc Youngelson

| | |
|---|---|
| **From:** | Marc Youngelson |
| **Sent:** | Friday, April 25, 2008 12:49 PM |
| **To:** | 'Stephen R. Stern'; 'Lupkin, Jonathan' |
| **Cc:** | 'sragow@sragow.com'; Philip White; 'abrown@kayescholer.com'; 'mlynn@kayescholer.com'; 'eschwalb@kayescholer.com'; 'Hackett, Jean Marie' |

**Subject:** Amusement v. Stern

Dear Counsel:

As you know, the parties are due to exchange responses to written discovery requests, and to produce documents, on Monday, April 28. Our respective productions may include documents that the parties in good faith believe contain confidential and/or proprietary information. After talking with Jonathan Lupkin, and to protect any such information, we propose that the parties, and counsel, agree that the parties' document productions be maintained as "Confidential," to be reviewed by the parties and their counsel only, until such time as we finalize a stipulation and order of confidentiality in the matter. In that regard, we have Jonathan's proposed stipulation, and will circulate our comments on it early next week. Once finalized and approved by the Court, the stipulation would then govern treatment of any confidential discovery materials on a going forward basis.

I believe that Jonathan already has agreed in principle to the foregoing approach. Please confirm your respective agreements as well. Thank you.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
Direct Dial: (973) 643-5279
email: myoungelson@sillscummis.com

EXHIBIT T

**Marc Youngelson**

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Friday, April 25, 2008 1:29 PM |
| **To:** | Marc Youngelson; Lupkin, Jonathan |
| **Cc:** | sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |
| **Subject:** | RE: Amusement v. Stern |

Counsel:

      I would respectively request counsel review my letter of April 1, 2008 which states in pertinent part: "...we do agree April 28, 2008 is the date each of us should exchange responses and/or objections to the respective document requests". That letter was transmitted to counsel for the plaintiffs and defendant Safrin. We intend to act consistent with the outlined agreement which is also consistent with the requirements of the FRCP.

      Consistent with that agreement and the FRCP we intend to provide responses and/or objections on April 28th and are prepared to discuss the timing of the production for all parties, as needed, thereafter.

      Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax:  (212) 750-1259
```

```
********************************************
This electronic mail transmission may contain privileged, confidential and/or
proprietary information intended only for the person(s) named. Any use,
distribution, copying or disclosure to another person is strictly prohibited. If
you are not the addressee indicated in this message (or responsible for delivery of
the message to such person), you may not copy or deliver this message to anyone. In
such case, you should destroy this message and kindly notify the sender by reply
email.
********************************************
```

EXHIBIT U

# Marc Youngelson

| From: | Marc Youngelson |
|---|---|
| Sent: | Friday, April 25, 2008 2:03 PM |
| To: | 'Stephen R. Stern'; Lupkin, Jonathan |
| Cc: | sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie |

**Subject:** RE: Amusement v. Stern

Counsel:

We do not agree with your view of the parties' agreement or the requirements of the Federal Rules. Further, this will confirm that you just advised me on our conference call with counsel for all the parties that your clients will not be producing documents on Monday, April 28. Thank you.

Regards,

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
Direct Dial: (973) 643-5279
email: myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Friday, April 25, 2008 1:29 PM
**To:** Marc Youngelson; Lupkin, Jonathan
**Cc:** sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Counsel:

I would respectfully request counsel review my letter of April 1, 2008 which states in pertinent part: " ...we do agree April 28, 2008 is the date each of us should exchange responses and/or objections to the respective document requests".   That letter was transmitted to counsel for the plaintiffs and defendant Safrin. We intend to act consistent with the outlined agreement which is also consistent with the requirements of the FRCP.

Consistent with that agreement and the FRCP we intend to provide responses and/or objections on April 28th and are prepared to discuss the timing of the production for all parties, as needed, thereafter.

Thank you.

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor

4/25/2008

New York, New York 10155
Tel:  (212) 421-4000
Fax: (212) 750-1259
*********************************************

This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.
*********************************************

4/25/2008

EXHIBIT V

**Marc Youngelson**

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Friday, April 25, 2008 3:23 PM |
| **To:** | Marc Youngelson |
| **Cc:** | sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie; Lupkin, Jonathan |
| **Subject:** | RE: Amusement v. Stern |

Marc:

The implication of your e mail below is I previously agreed my clients would produce documents on April 28.  As explained previously and as you know, I have never agreed to that.  I did agree to respond and/or object by that date.  Please refer to my letter of April 1.

Steve

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax: (212) 750-1259
*************************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary
information intended only for the person(s) named. Any use, distribution, copying or
disclosure to another person is strictly prohibited. If you are not the addressee indicated in
this message (or responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message and kindly
notify the sender by reply email.
*************************************************
```

**From:** Marc Youngelson [mailto:myoungelson@sillscummis.com]
**Sent:** Friday, April 25, 2008 2:03 PM
**To:** Stephen R. Stern; Lupkin, Jonathan
**Cc:** sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Counsel:

We do not agree with your view of the parties' agreement or the requirements of the Federal Rules.  Further, this will confirm that you just advised me on our conference call with counsel for all the parties that your clients will not be producing documents on Monday, April 28.  Thank you.

Regards,

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Friday, April 25, 2008 1:29 PM

**To:** Marc Youngelson; Lupkin, Jonathan
**Cc:** sragow@sragow.com; Philip White; abrown@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com; Hackett, Jean Marie
**Subject:** RE: Amusement v. Stern

Counsel:

I would respectfully request counsel review my letter of April 1, 2008 which states in pertinent part: " ...we do agree April 28, 2008 is the date each of us should exchange responses and/or objections to the respective document requests". That letter was transmitted to counsel for the plaintiffs and defendant Safrin. We intend to act consistent with the outlined agreement which is also consistent with the requirements of the FRCP.

Consistent with that agreement and the FRCP we intend to provide responses and/or objections on April 28th and are prepared to discuss the timing of the production for all parties, as needed, thereafter.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
```

**********************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.
**********************************************

NOTICE:
The contents of this email and any attachments to it contain confidential

and/or legally privileged information from the law firm of Sills Cummis & Gross P.C.

This information is only for the use of the intended recipient. If you are not the intended

recipient, you are hereby notified that any disclosure, copying, distribution, or the taking

of any action in reliance on the contents of the contained information is strictly prohibited

and that the documents should be returned to this firm immediately. In this regard, if you

have received this email in error, please notify us by email immediately.



**Although this email and any attachments are believed to be free of any virus or other

defect that might affect any computer system into which it is received and opened, it is the

responsibility of the recipient to ensure that it is virus free and no responsibility is

accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way

from its use.

4/25/2008

EXHIBIT W

# SILLS CUMMIS & GROSS
### A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

April 28, 2008

**Via e-mail and FedEx**

Jonathan Daniel Lupkin, Esq.
Flemming Zulack Williamson Zauderer, LLP
One Liberty Plaza
New York, NY 10006

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

Michael Lynn, Esq.
Kaye Scholer, LLP
425 Park Avenue
NY, NY 10022

Re:    Amusement Industry, Inc. v. Moses Stern, et al.

Dear Counsel:

Enclosed herewith are plaintiffs' responses and objections to (i) the Stern defendants' document requests; (ii) defendant Safrin's document requests; and (iii) defendant Safrin's requests for admission. Also enclosed herewith are documents bearing bates stamps AI001525-6056, which plaintiffs are producing in response to defendants' document requests. Pursuant to the parties' e-mail agreement, these documents are to be treated as "Confidential" until such time as the parties finalize the terms of a stipulation and order of confidentiality.

Very truly yours,

Marc D. Youngelson

Enclosures
cc:    Allen Sragow, Esq.

EXHIBIT X

Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
Mark W. Geisler (MG-7261)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 223-3857

*Attorneys for Ephraim Frenkel and Land Title Associates Escrow*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;          :   No. 07 Civ. 11586 (LAK)(GWG)
PRACTICAL FINANCE CO., INC., a California
corporation,                                  :

                Plaintiffs,           :

    - against -                               :

MOSES STERN an individual aka MARK STERN;     :
JOSHUA SAFRIN, an individual; FIRST REPUBLIC
GROUP REALTY LLC, a Delaware limited liability :
company; EPHRAIM FRENKEL, an individual;
LAND TITLE ASSOCIATES ESCROW, a New York      :
limited liability company,
                                              :
                Defendants.
-------------------------------------------------------------------x

## DEFENDANTS EPHRAIM FRENKEL AND LAND TITLE ASSOCIATES ESCROW'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

      Defendants Ephraim Frenkel and Land Title Associates Escrow ("Defendants")

hereby respond and object to plaintiffs' First Request for the Production of Documents and Things

(the "Document Request" or "Requests") on the grounds set forth below.[1]

---

[1]      All capitalized terms not defined herein incorporate the definitions as set forth in the

                               (continued...)

## I.     **General Objections**

Subject to, without waiving, and in accordance with the General and Specific Objections and responses set forth herein, Defendants will make documents available for inspection and copying at such time and place as may be mutually agreed upon by counsel. The failure to object to and/or the production of any document (or responsive portion of any redacted document) by Defendants in response to the Document Request is not, and shall not be construed as, an admission by Defendants of the relevance or admissibility into evidence of any such document or category of documents, or of the propriety of any of the Requests. The inadvertent production of any privileged document shall not be deemed to be a waiver of any applicable privilege with respect to such document (or the contents thereof) or with respect to any other documents. The failure to object or the agreement to produce documents in response to any Request, including an agreement to produce documents subject to and without waiving objections, does not constitute a representation that any documents (or any not-objected-to-documents) in fact exist.

Defendants reserve the right to supplement or amend these objections. Defendants are prepared to negotiate in good faith with counsel for plaintiff to limit the scope of the Document Request so as to obviate or minimize objectionable elements thereof and to search for and produce documents in response to the Requests as so limited.

The following General Objections are and shall be deemed incorporated into each and every specific response and objection to each specific request, definition, and instruction as if fully set forth and repeated therein.

---

[1]     (...continued)
Document Request.

**REQUEST NO. 90:**

All documents and communications submitted to LAND ESCROW in connection with the LOANS.

**RESPONSE TO REQUEST NO. 90:**

Subject to and without waiving the General Objections, Defendants will produce non-privileged responsive documents, if any, within their custody, control and possession.

**REQUEST NO. 91:**

All documents and communications submitted to LAND ESCROW in connection with PORTFOLIO PURCHASE.

**RESPONSE TO REQUEST NO. 91:**

Subject to and without waiving the General Objections, Defendants will produce non-privileged responsive documents, if any, within their custody, control and possession.

Dated: April 28, 2008
     New York, New York

Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
Mark W. Geisler (MG-7261)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
Email: srstern@hsrlaw.com

*Attorneys for Ephraim Frenkel and Land Title Associates Escrow*

EXHIBIT Y

Stephen R. Stern (SS-5665)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street
19th Floor
New York, New York  10155
Tel: (212) 421-4000
Fax: (212) 750-1259

Arthur E. Brown (AB-0627)
Michael A. Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Tel: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Mark Stern and First Republic Group Realty LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;       :    No. 07 Civ. 11586 (LAK)(GWG)
PRACTICAL FINANCE CO., INC., a California
corporation,                               :

                         Plaintiffs,       :

     - against -                           :

MOSES STERN an individual aka MARK STERN;  :
JOSHUA SAFRIN, an individual; FIRST REPUBLIC
GROUP REALTY LLC, a Delaware limited liability :
company; EPHRAIM FRENKEL, an individual;
LAND TITLE ASSOCIATES ESCROW, a New York   :
limited liability company,
                                           :
                         Defendants.
------------------------------------------------------------------------x

**DEFENDANTS MARK STERN AND FIRST REPUBLIC GROUP REALTY LLC'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Doc #31638479.WPD

Defendants Mark Stern and First Republic Group Realty LLC ("Defendants") hereby respond and object to plaintiffs' First Request for the Production of Documents and Things (the "Document Request" or "Requests") on the grounds set forth below.[1]

## I.    General Objections

Subject to, without waiving, and in accordance with the General and Specific Objections and responses set forth herein, Defendants will make documents available for inspection and copying at such time and place as may be mutually agreed upon by counsel. The failure to object to and/or the production of any document (or responsive portion of any redacted document) by Defendants in response to the Document Request is not, and shall not be construed as, an admission by Defendants of the relevance or admissibility into evidence of any such document or category of documents, or of the propriety of any of the Requests. The inadvertent production of any privileged document shall not be deemed to be a waiver of any applicable privilege with respect to such document (or the contents thereof) or with respect to any other documents. The failure to object or the agreement to produce documents in response to any Request, including an agreement to produce documents subject to and without waiving objections, does not constitute a representation that any documents (or any not-objected-to-documents) in fact exist.

Defendants reserve the right to supplement or amend these objections. Defendants are prepared to negotiate in good faith with counsel for plaintiff to limit the scope of the Document Request so as to obviate or minimize objectionable elements thereof and to search for and produce documents in response to the Requests as so limited.

---

[1]    All capitalized terms not defined herein incorporate the definitions as set forth in the Document Request.

**RESPONSE TO REQUEST NO. 91:**

Subject to and without waiving the General Objections, Defendants will produce non-privileged responsive documents, if any, within their custody, control or possession.

Dated: April 28, 2008
New York, New York

Arthur Brown (AB-0627)
Michael Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel: (212) 836-8000
Fax: (212) 836-8689
Email: abrown@kayescholer.com

Stephen R. Stern (SS-5665)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street
New York, New York  10155
Tel: (212) 421-4000
Fax: (212) 750-1259
Email: srstern@hsrlaw.com

*Attorneys for Mark Stern and First Republic Group Realty LLC*

To:    SILLS CUMMIS & GROSS, P.C.
Philip R. White
Marc D. Youngelson
One Rockefeller Plaza
New York, New York  10020
Tel: (212) 643-7000
Fax: (212) 643-5000
Email: myoungelson@sillscummis.com

*Attorneys for Plaintiffs*