Jonathan D. Lupkin, Esq. (JL-0792)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

AMUSEMENT INDUSTRY, INC., dba WESTLAND  :  No. 07 Civ. 11586 (LAK)(GWG)
INDUSTRIES; PRACTICAL FINANCE CO., INC.,  :     **(ECF)**
                                          :
                         Plaintiffs,      :  **DEFENDANT JOSHUA**
                                          :  **SAFRIN'S MOTION TO**
      - against -                         :  **COMPEL THE STERN**
                                          :  **DEFENDANTS TO**
MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, :  **PRODUCE DOCUMENTS**
FIRST REPUBLIC REALTY LLC, EPHRAIM        :
FRENKEL, LAND TITLE ASSOCIATES ESCROW,    :
                                          :
                         Defendants.      :
-------------------------------------------------------------------- x

     Defendant JOSHUA SAFRIN ("Safrin"), by his undersigned attorneys, hereby

moves to compel Moses Stern, First Republic Realty LLC, Ephraim Frenkel and Land

Title Associates Escrow (collectively, "the Stern Defendants") to produce documents in

response to Safrin's First Request to Co-Defendants for the Production of Documents

(the "Request") and for other, related relief.

     As set forth more fully below, notwithstanding an agreement among all counsel to

produce documents by April 28, 2008 and the passage of almost two months' time within

which to collect responsive materials, the Stern Defendants have not produced their

documents.   All of the other parties to this action have abided by the terms of the parties'

agreement, and we respectfully submit that there is no legitimate reason that the Stern

Defendants should not be held accountable for their failure to do so.

**Summary of Discovery and Request for Relief**

On March 10, 2008, Safrin served the Request, by hand, upon counsel for the Stern Defendants. (Attached hereto as Exhibits A and B, respectively, are the Request and related Certificate of Service.) The Request seeks the discovery of evidence concerning crucial issues in this action.

On or about March 31, 2008, the parties entered into an agreement whereby all counsel would produce documents and serve objections to the various discovery requests by April 28, 2008. On April 1, 2008, counsel for the Stern Defendants agreed to this schedule. (A copy of the correspondence memorializing the agreement is annexed hereto collectively as Exhibit C.)

Counsel for the Stern Defendants made no further mention of Safrin's Request until April 23, 2008. On April 23, in connection with a request for an extension of time to respond to a related non-party subpoena directed to First Republic Group Corp., counsel sought, almost as an afterthought, an extension for responding to the Request.[1],

This firm agreed to adjourn First Republic Group Corp.'s subpoena response until May 8, 2008, but not until May 15, the date requested by counsel. We explained that in view of First Republic Group Corp.'s relationship with defendant Stern and the fact that, as of April 23, Stern himself should already have been far along in assembling documents in his "possession, custody or control." for production pursuant to the Request by April 28, May 8 was more than reasonable. (Annexed hereto as Exhibit D is the letter, dated

---

[1] Counsel for the Stern Defendants also serves as counsel to First Republic Group Corp., the subpoena recipient and, according to the Complaint, a company that is wholly owned by defendant Moses Stern. On behalf of First Republic Group Corp., counsel requested an adjournment until May 15, 2008 to respond to the subpoena.

April 23, 2008, from Jean Marie Hackett, Esq. of this firm to Stephen Stern, Esq., counsel for the Stern Defendants and First Republic Group Corp.)

This firm's assumption -- that defendant Stern was well along in collecting documents responsive to the Request – was apparently incorrect.  It was only after receiving Ms. Hackett's letter that counsel sought an extension until May 8 to respond to the Request.  Buried at the end of his letter regarding the First Republic Group Corp. subpoena, counsel for the Stern Defendants announced, for the very first time, that he was not prepared to produce documents on April 28 and requested an adjournment. (Annexed hereto as Exhibit E is the letter, dated April 23, 2008, from Stephen Stern, Esq. to Jean Marie Hackett, Esq.)

Citing to the parties' previous agreement and the tight discovery schedule under which all counsel are operating, I advised counsel for the Stern Defendants later that day that I could not grant the requested adjournment. (Annexed hereto as Exhibit F is the letter, dated April 23, 2008, from Jonathan Lupkin, Esq. to Stephen Stern, Esq.)

For the foregoing reasons, we request that an Order be issued, directing the Stern Defendants to produce forthwith documents responsive to the Request, a privilege log that satisfies the requirement of Fed. R. Civ. 26(b)(5), and for such additional relief as the Court deems appropriate, including an award of reasonable attorneys' fees incurred in

connection with preparing this motion.

Dated:     New York, New York
           April 29, 2008

                              FLEMMING ZULACK WILLIAMSON
                                 ZAUDERER LLP


                              By:_____/s/_____
                                     Jonathan D. Lupkin (JL-0792)
                              One Liberty Plaza
                              New York, New York 10006
                              Tel: (212) 412-9579
                              Fax: (212) 964-9200
                              Email: jlupkin@fzwz.com

                              Attorneys for Defendant Joshua Safrin

EXHIBIT A

Jonathan D. Lupkin (JL-0792)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AMUSEMENT INDUSTRY, INC., dba WESTLAND      :    No. 07 Civ. 11586 (LAK)(GWG)
INDUSTRIES; PRACTICAL FINANCE CO., INC.,    :
                                            :
                            Plaintiffs,     :
                                            :
                                            :    **DEFENDANT JOSHUA**
            - against -                     :    **SAFRIN'S FIRST REQUEST**
                                            :    **TO CO-DEFENDANTS**
                                            :    **FOR PRODUCTION**
MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, :    **OF DOCUMENTS**
FIRST REPUBLIC REALTY LLC, EPHRAIM          :
FRANKEL, LAND TITLE ASSOCIATES ESCROW,      :
                                            :
                            Defendants.     :
------------------------------------------------------------------- x

    **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Southern

District of New York, defendant Joshua Safrin ("Safrin"), by his attorneys, Flemming Zulack

Williamson Zauderer LLP, hereby requests that that defendants Mark Stern ("Stern"), First

Republic Realty LLC ("First Republic LLC") Ephraim Frenkel ("Frenkel") and Land Title

Associates Escrow ("Land Escrow") (collectively, "Co-defendants") produce for inspection and

copying all documents specified herein that are in their respective possession, custody, or

control, or in the possession, custody, or control of any of their respective directors, officers,

employees, agents, representatives, or attorneys (collectively, the "Requests"). Each of the Co-

defendants shall respond separately to the Requests. The requested documents shall be produced

302164

at the offices of Safrin's counsel, Flemming Zulack Williamson Zauderer LLP, One Liberty

Plaza, New York, New York 10006-1404, within 30 days of the service hereof.

## DOCUMENTS TO BE PRODUCED

1.    All communications between Co-defendants and Safrin.

2.    All documents concerning Safrin.

3.    All agreements entered into between Co-defendants and Safrin.

4.    All communications between Co-defendants and Safrin in connection with any of the following: (a) the Investment Opportunity; (b) the financing and purchase of the Property Portfolio; (c) the Letter of Intent and/or the alleged contract formed pursuant thereto; (d) the July 11th Counter Offer and/or the alleged contract formed pursuant thereto; and (e) the Escrowed Funds and/or the Escrow Account.

5.    All documents concerning Safrin in connection with any of the following: (a) the Investment Opportunity; (b) the financing and purchase of the Property Portfolio; (c) the Letter of Intent and/or the alleged contract formed pursuant thereto; (d) the July 11th Counter Offer and/or the alleged contract formed pursuant thereto; and (e) the Escrowed Funds and/or the Escrow Account.

6.    All of the LLC Documents.

7.    All communications concerning any of the following: (a) the Investment Opportunity; (b) the financing and purchase of the Property Portfolio; (c) the Letter of Intent and/or the alleged contract formed pursuant thereto; (d) the July 11th Counter Offer and/or the alleged contract formed pursuant thereto; and (e) the Escrowed Funds and/or the Escrow Account.

8.     All documents concerning any of the following: (a) the Investment Opportunity; (b) the financing and purchase of the Property Portfolio; (c) the Letter of Intent and/or the alleged contract formed pursuant thereto; (d) the July 11th Counter Offer and/or the alleged contract formed pursuant thereto; and (e) the Escrowed Funds and/or the Escrow Account.

9.     All documents concerning the role of Steven Alevy in connection with the transactions alleged in the Complaint, including but not limited to: (a) the Investment Opportunity; (b) the financing and purchase of the Property Portfolio; (c) the Letter of Intent and/or the alleged contract formed pursuant thereto; (d) the July 11th Counter Offer and/or the alleged contract formed pursuant thereto; and (e) the Escrowed Funds and/or the Escrow Account.

10.     All communications between Stern and/or First Republic LLC and/or First Republic Corp., on the one hand, and Steven Alevy on the other, in connection with the transactions relating to the purchase and financing of the Property Portfolio.

11.     All documents concerning the formation of an attorney-client relationship between Stern and/or First Republic LLC and/or First Republic Corp., on the one hand, and Friedman and/or his firm, Buchanan Ingersoll, on the other, in connection with the transactions relating to the purchase and financing of the Property Portfolio.

12.     All documents concerning the payment of fees or other monies by Stern and/or First Republic LLC and/or First Republic Corp. to Friedman and/or Buchanan Ingersoll in connection with the transactions relating to the purchase and financing of the Property Portfolio.

302164                                          3

13.     All documents concerning the "amend[ment] and assign[ment]" of First Republic Group Corp.'s contract with Colonial Realty to "change the buyer to First Republic LLC," as described at paragraph 24 of the Complaint.

14.     All documents concerning the negotiation and execution of the Loan Agreement between First Republic LLC and Citibank referred to in paragraph 26 of the Complaint.

15.     All documents concerning the negotiation and execution of the Mezzanine Loan Agreement between FRGR and Citibank referred to in paragraph 26 of the Complaint.

16.     All documents concerning the manner in which Friedman "led Plaintiffs to believe that he had full authority to speak on behalf of Stern, Safrin and First Republic LLC concerning the purchase of the property portfolio", and that Friedman "had such authority," as described at paragraph 32 of the Complaint.

17.     All documents concerning the negotiation and execution of the June 29, 2007 Letter of Intent.

18.     The June 29, 2007 Letter of Intent, including all term sheets and drafts thereof.

19.     All documents concerning the creation of the Escrow Account, including, but not limited to, the escrow agreement and all drafts thereof, and any amendments to the escrow agreement, and all drafts thereof.

20.     All documents concerning the deposit of the Escrowed Funds into the Escrow Account, including, but not limited to, all account statements, deposit slips, wire transfer instructions, wire transfer confirmations and cancelled checks.

302164                                              4

21.    All documents concerning the disbursement of funds from the Escrow Account, including, but not limited to, all account statements, withdrawal slips, wire transfer instructions, wire transfer confirmations and cancelled checks.

22.    All documents concerning the conditions precedent or terms for the release of the Escrowed Funds.

23.    All communications concerning the release of the Escrowed Funds.

24.    All documents concerning the negotiation of a reduction in the purchase price of the Property Portfolio, as described at paragraph 39 of the Complaint.

25.    All documents concerning the negotiation, preparation, execution, or delivery of the documents annexed to the Complaint as Exhibits 1, 5 and 6.

26.    All documents concerning the negotiation, preparation, execution, or delivery of the November 15, 2007 letter annexed to the Complaint as Exhibit 4.

27.    All documents concerning the preparation, execution, or delivery of the $15,000,000 promissory note annexed to the Complaint as Exhibit 7.

28.    All documents concerning the negotiations culminating in the July 11th Counter Offer, described at paragraph 53 of the Complaint.

29.    The July 11th Counter Offer, including all term sheets and drafts thereof.

30.    The proposed partnership agreements referenced at paragraphs 42-43 of the Complaint, including, but not limited, to all drafts thereof.

31.    All documents concerning the July 6, 2007 communication from Amusement described at paragraph 44 of the Complaint.

32.    The July 6, 2007 written communication from Amusement's California counsel to Friedman, described at paragraph 45 of the Complaint.

33.     All documents concerning Plaintiffs' request(s), described at paragraphs 46 and 214 of the Complaint, for the Citibank Loan Agreements and/or LLC operating agreements, including, but not limited to, any response(s) thereto.

34.     All documents concerning the communications of July 9, 2007, described at paragraphs 47-49 of the Complaint.

35.     All documents provided to Amusement on July 11, 2007, as described at paragraph 52 of the Complaint.

36.     The July 11, 2007 written communication from Amusement described at paragraph 55 of the Complaint.

37.     All documents concerning the response to Amusement's July 11, 2007 written communication, as described at paragraph 56 of the Complaint.

38.     All documents provided to Amusement on July 12, 2007, as described at paragraph 56 of the Complaint.

39.     The July 12, 2007 written communication from Amusement, as described at paragraph 60 of the Complaint.

40.     All documents concerning the allegation in paragraph 61 of the Complaint, that "[o]n July 13, 2007, Friedman announced that he had executed versions of all of Stern's and Safrin's documents . . . and that Amusement could authorize release of its escrowed $13 million dollars."

41.     All documents concerning Steven Alevy's authorization of the release of the Escrowed Funds, as described at paragraph 63 of the Complaint.

42.     The July 15, 2007 written communication from Amusement's California counsel to Frenkel and Land Escrow, as described at paragraph 65 of the Complaint.

43.    The July 16, 2007 written communication from Amusement's California counsel to Frenkel, Land Escrow and Friedman, as described at paragraph 66 of the Complaint.

44.    The July 19, 2007 written communication from Amusement's California counsel to Frenkel and Land Escrow, as described at paragraph 67 of the Complaint.

45.    The November 15, 2007 "demand" from Amusement to "Stern, Safrin, First Republic LLC, Friedman and Steven Alevy," as described at paragraph 69 of the Complaint, including, but not limited to, all drafts thereof.

46.    All documents concerning any debts owed, or payments made, to the "creditors," described at paragraph 170 of the Complaint, from January 1, 2007 to the present.

47.    The June 29, 2007 e-mail from Friedman to Allen Alevy at Amusement, described at paragraph 167 of the Complaint.

48.    The June 29, 2007 written communication from Amusement "to Stern and Safrin," described at paragraph 176 of the Complaint.

49.    The June 29, 2007 email(s) from Friedman to Amusement, described at paragraphs 184-185 of the Complaint.

50.    All documents concerning Land Escrow's corporate structure.

51.    All documents concerning Land Escrow's document retention policy.

52.    All documents concerning Land Escrow's e-mail retention policy.

53.    All documents concerning First Republic LLC's corporate structure.

54.    All documents concerning First Republic LLC's document retention policy.

55.    All documents concerning First Republic LLC's e-mail retention policy.

56.    All documents concerning First RepublicCorp.'s corporate structure.

57.    All documents concerning First Republic Corp.'s document retention policy.

58.    All documents concerning First Republic Corp.'s e-mail retention policy.

## DEFINITIONS AND INSTRUCTIONS

A.    The term "Complaint" means plaintiffs' complaint in this action, dated December 27, 2007.

B.    "Safrin" means defendant Joshua Safrin and any representatives, agents or attorneys acting on his behalf.

C.    "Stern" means defendant Mark Stern and any representatives, agents or attorneys acting on his behalf.

D.    "First Republic LLC" means defendant First Republic Group Realty LLC and any of its parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

E.    "Frenkel" means defendant Ephraim Frenkel and any representatives, agents or attorneys acting on his behalf.

F.    "Land Escrow" means defendant Land Title Associates Escrow and any of its parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

G.    "Co-defendants" means defendants Stern, First Republic LLC, Frenkel and Land Escrow.

H.    "Buchanan Ingersoll" means Buchanan Ingersoll & Rooney, P.C., and any of its parents, subsidiaries, affiliates, divisions, partners, shareholders, employees, officers, directors, agents, representatives, predecessors or successors.

302164                                  8

I.     "Friedman" means attorney Stephen Friedman and any representatives, agents or attorneys acting on his behalf, including, but not limited to, any partners or employees of Buchanan, Ingersoll & Rooney, P.C.

J.     "Amusement" means plaintiff Amusement Industry, Inc. (dba Westland Industries) and any of its parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

K.     "Practical Finance" means plaintiff Practical Finance Co., Inc. and any of its parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

L.     "Plaintiffs" means plaintiffs Amusement and Practical Finance, collectively, and any of their parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

M.     "Steven Alevy" means Steven Alevy and any representatives, agents or attorneys acting on his behalf.

N.     "First Republic Corp." means First Republic Group Corp. and any of its parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, predecessors or successors.

O.     "Property Portfolio" means the real estate portfolio consisting of shopping centers located in the southeastern United States sold by non-party Colonial Realty Limited Partnership, as described in paragraph 24 of the Complaint.

P.     "Citibank" means Citibank Global Markets Realty Corp.

Q.     "Loan Agreement" means the July 11, 2007 Loan Agreement between First Republic LLC and Citibank referred to in paragraph 26 of the Complaint.

302164

9

R.    "Mezzanine Loan Agreement" means the July 11, 2007 Mezzanine Loan Agreement  and Citibank referred to in paragraph 26 of the Complaint.

S.    "Citibank Loan Agreements" means the Loan Agreement and the Mezzanine Loan Agreement, collectively.

T.    "LLC Documents" means the operating agreements and related formation documents for the following limited liability companies:

1.  First Republic LLC

2.  JSAE Colonial LLC;

3.  FRGR Holdings LLC;

4.  MS Colonial LLC; and

5.  FRGR Managing Member LLC.

U.    "FRGR" means FRGR Managing Member LLC.

V.    "Investment Opportunity" means the investment opportunity described in paragraphs 31 and 25 of the Complaint.

W.    "Escrow Account" means Land Escrow Account # 5514007904 as described in paragraph 36 of the Complaint.

X.    "Letter of Intent" means the Letter of Understanding described in paragraph 35 of, and attached as Exhibit 2 to, the Complaint.

Y.    "July 11th Counter Offer" means Amusement's July 11, 2007 counter offer described in paragraph 53 of the Complaint.

Z.    "Escrowed Funds" means the $13 million wired by Amusement into Land Escrow Account # 5514007904 as described in paragraph 36 of the Complaint.

AA.    These Requests are governed by Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  All defined

302164

terms and rules of construction set forth in Local Civil Rule 26.3, including the definition of "document" (which includes, inter alia, "electronic or computerized data compilations"), are incorporated into these Requests by reference as if set forth in full, and are supplemented as permitted by Local Civil Rule 26.3(a) by the definitions and instructions set forth herein.

BB.    Each of these Requests should be responded to in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York and the Definitions and Instructions contained herein.

CC.    The response to each Request should be clearly labeled and identified and is to be preceded by the text of the individual Request to which it responds.

DD.    If any Request is deemed to call for information contained in a privileged communication, or information protected from disclosure by the work product doctrine or otherwise, you must set forth with specificity all the information required by Local Civil Rule 26.2.

EE.    Co-defendants are requested to produce all documents in their possession, custody or control in their original file folders and to identify the file from which each document came. All documents produced are to be clearly organized and labeled to correspond to each Request or as they are kept by Co-defendants in the usual course of business, provided that Co-defendants identify the individual file in which they were maintained.

FF.    This Request covers all information and documents that are or have been in the possession of Co-defendants, all documents to which Co-defendants have or have had access, and all documents that are, or were subject to Co-defendants' control. If any documents requested were, but no longer are in Co-defendants' possession, custody or control, and/or there are any documents requested to which Co-defendants had, but no longer have access, Co-

defendants shall state in detail and with particularity for each such document: (i) the present

location of the document; (ii) the name and address of the person(s) now in possession, custody

or control of it; (iii) the date the document left Co-defendants' possession, custody or control;

and (iv) the circumstances under which it left Co-defendants' possession, custody or control, or,

if applicable, the circumstances by reason of which Co-defendants no longer have access to the

document.

      GG.    Pursuant to Fed. R. Civ. P. 26(e)(1), this Request for production shall be

deemed to be continuing, so as to require supplemental production by Co-defendants, and Co-

defendants are required to produce any documents requested herein that are unavailable to them

at the time this Request must be answered, but which become available to Co-defendants or to

their attorneys, agents or representatives up to the conclusion of this action.

      HH.    Documents attached to each other (physically or via electronic mail)

should not be separated.

      II.    Produce all non-identical copies of any document responsive to any

Request (including all notes, markings, flags or highlighting on any such non-identical copy).

      JJ.    Any request for a document or documents includes any electronically

stored information. Pursuant to Fed R. Civ. P. 34(b), please be advised that all electronic

documents and/or data are to be produced in native format, and are to include all metadata.

      KK.    Safrin reserves the right to serve additional requests for the production of

documents.

Dated: New York, New York
     March 7, 2008

                 FLEMMING ZULACK WILLIAMSON
                 ZAUDERER LLP

                 By: _____
                     Jonathan D. Lupkin (JL-0792)

                 One Liberty Plaza
                 New York, New York  10006
                 Tel: (212) 412-9500
                 Fax: (212) 964-9200
                 Email: jlupkin@fzwz.com

                 *Attorneys for defendant Joshua Safrin*

EXHIBIT B

## CERTIFICATE OF SERVICE

I, Jean Marie Hackett, an attorney admitted to practice in this Court, hereby certify under penalties of perjury that on March 10, 2008, I caused true and correct copies of the within **DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO PLAINTIFFS FOR THE PRODUCTION OF DOCUMENTS, DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO CO-DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS, DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO FOR ADMISSIONS TO DEFENDANT LAND TITLE ASSOCIATES ESCROW, DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO FOR ADMISSIONS TO DEFENDANT EPHRAIM FRENKEL, DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO FOR ADMISSIONS TO DEFENDANT MARK STERN,** and **DEFENDANT JOSHUA SAFRIN'S FIRST REQUEST TO FOR ADMISSIONS TO PLAINTIFFS,** to be served by hand delivery upon counsel listed below:

Stephen R. Stern, Esq.
Hoffinger Stern & Ross LLP
150 East 58th Street
19th Floor
New York, NY 10155

Philip R. White, Esq.
Mark D. Youngelson, Esq.
Sills Cummis & Gross P.C.
1 Rockefeller Plaza
New York, NY 10020

Dated: New York, New York
      March 12, 2008

Jean Marie Hackett

302458

EXHIBIT C

03/31/2008 16:48 FAX                    S C & B P.C.                    ☑ 002/002

# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

March 31, 2008

**Via facsimile and regular mail**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

Re:    Amusement Industry, Inc. v. Moses Stern, et al.

Dear Stephen:

Thank you for your letter of earlier today regarding the document requests (the "Requests") directed to your clients in the above-referenced. We do not understand why you did not receive them when they previously were served. However, rather than fight about it, plaintiffs are happy to agree to extend your clients' time to respond to the Requests through and including Monday, April 28, 2008. In fact, plaintiffs need a similar extension of time to respond to your clients' document requests. We assume you have no problem with this. In view of the foregoing, I suggest we exchange our respective written responses and document productions simultaneously on April 28. Thank you.

Very truly yours,

Marc D. Youngelson

cc:    Allen Sragow, Esq.
Jonathan Lupkin, Esq.

# HOFFINGER STERN & ROSS, LLP
## 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

April 1, 2008

**BY FACSIMILE, US MAIL & E MAIL**

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, NY 10020

Re:    Amusement Industry, Inc. v. Moses Stern, et al

Dear Marc:

Further to the attached letter, we are not under the impression our respective firms are fighting about anything - simply there is a difference of belief regarding the lack of service of the discovery upon the defendants this office represents.

That having been said and given the content of your attached letter, we do agree April 28, 2008 is the date each of us should exchange responses and/or objections to the respective document requests. Does that work for you?

Please confirm this. Thank you.

Sincerely,

Stephen R. Stern

SRS:sc
Attachment & Enc.

cc:    Philip R. White, Esq. (By Facsimile, US Mail and E Mail)
Allen P. Sragow, Esq. (By Facsimile, US Mail and E Mail)
Jonathan D. Lupkin, Esq. (By Facsimile, US Mail and E Mail)

{300161.DOCX}

**Lupkin, Jonathan**

| | |
|---|---|
| **From:** | Marc Youngelson [myoungelson@sillscummis.com] |
| **Sent:** | Wednesday, April 02, 2008 6:57 PM |
| **To:** | Lupkin, Jonathan |
| **Cc:** | A.Sragow@sragow.com; Philip White |
| **Subject:** | RE: Amusement v. Stern |

That is what we anticipate.  Thanks for the quick response.

Marc


Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com


-----Original Message-----
From: Lupkin, Jonathan [mailto:JLupkin@fzwz.com]
Sent: Wednesday, April 02, 2008 6:55 PM
To: Marc Youngelson
Cc: A.Sragow@sragow.com; Philip White
Subject: Re: Amusement v. Stern

Marc

This is acceptable. Would documents be produced at that time as well?

Jon
Jonathan D. Lupkin, Esq.
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
tel: (212) 412-9579
fax: (212) 964-9200
email: jlupkin@fzwz.com
web: www.fzwz.com

----- Original Message -----
From: Marc Youngelson <myoungelson@sillscummis.com>
To: Lupkin, Jonathan
Cc: Allen Sragow <A.Sragow@sragow.com>; Philip White <PWHITE@sillscummis.com>
Sent: Wed Apr 02 18:49:41 2008
Subject: Amusement v. Stern

Dear Jonathan:

As mentioned in my voicemail, plaintiffs would be happy to extend Mr.
Safrin's time to respond to their document requests until April 28, the same date we
agreed upon with Steve Stern for the other defendants in the case.  Plaintiffs would
produce their responses at the same time.
Please confirm this is acceptable.  Thank you.

Regards,

Marc


Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.

One Riverfront Plaza
Newark, NJ  07102
Direct Dial:  (973) 643-5279
email:  myoungelson@sillscummis.com


NOTICE:
The contents of this email and any attachments to it contain confidential and/or legally
privileged information from the law firm of Sills Cummis & Gross P.C.
This information is only for the use of the intended recipient. If you are not the
intended recipient, you are hereby notified that any disclosure, copying, distribution, or
the taking of any action in reliance on the contents of the contained information is
strictly prohibited and that the documents should be returned to this firm immediately. In
this regard, if you have received this email in error, please notify us by email
immediately.


**Although this email and any attachments are believed to be free of any virus or other
defect that might affect any computer system into which it is received and opened, it is
the responsibility of the recipient to ensure that it is virus free and no responsibility
is accepted by Sills Cummis & Gross P.C. for any loss or damage arising in any way from
its use.

EXHIBIT D

## FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

April 23, 2008

**BY EMAIL**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross LLP
150 East 58th Street
19th Floor
New York, NY 10155

    Re: *Amusement Industry, Inc., dba Westland Industries and Practical Finance Co.,*
      *Inc., v. Moses Stern aka Mark Stern, Joshua Safrin, First Republic*
      *Realty LLC, Land Title Associates Escrow ( 07 CV 11586) (LAK)*

Dear Steve:

   I write to make the following observations about our correspondence regarding our First Republic Group Corp. subpoena (the "Subpoena"):

   First, so the record is clear, the following facts are not (and cannot be) disputed: that your office actually received a copy of the Subpoena on March 10; that your office agreed to deem the Subpoena served as of March 31, and that you both "propose[d]" April 25, 2008 as an appropriate return date for the Subpoena by letter dated March 31, and later confirmed that this date was "good" by e-mail of that same date.

   Second, your office's request late last week for an extension of time to respond to the Subpoena (and your apparent dissatisfaction with our more-than-reasonable courtesy adjournment) gives us pause. When Mark Geisler called Jonathan last Thursday to request the extension initially, I understand that he reminded Mark that the parties were operating under a compressed time schedule for the completion of discovery and that as much as it is our practice routinely to grant generous courtesy extensions, we could not exhibit the same degree of professional largess that we normally do. Jonathan then offered him an extension until April 28th, the same date on which the parties (including your clients, Mark Stern and First Republic LLC) are to exchange responses to the various Rule 34 requests and produce responsive documents.

   You then wrote the following day and insisted on an extension until May 15th. We balanced the exigencies of the extant discovery schedule with our habitual practice of accommodating an adversary and agreed to a further extension, until May

Stephen R. Stern, Esq.
April 23, 2008
Page 2 of 2

8th. Instead of simply saying "thank you," you indicated that the May 8th extension was "unilaterally" set by us and that you would "attempt to abide by that date." I would suggest that May 8th should provide you with more than sufficient time to respond to the Subpoena, particularly since First Republic Group Corp., the subpoena recipient, is the closely held company of defendant Mark Stern who, at least theoretically, should be producing documents in his "possession, custody or control" on Monday, April 28th. Your apparent lack of confidence in First Republic Group Corp's ability to comply with the Subpoena by May 8th makes us uneasy about the quality and completeness of the materials that Mr. Stern and First Republic Group LLC will be producing on Monday, in response to the various Rule 34 requests.

I sincerely hope that our feelings of unease are unwarranted. In any case, given the impending April 28th deadline for the parties' production of documents, as well as the close relationship between First Republic Group Corp. and parties Mark Stern and First Republic Group LLC, it is entirely reasonable to expect that First Republic Group Corp. will meet the May 8th deadline. If you believe that you will be unable to meet this deadline, or, alternatively, you disagree with the fundamental premise that May 8th is the current, agreed-upon, return date for the Subpoena, please let me know promptly.

Finally, and relatedly, your correspondence refers to difficulties in compliance with the Subpoena by virtue of its "vague nature." As you know, both my and Jonathan's phone lines are always open, and to the extent that you perceive problems with one or more of our carefully crafted requests, I would urge you to pick up the phone well before May 8th so that we can attempt to work through any issues you may have, or, at the very least, crystallize, prior to that date, any dispute that requires judicial intervention.

Thank you.

Sincerely,

Jean Marie Hackett

cc: All Counsel

EXHIBIT E

# HOFFINGER STERN & ROSS, LLP
### 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

March 23, 2008

**By E mail**
Jean Marie Hackett, Esq.
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006-1404

Re:    Amusement Industry, Inc. v. Moses Stern, et al

Dear Jean Marie:

Thank you for your letter of earlier today and the "observations" therein set forth.

In seriatum, please consider the following:

"First" – your comment here is all about "spin". Per your request, undisputable as you use that word, you asked my office to accept service on behalf of First Republic Group Corp. as a courtesy. We agreed. This fact/courtesy is somehow ignored by you. And, then, your office attempted to deem the first service [as a FRCP requirement] as the date of effective service on the non-party; albeit, prior to our affording you the courtesy you asked for. As was noted at that time, that effort was misplaced. Nonetheless, and again, in a good faith effort to get past the non-service [by the way, as you know, which has never taken place since we agreed to accept service on behalf of First Republic Group Corp.] we jointly agreed to a production date of April 25, 2008 – yet again, as I have noted, without giving any consideration to the Passover holiday when the date was set. Unfortunately, neither Mr. Lupkin nor I considered that date when we had the 2 minute conversation outside the courtroom in your presence and agreed to the date.

"Second" - whatever "pause" you have is something that your office has conjured up without a basis. Everyone in this case is aware of the compressed time schedule. The intervening Passover holiday has created the current situation and it was not accounted for when there was mutual agreement to the April 25, 2008 date or the April 28, 2008 date also referenced in your letter. Clearly, Jonathan's extension to April 28, 2008 [which merely includes a weekend during which the Passover holiday is still observed] was a nice courtesy but does prove meaningless in the scope of things.

My letter of April 18, 2008 did not insist upon anything, sorry you have improperly inferred it to say that; indeed, it notes this request is a first time request and suggests the request is reasonable. Thus, "insist" is a curious choice of words and give us pause. Our letter suggested a date and explained the rationale for the date. Your office unilaterally choose to disregard the suggestion and explanation and, instead, unilaterally set May 8th. There was no

{300280.DOCX}

HOFFINGER STERN & ROSS, LLP

Jean Marie Hackett, Esq.
Flemming Zulack Williamson Zauderer LLP
March 23, 2008
Page 2 of 2

contact from your office to attempt to discuss the date – indeed, just the setting of the May 8th date. Please note we called your office to discuss the first time extension request; at the very least in response to our first follow-up letter a reciprocal telephone call could have been forthcoming to avoid this exchange of correspondence. Therefore, the suggestion of open phone lines at your office seems to be inappropriate.

"Finally" - the subpoena is by its very nature "vague"; and, I am quite certain if you and Jonathan revisit the crafted subpoena you will reach a different conclusion than the one you are currently operating under.

As long as your letter references the document requests with regard to the parties, please note we are carefully reviewing our clients files and given the Passover holiday and our clients general unavailability we will need more time to respond to those requests as well. Given the short response time to our first request for more time, with regard to the subpoena we agreed to accept service of with regard to First Republic Group Corp. which you have provided, and in keeping with your firm's habitual practice of accommodating an adversary it would seem a suggestion of May 8th for the document responses would be acceptable as well.

We will make every effort to comply with the May 8, 2008 deadline in response to the first request re First Republic Group Corp. and now with regard to the defendants as well. If a substantive problem arises we will apprise you of same in advance.

In closing, it is curious, at best, that counsel representing parties [our respective offices represent all the of the defendants in combination] being improperly sued other parties [referencing the motions to dismiss filed by our respective firms] find the need to copy the counsel for the plaintiffs on a discovery item that does not impact upon the plaintiffs. Our letter of April 18, 2008 is addressed only to your office.

Again, as noted in my April 18, 2008 letter, thank you for your courtesies.

Sincerely,

Stephen R. Stern

SRS:sc

cc:    Mark W. Geisler, Esq.
       Jonathan Lupkin, Esq. (by e mail)

{300280.DOCX}

EXHIBIT F

# FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

April 23, 2008

JONATHAN D. LUPKIN

**BY EMAIL**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross LLP
150 East 58th Street
19th Floor
New York, NY 10155

Re:  *Amusement Industry, Inc., dba Westland Industries and Practical Finance Co.,*
*Inc., v. Moses Stern aka Mark Stern, Joshua Safrin, First Republic*
*Realty LLC, Land Title Associates Escrow ( 07 CV 11586) (LAK)*

Dear Steve:

I am responding to your letter to Jean Marie of earlier today, which was
transmitted via email at 12:37 p.m.

I was surprised to see, buried at the close of your letter, a request that we
extend your clients' time to produce documents beyond April 28. Regrettably, I am
not in a position to grant your request. Apart from the compressed discovery
schedule to which Jean Marie alluded in her letter, Mr. Safrin's requests were served
on March 10. Under the Federal Rules, your response would have been due 30 days
thereafter. At some point, the parties collectively agreed to extend all deadlines for
document production under the extant Rule 34 requests until April 28. By my
estimate, your clients have had our document request for 49 days, and, by April 28,
will have been operating under a 19-day extension from the original due date. Under
these circumstances, your request for a further extension to May 8 is not reasonable.

We look forward to receiving your document production on April 28, as
previously agreed upon.

WRITER'S DIRECT DIAL
(212) 412-9579
jlupkin@fzwz.com

Sincerely,

Jonathan D. Lupkin

JDL/ls

cc: All Counsel