Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street-19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
E mail: srstern@hsrlaw.com

Michael Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER, LLP
425 Park Avenue
New York, New York
Tel: (212) 836-8000
Fax: (212) 836-8689
E mail: mlynn@kayescholer.com

*Attorneys for Mark Stern, First Republic
Group Realty LLC, Ephraim Frenkel and
Land Title Associates Escrow*

*Attorneys for Mark Stern and
First Republic Realty, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMUSEMENT INDUSTRY, INC., dba WESTLAND :
INDUSTRIES; PRATICAL FINANCE CO., INC., :
                                                      :
                              Plaintiffs,       :        07 CIV. 11586(LAK)(GWG)
                  -against-                      :
                                                      :        AFFIDAVIT OF STEPHEN
MOSES STERN, aka MARK STERN,          :        R. STERN IN OPPOSITION
JOSHUA SAFRIN, FIRST REPUBLIC GROUP :        TO PLAINTIFFS' MOTION
GROUP REALTY, LLC, EPHRAIM FRENKEL, :        TO COMPEL PRODUCTION
LAND TITLE ASSOCIATES ESCROW           :
                                                      :
                              Defendants.       :
-------------------------------------------------------------------X

State of New York        )
                              ) ss.:
County of New York      )

     Stephen R. Stern, being duly sworn, deposes and says:

     1.    I am a partner in Hoffinger Stern & Ross LLP, co-counsel with Kaye Scholer

LLP for defendants Moses Stern, aka Mark Stern and First Republic Group Realty, LLC

(collectively, "SFR Dfts"), and counsel for defendants Ephraim Frenkel and Land Title

Associates Escrow (collectively, "ELT Dfts", together with SFR Dfts referred to as the "Dfts").

As such, I am fully familiar with the facts stated herein.

     2.    This affidavit is submitted in opposition to plaintiffs' misplaced motion to

compel Dfts to produce documents (the "Motion").  It is important to note, the Motion is

contrived, frivolous and meritless[1].     Indeed, the Motion fails to correctly state facts and intentionally misstates various allegations:

    A.  Contrary to the assertion in the Motion, **there was never an agreement to "produce" documents on April 28, 2008**.  *REASON:* Exhibit F to the Motion is my April 1, 2008 letter.  It clearly stated "April 28, 2008 is the date each of us should <u>exchange responses and/or objections</u> to the respective documents requests."  The Motion ignores this and tortuously twists it into an agreement to produce documents.  The April 1, 2008 also letter inquired whether Mr. Youngelson *agreed*; there is no indication he confirmed the same[2].

    B.  Contrary to the assertion in the Motion, **plaintiffs' request for production (the "Request") was not served on March 14, 2008.**     *REASON:* Exhibit B to the Motion is an unsworn "affidavit of service," which states "left envelope in between door handles."  Clearly, if that were true it was performed when our office was closed confirming our position we never received such by-hand delivery.  More, significantly, it is obvious why plaintiffs waited until now to unveil their "support" that the Request was hand-delivered – the "affidavit of service" demonstrates a failure to comply with Federal Rules of Civil Procedure ("FRCP") Rule 5(b).

    C.  Contrary to the erroneous assertion in the Motion, **plaintiffs never extended the Defendants' time to respond or object to the Request [even though a request was made]**.  *REASON:*     **Not** having received the Request until March 28th, the "un-extended" time to respond and assert objections was April 28th.  Contrariwise, we granted plaintiffs an extension of

---

[1] The Motion is simply a continuation of plaintiffs' harassing techniques - witness the now 29 and counting non-party subpoenas plaintiffs served seeking irrelevant information that will not lead to admissible evidence.  Consequently, it is urged a Magistrate's conference be conducted regarding these continuing harassing tactics including other matters submitted to the Court.

[2] Plaintiffs seem to have reached an agreement with defendant Safrin regarding production (see emails of April 2, 2008 between them) but then they state "it is anticipated" that production would take place with no firm agreement and noticeably absent from that exchange is any "To:" or "cc:" line to Dfts' counsel, leaving one to question their agreed on motives.   See the motion to compel erroneously filed by Safrin's counsel; the opposition filed in connection therewith is annexed and incorporated as Exhibit "A".

*17 days* to respond to Dfts' requests for production ("Dfts Request"); curiously, plaintiffs neglect to mention neither this, nor apparently is there any compulsion to show the same courtesies.

5.      We have advocated the position – consistent with the FRCP – Dfts' responses and/or objections are to be served on April 28th. FRCP 34(b) does not require production of documents within 30 days of the service of a request; rather, Rule 34(b)(2) states a written response and objections are to be served within 30 days. Typically, documents are produced and made available for inspection on another date.

6.      Our responses and/or objections state non-privileged and responsive documents will be produced. Consistent with our co-counsel's April 30, 2008 letter production of non-privileged and responsive documents [subject to raised objections raised] has commenced and has adopted the production of Buchanan Ingersoll Rand of what Mr. Lupkin's April 30, 2008 letter to the Court acknowledges is "30,000" documents (Exhibit B). The SFR Dfts are in compliance with the FRCP, mooting the frivolous motion. The ELT Dfts production will be forthcoming by May 7, 2008, also consistent with the FRCP, likewise mooting the frivolous motion.

8.      We have maintained this is an action seeking money damages for an alleged loan[3]. To that end, we urged discovery be limited to ONLY the alleged loan. We filed a motion to quash, inter alia, certain non-party discovery, referencing relevancy and confidential business information grounds and that certain documents are sensitive, confidential, commercial, financial, business and proprietary business information, *inter alia*, all as documents not to be produced. Plaintiffs' opposition argued documents relating to the acquisition of the subject properties as well as the primary loan by Citigroup and post-closing transaction documents are relevant. Our motion was denied. Yet now, plaintiffs have reversed their position. Responding to Dfts' Request, plaintiffs asserted objections on, among other things, relevancy grounds. Thus, for

---

[3] Currently pending are 2 motions to dismiss; if the Dfts motion is denied, an answer with counterclaims which will exceed in value the claims regarding the alleged loan will be filed alleging, inter alia, fraud in the inducement.

example, document request no. 18 and plaintiffs' response read in pertinent part, as follows (a copy of plaintiffs' response is annexed as Exhibit C):

> "18. All documents relating to "Loan Agreement with Citigroup for $111,150,000" referred to in paragraph 26 of the Complaint.
>
> RESPONSE:  ...Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither <u>relevant</u> to the subject matter of this litigation..... Plaintiffs further object ... on the ground that it seeks documents and information that contain <u>sensitive, confidential, commercial, financial, business or proprietary business information</u>...." [emphasis supplied]

9.     Clearly, plaintiffs have taken up the cudgels of the position we advanced all along – namely, documents relating to the separate primary financing of the purchase of the property portfolio are irrelevant to the within litigation.  And there is no mistaking plaintiffs' reversal of position; the <u>irrelevance</u> objection is cited in connection with virtually every document request which seeks information regarding the complaint's allegations (see, e.g., Exh C, plaintiffs' responses to nos. 8 – 171).  We should also note here that plaintiffs' agent, Steven Alevy, was previously provided with a copy of the documents sought by plaintiffs at or around the closing of the transaction.

10.     The Motion is nothing more than a misguided effort to rectify plaintiffs' counsel's missteps and to continue to harass Dfts.  For example, the shortcomings of the Motion are again confirmed as the supporting papers do not contain an allegation regarding a verbal agreement to produce (with defendant Safrin's attorney and Dfts counsel) as there was no such verbal agreement.  Thus, plaintiffs' misplaced reliance on their March 31 letter - not the April 1 letter - demonstrates the frivolous nature of the Motion, sanctions should be imposed on plaintiffs with regard to this Motion.  Accordingly, we submit plaintiffs' motion should be denied.

_____
Stephen R. Stern

Sworn to before me the 1st day of May, 2008

_____
Notary Public

MARK W. GEISLER
Notary Public, State of New York
No. 02GE4833871
Qualified in Westchester County
Commission Expires December 31, 2009

{251042.DOC}

**EXHIBIT A**

Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street-19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
E mail: srstern@hsrlaw.com
*Attorneys for Mark Stern, First Republic
Group Realty LLC, Ephraim Frenkel and
Land Title Associates*

Michael Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York
Tel: (212) 836-8000
Fax: (212) 750-1259
E mail: mlynn@kayescholer.com
*Attorneys for Mark Stern and
First Republic Group Realty, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRATICAL FINANCE CO., INC.,    :

                              Plaintiffs,       :

                -against-           :

07 CIV. 11586(LAK)(GWG)

MOSES STERN, aka MARK STERN, JOSHUA  :
SAFRIN, FIRST REPUBLIC GROUP REALTY,
LLC, EPHRAIM FRENKEL,          :
LAND TITLE ASSOCIATES ESCROW

AFFIDAVIT OF
STEPHEN R. STERN
IN RESPONSE TO
DEFENDANT JOSHUA
SAFRIN'S MOTION TO
COMPEL PRODUCTION

                 Defendants.    :
-----------------------------------------------------------------X

State of New York    )
                 ) ss.:
County of New York  )

      Stephen R. Stern, being duly sworn, deposes and says:

      1.     I am a partner in Hoffinger Stern & Ross LLP, counsel for defendants

Moses Stern, aka Mark Stern and First Republic Group Realty, LLC (collectively, "SFR

Dfts") and Ephraim Frenkel and Land Title Associates Escrow (collectively, "ELT Dfts",

together with SFR Dfts referred to as the "Dfts").    As such, I am fully familiar with the

facts stated herein.  Kaye Scholer LLP is co-counsel for SFR Dfts.

2.      This affidavit is submitted in opposition to defendant Joshua Safrin's ("Safrin") motion to compel the Dfts to produce documents (the "Saf Motion").

3.      As with plaintiffs' companion motion (a copy of the opposition to that motion is attached hereto as Exhibit "A" [the "Opposition"] and such motion is referred to as "P's Motion"]), Safrin has likewise filed a frivolous motion.

4.      First, contrary to Safrin's counsel, Jonathan Lupkin's assertion, there was no "agreement among all counsel to produce documents by April 28, 2008."   Critically, to put that false assertion to rest, a review of Safrin Exhibit C, appended to the Saf Motion, is all that is required.  The first document in Exhibit C is plaintiffs' counsel's letter, in which Mr. Youngelson stated plaintiffs "agree to extend your clients' time to respond to the Requests through and including Monday, April 28, 2008."   (As noted in the Opposition there was no extension of time as plaintiffs did not serve their request for production until March 28, 2008.)  The letter further stated "I *suggest* we exchange our written responses and document productions simultaneously on April 28" (emphasis supplied).  The April 1, 2008 response (and included within Safrin Exhibit C), agreed to April 28, 2008 as "***the date each of us should exchange responses and/or objections to the respective document requests***" (emphasis supplied) and inquired "Does that work for you?" while asking Mr. Youngelson to "please confirm."  Thus, there was no agreement to produce documents on April 28.  No response to the April 1 letter was received.

5.      Secondly, clearly, Safrin's counsel knows well there is a difference under the Federal Rules between serving responses/objections and actual production of documents.  Indeed, this is made crystal clear by the remaining correspondence attached within Safrin Exhibit C – ***private*** e mail correspondence between plaintiffs' counsel and

Safrin's, <u>on which, critically, my firm was not copied</u>. Thus, on April 2, Mr. Youngelson extended Safrin's time to respond to April 28. In response – <u>again, in an e mail on which this firm was not copied</u> -- Mr. Lupkin accepted the April 28 date for his responses and then inquired, **"Would documents be produced at that time as well?"** This question – to which we were not privy - establishes no agreement by all parties (much less Dfts) existed to produce on April 28. This inquiry further demonstrates the clear distinction between responding to a production request and producing documents, and that an agreement to respond on a certain date is not the same as an agreement to produce documents on a certain date.

6.      Then, tellingly, Mr. Youngelson's April 2 response to Mr. Lupkin's inquiry about whether document production would occur on April 28th **(again, on which our firm was not copied)** was, "That is what we anticipate." Had there already been an "agreement among all counsel to produce documents by April 28, 2008" (as Mr. Lupkin now inappropriately avers), Mr. Youngelson's response would have been vastly different, and would have been along the lines of "there is already such an agreement"; but, no such statement was made (thereby confirming the absence of such an agreement).

7.      Thus, the foundation for the Saf Motion – a supposed "agreement among all counsel to produce documents by April 28, 2008" – is completely non-existent.

8.      The coup de grace, so to speak, is while Mr. Lupkin criticizes Dfts for needing time to produce documents, he nowhere explains why his client required an extension resulting in a total of 45 days to respond, object and produce all of ***three pages of documents*** – a rate of one page per 15 days. Surely, Mr. Lupkin's "negotiated" need for additional time to produce 3 pages of documents indicates the Dfts would require

more time to produce [as he has noted at least 30,000 pages (plus a disc of information)] as well as to prepare a time-consuming privilege log (incidentally and curiously, while plaintiffs have claimed the privilege applies to every request in their response to Safrin's production request, Mr. Lupkin does not request a privilege log from plaintiffs).

9.    A brief word about Safrin's three page production in response to plaintiffs' production request is in order. Upon information and belief, if he did not act personally, Safrin acted through a disclosed agent. Thus, Safrin's responses ignored the production request, directed to Safrin and to each person who was acting on his behalf.

10.    In any event, we have consistently taken the position – in accordance with the Federal Rules – responses and objections would be served on April 28th, and the Dfts so complied. Rule 34(b) does _not_ require production of documents at the same time responses and/or objections are served. We provided responses and objections on April 28, 2008, and production of non-objectionable and non-privileged documents on a rolling basis has already begun (Exhibit B).

11.    Accordingly, we submit Safrin's motion is frivolous and disingenuous, and should be denied with the imposition of sanctions.

_____
Stephen R. Stern

Sworn to before me the
1st day of May, 2008

_____
Notary Public

MARK W. GEISLER
Notary Public, State of New York
No. 02GE4833871
Qualified in Westchester County
Commission Expires December 31, 2009

{SS6440.DOC}

EXHIBITS TO AFFIDAVIT OF STEPHEN R. STERN IN OPPOSITION TO DEFENDANT JOSHUA SAFRIN'S  MOTION TO COMPEL PRODUCTION OMITTED

# EXHIBIT B

# KAYE SCHOLER LLP

Michael A. Lynn
212 836-8242
Fax 212 836-6742
mlynn@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 30, 2008

**BY HAND**

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020

Jonathan Lupkin, Esq.
Fleming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006

Re:   Amusement Industry, Inc. et al. v. Moses Stern, et.
al., 07 Civ. 11586 (Kaplan, J.)

Dear Messrs. Youngelson and Lupkin:

On behalf of defendants Mark Stern ("Stern") and First Republic Group Realty
LLC ("First Republic"), enclosed is a CD of documents responsive to both Plaintiffs' First
Request for the Production of Documents directed to defendants Stern and First Republic and
Defendant Joshua Safrin's First Request to Co-Defendants for Production of Documents directed
to defendants Stern and First Republic bearing bates stamps FR0000001-0001218.

Stern and First Republic also incorporate as part of their production, subject to the
responses and objections set forth in such defendants' responses and objections to Plaintiffs'
First Request for the Production of Documents and Safrin's First Request to Co-Defendants for
the Production of Documents, documents already produced to plaintiffs by Buchanan, Ingersoll
& Rooney PC on April 25, 2008 and to be produced on or before May 2, 2008 (*see* April 25,
2008 letter of Elliot J. Blumenthal to Mark D. Youngelson with attached CD of documents) and
documents to be produced to you by Herrick Feinstein LLP on May 2, 2008.  These documents
would ordinarily have been produced by Stern and First Republic as their own production had
separate subpoenas not been served on those two law firms.  Stern and First Republic reserve all

31640460.WPD

# KAYE SCHOLER LLP

Messrs. Youngelson and Lupkin                2                                April 30, 2008

rights to assert the attorney-client privilege with respect to any documents produced by the Buchanan Ingersoll and Herrick Feinstein firms.

We, along with co-counsel for Stern and First Republic, are in the process of reviewing additional documents of Stern and First Republic (e-mails) for responsiveness and privilege and, when that review has been completed, we will produce any such responsive documents to you, along with a privilege log.

Sincerely,

*Michael A Lynn*

Michael A. Lynn

MAL/pa
Enclosures
cc: Allen Sragow, Esq. (w/o enclosures)
    Stephen R. Stern (w/o enclosures)

31640460.WPD

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    HONG KONG    LONDON    SHANGHAI

**EXHIBIT C**

**PART 1**

PHILIP R. WHITE
MARC D. YOUNGELSON
**SILLS CUMMIS & GROSS P.C.**
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
**SRAGOW & SRAGOW**
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., a California corporation,<br><br>                 Plaintiffs,<br><br>v.<br><br>MOSES STERN, an individual aka MARK STERN; JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company; EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited liability company,<br><br>                 Defendants. | CASE NO. 07 CV 11586<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO MOSES STERN, et al.'s FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Plaintiffs Amusement Industry, Inc. ("Amusement") and Practical Finance Co., Inc.

("Practical," and, together, "Plaintiffs"), by their undersigned attorneys, hereby respond and

object to the First Request for the Production of Documents (the "Requests") from defendants

Moses Stern, First Republic Group Realty LLC, Ephraim Frenkel and Land Title Associates

Escrow ("Defendants").  Subject to and without waiver of any specific or general objections, Plaintiffs will produce non-privileged documents responsive to the Requests as described below.

## GENERAL OBJECTIONS

1.     Plaintiffs object to the Requests, including the Definitions and Instructions therein, to the extent they seek to impose on Plaintiffs obligations greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.     Plaintiffs object to the Requests to the extent they seek documents or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.  The inadvertent production of any such document or information shall not constitute a waiver of any such privilege or immunity, and Plaintiffs reserve their right to demand the return of any inadvertently produced documents or information.

3.     Plaintiffs object to the Requests to the extent they seek documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Plaintiffs objects to the Requests to the extent they seek documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Such documents will be produced upon the agreement and entry of an appropriate protective order.

5.     Plaintiffs object to the Requests to the extent they purport to seek the production of documents and information that is not within the possession and control of Plaintiffs.

6.     Plaintiffs object to the Requests to the extent they are overly broad and unduly burdensome.

7.     Plaintiffs object to the Requests to the extent they are vague, ambiguous and confusing.

2

8.    Plaintiffs object to the Requests to the extent they seek documents already produced by plaintiffs.

9.    Plaintiffs object to the Requests to the extent they seek documents and information equally available to defendant from sources other than Plaintiffs, including the public domain.

10.    Plaintiffs reserve the right to supplement or amend any or all parts of their responses herein, and to object to the admissibility or relevancy of evidence of any portion of the documents, or the information contained therein, produced in response to a particular request.

11.    By responding to any of these requests or producing any documents, Plaintiffs does not admit to any party's characterizations of any documents, facts, theories or conclusions, nor does Plaintiffs admit that the documents reflect any fact, characterization or conclusion or otherwise constitute admissible evidence.

12.    A response to a specific discovery request which states that Plaintiffs will produce documents is not a representation that such documents exist or ever have existed, but instead is a representation that to the extent such documents do exist and are in the possession, custody or control of Plaintiffs, they will be produced in accordance with the terms of Plaintiffs' response to the specific request.

## SPECIFIC RESPONSES AND OBJECTIONS

PRODUCTION REQUEST NO. 1: All documents relating to the incorporation of Amusement as a California corporation, doing business as Westland Industries.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objections or the General Objections, plaintiffs will produce Amusement's Articles of Incorporation, as filed with the California Secretary of State.

3

PRODUCTION REQUEST NO. 2: All documents relating to and demonstrating that Amusement is authorized to do business in the State of New York.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it assumes that Amusement must possess any such documents are required. Subject to and without waiver of the foregoing objections or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 3: All documents relating to the incorporation of Practical Finance as a California corporation.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections or the General Objections, plaintiffs will produce Practical's Articles of Incorporation, as filed with the California Secretary of State.

PRODUCTION REQUEST NO. 4: All documents relating to and demonstrating that Practical Finance is authorized to do business in the State of New York.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it assumes that Practical must possess any such documents are required. Subject to and without waiver of the foregoing objections or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 5: All documents evidencing that Practical Finance is a licensed State of California finance lender.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections or the General Objections, Practical will produce its California finance lenders license.

4

PRODUCTION REQUEST NO. 6: All documents relating to the assignment of the $13,000,000 promissory note, dated July 11, 2007, issued to Amusement and signed by Mark Stern as Maker to Practical, as is alleged in paragraph 2 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 7: All documents relating to the assignment of the $15,000,000 promissory note, dated July 12, 2007 issued to Amusement and signed by Mark Stern, as Maker to Practical, as is alleged in paragraph 2 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 8: All documents which support or relate to the allegation contained in paragraph 15 of the Complaint that "defendants, and each of them, were the agents, servants and employees of their co-defendants and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants."

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 9: All documents relating to the on or about April 24, 2007 written contract between First Republic Group Corp., as buyer and Colonial Realty Limited Partnership ("Colonial Realty"), as seller (the "Colonial Realty Contract") referred to in paragraph 24 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business

information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 10: All documents relating to or concerning the amendments of the Colonial Realty Contract as referred to in paragraph 24 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 11: All documents relating to the assignment of the Colonial Realty Contract by First Republic Group Corp. to First Republic, LLC as referred to in paragraph 24 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 12: All documents relating to or concerning the closing of the Colonial Realty Contract on July 12, 2007 where upon First Republic, LLC became the owner of eleven properties (the "Property Portfolio") as is alleged in paragraph 24 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 13: All documents relating to or concerning the allegation contained in paragraph 25 of the Complaint that "Stern and Safrin obtained primary financing for the Property Portfolio purchase from lender, Citigroup Global Markets Realty Corp ("Citigroup" or "Citibank")."

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 14: All documents relating to or concerning Stern's "created buying entity, First Republic LLC" as alleged in paragraph 26 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 15: All documents relating to or concerning Safrin's "created buying entity, First Republic LLC" as alleged in paragraph 26 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 16: All documents relating to or concerning Stern's "created managing entity, FRGR Managing Member LLC" as alleged in paragraph 26 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business

information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 17: All documents relating to or concerning Safrin's "created managing entity, FRGR Managing Member LLC" as alleged in paragraph 26 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 18: All documents relating to "Loan Agreement with Citigroup for $111,150,000" referred to in paragraph 26 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 19: All documents relating to the "Mezzanine Loan Agreement with Citigroup" for $15,000,000 referred to in paragraph 26 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 20: All documents supporting the allegation contained in paragraph 28 of the Complaint that "Stern and Safrin, in early June 2007, knew that the funds the borrowers could and would receive from Citigroup would be insufficient by itself for First Republic LLC to purchase the property portfolio."

8

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 21: All documents evidencing Plaintiffs' knowledge on June 29, 2007 of the allegations in the first sentence of paragraph 28 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 22: All documents supporting the allegation contained in paragraph 29 of the Complaint that "in June 2007 Stern and Safrin either lacked sufficient personal assets or were unwilling to place their personal assets, into First Republic LLC to enable it to consummate its purchase of the property portfolio."

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 23: All documents relating to or concerning or demonstrating Stern's approach in early June of 2007 to mortgage broker Steven Alevy of Bankers Capital LLC in an attempt to obtain additional funding to complete the purchase of the Property Portfolio, as is alleged in paragraph 30 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

9

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 24: All documents relating to or concerning or demonstrating Safrin's approach in early June of 2007 to mortgage broker Steven Alevy of Bankers Capital LLC in an attempt to obtain additional funding to complete the purchase of the Property Portfolio, as is alleged in paragraph 30 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 25: All documents relating to or concerning or demonstrating Stern's approach in early June of 2007 to Stephen Friedman in an attempt to obtain additional funding to complete the purchase of the Property Portfolio, as is alleged in paragraph 30 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 26: All documents relating to or concerning or demonstrating Safrin's approach in early June of 2007 to Stephen Friedman in an attempt to obtain additional funding to complete the purchase of the Property Portfolio, as is alleged in paragraph 30 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business

information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 27: All documents relating to the investment opportunity presented by Steven Alevy in June 2007 to Plaintiffs, as alleged in paragraph 31 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 28: All documents relating to the investment opportunity presented by Stephen Friedman in June 2007 to Plaintiffs, as alleged in paragraph 31 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 29: All documents which support or relate to the allegation in paragraph 32 of the Complaint that Stern was represented by Stephen Friedman in his communications and dealings with Plaintiffs.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 30: All documents which support or relate to the allegation in paragraph 32 of the Complaint that Safrin was represented by Stephen Friedman in his communications and dealings with Plaintiffs.

11

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 31: All documents which support or relate to the allegation in paragraph 32 of the Complaint that First Republic, LLC was represented by Stephen Friedman in its communications and dealings with Plaintiffs.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 32: All documents supporting or relating to the allegation in paragraph 32 of the Complaint that Stephen Friedman had previously represented Amusement in various legal matters.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Plaintiffs further object to this Request on the ground that it is overly broad and unduly burdensome.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 33:  All documents supporting or relating to the allegation in paragraph 32 of the Complaint that Stephen Friedman had previously represented Amusement's agents, including its shareholder and officer Allen Alevy in various legal matters.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter

of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is overly broad and unduly burdensome. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 34: All documents supporting or relating to the allegation in paragraph 32 of the Complaint that Stephen Friedman had previously represented Steven Alevy in various legal matters.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is overly broad and unduly burdensome. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 35: All documents which support or relate to the allegation in paragraph 32 of the Complaint that "Friedman led plaintiffs to believe that he had full authority to speak on behalf of Stern, Safrin and First Republic LLC concerning their purchase of the property portfolio, and upon information and belief Friedman had such authority when communication occurred with Plaintiffs, and Allen Alevy."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 36: All documents which support or relate to the allegation contained in paragraph 33 of the Complaint that Stephen Friedman "was a fiduciary to plaintiffs and occupied a position of trust to plaintiffs in his communications with plaintiffs, and their agents, on behalf of Stern."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 37: All documents which support or relate to the allegation contained in paragraph 33 of the Complaint that Stephen Friedman "was a fiduciary to plaintiffs and occupied a position of trust to plaintiffs in his communications with plaintiffs, and their agents, on behalf of ... Safrin."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 38: All documents which support or relate to the allegation contained in paragraph 33 of the Complaint that Stephen Friedman "was a fiduciary to plaintiffs and occupied a position of trust to plaintiffs in his communications with plaintiffs, and their agents, on behalf of ... First Republic LLC."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 39: All documents relating to the (a) investment opportunity, (b) solicitation, and (c) proposal from Stern referred to in paragraph 34 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 40: All documents relating to the (a) investment opportunity, (b) solicitation, and (c) proposal from Safrin referred to in paragraph 34 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 41:

All documents evidencing direct (as opposed to communication through any alleged agent or representative, including but not limited to Stephen Friedman) communication between Stern and
(a) Plaintiffs,
(b) Plaintiffs' counsel, and
(c) Steven Alevy
relating to or concerning the investment opportunity, solicitation and proposal referred to in paragraph 34 of the Complaint.

All documents evidencing direct (as opposed to communication through any alleged agent or representative, including but not limited to Stephen Friedman) communication between Safrin and
(a) Plaintiffs,
(b) Plaintiffs' counsel, and
(c) Steven Alevy
relating to or concerning the investment opportunity, solicitation and proposal referred to in paragraph 34 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 42: All documents evidencing communication between Stephen Friedman and

(a) Plaintiffs,
(b) Plaintiffs' counsel, and

(c) Steven Alevy

relating to or concerning the investment opportunity, solicitation and proposal referred to
in paragraph 34 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and
information protected from discovery by the attorney-client privilege, the attorney work-product
doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on
the ground that it seeks documents and information that are neither relevant to the subject matter
of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
Plaintiffs further object to this Request on the ground that it seeks documents and information
that contain sensitive, confidential, commercial, financial, business or proprietary business
information. Subject to and without waiver of the foregoing objection or the General Objections,
plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 43: All documents relating to the Letter of Intent ("LOI")
referred to in paragraph 35 of the Complaint.

RESPONSE: P Plaintiffs object to this Request on the ground that it seeks documents and
information protected from discovery by the attorney-client privilege, the attorney work-product
doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on
the ground that it seeks documents and information that are neither relevant to the subject matter
of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
Plaintiffs further object to this Request on the ground that it seeks documents and information
that contain sensitive, confidential, commercial, financial, business or proprietary business
information. Subject to and without waiver of the foregoing objection or the General Objections,
plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 44: All documents evidencing direct communication between
Stern (as opposed to communication through any alleged agent or representative, including but
not limited to Stephen Friedman) and (a) Plaintiffs, (b) Plaintiffs' counsel, (c) Steven Alevy, and
(d) Allen Alevy relating to or concerning the LOI.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and
information protected from discovery by the attorney-client privilege, the attorney work-product
doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on
the ground that it seeks documents and information that are neither relevant to the subject matter
of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
Plaintiffs further object to this Request on the ground that it seeks documents and information
that contain sensitive, confidential, commercial, financial, business or proprietary business
information. Subject to and without waiver of the foregoing objection or the General Objections,
plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 45: All documents evidencing direct communication between
Safrin (as opposed to through Stephen Friedman) and (a) Plaintiffs, (b) Plaintiffs' counsel, (c)
Steven Alevy, and (d) Allen Alevy relating to or concerning the LOI.

16

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 46:

All documents evidencing communication between Stephen Friedman and (a) Plaintiffs, (b) Plaintiffs' counsel, (c) Steven Alevy, and (d) Allen Alevy relating to or concerning the LOI.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 47: All documents relating to or concerning the wire transfer of $13,000,000 to the Land Escrow Account #5514007904 referred to in paragraph 36 of the Complaint including but not limited to instructions concerning the release or return of said $13,000,000.00.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 48: All documents relating to the representation made by Stern through Stephen Friedman that the escrow was being used for purchase of the Property Portfolio by the entity in which Amusement would have an ownership/partnership interest as alleged in paragraph 37 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on

the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 49: All documents relating to the representation made by Safrin through Stephen Friedman that the escrow was being used for purchase of the Property Portfolio by the entity in which Amusement would have an ownership/partnership interest as alleged in paragraph 37 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 50: All documents indicating, demonstrating or establishing when Plaintiffs first became aware that on or about July 2, 2007, Colonial Realty had sent a notice of cancellation of the Colonial Realty Contract as alleged in paragraph 38 of the Complaint.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 51: All documents supporting or referring to or demonstrating the allegation contained in paragraph 38 of the Complaint that Stern convinced Colonial Realty that the $13,000,000 which had been wired by Plaintiffs "to escrow" could be used toward the purchase of the Property Portfolio.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information

that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 52: All documents supporting or referring to or demonstrating the allegation contained in paragraph 38 of the Complaint that Safrin convinced Colonial Realty that the $13,000,000 which had been wired by Plaintiffs "to escrow" could be used toward the purchase of the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 53: All documents supporting the allegations contained in paragraph 38 of the Complaint that "Amusement's late entry into the transaction preserved First Republic LLC's ability to purchase the property portfolio, thus saving Stern and Safrin from breaches of contract and liability to both lender Citibank with its outstanding hedge agreement, and seller, Colonial Realty Limited Partnership with its outstanding purchase and sale agreement."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 54: All documents indicating when Plaintiffs first became aware of and demonstrate that Stern and Safrin had negotiated a reduction of the purchase price of the Colonial Realty Contract by about 4.47 million dollars as is alleged in paragraph 39 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business

19

information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 55: All documents relating to the allegations in paragraph 40 of the Complaint that Plaintiffs learned on July 13, 2007 that the closing relating to the purchase of the Property Portfolio had occurred on July 12, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 56: All documents relating to the allegations in paragraph 41 of the Complaint that the "excess money" from the Property Portfolio purchase was used to payoff "personal debts and creditors."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 57: All documents relating to the alleged payment of "personal debts and creditors" as alleged in paragraph 41 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 58: All documents relating to the three partnership agreements referred to in paragraph 42 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 59: All documents relating to any communications between any of the defendants and Plaintiffs relating to the allegations contained in the Complaint between the period of June 29, 2007 through July 5, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 60: All documents relating to any communications between Stephen Friedman and Plaintiffs relating to the allegations contained in the Complaint between the period of June 29, 2007 through July 5, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 61: All documents relating to the July 6, 2007 communications between Amusement and Stephen Friedman referred to in paragraph 44 of the Complaint, including but not limited to all documents relating to any communications between Friedman and any of the defendants.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

21

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 62: The written communication allegedly sent on or about July 6, 2007 by California counsel for Amusement to Stephen Friedman referred to in paragraph 45 of the Complaint and all documents relating to or concerning it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 63: The written request by Amusement on July 9, 2007, referred to in paragraph 46 of the Complaint, for the Citibank loan documents and all documents relating to or concerning it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 64: The written response of Friedman disclosing the existence of First Republic, LLC as the entity purchaser of the Property Portfolio referred to in paragraph 46 of the Complaint and all documents relating to or concerning it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 65: All documents relating to the allegations contained in paragraph 47 of the Complaint, including but not limited to the written response on July 9, 2007 in which Stern and Safrin allegedly "refused to have the property portfolio purchase agreement assigned to a Stern-Safrin/Amusement partnership entity prior to closing."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 66: The writing by Stephen Friedman referred to in paragraph 48 of the Complaint in which Stern promised that formal documentation of Amusement's investment and ownership in the property portfolio was recognized and would be completed as necessary after closing, as is alleged in paragraph 48 of the Complaint and all documents relating to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 67: The writing by Stephen Friedman referred to in paragraph 48 of the Complaint in which Safrin promised that formal documentation of Amusement's investment and ownership in the property portfolio was recognized and would be completed as necessary after closing, as is alleged in paragraph 48 of the Complaint and all documents relating to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 68: The July 9, 2007 written response by Amusement to Stephen Friedman, referred to in paragraph 49 of the Complaint, and all documents relating to or concerning it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 69: All documents relating to or concerning the instruction allegedly given to Stephen Friedman not to allow the release of Amusement's $13,000,000 from escrow as is alleged in paragraph 51 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 70: All documents relating to or concerning Friedman's agreement not to release the escrow as is alleged in paragraph 51 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 71: All documents relating to or concerning Amusement's instructions to Land Escrow and Frenkel not to release Amusement's funds without written authorization from Sragow & Sragow as is alleged in paragraph 51 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on

the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 72: The documents provided by Stern through Friedman to Amusement on July 11, 2007 as is alleged in paragraph 52 of the Complaint and all documents relating to them

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 73: The documents provided by Safrin through Friedman to Amusement on July 11, 2007 as is alleged in paragraph 52 of the Complaint and all documents relating to them.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 74: The documents provided by First Republic LLC through Friedman to Amusement on July 11, 2007 as is alleged in paragraph 52 of the Complaint and all documents relating to them.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 75: The counter offer Amusement communicated in writing on July 11, 2007 to Stern as alleged in paragraph 53 of the Complaint and referred to in paragraphs 54 and 55 of the Complaint and all documents relating to said counter offer and the allegations contained in said paragraph of the Complaint.

RESPONSE:   Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 76: The counter offer Amusement communicated in writing on July 11, 2007 to Safrin as alleged in paragraph 53 of the Complaint and referred to in paragraphs 54 and 55 of the Complaint and all documents relating to said counter offer and the allegations contained in said paragraphs of the Complaint.

RESPONSE:   Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 77:  The counter offer Amusement communicated in writing on July 11, 2007 to First Republic, LLC as is alleged in paragraph 53 of the Complaint and referred to in paragraphs 54 and 55 of the Complaint and all documents relating to said counter offer and the allegations contained in said paragraphs of the Complaint.

RESPONSE:   Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 78: All documents relating to the allegation contained in paragraph 56 of the Complaint that Friedman responded to Amusement that it "... should not worry as Amusement owned the whole thing" as alleged in paragraph 56 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 79: The $15 million promissory note to Amusement referred to in Paragraph 56 of the Complaint and all documents relating to or concerning it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 80: All documents relating to the instructions given by (a) Stern, (b) Safrin, and (c) First Republic, LLC on July 12, 2007, to (i) Frenkel, and (ii) Land Escrow regarding, relating or in connection with the use of the $13 million escrowed funds as is alleged in paragraph 58 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 81: All documents indicating the transfer of the escrowed funds on July 12, 2007 from Land Escrow to (a) Stern and/or (b) Safrin and/or (c) First Republic, LLC for their respective benefit as is alleged in paragraph 58 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product

27

doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 82: The July 12, 2007 writing from Amusement to each of Stern, Safrin and First Republic, LLC, through Stephen Friedman referred to in paragraph 60 in the Complaint and all documents relating to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 83: All documents relating to Stephen Friedman's announcement on July 13, 2007 that (a) he had executed versions of all of Stern's and Safrin's documents, and (b) Amusement could authorize the release of its escrowed $13 million dollars, as alleged in paragraph 61 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 84: All documents relating to the request on July 13, 2007 by Frenkel and Land Escrow to Amusement's California counsel to provide written authorization for the release of the $13 million escrowed funds and the refusal to provide the requested written authorization as is alleged in paragraph 62 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information

that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 85: All documents relating to the request on July 13, 2007 by Frenkel and Land Escrow to Allen Alevy to provide written authorization for the release of the $13 million escrowed funds and the refusal to provide the requested written authorization as is alleged in paragraph 62 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 86: All documents relating to (a) Frenkel's announcement on July 13, 2007 that Steven Alevy had verbally authorized the release of the $13,000,000 from escrow, and (b) Frenkel's request from Amusement's California counsel for written authorization to release the escrow fund which was refused, as alleged in paragraph 63 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 87: The document in which Steven Alevy authorized the release of the $13,000,000 from escrow referred to in paragraph 63 of the Complaint and all documents relating to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

**EXHIBIT C**

**PART 2**

PRODUCTION REQUEST NO. 88: All documents which support or relate to Plaintiffs' allegation in Paragraph 63 of the Complaint that Frenkel knew that Steven Alevy could not properly authorize the release of the escrowed funds.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 89: All documents which support or relate to Plaintiffs' allegation in Paragraph 63 of the Complaint that Land Escrow knew that Steven Alevy could not properly authorize the release of the escrowed funds.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 90: The July 15, 2007 writing from Amusement's California counsel to Frenkel referred to in paragraph 65 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 91: The July 15, 2007 writing from Amusement's California counsel to Land Escrow referred to in paragraph 65 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter

of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 92: The July 16, 2007 writing from Amusement's California counsel to Frenkel referred to in paragraph 66 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 93: The July 16, 2007 writing from Amusement's California counsel to Land Escrow referred to in paragraph 66 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 94: The July 16, 2007 writing from Amusement's California counsel to Friedman referred to in paragraph 66 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

31

PRODUCTION REQUEST NO. 95: The July 19, 2007 writing from Amusement's California counsel to Frenkel requesting him to wire the accrued interest back to Amusement, as is alleged in paragraph 67 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 96: The July 19, 2007 writing from Amusement's California counsel to Land Escrow requesting it to wire the accrued interest back to Amusement, as is alleged in paragraph 67 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 97: All documents in which the Plaintiffs demanded return of the $13,000,000 which had been held in escrow by Land Associates, from First Republic LLC.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 98: All documents in which the Plaintiffs demanded return of the $13,000,000 which had been held in escrow by Land Associates, from Stern.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter

of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 99: All documents in which the Plaintiffs demanded return of the $13,000,000 which had been held in escrow by Land Associates, from Safrin.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 100: All documents in which the Plaintiffs demanded return of the $13,000,000 which had been held in escrow by Land Associates, from Frenkel.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 101: All documents in which the Plaintiffs demanded return of the $13,000,000 which had been held in escrow by Land Associates, from Land Associates.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 102: All written communications, between Plaintiffs and defendants or their counsel from July 19, 2007 to November 15, 2007 relating to the allegations of the Complaint.

33

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 103: All written communications between Plaintiffs and or their counsel and Stephen Friedman and/or Steven Alevy relating to the allegations with the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 104: All documents which relate to the allegations of the Complaint which was prepared and/or exchanged between the parties between July 19, 2007 and November 15, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 105: All documents upon which Plaintiffs rely in alleging in paragraph 71a of the Complaint that each of Stern, Safrin and First Republic, LLC agreed to convey to Amusement a present and immediate 100% ownership interest in the Property Portfolio prior to First Republic, LLC's purchase of the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

34

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 106: All documents upon which Plaintiffs rely in alleging in paragraph 71b of the Complaint that each of Stern, Safrin and First Republic LLC in fact conveyed to Amusement a present and immediate 100% interest in the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 108: All documents upon which Plaintiffs rely in alleging in paragraph 71d that each of Stern, Safrin and First Republic LLC in fact conveyed and assigned to Amusement a present and immediate 100% interest of each of Stern's and Safrin's membership interests in MS Colonial, JSAE Colonial, FRGR, FRGR Managing and First Republic, LLC.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 109: All documents upon which Plaintiffs rely in alleging in paragraph 71e of the Complaint that each of Stern, Safrin and First Republic, LLC agreed to convey to Amusement a present and immediate 50% interest in the Property Portfolio prior to First Republic, LLC's purchase of the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 110: All documents upon which Plaintiffs rely in alleging in paragraph 71f of the Complaint that each of Stern Safrin and First Republic, LLC conveyed to Amusement a present and immediate 50% ownership interest in the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 111: All documents upon which Plaintiffs rely in alleging in paragraph 71g of the Complaint that Stern agreed to return and pay within sixty days of July 11, 2007, the sum of $13 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 112: All documents upon which Plaintiffs rely in alleging in paragraph 71g of the Complaint that Safrin agreed to return and pay within sixty days of July 11, 2007; the sum of $13 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 113: All documents upon which Plaintiffs rely in alleging in paragraph 71g of the Complaint that First Republic, LLC agreed to return and pay within sixty days of July 11, 2007, the sum of $13 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 114: All documents upon which Plaintiffs rely in alleging in paragraph 71h of the Complaint that Stern agreed to return and pay within sixty days of July 11, 2007 the sum of $15 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 115: All documents upon which Plaintiffs rely in alleging in paragraph 71h of the Complaint that Safrin agreed to return and pay within sixty days of July 11, 2007 the sum of $15 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 116: All documents upon which Plaintiffs rely in alleging in paragraph 71h of the Complaint that each First Republic, LLC agreed to return and pay within sixty days of July 11, 2007 the sum of $15 million to Plaintiffs and that Stern personally guaranteed said payment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

37

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 117: All documents upon which Plaintiffs rely in alleging in paragraph 71i that each of Stern and Safrin would have a limited option period through September 10, 2007 to repurchase their 50% ownership interest in First Republic LLC from Amusement by providing to Amusement during this time a signed partnership agreement which confirms Amusement will receive return of its contribution and presently is a 50% partner with each of Stern and Safrin in the ownership and management of the Property Portfolio.

RESPONSE Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 118: The partnership agreement referred to "In paragraphs" 71i and 71j of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 119: Any and all documents relating to the preparation of the November 15, 2007 letter referred to in paragraph 76 of the Complaint and attached as Exhibit 4 to the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 120: All documents, upon which Plaintiffs rely in alleging in paragraph 77 of the Complaint that the defendants have taken the position that the grant deeds provided by First Republic, LLC created mortgage instruments, not actual transfers of ownership of the eleven properties in its Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 121: All documents evidencing any response by any defendant to Plaintiff's November 15, 2007 letter which is attached as Exhibit 4 to the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 122: All documents evidencing any response by Steven Alevy and/or Bankers Capital to Plaintiffs November 15, 2007 letter which is attached as Exhibit 4 to the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 123: All documents evidencing any response by Stephen Friedman to Plaintiffs November 15, 2007 letter which is attached as Exhibit 4 to the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 124: All documents relied upon by Plaintiffs in seeking a decree of judicial foreclosure and deficiency judgment requested in paragraph 92 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 125: All documents including, but not limited to, the escrow agreement upon which Plaintiffs rely to support their allegation contained in paragraph 94 of the Complaint and other paragraphs of the Complaint that the escrow agreement constitutes a security agreement among Plaintiffs and each of Stern, Safrin and First Republic, LLC.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 126: All documents upon which Plaintiffs rely in alleging in paragraph 95 of the Complaint that Stephen Friedman and/or Steven Alevy were Plaintiffs' escrow agent.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

40

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 127: All documents upon which Plaintiffs rely in seeking a judicially ordered foreclosure sale of the LLC membership interests as requested in paragraph 99 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 128: All documents which constitute the contract entered into between Amusement, on the one hand, and each of Stern, Safrin and First Republic, LLC, on the other hand no, later than July 11, 2007 as is alleged in paragraph 102 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 129: All documents relied upon by Plaintiffs to support their allegation that the repayment obligation was raised from $13,000,000.00 to $15,000,000.00 as is alleged in paragraph 103 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 130: All documents relied on by Plaintiffs which support the allegation contained in paragraph 105 of the Compliant that the promissory notes provided by Stern merely memorialized and guaranteed Stern's performance of the $15,000,000.00 or $13,000,000.00 obligation owed by each of Stern, Safrin and First Republic, LLC to Amusement for repayment of Amusement's $13,000,000.00 investment plus the $2,000,000.00 upward adjustment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 131: All written demands by Plaintiffs to each of Stern, Safrin and/or First Republic, LLC "for the return of the investment, as upwardly adjusted per agreement, plus interest" referred to in paragraph 108 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 132: The $13,000,000.00 Promissory Note, referred to in paragraph 110 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 133: All written demands for the payment of the $13,000,000.00 Promissory Note.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 134: All documents which Plaintiffs rely in alleging in paragraph 119 of the Complaint that Amusement is entitled to specific performance.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 135: All documents upon which Plaintiffs rely in alleging in paragraph 120 and 127 of the Complaint that Amusement is entitled to consequential damages.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 136: All documents upon which Plaintiffs rely in alleging in paragraph 126 of the Complaint that it is entitled to the estimated sum of about $30 million.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 137: The $15,000,000.00 Promissory Note referred to in paragraph 130 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 138: The $15,000,000.00 Promissory Note referred to in paragraph 130 of the Complaint and all related documents.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 139: All documents which Plaintiffs rely in alleging in paragraph 148 of the Complaint that they are entitled to money damages in "the sum of about $60,000,000.00."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 140: All of the written instructions which Amusement provided to Land Escrow as alleged in paragraph 152 of the Complaint and all documents relating to these written instructions.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 141: All of the written instructions which Amusement provided to Frenkel as alleged in paragraph 152 of the Complaint and all documents relating to these written instructions.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 142: The written change in instructions forwarded by Amusement on or about July 12, 2007 to Frenkel relating to the escrowed $13,000,000.00 referred to in paragraph153 of the Complaint and all related documents.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information.  Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 143: The written change in instructions forwarded by Amusement on or about July 12, 2007 to Land Escrow relating to the escrowed $13,000,000.00 referred to in paragraph 153 of the Complaint and all related documents.

RESPONSE:  Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity.  Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter

45

of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 144: All documents relating to the release of the escrowed $13,000,000.00 by each of Frenkel and Land Escrow without authorization of either Allen Sragow or Allen Alevy as is alleged in paragraph 154 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 145: All documents upon which Plaintiffs rely in requesting consequential damages caused by the alleged breach of the escrow contract as alleged in paragraph 156 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 146: All documents upon which Plaintiffs rely in alleging each of Frenkel and Land Escrow owed a fiduciary duty to Amusement as is alleged in paragraph 160 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business

46

information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 147: All documents relating to Amusement becoming aware that the $13,000,000.00 held in escrow was released on July 12, 2007 by each of Frenkel and Land Escrow.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 148: The e-mail referred to in paragraph 167 of the Complaint from Stephen Friedman to Allen Alevy and all documents relating to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 149: All documents which support the allegation in paragraph 168 of the Complaint that each of Stern and Safrin knew on June 29, 2007 that they did not need $13,000,000.00 in additional funds to close on the Property Portfolio, but only needed about $9,000,000.00 in additional funds.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 150: All documents supporting the allegations contained in paragraph 170 of the Complaint relating to the alleged payment of "personal creditors" by each of Stern and Safrin.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 151: All documents indicating when Plaintiffs first became aware that each of Stern and Safrin intended to pay personal creditors as is alleged in paragraph 170.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 152: All documents upon which Plaintiffs rely in alleging in paragraph 173 of the Complaint that "Stern ... acted with oppression, fraud and malice for having used their investment solicitation in a business venture to make and profit personally from false promises targeted to harm Amusement...".

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 153: All documents upon which Plaintiffs rely in alleging in paragraph 173 of the Complaint that "Safrin acted with oppression, fraud and malice for having used their investment solicitation in a business venture to make and profit personally from false promises targeted to harm Amusement...".

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 154: All documents upon which Plaintiffs rely relating to the allegation contained in paragraph 176 of the Complaint that Stern promised to leave the $4,000,000.00 excess remaining after closing on the Property Portfolio with the Property Portfolio entity.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 155: All documents upon which Plaintiffs rely relating to the allegation contained in paragraph 176 of the Complaint that Safrin promised to leave the $4,000,000.00 excess remaining after closing on the Property Portfolio with the Property Portfolio entity

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 156: The June 29, 2007 e-mail referred to in paragraph 184 of the Complaint and all the documents related to it.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 157: The e-mail from Stephen Friedman to Allen Alevy on or about June 29, 2007 and the e-mails between the parties of about July 11, 2007 referred to in paragraph 185 of the Complaint and all other documents related to them.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 158: All documents reflecting the promise that sixty (60) days from closing on the Citibank loan encumbering the Property Portfolio there would be refinancing by each of Stern and Safrin to obtain funds necessary to pay Amusement as is alleged in paragraph 186 and 188 of the Compliant.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 159: All documents reflecting the attempts made by each of Stern and Safrin to refinance the Citibank loan after July 12, 2007 as is alleged in paragraph187 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 160: All documents supporting the allegation contained in paragraph 195 of the Complaint that each of Stern and Safrin falsely represented that the Property Portfolio would be re-financed within 60 days in order to pay Amusements $13,000,000.00 investment.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 161: All documents supporting the allegation that Amusement would not have provided its $13,000,000.00 to each of Stern and Safrin unless the Property Portfolio, with its equity could be tapped within a sixty (60) day time period to return at least $13,000,000.00 to Amusement, as is alleged in paragraph 191 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 162: All documents supporting the allegation contained in paragraph 193 of the Complaint that each of Stern and Safrin acted with oppression, fraud and malice for having used concealed knowledge to falsely promise Amusement it would be repaid with sixty (60) days of July 12, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 163: All documents upon which Plaintiffs rely in alleging that each of Stern and Safrin falsely misrepresented to (a) Steven Alevy, (b) to Frankel, and (c) to Land Escrow that a final payment and security agreement had been reached regarding the release of Amusement's escrowed $13,000,000.00 to each of Stern and Safrin as is alleged in paragraph 202 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 164: All documents supporting the allegation that each of Land Escrow and Frenkel released Amusement's escrowed $13,000,000.00 based in part upon each of Stern's and Safrin's representation that a final payment and security agreement had been reached, as is alleged in paragraph 203 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 165: All documents supporting the allegation contained in paragraph 205 of the Complaint that each of Safrin and. Stern falsely claimed to (a) Land Escrow, (b) Frenkel and (c) Steven Alevy that Amusement had received agreements from (x) Stern, (y) Safrin and (z) First Republic, LLC containing agreed upon terms with Amusement.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 166: All documents reflecting the request made by Amusement to each of (a) Stern, (b) Safrin, (c) First Republic, LLC and (d) Stephen Friedman for copies of

the (x) Citibank loan agreements and (y) the LLC operating agreement for each of Stern's and Safrin's ownership structure of the Property Portfolio as alleged in paragraph 214 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 167: All documents which evidence the representations made by each of (a) Stern, (b) Safrin and (c) First Republic, LLC on or about July 11, 2007 as is alleged in each of paragraphs (w) 215, (x) 218, (y) 219 and (z) 229 of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 168: All documents which support the allegation contained in paragraph 234 of the Complaint that each of (a) Stern, (b) Safrin and (c) First Republic, LLC acted with (x) oppression, (y) fraud and (x) malice in failing to place Plaintiffs in "their contractually promised positions."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

53

PRODUCTION REQUEST NO. 169: All documents which support the allegation contained in paragraph 236 of the Complaint that "The condition precedent to release was not a final deal: it was permission from Alevy or Sragow."

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 170: All documents which support the allegation contained in paragraph 243 of the Complaint that on or about June 29, 2007 each of (a) Stern, (b) Safrin, (c) Frenkel and (d) Land Escrow conspired and agreed to commit (x) conversion and (y) fraud relating to the escrowed $13,000,000.00.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 171: All documents upon which Plaintiffs rely in alleging each of (a) Stern, (b) Safrin and (c) First Republic, LLC owed each of the Plaintiffs a fiduciary duty.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 172: The calendars and/or business diaries of Allen Alevy for the period January 1, 2007 through and including November 30, 2007.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product

doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce Mr. Alevy's business calendar for the period June 29, 2007 through July 31, 2007.

PRODUCTION REQUEST NO. 173: All documents Plaintiffs have provided to any and all experts concerning this matter.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is premature. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request at the time required to by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court and/or any scheduling order in this matter.

PRODUCTION REQUEST NO. 174: All documents, texts, publications or other written material that Plaintiffs may use in presentation of their case at trial or in cross-examining and defendant, witness or expert retained by any party.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is premature. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request at the time required to by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court and/or any scheduling order in this matter.

PRODUCTION REQUEST NO. 175: All documents concerning the identity, qualification and written or oral opinions of any person retained by or for Plaintiffs to provide expert testimony in this matter including, without limitation, all expert reports and current curriculum vitae of such experts.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is premature. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request at the time required to by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court and/or any scheduling order in this matter.

PRODUCTION REQUEST NO. 176: All documents and communications between Plaintiffs and Citigroup relating to the subject matter of the Complaint.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 177: All documents and communications between Plaintiffs and any non-party to this action relating to the prospective or potential purchase of the Property Portfolio or any portion thereof.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 178: All documents and communications between Plaintiffs and Steve Alevy with respect to the Property Portfolio.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information

that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 179: All documents concerning any of the claims alleged in the Compliant, to the extent not already produced in response to foregoing document requests.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request.

PRODUCTION REQUEST NO. 180: All documents that Plaintiffs may seek to use or admit at trial.

RESPONSE: Plaintiffs object to this Request on the ground that it seeks documents and information protected from discovery by the attorney-client privilege, the attorney work-product doctrine or another applicable privilege and immunity. Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Plaintiffs further object to this Request on the ground that it is premature. Subject to and without waiver of the foregoing objection or the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request at the time required to by the Federal Rules of Civil Procedure and/or the Local Civil Rules of this Court and/or any scheduling order in this matter.

DATED: April 28, 2008

SILLS CUMMIS & GROSS, P.C.

By: _____
Marc D. Youngelson, Esq.

One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Attorneys for plaintiffs

57