Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street-19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
E mail: srstern@hsrlaw.com
*Attorneys for Mark Stern, First Republic Group Realty LLC, Ephraim Frenkel and Land Title Associates*

Michael Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York
Tel: (212) 836-8000
Fax: (212) 750-1259
E mail: mlynn@kayescholer.com
*Attorneys for Mark Stern and First Republic Group Realty, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRATICAL FINANCE CO., INC.,    :

                    Plaintiffs,    :

          -against-    :    07 CIV. 11586(LAK)(GWG)

MOSES STERN, aka MARK STERN, JOSHUA    :    AFFIDAVIT OF
SAFRIN, FIRST REPUBLIC GROUP REALTY,         STEPHEN R. STERN
LLC, EPHRAIM FRENKEL,                                          :    IN RESPONSE TO
LAND TITLE ASSOCIATES ESCROW                            DEFENDANT JOSHUA
                                                                                        SAFRIN'S MOTION TO
                    Defendants.    :    COMPEL PRODUCTION
------------------------------------------------------------------X

State of New York  )
                    ) ss.:
County of New York )

    Stephen R. Stern, being duly sworn, deposes and says:

    1.    I am a partner in Hoffinger Stern & Ross LLP, counsel for defendants Moses Stern, aka Mark Stern and First Republic Group Realty, LLC (collectively, "SFR Dfts") and Ephraim Frenkel and Land Title Associates Escrow (collectively, "ELT Dfts", together with SFR Dfts referred to as the "Dfts"). As such, I am fully familiar with the facts stated herein. Kaye Scholer LLP is co-counsel for SFR Dfts.

{SS6440.DOC}

2.   This affidavit is submitted in opposition to defendant Joshua Safrin's ("Safrin") motion to compel the Dfts to produce documents (the "Saf Motion").

3.   As with plaintiffs' companion motion (a copy of the opposition to that motion is attached hereto as Exhibit "A" [the "Opposition"] and such motion is referred to as "P's Motion"]), Safrin has likewise filed a frivolous motion.

4.   First, contrary to Safrin's counsel, Jonathan Lupkin's assertion, there was no "agreement among all counsel to produce documents by April 28, 2008." Critically, to put that false assertion to rest, a review of Safrin Exhibit C, appended to the Saf Motion, is all that is required. The first document in Exhibit C is plaintiffs' counsel's letter, in which Mr. Youngelson stated plaintiffs "agree to extend your clients' time to respond to the Requests through and including Monday, April 28, 2008." (As noted in the Opposition there was no extension of time as plaintiffs did not serve their request for production until March 28, 2008.) The letter further stated "I *suggest* we exchange our written responses and document productions simultaneously on April 28" (emphasis supplied). The April 1, 2008 response (and included within Safrin Exhibit C), agreed to April 28, 2008 as "***the date each of us should exchange responses and/or objections to the respective document requests***" (emphasis supplied) and inquired "Does that work for you?" while asking Mr. Youngelson to "please confirm." Thus, there was no agreement to produce documents on April 28. No response to the April 1 letter was received.

5.   Secondly, clearly, Safrin's counsel knows well there is a difference under the Federal Rules between serving responses/objections and actual production of documents. Indeed, this is made crystal clear by the remaining correspondence attached within Safrin Exhibit C – ***private*** e mail correspondence between plaintiffs' counsel and

{SS6440.DOC}

Safrin's, <u>on which, critically, my firm was not copied</u>. Thus, on April 2, Mr. Youngelson extended Safrin's time to respond to April 28. In response – <u>again, in an e mail on which this firm was not copied</u> -- Mr. Lupkin accepted the April 28 date for his responses and then inquired, **"Would documents be produced at that time as well?"** This question – to which we were not privy - establishes no agreement by all parties (much less Dfts) existed to produce on April 28. This inquiry further demonstrates the clear distinction between responding to a production request and producing documents, and that an agreement to respond on a certain date is not the same as an agreement to produce documents on a certain date.

6. Then, tellingly, Mr. Youngelson's April 2 response to Mr. Lupkin's inquiry about whether document production would occur on April 28th **(again, on which our firm was not copied)** was, "That is what we anticipate." Had there already been an "agreement among all counsel to produce documents by April 28, 2008" (as Mr. Lupkin now inappropriately avers), Mr. Youngelson's response would have been vastly different, and would have been along the lines of "there is already such an agreement"; but, no such statement was made (thereby confirming the absence of such an agreement).

7. Thus, the foundation for the Saf Motion – a supposed "agreement among all counsel to produce documents by April 28, 2008" – is completely non-existent.

8. The coup de grace, so to speak, is while Mr. Lupkin criticizes Dfts for needing time to produce documents, he nowhere explains why his client required an extension resulting in a total of 45 days to respond, object and produce all of *three pages of documents* – a rate of one page per 15 days. Surely, Mr. Lupkin's "negotiated" need for additional time to produce 3 pages of documents indicates the Dfts would require

more time to produce [as he has noted at least 30,000 pages (plus a disc of information)] as well as to prepare a time-consuming privilege log (incidentally and curiously, while plaintiffs have claimed the privilege applies to every request in their response to Safrin's production request, Mr. Lupkin does not request a privilege log from plaintiffs).

9. A brief word about Safrin's three page production in response to plaintiffs' production request is in order. Upon information and belief, if he did not act personally, Safrin acted through a disclosed agent. Thus, Safrin's responses ignored the production request, directed to Safrin and to each person who was acting on his behalf.

10. In any event, we have consistently taken the position – in accordance with the Federal Rules – responses and objections would be served on April 28th, and the Dfts so complied. Rule 34(b) does <u>not</u> require production of documents at the same time responses and/or objections are served. We provided responses and objections on April 28, 2008, and production of non-objectionable and non-privileged documents on a rolling basis has already begun (Exhibit B).

11. Accordingly, we submit Safrin's motion is frivolous and disingenuous, and should be denied with the imposition of sanctions.

_____
Stephen R. Stern

Sworn to before me the
1st day of May, 2008

_____
Notary Public

MARK W. GEISLER
Notary Public, State of New York
No. 02GE4833871
Qualified in Westchester County
Commission Expires December 31, 2009

{SS6440.DOC}

# EXHIBIT A

Stephen R. Stern (SS-5665)  
Philip S. Ross (PR-0867)  
HOFFINGER STERN & ROSS, LLP  
150 East 58th Street-19th Floor  
New York, New York 10155  
Tel: (212) 421-4000  
Fax: (212) 750-1259  
E mail: srstern@hsrlaw.com  

Michael Lynn (ML-6052)  
Efrem Schwalb (ES-5288)  
KAYE SCHOLER, LLP  
425 Park Avenue  
New York, New York  
Tel: (212) 836-8000  
Fax: (212) 836-8689  
E mail: mlynn@kayescholer.com  

*Attorneys for Mark Stern, First Republic Group Realty LLC, Ephraim Frenkel and Land Title Associates Escrow*

*Attorneys for Mark Stern and First Republic Realty, LLC*

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES; PRATICAL FINANCE CO., INC.,

       Plaintiffs,  
  -against-

MOSES STERN, aka MARK STERN,  
JOSHUA SAFRIN, FIRST REPUBLIC GROUP  
GROUP REALTY, LLC, EPHRAIM FRENKEL,  
LAND TITLE ASSOCIATES ESCROW

       Defendants.  
-----------------------------------------------------------X

07 CIV. 11586(LAK)(GWG)

AFFIDAVIT OF STEPHEN  
R. STERN IN OPPOSITION  
TO PLAINTIFFS' MOTION  
TO COMPEL PRODUCTION

State of New York )  
       ) ss.:  
County of New York )

Stephen R. Stern, being duly sworn, deposes and says:

1. I am a partner in Hoffinger Stern & Ross LLP, co-counsel with Kaye Scholer LLP for defendants Moses Stern, aka Mark Stern and First Republic Group Realty, LLC (collectively, "SFR Dfts"), and counsel for defendants Ephraim Frenkel and Land Title Associates Escrow (collectively, "ELT Dfts", together with SFR Dfts referred to as the "Dfts"). As such, I am fully familiar with the facts stated herein.

2. This affidavit is submitted in opposition to plaintiffs' misplaced motion to compel Dfts to produce documents (the "Motion"). It is important to note, the Motion is

{251042.DOC}

contrived, frivolous and meritless[1]. Indeed, the Motion fails to correctly state facts and intentionally misstates various allegations:

A. Contrary to the assertion in the Motion, **there was never an agreement to "produce" documents on April 28, 2008.** *REASON:* Exhibit F to the Motion is my April 1, 2008 letter. It clearly stated "April 28, 2008 is the date each of us should <u>exchange responses and/or objections</u> to the respective documents requests." The Motion ignores this and tortuously twists it into an agreement to produce documents. The April 1, 2008 also letter inquired whether Mr. Youngelson *agreed*; there is no indication he confirmed the same[2].

B. Contrary to the assertion in the Motion, **plaintiffs' request for production (the "Request") was not served on March 14, 2008.** *REASON:* Exhibit B to the Motion is an unsworn "affidavit of service," which states "left envelope in between door handles." Clearly, if that were true it was performed when our office was closed confirming our position we never received such by-hand delivery. More, significantly, it is obvious why plaintiffs waited until now to unveil their "support" that the Request was hand-delivered – the "affidavit of service" demonstrates a failure to comply with Federal Rules of Civil Procedure ("FRCP") Rule 5(b).

C. Contrary to the erroneous assertion in the Motion, **plaintiffs never extended the Defendants' time to respond or object to the Request [even though a request was made].** *REASON:* <u>Not</u> having received the Request until March 28th, the "un-extended" time to respond and assert objections was April 28th. Contrariwise, we granted plaintiffs an extension of

---

[1] The Motion is simply a continuation of plaintiffs' harassing techniques - witness the now 29 and counting non-party subpoenas plaintiffs served seeking irrelevant information that will not lead to admissible evidence. Consequently, it is urged a Magistrate's conference be conducted regarding these continuing harassing tactics including other matters submitted to the Court.

[2] Plaintiffs seem to have reached an agreement with defendant Safrin regarding production (see emails of April 2, 2008 between them) but then they state "it is anticipated" that production would take place with no firm agreement and noticeably absent from that exchange is any "To:" or "cc:" line to Dfts' counsel, leaving one to question their agreed on motives. See the motion to compel erroneously filed by Safrin's counsel; the opposition filed in connection therewith is annexed and incorporated as Exhibit "A".

{251042.DOC}

*17 days* to respond to Dfts' requests for production ("Dfts Request"); curiously, plaintiffs neglect to mention neither this, nor apparently is there any compulsion to show the same courtesies.

5.     We have advocated the position – consistent with the FRCP – Dfts' responses and/or objections are to be served on April 28th. FRCP 34(b) does not require production of documents within 30 days of the service of a request; rather, Rule 34(b)(2) states a written response and objections are to be served within 30 days. Typically, documents are produced and made available for inspection on another date.

6.     Our responses and/or objections state non-privileged and responsive documents will be produced. Consistent with our co-counsel's April 30, 2008 letter production of non-privileged and responsive documents [subject to raised objections raised] has commenced and has adopted the production of Buchanan Ingersoll Rand of what Mr. Lupkin's April 30, 2008 letter to the Court acknowledges is "30,000" documents (Exhibit B). The SFR Dfts are in compliance with the FRCP, mooting the frivolous motion. The ELT Dfts production will be forthcoming by May 7, 2008, also consistent with the FRCP, likewise mooting the frivolous motion.

8.     We have maintained this is an action seeking money damages for an alleged loan[3]. To that end, we urged discovery be limited to ONLY the alleged loan. We filed a motion to quash, inter alia, certain non-party discovery, referencing relevancy and confidential business information grounds and that certain documents are sensitive, confidential, commercial, financial, business and proprietary business information, *inter alia*, all as documents not to be produced. Plaintiffs' opposition argued documents relating to the acquisition of the subject properties as well as the primary loan by Citigroup and post-closing transaction documents are relevant. Our motion was denied. Yet now, plaintiffs have reversed their position. Responding to Dfts' Request, plaintiffs asserted objections on, among other things, relevancy grounds. Thus, for

---

[3] Currently pending are 2 motions to dismiss; if the Dfts motion is denied, an answer with counterclaims which will exceed in value the claims regarding the alleged loan will be filed alleging, inter alia, fraud in the inducement.

{251042.DOC}

example, document request no. 18 and plaintiffs' response read in pertinent part, as follows (a copy of plaintiffs' response is annexed as Exhibit C):

> "18. All documents relating to "Loan Agreement with Citigroup for $111,150,000" referred to in paragraph 26 of the Complaint.
>
> RESPONSE: ...Plaintiffs also object to this Request on the ground that it seeks documents and information that are neither <u>relevant</u> to the subject matter of this litigation..... Plaintiffs further object ... on the ground that it seeks documents and information that contain <u>sensitive, confidential, commercial, financial, business or proprietary business information</u>...." [emphasis supplied]

9. Clearly, plaintiffs have taken up the cudgels of the position we advanced all along – namely, documents relating to the separate primary financing of the purchase of the property portfolio are irrelevant to the within litigation. And there is no mistaking plaintiffs' reversal of position; the <u>irrelevance</u> objection is cited in connection with virtually every document request which seeks information regarding the complaint's allegations (see, e.g., Exh C, plaintiffs' responses to nos. 8 – 171). We should also note here that plaintiffs' agent, Steven Alevy, was previously provided with a copy of the documents sought by plaintiffs at or around the closing of the transaction.

10. The Motion is nothing more than a misguided effort to rectify plaintiffs' counsel's missteps and to continue to harass Dfts. For example, the shortcomings of the Motion are again confirmed as the supporting papers do not contain an allegation regarding a verbal agreement to produce (with defendant Safrin's attorney and Dfts counsel) as there was no such verbal agreement. Thus, plaintiffs' misplaced reliance on their March 31 letter - not the April 1 letter - demonstrates the frivolous nature of the Motion, sanctions should be imposed on plaintiffs with regard to this Motion. Accordingly, we submit plaintiffs' motion should be denied.

_____
Stephen R. Stern

Sworn to before me the 1st day of May, 2008

_____
Notary Public

MARK W. GEISLER
Notary Public, State of New York
No. 02GE4833871
Qualified in Westchester County
Commission Expires December 31, 2009

{251042.DOC}

EXHIBITS TO AFFIDAVIT OF STEPHEN R. STERN IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OMITTED

# EXHIBIT B

# KAYE SCHOLER LLP

Michael A. Lynn
212 836-8242
Fax 212 836-6742
mlynn@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 30, 2008

**BY HAND**

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020

Jonathan Lupkin, Esq.
Fleming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006

    Re: Amusement Industry, Inc. et al. v. Moses Stern, et. al., 07 Civ. 11586 (Kaplan, J.)

Dear Messrs. Youngelson and Lupkin:

   On behalf of defendants Mark Stern ("Stern") and First Republic Group Realty LLC ("First Republic"), enclosed is a CD of documents responsive to both Plaintiffs' First Request for the Production of Documents directed to defendants Stern and First Republic and Defendant Joshua Safrin's First Request to Co-Defendants for Production of Documents directed to defendants Stern and First Republic bearing bates stamps FR0000001-0001218.

   Stern and First Republic also incorporate as part of their production, subject to the responses and objections set forth in such defendants' responses and objections to Plaintiffs' First Request for the Production of Documents and Safrin's First Request to Co-Defendants for the Production of Documents, documents already produced to plaintiffs by Buchanan, Ingersoll & Rooney PC on April 25, 2008 and to be produced on or before May 2, 2008 (*see* April 25, 2008 letter of Elliot J. Blumenthal to Mark D. Youngelson with attached CD of documents) and documents to be produced to you by Herrick Feinstein LLP on May 2, 2008. These documents would ordinarily have been produced by Stern and First Republic as their own production had separate subpoenas not been served on those two law firms. Stern and First Republic reserve all

31640460.WPD

NEW YORK CHICAGO LOS ANGELES WASHINGTON, D.C. WEST PALM BEACH HONG KONG LONDON SHANGHAI

# KAYE SCHOLER LLP

Messrs. Youngelson and Lupkin      2      April 30, 2008

rights to assert the attorney-client privilege with respect to any documents produced by the Buchanan Ingersoll and Herrick Feinstein firms.

    We, along with co-counsel for Stern and First Republic, are in the process of reviewing additional documents of Stern and First Republic (e-mails) for responsiveness and privilege and, when that review has been completed, we will produce any such responsive documents to you, along with a privilege log.

Sincerely,

*Michael A. Lynn*

Michael A. Lynn

MAL/pa
Enclosures
cc: Allen Sragow, Esq. (w/o enclosures)
    Stephen R. Stern (w/o enclosures)

31640460.WPD

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    HONG KONG    LONDON    SHANGHAI