KAPLAN

Jonathan D. Lupkin, Esq. (JL-0792)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com



RECEIVED
MAY 14 2008
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AMUSEMENT INDUSTRY, INC., dba WESTLAND  :
INDUSTRIES; PRACTICAL FINANCE CO., INC.,  :  No. 07 Civ. 11586 (LAK)(GWG)
                                                                              :
                Plaintiffs,                                    :
                                                                              :  (ECF)
    - against -                                                    :
                                                                              :
MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, :
FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM :
FRENKEL, LAND TITLE ASSOCIATES ESCROW, :
                                                                              :
                Defendants.                                 :
                                                                              :
-------------------------------------------------------------- X
JOSHUA SAFRIN,                                              :
         Defendant/Third Party-Crossclaim-   :
           Counterclaim-Plaintiff,                     :



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/08

    - against –                                                    :
                                                                              :
STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN :
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL :
REALTY ADVISORS LLC, and FIRST REPUBLIC :
GROUP CORP.,                                              :
                Third Party Defendants,            :
    - and -                                                           :
                                                                              :
MOSES STERN, aka MARK STERN, FIRST REPUBLIC :
GROUP REALTY LLC, EPHRAIM FRENKEL, and :
LAND TITLE ASSOCIATES ESCROW,        :
                                                                              :
                Defendants/Crossclaim Defendants, :
    - and -                                                           :
                                                                              :
AMUSEMENT INDUSTRY, INC., dba WESTLAND :
INDUSTRIES, PRACTICAL FINANCE CO., INC., :
                                                                              :
                Plaintiffs/Counterclaim Defendants. :
-------------------------------------------------------------- X

- 1 -

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery (including interrogatories, document requests and depositions) in the above-entitled proceeding may involve the production or disclosure of trade secrets or confidential commercial, financial or business information, and

WHEREAS, plaintiffs Amusement Industry, Inc., d/b/a Westland Industries and Practical Finance Co., Inc. and defendants Moses Stern, a/k/a Mark Stern, Joshua Safrin, First Republic Realty LLC, Ephraim Frankel and Land Title Associates Escrow (each individually a "party" and collectively, the "parties") desire to protect such information that they believe, in good faith, may constitute confidential and proprietary information;

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel, that the following procedures set forth in this Stipulated Protective Order (the "Order") shall govern the production and use of all documents, testimony, and all other such information and materials in this action:

1. (a) Any party or person not a party (a "non-party") may designate (the "designating party") as "CONFIDENTIAL" any non-public material (including (i) testimony; (ii) documents (including electronic documents and data) and all copies, excerpts and summaries thereof; (iii) interrogatory answers and (iv) responses to requests for admission) which is produced in the course of these proceedings herein when such material contains trade secrets or confidential commercial, financial or business information (when so designated, "Confidential Material").

(b) Designation of documents or other materials or information as Confidential Material shall be made by stamping the documents or materials with the words "CONFIDENTIAL" at the time of production of the documents or other materials to counsel for the party or parties receiving the Confidential Material (the "receiving party"). Portions of deposition and hearing transcripts may be designated as Confidential Material by any party or

witness in writing, served on the parties and (if the witness is a non-party) the witness within five (5) business days after receipt of the transcript by the designating party, in which case each party and, (if the witness is a non-party) the witness shall stamp the covers of the original and each copy of the transcript in their possession with the word "CONFIDENTIAL" and shall also stamp each page of the transcript containing Confidential Material with the word "CONFIDENTIAL." Depositions and hearing transcripts shall automatically be treated as Confidential Material during the five-business-day period after receipt of the transcripts by the designating party. In the event person(s) are present at any deposition or hearing during which Confidential Material is offered as an answer to any question, and those person(s) would not be permitted under Section 2 to view the answer once transcribed, such person(s) shall be excluded from the deposition or hearing during the answer to such question.

    (c) Unless otherwise ordered by this Court or agreed to by the parties, all documents, deposition transcripts or other material filed with the Court, which incorporate or disclose Confidential Materials, shall be filed under seal in the manner contemplated for such filings by the rules governing cases, such as this, that have been designated for Electronic Case Filing.

  2. (a) Except pursuant to further order of this Court, or by express written consent of counsel for the designating party, Confidential Material shall be used or disclosed by the receiving party solely for the purposes of prosecuting or defending this action and may be disclosed only to:

    (i) Outside counsel of record for each party, and members and associates of their firms and employees of those firms actively engaged in work on this case, and in-house counsel for each party; or

    (ii)    Independent, non-employee, non-affiliated experts retained by either party for the purpose of opining on matters to which the information is directly relevant; or

    (iii)    Independent, non-employee, nonaffiliated litigation or trial consultants; or

    (iv)    Any court reporter or typist recording or transcribing testimony in this action and any outside independent reproduction firm; or

    (v)    Independent, non-employee, nonaffiliated information technology consultants for a party; or

    (vi)    Current employees of any party or current employees of that party's parents, subsidiaries, affiliates, predecessors or successors; or

    (vii)    The Court and its personnel; or

    (viii)    Any actual or potential witnesses, provided that such disclosure is in accordance with Section 5 of this Order.

(b)    Any party receiving Confidential Material provided pursuant to this Order shall maintain all such Confidential Material in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

(c)    Before any Confidential Material is disclosed by a receiving party to an individual pursuant to paragraphs 2(a), (ii), (iii), and (v) of subsection 2(a) above, outside counsel for that receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain the individual's written agreement, in the form of Attachment A hereto, to comply with and be bound by the terms of this Order. Before any Confidential Material is disclosed by a receiving party to an actual or potential witness pursuant to paragraph 2(a)(viii), counsel for that receiving party shall: (a) provide the individual with a copy of the Order and explain its terms; and (b) use their best efforts to obtain the actual or potential witness's written

agreement, in the form of Attachment A hereto, to comply with and be bound by the terms of this Order. All such written undertakings in the form of Attachment A shall be retained by counsel for the receiving party and may not be disposed of by such counsel before sixty (60) calendar days after the conclusion of this action, including all appeals.

3. Any party may request at any time permission to disclose Confidential Material to a person other than those permitted under Paragraph 2 above by serving a written request upon the designating party or its counsel, which states the material that the party wishes to disclose, and to whom, and a short explanation as to why such disclosure would be appropriate. The designating party or its counsel shall thereafter respond to that request in writing within three (3) business days of its receipt of said request, and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the requested disclosure. If, where consent has been withheld, the receiving party and the designating party are subsequently unable to agree on the terms and conditions of the requested disclosure, the party wishing to disclose the Confidential Material shall promptly (but in no event later than five (5) business days after the date of the request) serve a motion for leave of Court to disclose the Confidential Material. A failure timely to respond to such a motion shall constitute consent to the requested disclosure. The designating party shall bear the burden of demonstrating that the material it seeks to protect is entitled to be designated as Confidential Material.

4. A receiving party's acceptance of material designated as Confidential Material by a designating party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7). Any party [or non-party] may request in writing at any time the release of documents, testimony, or other materials designated as Confidential Material or filed under seal, from the requirements of this Order. The

designation of such materials as Confidential Material shall be deemed to be removed unless, within ten (10) business days of receipt of such written request, counsel of record for the designating party notifies the party seeking to disclose the Confidential Material, in writing, that the designating party objects to the de-designation and provides an explanation for its position. In such a case, and if the parties are not able to resolve their differences, the party seeking to de-designate the Confidential Material may serve a motion for to compel the de-designation.. If such a motion is served, then the material in question shall remain designated as Confidential Material unless and until such motion is resolved or the Court orders otherwise. The designating party shall, at all times, bear the burden of demonstrating that the material it seeks to protect is entitled to be designated as Confidential Material.

[Handwritten annotations: "(and, if applicable, non parties)" inserted after "position."; "or non-party" inserted after "party"]

5.   Nothing in this Order shall prevent any counsel of record for any party to this action from utilizing Confidential Material in the examination, deposition or interview of any person who is: (1) a current or former employee or consultant of the party that designated the Confidential Material or a current employee or consultant of that party's parents, subsidiaries, affiliates, predecessors or successors; or (2) reasonably believed to be the author or source of the Confidential Material; or (3) reasonably believed to have been a recipient of the Confidential Material, or otherwise previously has had lawful access to the Confidential Material; or (4). an actual or potential witness who, notwithstanding counsel's best efforts, refuses to agree to be bound by the terms of this Order, provided however that such actual or potential witness not be permitted to retain copies of the disclosed Confidential Material (except to the extent that such actual or potential witness would be entitled to copies of the Confidential Material as a matter of law.) Except as set forth in Clauses (1)-(4) of the preceding sentence, a non-party may not be shown Confidential Material except upon compliance with Paragraphs 2, 3 or 4 of this Order.

6. If a party inadvertently discloses (the "producing party") to a receiving party information that is protected by the attorney-client privilege, attorney work product immunity, or other privilege or immunity, the producing party shall comply with the requirements set forth in Fed. R. Civ. P. 26(b)(5)(B).

7. Nothing in this Order shall (a) shall restrict the use of or disclosure of Confidential Material at the trial in this action; (b) preclude any party from seeking an order protecting Confidential Material from unnecessary disclosure at trial; or (c) restrict the use or disclosure of Confidential Material by any party or non-party that produces the material and/or designates the material as Confidential Material.

8. This Order insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation. In addition, at the conclusion of this action, including all appeals:

(a) Each party shall turn over to their outside counsel all Confidential Materials produced by another person, and counsel also shall take reasonable steps to reclaim any such material from anyone else known to have received copies thereof from that counsel and/or its client.

(b) Within sixty (60) calendar days after the conclusion of this action, including all appeals, each party's outside counsel shall return to outside counsel for the designating party all Confidential Materials in its possession or shall destroy all such materials and certify in writing to outside counsel for the designating party that such destruction has taken place.

(c) The provisions of Paragraph 8(a) and (b) above are not applicable to (i) any material that became a part of the publicly available Court record in this proceeding (by use as a trial or deposition exhibit, inclusion in material filed with the Court, inclusion in the record

of any appeal, or otherwise) or (ii) any Confidential Material that has been referenced, quoted, summarized, attached to as an exhibit or otherwise incorporated into attorney work product prepared by counsel for the parties ("Work Product Material"). The provisions of this Order shall continue in full force as to any Work Product Material.

9.  In the event that production and/or disclosure of Confidential Material is sought (other than in this action) from (i) any party (other than the designating party) or (ii) non-party that has executed Attachment A, by any subpoena, order or other legal process (collectively, "compulsory process"), written notice of the compulsory process shall be given to that designating party, within five (5) business days, by the person(s) receiving the compulsory process. Said person(s) shall also provide a copy of this Order to any person that takes (or threatens to take) action to enforce such compulsory process. Nothing herein shall be construed as requiring anyone covered by this Order to contest any compulsory process, to appeal any order requiring production of the Confidential Material covered by this Order or to subject itself to penalties for noncompliance with any compulsory process.

10. All notices required by this Order may be served by facsimile copy, with confirmation by regular mail, both sent to the counsel of record. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the first business day following the date that the facsimile was received in the office of counsel. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

11. Upon notice or motion, this Court may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including without limitation, orders modifying, extending, limiting, or vacating any or all of its provisions.

12. Any party may, on notice, apply to the Court at any time for modification of this Order.

13. Parties who, at the time this Order is being submitted to the Court for execution, has not yet appeared in the case will be bound by the terms of this Order notwithstanding that they have not stipulated to the terms set forth herein.

Dated: New York, New York
~~February~~ __, 2008  May 9, 2008

SILLS CUMMIS & GROSS, P.C.

By: _____
Philip R. White (PW- )
Marc D. Youngelson (MY- 1494)

One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-5000
Email: myoungelson@sillscummis.com

*Attorneys for Plaintiffs*

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

By: _____ (May 12, 2008)
Jonathan D. Lupkin, Esq. (JL-0792)
Jean Marie Hackett (JH-1784)

One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

*Attorneys for Defendant Joshua Safrin*

[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]

HOFFINGER STERN & ROSS, LLP

By: _____
Stephen R. Stern (SS-5665)
150 East 58th Street
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 223-3857
Email: srstern@hsrlaw.com

*Attorneys for Mark Stern, First Republic Group Realty LLC, Ephraim Frenkel and Land Title Associates Escrow*

SO ORDERED:

_____
U.S.D.J.

KAYE SCHOLER LLP

By: _____
Arthur E. Brown (AB___)
Michael Lynn (ML-6052)
425 Park Avenue
New York, New York 10022
Tel: (212) 836-8000
Fax: (212) 836-8689
Email: abrown@kayescholer.com

*Attorneys for Mark Stern and First Republic Group Realty LLC*

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after 5/14, 20 13 unless the Court otherwise orders.

SO ORDERED.

Dated: 5/14/08

_____
U.S.D.J.

## ATTACHMENT A

### CONFIDENTIALITY UNDERTAKING

I have read the Stipulated Protective Order entered by the Court in <u>Amusement Industry, Inc. et al. v. Moses Stern et al.</u> 07 Civ. 11586 (LAK)(S.D.N.Y.) (the "Order"). I understand the provisions of such Order and I understand the responsibilities and obligations such Order imposes on persons viewing the material encompassed by the Order. Pursuant to the Order, I hereby agree to be bound by all the provisions of the Order, so as to enable me to review the material encompassed by the Order, and I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York, for any proceedings involving the enforcement or that Order.

EXECUTED this ____ day of _____, 2008.

_____
Name