PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs and Third Party Defendants
Steven Alevy and Bankers Capital LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMUSEMENT INDUSTRY, INC. (dba WESTLAND INDUSTRIES), and PRACTICAL FINANCE CO., INC., | : | CASE NO. 07 Civ. 11586 (LAK) (GWG) |
| Plaintiffs, | : | **THIRD PARTY DEFENDANTS** |
| | : | **BANKERS CAPITAL** |
| v. | : | **REALTY ADVISORS LLC'S AND** |
| | : | **STEVEN ALEVY'S ANSWER** |
| MOSES STERN (aka MARK STERN), JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, | : | **TO THE THIRD PARTY COMPLAINT OF DEFENDANT SAFRIN, COUNTERCLAIMS AGAINST SAFRIN, AND CROSS CLAIMS AGAINST STERN, FIRST REPUBLIC, FRENKEL, LAND TITLE, STEPHEN** |
| Defendants. | : | **FRIEDMAN AND BUCHANAN INGERSOLL & ROONEY** |
| | : | |
| JOSHUA SAFRIN, | : | |
| Defendant/Third Party Crossclaim- Counterclaim Plaintiff, | : | |
| v. | : | |
| | : | |

STEPHEN FRIEDMAN, STEVEN ALEVY,   :
BUCHANAN INGERSOLL & ROONEY,   :
P.C., BANKERS CAPITAL REALTY   :
ADVISORS LLC, and FIRST REPUBLIC   :
GROUP CORP.,   :
   :
      Third Party Defendants,   :
   :
- and -   :
   :
MOSES STERN aka MARK STERN, FIRST   :
REPUBLIC GROUP REALTY LLC,   :
EPHRAIM FRENKEL, and LAND TITLE   :
ASSOCIATES ESCROW,   :
   :
      Defendants/Crossclaim   :
      Defendants,   :
   :
- and -   :
   :
AMUSEMENT INDUSTRY, INC. (dba   :
WESTLAND INDUSTRIES), and   :
PRACTICAL FINANCE CO., INC.,   :
   :
      Plaintiffs/Counterclaim   :
      Defendants.   :
_____   :

Third party defendants Bankers Capital Realty Advisors LLC ("Bankers Capital")

and Steven Alevy (together, "third party defendants"), by and through their undersigned

attorneys, and as and for their answer to the third party complaint of defendant Joshua Safrin

("Safrin" or "defendant") in the above-captioned action (the "Action"), hereby:

1.      Admit the allegations in paragraph 1.

2.      Deny the allegations in paragraph 2, and refer to the Complaint for a
statement of its terms.

3.      Deny the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

2

5.      Admit the allegations in paragraph 5.

6.      Admit the allegations in paragraph 6.

7.      Deny the allegations in paragraph 7, except admit that Steven Alevy is an individual citizen of the State of New York residing at the cited address, that Steven Alevy is a managing director of Bankers Capital, and that Steven Alevy is the son of Allen Alevy.

8.      Deny the allegations in paragraph 8, except admit that Bankers Capital operates from the cited address.

9.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, therefore, deny the allegations therein, except admit that third party defendant First Republic Group Corp. is a New York corporation operating out of the cited address.

10.     Admit the allegations in paragraph 10.

11.     Admit the allegations in paragraph 11.

12.     Admit the allegations in paragraph 12.

13.     Admit the allegations in paragraph 13.

14.     Admit the allegations in paragraph 14.

15.     Admit the allegations in paragraph 15.

16.     Admit the allegations in paragraph 16.

17.     Deny the allegations in paragraph 17, except admit that the Court has personal jurisdiction over the Third Party Defendants.

18.     Admit that venue is proper in this judicial district.

19.     Deny the allegations in paragraph 19, except admit that Safrin purports to base his allegations on those contained in the Complaint, and refer to the Complaint for a statement of its terms.

20.      Deny the allegations in paragraph 20, except admit, upon information and belief, that defendant First Republic Group Corp. purchased from Colonial Realty the Property Portfolio and that First Republic Corp. assigned its interest to First Republic LLC, and refer to the Complaint for a statement of its terms.

21.      Deny the allegations in paragraph 21, except admit that Safrin and Stern obtained primary financing for their property portfolio purchase from Citigroup, that Stern and Safrin's buying entity, First Republic LLC executed a loan agreement with Citigroup for $111,150,000, that Stern and Safrin's created managing entity, FRGR Managing Member LC, executed a Mezzanine Loan Agreement with Citigroup for $15,000, and that Safrin is a guarantor of both loans.

22.      Deny the allegations in paragraph 22.

23.      Deny the allegations in paragraph 23, except admit that in June 2007, defendants Stern and Safrin knew that the funds they would received from Citibank would be insufficient for their portfolio purchase and that Stern and Safrin approached Steven Alevy of Bankers Capital and Friedman in an attempt to obtain additional funding, and refer to the Complaint for a statement of its terms.

24.      Deny the allegations in paragraph 24.

25.      Deny the allegations in paragraph 25, except admit that plaintiffs have alleged that, in June 2007, Steven Alevy and Friedman presented an investment opportunity to plaintiffs from Stern and Safrin, and refer to the Complaint for a statement of its terms.

26.      Deny the allegations in paragraph 26.

27.      Deny the allegations in paragraph 27, and refer to the Complaint for a statement of its terms.

28.      Deny the allegations in paragraph 28.

29.        Deny the allegations in paragraph 29, and refer to the LOI for a statement of its terms.

30.        Deny the allegations in paragraph 30, and refer to the LOI for a statement of its terms.

31.        Deny the allegations in paragraph 31, and refer to the documents identified therein for a statement of their terms.

32.        Deny the allegations in paragraph 32, except admit that on June 29, 2007, Amusement wired $13,000,000 to an escrow account held by defendant Land Title and that plaintiffs have alleged that by such performance, a contract between Amusement and, among others, Stern and Safrin, formed.

33.        Deny the allegations in paragraph 33.

34.        Admit the allegations in paragraph 34.

35.        Deny the allegations in paragraph 35.

36.        Deny the allegations in paragraph 36, and refer to the Complaint for a statement of its terms.

37.        Deny the allegations in paragraph 37, and refer to the documents identified therein for a statement of their terms.

38.        Deny the allegations in paragraph 38, and refer to the Complaint for a statement of its terms.

39.        Deny the allegations in paragraph 39, and refer to the Complaint for a statement of its terms.

40.        Deny the allegations in paragraph 40.

41.        Deny the allegations in paragraph 41, and refer to the Complaint for a statement of its terms.

42.      Deny the allegations in paragraph 42.

43.      Deny the allegations in paragraph 43, except admit that Stern and Safrin did not provide the Citibank loan documents when requested by plaintiffs, and refer to the Complaint for a statement of its terms.

44.      Deny the allegations in paragraph 44.

45.      Deny the allegations in paragraph 45, and refer to the Complaint for a statement of its terms.

46.      Deny the allegations in paragraph 46.

47.      Deny the allegations in paragraph 47, except admit that Amusement instructed Land Escrow Frenkel not to release Amusement's funds without written authorization from Sragow & Sragow, and refer to the Complaint for a statement of its terms.

48.      Deny the allegations in paragraph 48.

49.      Deny the allegations in paragraph 49, except admit that plaintiffs received certain documents executed by Stern and Safrin, and refer to the Complaint for a statement of its terms.

50.      Deny the allegations in paragraph 50.

51.      Deny the allegations in paragraph 51, and refer to the Complaint for a statement of its terms.

52.      Deny the allegations in paragraph 52.

53.      Deny the allegations in paragraph 53, except admit that plaintiffs have alleged that defendants provided a $15 million promissory note signed by Stern, and refer to the Complaint for a statement of its terms.

54.      Deny the allegations in paragraph 54.

55.    Deny the allegations in paragraph 55, except admit that plaintiffs have alleged that, on July 12, 2007, defendants took and used Amusement's $13 million without notice or authorization, and refer to the Complaint for a statement of its terms.

56.    Deny the allegations in paragraph 56.

57.    Deny the allegations in paragraph 57.

58.    Deny the allegations in paragraph 58.

59.    Deny the allegations in paragraph 59.

60.    Deny, upon information and belief, the allegations in paragraph 60.

61.    Deny the allegations in paragraph 61.

62.    Deny the allegations in paragraph 62.

63.    Deny the allegations in paragraph 63.

64.    Deny the allegations in paragraph 64.

65.    Deny the allegations in paragraph 65.

66.    Deny the allegations in paragraph 66.

## Count I

67.    Repeat their responses to the foregoing paragraphs as if fully set forth herein.

68.    Deny the allegations in paragraph 68, except admit that Safrin purports to deny any wrongdoing.

69.    Deny the allegations in paragraph 69.

## Count II

70.    Repeat their responses to the foregoing paragraphs as if fully set forth herein.

71.      Deny the allegations in paragraph 71, except admit that plaintiffs have alleged that Friedman and/or Buchanan Ingersoll were authorized to act on behalf of Safrin in connection with the transactions identified in the Complaint.

72.      Deny the allegations in paragraph 72, except admit Safrin contends that Friedman did have authority to act on Safrin's behalf.

73.      Deny the allegations in paragraph 73.

### Count III

74.      Repeat their responses to the foregoing paragraphs as if fully set forth herein.

75.      Deny the allegations in paragraph 75.

76.      Deny the allegations in paragraph 76.

77.      Deny the allegations in paragraph 77.

### Count IV

78.      Repeat their responses to the foregoing paragraphs as if fully set forth herein.

79.      Deny the allegations in paragraph 79, except admit that Safrin purports to deny any wrongdoing.

80.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore deny the allegations therein.

81.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore deny the allegations therein.

82.      Deny the allegations in paragraph 82.

83.      Deny the allegations in paragraph 83.

**Count V**

84.     Repeat their responses to the foregoing paragraphs as if fully set forth herein.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

**Count VI**

94.     Repeat their responses to the foregoing allegations as if fully set forth herein.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.     Deny the allegations in paragraph 100.

101.     Deny the allegations in paragraph 101.

### Count VII

102.      Repeat their responses to the foregoing paragraphs as if fully set forth herein.

103.      Deny the allegations in paragraph 103.

104.      Deny the allegations in paragraph 104.

105.      Deny the allegations in paragraph 105.

106.      Deny the allegations in paragraph 106.

### Count VIII

107.      Repeat their responses to the foregoing paragraphs as if fully set forth herein.

108.      Deny the allegations in paragraph 108.

109.      Deny the allegations in paragraph 109.

110.      Deny the allegations in paragraph 110.

111.      Deny the allegations in paragraph 111.

### FIRST AFFIRMATIVE DEFENSE

Safrin has failed to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because Safrin failed to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by reason of his misconduct and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he waived his right to claim damages by his acts and omissions.

## SIXTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he failed to exercise ordinary care.

## SEVENTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he ratified the alleged wrongful conduct for which he seeks recovery.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Safrin seeks punitive or exemplary damages against Bankers Capital, Safrin's claims are barred, in whole or in part, by the procedural and substantive due process clauses of the United States Constitution and/or the Constitution of the State of California.

## NINTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because any harm he suffered is the result of his own contributory negligence.

## RESERVATION OF RIGHTS

Third party defendants expressly reserve the right to amend and/or supplement their answer and affirmative defenses as needed as discovery proceeds.

## COUNTERCLAIMS

Third party defendant Steven Alevy, d/b/a Bankers Capital ("Bankers Capital"), through their undersigned attorneys, as and for their counterclaims against defendant and third party plaintiff Joshua Safrin ("Safrin"), hereby alleges as follows:

### Jurisdiction and Venue

1.       This Court has jurisdiction over Bankers Capital's counterclaims pursuant to 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

2.       Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to these claims occurred herein

### Facts

3.       In approximately May 2007, Bankers Capital was asked to arrange financing for Safrin, defendant Mark Stern ("Stern") and defendant First Republic Group Realty LLC ("First Republic") for the purchase of a large portfolio of properties from Colonial Realty Limited Partnership ("Colonial," and the "Colonial transaction").

4.       In June 2007, Bankers Capital arranged for $13 million in financing from plaintiff Amusement Industry, Inc. ("Amusement") for Safrin, Stern and First Republic to use in connection with their purchase from Colonial.

5.       Safrin, Stern and First Republic promised to pay Bankers Capital a fee of $1.45 million for arranging such financing from Amusement.

6.       Safrin, Stern and First Republic have failed to pay Bankers Capital the fee it was promised.

### COUNT I
### (Breach of Contract)

7.       Bankers Capital repeats the foregoing allegations as if fully set forth herein.

12

8.      A valid, binding and enforceable contract existed between Safrin and Bankers Capital for the payment of a fee (the "Fee Agreement") for arranging financing in the Colonial transaction for Safrin, Stern and First Republic.

9.      Bankers Capital fulfilled its obligations under the Fee Agreement by, among other things, arranging $13 million in financing from Amusement.

10.      Safrin unilaterally and materially breached the Fee Agreement by, among other things, failing to make payment to Bankers Capital.

11.      As a direct result of Safrin's unilateral and material breach of the Fee Agreement, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## COUNT II
## (Quantum Meruit)

12.      Bankers Capital repeats the foregoing allegations as if fully set forth herein.

13.      Bankers Capital rendered services to Safrin by, among other things, arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

14.      Bankers Capital expected compensation in return for the services it rendered.

15.      The reasonable value of the services rendered by Bankers Capital to Safrin is at least $1,450,000.

16.      Safrin has failed to pay Bankers Capital the reasonable value of the services it rendered.

17.      As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count III
## (Account Stated)

18.          Bankers Capital repeats the foregoing allegations as if fully set forth herein.

19.          A debtor-creditor relationship existed between Bankers Capital and Safrin as a result of, among other things, Bankers Capital arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

20.          Certain closing statements drafted in connection with the Colonial transaction reflect the agreement between the parties that Safrin, Stern and First Republic were indebted to Bankers Capital in the amount of $1,450,000.

21.          There was a valid, binding and enforceable agreement between Bankers Capital and Safrin, Stern and First Republic for payment of the aforementioned debt.

22.          Safrin has failed to pay Bankers Capital the debt it is owed.

23.          As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count IV
## (Promissory Estoppel)

24.          Bankers Capital repeats the foregoing allegations as if fully set forth herein.

25.          Safrin made a clear and unambiguous promise to pay Bankers Capital for arranging $13 million in financing in connection with the Colonial transaction.

26.          Bankers Capital reasonably relied on that promise of payment in arranging $13 million in financing from Amusement.

27.          Safrin has failed to honor its promise to remit payment.

28.      As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Cross-Claims

Bankers Capital, by and through its undersigned attorneys, as and for its cross-claims against defendants Stern, First Republic, defendant Ephraim Frenkel ("Frenkel"), defendant Land Title Associates Escrow ("Land Title"), and third party defendants Steven Friedman and Buchanan Ingersoll & Rooney (together, "Buchanan"), hereby alleges as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over Bankers Capital's cross-claims pursuant to 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

2.      Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to these claims occurred herein.

## Facts

3.      In approximately May 2007, Bankers Capital was asked to arrange financing for Safrin, defendant Mark Stern ("Stern") and defendant First Republic Group Realty LLC ("First Republic") for the purchase of a large portfolio of properties from Colonial Realty Limited Partnership ("Colonial," and the "Colonial transaction").

4.      In June 2007, Bankers Capital arranged for $13 million in financing from plaintiff Amusement Industry, Inc. ("Amusement") for Safrin, Stern and First Republic to use in connection with their purchase from Colonial.

5.      Safrin, Stern and First Republic promised to pay Bankers Capital a fee of $1.45 million for arranging such financing from Amusement.

6.      Safrin, Stern and First Republic have failed to pay Bankers Capital the fee it was promised.

## COUNT I
### (Breach of Contract – against Stern and First Republic)

7.      Bankers Capital repeats the foregoing allegations as if fully set forth herein.

8.      A valid, binding and enforceable contract existed between Stern, First Republic and Bankers Capital for the payment of a fee (the "Fee Agreement") for arranging financing in the Colonial transaction for Safrin, Stern and First Republic.

9.      Bankers Capital fulfilled its obligations under the Fee Agreement by, among other things, arranging $13 million in financing from Amusement.

10.      Stern and First Republic unilaterally and materially breached the Fee Agreement by, among other things, failing to make payment to Bankers Capital.

11.      As a direct result of Stern and First Republic's unilateral and material breach of the Fee Agreement, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## COUNT II
### (Quantum Meruit – against Stern and First Republic)

12.      Bankers Capital repeats the foregoing allegations as if fully set forth herein.

13.      Bankers Capital rendered services to Stern and First Republic by, among other things, arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

14.      Bankers Capital expected compensation in return for the services it rendered.

15.      The reasonable value of the services rendered by Bankers Capital to Safrin is at least $1,450,000.

16.        Stern and First Republic have failed to pay Bankers Capital the reasonable value of the services it rendered.

17.        As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

### Count III
### (Account Stated – against Stern and First Republic)

18.        Bankers Capital repeats the foregoing allegations as if fully set forth herein.

19.        A debtor-creditor relationship existed between Bankers Capital and Stern and First Republic as a result of, among other things, Bankers Capital arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

20.        Certain closing statements drafted in connection with the Colonial transaction reflect the agreement between the parties that Safrin, Stern and First Republic were indebted to Bankers Capital in the amount of $1,450,000.

21.        There was a valid, binding and enforceable agreement between Bankers Capital and Safrin, Stern and First Republic for payment of the aforementioned debt.

22.        Stern and First Republic have failed to pay Bankers Capital the debt it is owed.

23.        As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

### Count IV
### (Promissory Estoppel – against Stern and First Republic)

24.        Bankers Capital repeats the foregoing allegations as if fully set forth herein.

17

25.        Stern and First Republic made a clear and unambiguous promise to pay Bankers Capital for arranging $13 million in financing in connection with the Colonial transaction.

26.        Bankers Capital reasonably relied on that promise of payment in arranging $13 million in financing from Amusement.

27.        Stern and First Republic have failed to honor its promise to remit payment.

28.        As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count V
### (Indemnification – Against All Cross-Claim Defendants)

29.        Bankers Capital repeats the foregoing allegations as if fully set forth herein.

30.        Bankers Capital denies any wrongdoing or fault, and denies that Safrin is entitled to any of the relief he seeks in his third party complaint.

31.        Notwithstanding, if Bankers Capital is found liable to Safrin for any damages, such damages were brought about solely as a result of the primary, intentional and active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud, and/or breach of contract by the cross claim defendants.

32.        By reason of the foregoing, to the extent Bankers Capital is found liable to Safrin for the wrongful conduct he has alleged, Bankers Capital is entitled to indemnification from the cross claim defendants.

## Count VI
## (Contribution – Against All Cross Claim Defendants)

33.        Bankers Capital repeats the foregoing allegations as if fully set forth

herein.

34.        Bankers Capital denies any wrongdoing or fault, and denies that Safrin is

entitled to any of the relief he seeks in his third party complaint.

35.        Notwithstanding, if Bankers Capital is found liable to Safrin for any

damages, such damages were brought about at least in part as a result of the intentional and

active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud, and/or

breach of contract by the cross claim defendants.

36.        By reason of the foregoing, to the extent Bankers Capital is found liable

to Safrin for the wrongful conduct he has alleged, Bankers Capital is entitled to contribution

from the cross claim defendants.

## JURY DEMAND

Bankers Capital hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Bankers Capital respectfully requests entry of a judgment in its

favor as follows:

A.        Dismissing Safrin's third party claims against Bankers Capital with

prejudice;

B.        On Counterclaims I through IV, awarding Bankers Capital actual,

compensatory, and consequential damages in an amount to be determined by the trier of

fact, but in no event less than $1.45 million;

C.        On Cross-Claims I through IV, awarding Bankers Capital actual,

compensatory, and consequential damages in an amount to be determined by the trier of

fact, but in no event less than $1.45 million;

19

D.     On Cross-Claims V and VI, awarding Bankers Capital actual, compensatory, and consequential damages in an amount to be determined by the trier of fact;

E.     Awarding Bankers Capital its attorneys' fees, as well as the costs and expenses of this litigation; and

F.     Awarding Bankers Capital such other relief as this Court deems just and proper.

DATED: May 27, 2008

SILLS CUMMIS & GROSS P.C.

By:_____
Philip R. White, Esq.
Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000

Allen P. Sragow, Esq.
Sragow & Sragow
6665 Long Beach Blvd., Suite B-22
Long Beach, California 90805
Telephone: (310) 639-0782

Attorneys for third party defendants, counterclaim plaintiffs and cross claim plaintiffs Bankers Capital and Steven Alevy