UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,          :          07 Civ. 11586(LAK) (GWG)

                                    Plaintiffs,          :          AFFIDAVIT OF
                                                                    EPHRAIM FRENKEL
                    -against-                            :          IN SUPPORT OF MOTION
                                                                    TO QUASH, MODIFY, LIMIT
MOSES STERN, aka MARK STERN,                       :          AND/OR STAY COMPLIANCE
JOSHUA SAFRIN, FIRST REPUBLIC                                 WITH SECOND NON-PARTY
GROUP REALTY, LLC, EPHRAIM FRENKEL,               :          SUBPOENA TO NORTH FORK
LAND TITLE ASSOCIATES ESCROW,                               BANK/CAPITAL ONE

                                    Defendants.          :
-----------------------------------------------------------------X
JOSHUA SAFRIN,
                    Defendant/Third Party-Crossclaim-
                    Counterclaim Plaintiff,
          -against-

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL
REALTY ADVISORS, LLC, and FIRST REPUBLIC
GROUP CORP.,
                    Third Party Defendants,
          -and-

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and
LAND TITLE ASSOCIATES ESCROW,

                    Defendants/Crossclaim Defendants,
          -and-

AMUSEMENT INDUSTRY, INC. dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.
                    Plaintiffs/Counterclaim Defendants.
-----------------------------------------------------------------X

State of New York          )
                           )          ss.:
County of New York         )

          EPHRAIM FRENKEL, being duly sworn, deposes and says the following:

          1.     I am a defendant in this action as well as president of defendant Land Title

Associates Escrow (collectively, the "Land Escrow Defendants"). As such, I am fully familiar

{MG2325.DOC}

with the facts stated herein. I am also an attorney at law, admitted to practice in the State of New York.

2.      This affidavit is submitted in support of the Land Escrow Defendants' motion to quash, modify, limit or enjoin compliance with a *second* non-party subpoena issued by plaintiffs to North Fork Bank/Capital One  (the "Second North Fork Subpoena").  A copy of the Second North Fork Subpoena is annexed hereto as Exhibit A.

3.      I understand the Court is familiar with the background facts of the case.  In essence, and inasmuch as relevant to the within motion, the complaint alleges $13 million was advanced by plaintiff Amusement Industry, Inc. ("Amusement") on behalf of First Republic Group Realty, LLC in connection with the latter's acquisition of 11 shopping malls (the "Property Portfolio") alleged to be worth $190 million (the "advance").

4.      The Second North Fork Subpoena is dated May 15, 2008, with a purported compliance date of May 30, 2008.  I am advised that as of this writing, North Fork has not responded to the Second North Fork Subpoena.

5.      Previously, plaintiffs issued a prior subpoena to North Fork, dated March 28, 2008, which subpoena, I am advised, has already been complied with.

6.      The Second North Fork Subpoena constitutes a fishing expedition, unrelated to Amusement's alleged $13 million advance into a specific Land Escrow account in or about early July 2007.  Rather, the Second North Fork Subpoena seeks virtually all banking records for *sixteen* separate bank accounts at North Fork, and even then, the subpoena covers a period far beyond that which is relevant to the case, namely, April 1, 2007 to August 31, 2007 (request no. 1).

7.      On its face, the Second North Fork Subpoena seeks information regarding funds *other than the $13 million* deposited and withdrawn from certain accounts.

8.      As the Court may appreciate, as an attorney I have various clients.  The Second North Fork Subpoena threatens to invade areas unrelated to the $13 million advance asserted in

{MG2325.DOC}

the action at bar, and relating to certain of my clients who are not involved with the $13 million advance which is the centerpiece of plaintiffs' action.

      9.     Compliance with the Second North Fork Subpoena will threaten to interfere with and injure relationships with various of my clients. It seems plaintiffs are intent on conducting an improper fishing expedition, going far afield from the case at bar. There is no reason to permit the plaintiffs to have free rein to investigate irrelevant matters, including matters involving other clients of myself/Land Title.

      10.     In sum, plaintiffs seek to invade private information, relating to Land Escrow's clients, going far beyond what is relevant to the within action. It is submitted the subpoena should be quashed, modified and/or limited to prevent the abuses of the Second North Fork Subpoena.

_____
Ephraim Frenkel

Sworn to before me this
4 day of June, 2008

_____
Notary Public

**BONNY K OH**
**NOTARY PUBLIC NEW YORK**
NO. 01OH6144463
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 04/24/2010

{MG2325.DOC}

**EXHIBIT A**

PHILIP R. WHITE
MARC D. YOUNGELSON
**SILLS CUMMIS & GROSS P.C.**
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
**SRAGOW & SRAGOW**
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AMUSEMENT INDUSTRY, INC., a California corporation, dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., a California corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**MOSES STERN, an individual aka MARK STERN; JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company; EPHRAIM FRANKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited liability company,**<br><br>Defendants. | Case No. CV 07-11586 (LAK)<br><br>**NOTICE OF SUBPOENA DUCES TECUM** |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 45(b)(1), plaintiffs Amusement

Industry, Inc. and Practice Finance Co., by their undersigned attorneys, will be serving the

annexed subpoenas duces tecum (with attachments) on the persons and entities identified therein.

Dated:  May 15, 2008

> SRAGOW & SRAGOW
> Attorneys for Plaintiffs
> Amusement Industry, Inc. dba Westland
> Industries and Practical Finance Co., Inc.
> 6665 Long Beach Boulevard, Suite B-22
> Long Beach, California 90805
> (310) 639-0782
>
> By: _____
> Allen P. Sragow

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES; PRACTICAL FINANCE, CO., INC., a California corporation,<br><br>         **Plaintiff,**<br><br>v.<br><br>MOSES STERN, an individual aka MARK STERN, JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited company,<br><br>         **Defendant.** | **SUBPOENA IN A CIVIL CASE**<br><br>Case No. 07 CV 11586<br><br>(Pending in S.D.N.Y) |

TO:    NORTH FORK BANK/CAPITAL ONE, 9025 Main Road, P.O. Box 1439, Mattituck, NY 11952

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped trial deposition in the above case relating to the topics identified in Schedule B hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | — |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A at the place, date, and time specified below.

| PLACE    Sills Cummis & Gross P.C.<br>One Riverfront Plaza<br>Newark, New Jersey 07102 | DATE AND TIME<br>**May 30, 2008**<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | (DATE)<br>5/16/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Marc D. Youngelson, Esq.
    Sills Cummis & Gross P.C.
    One Rockefeller Plaza
    New York, New York 10020
    (212)-643-7000
    Counsel for plaintiffs Amusement Industry, Inc. and Practical Finance Co.

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1394889 v1

## SCHEDULE A

## DEFINITIONS

1.    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with his subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.    Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

5.    Parties.  The terms "plaintiff" and "defendant" as well as party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.    Concerning.  The term "concerning" means related to, referring to, describing,

1

evidencing or constituting.

8.    The following rules of construction apply all discovery requests:

(a)        All/Each.  The terms "all" and "each" shall be construed as all and each.

(b)        And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    The term "BANK" as used herein, refers to NORTH FORK BANK, a Division of Capital One, N.A.

10.    The term "BANK DEPOSIT DOCUMENTS" as used herein, refers to documents showing the originator of the deposit, including the sender's American Bankers Association Number (ABA) or Routing and Transit Number (RTN), or the Input Message Accountability Data (IMAD), and all transaction logs, federal reference documentation, deposit memos, transmission records, routing records, receipts, message information, correspondence, depositary financial institution documentation.

11.    The term "BANK DEBIT DOCUMENTS" as used herein, refers to documents showing the receiver and beneficiary of the debit, including the receiver's American Bankers Association Number (ABA) or Routing and Transit Number (RTN), or the Output Message Accountability Data (OMAD), and all transaction logs, federal reference documentation, debit memos, transmission records, routing records, receipts, message information, correspondence, depositary financial institution documentation, and including all documents showing the receiver and beneficiary of the debit.

12.    The term "LAND TITLE ASSOCIATES ESCROW", as used herein, refers to the Defendant in this action, LAND TITLE ASSOCIATES ESCROW, a New York limited liability

2

company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

    13.    As used herein, the singular and masculine gender shall mean also the plural and feminine or neuter, and vice-versa, as may be appropriate; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; and "all" includes each and every.

    14.    Documents responsive to the requests for production below include any responsive emails and other forms of communication in electronic format that exist, in accordance with F.R.C.P. 34(b), which must be produced in their native electronic format, meaning in the electronic file format in which the subpoenaed party maintains and retains them.

    15.    .

## PREFACE

For the convenience of the responding party, attached hereto as Exhibit A is the July 31, 2007 account statement for the First Republic Group Corp. Escrow Management Account previously produced by the responding party. The requests below primarily relate to and are listed on the July 31, 2007 account statement.

## REQUESTS FOR PRODUCTION

    1.    All account statements, copies of checks, and copies of wire transfers for the period of April 1, 2007 to August 31, 2007 for North Fork Account Numbers:

      a.  5514007904

      b.  5516019766

      c.  005514008290

      d.  005514008332

      e.  005514008258

3

  f. 005514008316

  g. 005514008944

  h. 005514008217

  i. 005514008274

  j. 005514008282

  k. 005514008951

  l. 005514008365

  m. 005514008308

  n. 005514007904

  o. 005514008241

  p. 005514008266

  q. 005514001329

2. All documents concerning the following deposits into Land Title Associates Escrow's account at the BANK, account number 5514007904, including all BANK DEPOSIT DOCUMENTS, as defined above.

 a. Eight Million Six Hundred Seventy Seven Thousand Five Hundred Dollars ($8,677,500.00) deposited from "IOLA-Tepfer and Tepfer PC SPEC" on about July 12, 2007

3. All documents concerning the following deposits into First Republic Group Corp.'s account at the BANK, account number 5516019766, including all BANK DEPOSIT DOCUMENTS, as defined above.

 a. Two Million Three Hundred Twenty Five Thousand Dollars ($2,325,000.00) deposited from "FIRST REPUBLIC GROUP CORP" on about July 13, 2007.

b. One Million Two Hundred Sixty Thousand Dollars ($1,260,000.00) deposited from "WEB XFER FR DDA 005514008290" on about July 13, 2007.

c. One Million One Hundred Eighty Thousand Dollars ($1,180,000.00) deposited from "WEB XFER FR DDA 005514008332" on about July 13, 2007.

d. Three Hundred Fifty Thousand Dollars ($350,000.00) deposited from "WEB XFER FR DDA 005514008258" on about July13, 2007.

e. Two Hundred Thirty Thousand Dollars ($230,000.00) deposited from "WEB XFER FR DDA 005514008258" on about July 13, 2007.

f. One Hundred Fifty Thousand Dollars ($150,000.00) deposited from "WEB XFER FR DDA 005514008316" on about July 13, 2007.

g. One Hundred Thirty Thousand Dollars ($130,000.00) deposited from "WEB XFER FR DDA 005514008944" on about July 13, 2007.

h. One Hundred Twenty Thousand Dollars ($120,000.00) deposited from "WEB XFER FR DDA 005514008217" on about July 13, 2007.

i. One Hundred Thousand Dollars ($100,000.00) deposited from "WEB XFER FR DDA 005514008274" on about July 13, 2007 .

j. One Hundred Thousand Dollars ($100,000.00) deposited from "WEB XFER FR DDA 005514008282" on about July 13, 2007.

k. Seventy Thousand Dollars ($70,000.00) deposited from "WEB XFER FR DDA 005514008951" on about July 13, 2007.

l. Fifty Thousand Dollars ($50,000.00) deposited from "WEB XFER FR DDA 005514008365" on about July 13, 2007.

m. Fifty Thousand Dollars ($50,000.00) deposited from "WEB XFER FR DDA

005514008308" on about July 13, 2007.

n.  Fifty Thousand Dollars ($50,000.00) deposited from "WEB XFER FR DDA 005514007904" on about July 13, 2007.

o.  Thirty Thousand Dollars ($30,000.00) deposited from "WEB XFER FR DDA 005514008241" on about July 13, 2007.

p.  Twenty Thousand Dollars ($20,000.00) deposited from "WEB XFER FR DDA 005514008266" on about July 13, 2007.

q.  Twenty Thousand Dollars ($20,000.00) deposited from "WEB XFER FR DDA 005514001329" on about July 13, 2007.

r.  Two Million Six Hundred Seventy Thousand Dollars ($2,670,000.00) deposited from "FIRST REPUBLIC GROUP CORP" on about July 16, 2007.

s.  Nine Hundred Thirty Four Thousand Five Hundred Dollars ($934,500.00) deposited from "LAND TITLE" on about July 16, 2007, including all documents showing the originator of the deposit.

t.  Eight Hundred Fifty Thousand Dollars ($850,000.00) deposited from "WEB XFER FR DDA 005514008209" on about July 23, 2007.

4.  All documents concerning the following debits from First Republic Group Corp.'s account at the BANK, account number 5516019766, including all BANK DEBIT DOCUMENTS, as defined above:

a.  Eight Million Six Hundred Seventy Seven Thousand Five Hundred Dollars ($8,677,500.00) debited on about July 12, 2007, and disbursed to Tepfer and Tepfer.

b.  Two Million Six Hundred Seventy Thousand Dollars ($2,670,000.00) debited on

6

about July 12, 2007, and disbursed to Roman Associates.

c.   Two Million Three Hundred Twenty Five Thousand Dollars ($2,325,000.00) debited on about July 12, 2007, and disbursed to GMAC.

d.   Nine Hundred Thirty Four Thousand Five Hundred Dollars ($934,500.00) debited on about July 12, 2007, and disbursed to Bruce W Minsky Esq..

e.   Nine Hundred Thirty Four Thousand Five Hundred Dollars ($934,000.00) debited on about July12, 2007, and disbursed to Land Title Associates.

f.   Two Hundred Seventy Seven Thousand Five Hundred Dollars ($277,500.00) debited on about July 12, 2007, and disbursed to Latham & Watkins LLP.

g.   Two Hundred Thousand Dollars ($200,000.00) debited on about July 12, 2007, and disbursed to Herrick Feinstein LLP.

h.   One Hundred Eleven Thousand Seven Hundred Sixty Dollars ($111,760.00) debited on about July 12, 2007, and disbursed to SMBC Derivative Products Limit.

i.   Ninety Six Thousand Four Hundred Eighty Five Dollars ($96,485.00) debited on about July 12, 2007, and disbursed to Integra Realty Resources.

j.   Eighty Eight Thousand Five Hundred Thirty Eight Dollars and Forty Two Cents ($88,538.42) debited on about July 12, 2007, and disbursed to Helix Financial including all BANK DEBIT DOCUMENTS, as defined above.

k.   Forty Four Thousand Eight Hundred Dollars ($44,800.00) debited on about July 12, 2007, and disbursed to LandAmerica Assesment Corp.

l.   Sixteen Thousand One Hundred Twenty Five Dollars ($16,125.00) debited on about July 12, 2007, and disbursed to LeaseProbe.

m.   Fifteen Thousand Dollars ($15,000.00) debited on about July 12, 2007, and

7

disbursed to Young Conaway Stargatt & Taylor, including all documents showing the receiver and beneficiary of the debit.

n. Twelve Thousand Four Hundred Dollars ($12,400.00) debited on about July 12, 2007, and disbursed to Parker Hudson Rainer & Dobbs LLP.

o. Eleven Thousand One Hundred Seventy Six Dollars ($11,176.00) debited on about July 12, 2007, and disbursed to Chatham Financial Corp.

p. Seven Thousand One Dollars and Eighty Cents ($7,001.80) debited on about July 12, 2007, and disbursed to The Planning & Zoning Resource.

q. Six Thousand Eight Hundred Dollars ($6,800.00) debited on about July 12, 2007, and disbursed to Odin Feldman & Pittleman PC.

r. Two Thousand Four Hundred Dollars ($2,400.00) debited on about July 12, 2007, and disbursed to LandAmerica Assesment Corp.

s. One Thousand Three Hundred Fifty Dollars and Ninety Six Cents Dollars ($1,350.96) debited on about July 12, 2007, and disbursed to ChoicePoint.

t. Six Million Three Hundred Thirty Seven Thousand Forty Seven Dollars and Sixty Two Cents ($6,337,047.62) debited on about July 13, 2007, and disbursed to First Republic Group Realty.

u. One Million One Hundred Sixteen Thousand Two Hundred Ten Dollars ($1,116,210.00) debited on about July 13, 2007, and disbursed to CRLP.

v. Nine Hundred Seventy Five Thousand Dollars ($975,000.00) debited on about July 13, 2007, and disbursed to Northmarg Capital Inc..

w. Three Hundred Fifty Thousand Dollars ($350,000.00) debited on about July13, 2007, and disbursed to Reiss Eisenpress LLP.

x.  Two Hundred Thirty Thousand Dollars ($230,000.00) debited on about July 13, 2007, and disbursed to Citigroup Global Markets Realty.

y.  Twelve Thousand Dollars ($12,000.00) debited on about July 13, 2007, and disbursed to Cavazos, Hendricks & Poirot PC.

z.  Five Thousand Seven Hundred Fifty Dollars ($5,750.00) debited on about July 13, 2007, and disbursed to Burr Forman LLP.

aa. Seven Hundred Forty Three Dollars and Twenty Eight Cents ($743.28) debited on about July 13, 2007, and disbursed to Citigroup Global Markets Realty.

bb. Fifty Thousand Dollars ($50,000.00) debited on about July 16, 2007, and disbursed to First Republic Group Realty.

cc. Fifty Thousand Dollars ($50,000.00) debited on about July16, 2007, and disbursed to Buchan Ingersoll PC.

dd. Twenty Seven Thousand Dollars ($27,000.00) debited on about July 16, 2007, and disbursed to CRLP/Corporate Account.

ee. Fifteen Thousand Five Hundred Twenty Dollars ($15,520.00) debited on about July 16, 2007, and disbursed to Integra Realty Resources.

ff. Twelve Thousand Dollars ($12,000.00) debited on about July 16, 2007, and disbursed to Cavazos, Hendricks & Poirot PC.

gg. One Million Two Hundred Sixty Thousand Dollars ($1,260,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008290.

hh. One Million One Hundred Eighty Thousand Dollars ($1,180,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008332.

ii. Three Hundred Fifty Thousand Dollars ($350,000.00) debited on about July16,

2007, and disbursed to WEB XFER TO DDA 005514008258.

jj. Two Hundred Twenty Nine Thousand Seven Hundred Seventy Dollars ($229,770.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008258.

kk. One Hundred Fifty Thousand Dollars ($150,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008316.

ll. One Hundred Thirty Thousand Dollars ($130,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008944.

mm. One Hundred Twenty Thousand Dollars ($120,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008217.

nn. One Hundred Thousand Dollars ($100,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008282.

oo. One Hundred Thousand Dollars ($100,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008274.

pp. Seventy Thousand Dollars ($70,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008951.

qq. Fifty Thousand Dollars ($50,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514007904.

rr. Fifty Thousand Dollars ($50,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008365.

ss. Fifty Thousand Dollars ($50,000.00) debited on about July16, 2007, and disbursed to WEB XFER TO DDA 005514008308, including all documents showing the receiver and beneficiary of the debit.

tt. Thirty Thousand Dollars ($30,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008241.

uu. Twenty Thousand Dollars ($20,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514008266.

vv. Twenty Thousand Dollars ($20,000.00) debited on about July 16, 2007, and disbursed to WEB XFER TO DDA 005514001329.

ww. One Million One Hundred Thirty Four Thousand Nine Hundred Thirty Four Dollars and Forty Two Cents ($1,134,934.42) debited on about July 17, 2007, and disbursed to Bruce Minsky, Esq..

xx. Eight Hundred Fifty Thousand Dollars ($850,000.00) debited on about July 20, 2007, and disbursed to 005514007797.

yy. Five Thousand Two Hundred Fifty Dollars ($5,250.00) debited on about July 23, 2007, and disbursed to Carruthers & Roth PA Trust Account.

5. All documents concerning the following checks drawn from First Republic Group Corp.'s account at the BANK, account number 5516019766, including all BANK DEBIT DOCUMENTS, as defined above and all cancelled checks, deposit tickets, and credit and debit memos:

a. Fifty Thousand Dollars ($50,000.00) debited on about July 20, 2007, described as Check No. 1024.

b. Fifty Thousand Dollars ($50,000.00) debited on about July 23, 2007, described as Check No. 1028.

c. Fifty Thousand Dollars ($50,000.00) debited on about July 23, 2007, described as Check No. 1029.

11

d.  Ten Thousand One Hundred Dollars ($10,100.00) debited on about July 24, 2007, described as Check No. 1012.

e.  One Thousand Five Hundred Dollars ($1,500.00) debited on about July 26, 2007, described as Check No. 1031.

f.  Eleven Thousand Seven Hundred Eighty Four Dollars ($11,784.00) debited on about July 27, 2007, described as Check No. 1018.

g.  Forty Eight Thousand Dollars ($48,000.00) debited on about July 30, 2007, described as Check No. 1014.

h.  One Thousand Four Hundred Dollars ($1,400.00) debited on about July 30, 2007, described as Check No. 1032.

EXHIBIT A

```
FAIR LAWN                                    NOTICE: See Reverse side
For Information: (877)694-9111               for Important Information

                                                          7-31-07
                                                          PAGE    1
                                     JEM                  5516019766
                                                          8 ENCLOSURES

FIRST REPUBLIC GROUP CORP                    551
C/O LAND TITLE ASSOCIATES AGENCY,L
1979 MARCUS AVE STE 209
NEW HYDE PARK NY 11042-1002


         MORE BRANCHES, MORE ATMS, MORE HOURS, MORE LOCATIONS,
         MORE WAYS TO SERVE YOU BETTER. FOR A WIDE RANGE OF
         PRODUCTS TO BETTER SERVE YOUR FINANCIAL NEEDS CALL OUR
         TELEPHONE EXPRESS BANKING CENTER AT 877-694-9111.


   ESCROW MANAGEMENT ACCOUNT              551601 976 6

              Previous Balance                                .00
              +Deposits/Credits    7-03-07                     .00
                                        22      32,367,000.00
              -Checks/Debits            63      31,737,121.50
              -Service Charge                                  .00
              +Interest Paid                                   .00
              Ending Balance      7-31-07                   956.43
              Days in Statement Period  28                630,834.93

                            INTEREST INFORMATION
              Average Daily Balance                       630,830.61
              Interest Paid This Year                        956.43
        Date        Rate       Date      Rate      Date         Rate
        7-03        .250%
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Beginning Balance | | | | .00 |
| 7-03 | TRANSFER FROM 5514007904 | | | 13,000,000.00 | 13,000,000.00 |
| 7-05 | INT PMT 07/03/07 THRU 07/04/07 | | | 178.07 | 13,000,178.07 |
| 7-06 | INT PMT 07/05/07 THRU 07/05/07 | | | 89.04 | 13,000,267.11 |
| 7-08 | INT PMT 07/06/07 THRU 07/07/07 | | | 178.08 | 13,000,445.19 |
| 7-09 | INT PMT 07/08/07 THRU 07/08/07 | | | 89.04 | 13,000,534.23 |
| 7-10 | INT PMT 07/09/07 THRU 07/09/07 | | | 89.04 | 13,000,623.27 |
| 7-11 | INT PMT 07/10/07 THRU 07/10/07 | | | 89.04 | 13,000,712.31 |
| 7-12 | WEB XFER FR DDA 005514007904 | | | 8,677,500.00 | 21,678,212.31 |
| 7-12 | Tepfer and Tepfer | | 8,677,500.00 | | 13,000,712.31 |
| 7-12 | Roman Associates | | 2,670,000.00 | | 10,330,712.31 |
| 7-12 | GMAC | | 2,325,000.00 | | 8,005,712.31 |
| 7-12 | Bruce W Minsky Esq | | 934,500.00 | | 7,071,212.31 |
| 7-12 | Land Title Associates | | 934,500.00 | | 6,136,712.31 |
| 7-12 | Latham& Watkins LLP | | 277,500.00 | | 5,859,212.31 |
| 7-12 | Herrick Feinstein LLP | | 200,000.00 | | 5,659,212.31 |
| 7-12 | SMBC Derivative Products Limit | | 111,760.00 | | 5,547,452.31 |
| 7-12 | Integra Realty Resources | | 96,485.00 | | 5,450,967.31 |
| 7-12 | Helix Financial | | 88,538.42 | | 5,362,428.89 |
| 7-12 | LandAmerica Assesment Corp | | 44,800.00 | | 5,317,628.89 |
| 7-12 | LeaseProbe | | 16,125.00 | | 5,301,503.89 |
| 7-12 | Young Conaway Stargatt & Taylo | | 15,000.00 | | 5,286,503.89 |
| 7-12 | Parker Hudson Rainer & Dobbs L | | 12,400.00 | | 5,274,103.89 |
| 7-12 | Chatham Financial Corp | | 11,176.00 | | 5,262,927.89 |
| 7-12 | The Planing & Zoning Resource | | 7,001.80 | | 5,255,926.09 |
| 7-12 | Odin Feldman & Pittleman PC | | 6,800.00 | | 5,249,126.09 |
| 7-12 | LandAmerica Assesment Corp | | 2,400.00 | | 5,246,726.09 |
| 7-12 | ChoicePoint | | 1,350.96 | | 5,245,375.13 |
| 7-12 | INT PMT 07/11/07 THRU 07/11/07 | | | 89.04 | 5,245,464.17 |
| 7-13 | FIRST REPUBLIC GROUP CORP | | | 2,325,000.00 | 7,570,464.17 |
| 7-13 | WEB XFER FR DDA 005514008290 | | | 1,260,000.00 | 8,830,464.17 |
| 7-13 | WEB XFER FR DDA 005514008332 | | | 1,180,000.00 | 10,010,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 350,000.00 | 10,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 230,000.00 | 10,590,464.17 |
| 7-13 | WEB XFER FR DDA 005514008316 | | | 150,000.00 | 10,740,464.17 |
| 7-13 | WEB XFER FR DDA 005514008944 | | | 130,000.00 | 10,870,464.17 |
| 7-13 | WEB XFER FR DDA 005514008217 | | | 120,000.00 | 10,990,464.17 |

Continued on next page

```
FIRST REPUBLIC GROUP CORP                              7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L                     PAGE   2
1979 MARCUS AVE STE 209                                5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Balance Forward | | | | 10,990,464.17 |
| 7-13 | WEB XFER FR DDA 005514008274 | | | 100,000.00 | 11,090,464.17 |
| 7-13 | WEB XFER FR DDA 005514008282 | | | 100,000.00 | 11,190,464.17 |
| 7-13 | WEB XFER FR DDA 005514008951 | | | 70,000.00 | 11,260,464.17 |
| 7-13 | WEB XFER FR DDA 005514008365 | | | 50,000.00 | 11,310,464.17 |
| 7-13 | WEB XFER FR DDA 005514008308 | | | 50,000.00 | 11,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514007904 | | | 50,000.00 | 11,410,464.17 |
| 7-13 | WEB XFER FR DDA 005514008241 | | | 30,000.00 | 11,440,464.17 |
| 7-13 | WEB XFER FR DDA 005514008266 | | | 20,000.00 | 11,460,464.17 |
| 7-13 | WEB XFER FR DDA 005514001329 | | | 20,000.00 | 11,480,464.17 |
| 7-13 | Incoming Wire Transfer Fee | | | | 11,480,449.17 |
| 7-13 | first republic group realty/s | | 6,337,047.62 | | 5,143,401.55 |
| 7-13 | CRLP | | 15.00 | | 5,143,401.55 |
| 7-13 | northmarq capital inc | | 1,116,210.00 | | 4,027,191.55 |
| 7-13 | Reiss Eisenpress LLP | | 975,000.00 | | 3,052,191.55 |
| 7-13 | Citigroup Global Markets Realt | | 350,000.00 | | 2,702,191.55 |
| 7-13 | Cavazos, Hendricks & Poirot PC | | 230,000.00 | | 2,472,191.55 |
| 7-13 | Burr & Forman LLP | | 12,000.00 | | 2,460,191.55 |
| 7-13 | citigroup global markets realt | | 5,750.00 | | 2,454,441.55 |
| 7-13 | INT PMT 07/12/07 THRU 07/12/07 | | 743.28 | | 2,453,698.27 |
| 7-13 | INT PMT 07/13/07 THRU 07/14/07 | | | 35.93 | 2,453,734.20 |
| 7-15 | INT PMT 07/13/07 THRU 07/14/07 | | | 33.61 | 2,453,767.81 |
| 7-16 | FIRST REPUBLIC GROUP CORP | | | 2,670,000.00 | 5,123,767.81 |
| 7-16 | LAND TITLE | | | 934,500.00 | 6,058,267.81 |
| 7-16 | Incoming Wire Transfer Fee | | 15.00 | | 6,058,252.81 |
| 7-16 | Incoming Wire Transfer Fee | | 15.00 | | 6,058,237.81 |
| 7-16 | First Republic Group Realty/St | | 50,000.00 | | 6,008,237.81 |
| 7-16 | Buchanan Ingersoll PC | | 50,000.00 | | 5,958,237.81 |
| 7-16 | CRLP/ Corporate Account | | 27,000.00 | | 5,931,237.81 |
| 7-16 | Integra Realty Resources | | 15,520.00 | | 5,915,717.81 |
| 7-16 | Cavazos, Hendricks & Poirot PC | | 12,000.00 | | 5,903,717.81 |
| 7-16 | WEB XFER TO DDA 005514008290 | | 1,260,000.00 | | 4,643,717.81 |
| 7-16 | WEB XFER TO DDA 005514008332 | | 1,180,000.00 | | 3,463,717.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 350,000.00 | | 3,113,717.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 229,770.00 | | 2,883,947.81 |
| 7-16 | WEB XFER TO DDA 005514008316 | | 150,000.00 | | 2,733,947.81 |
| 7-16 | WEB XFER TO DDA 005514008944 | | 130,000.00 | | 2,603,947.81 |
| 7-16 | WEB XFER TO DDA 005514008217 | | 120,000.00 | | 2,483,947.81 |
| 7-16 | WEB XFER TO DDA 005514008282 | | 100,000.00 | | 2,383,947.81 |
| 7-16 | WEB XFER TO DDA 005514008274 | | 100,000.00 | | 2,283,947.81 |
| 7-16 | WEB XFER TO DDA 005514008951 | | 70,000.00 | | 2,213,947.81 |
| 7-16 | WEB XFER TO DDA 005514007904 | | 50,000.00 | | 2,163,947.81 |
| 7-16 | WEB XFER TO DDA 005514008365 | | 50,000.00 | | 2,113,947.81 |
| 7-16 | WEB XFER TO DDA 005514008308 | | 50,000.00 | | 2,063,947.81 |
| 7-16 | WEB XFER TO DDA 005514008241 | | 30,000.00 | | 2,033,947.81 |
| 7-16 | WEB XFER TO DDA 005514008266 | | 20,000.00 | | 2,013,947.81 |
| 7-16 | WEB XFER TO DDA 005514001329 | | 20,000.00 | | 1,993,947.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 230.00 | | 1,993,717.81 |
| 7-16 | INT PMT 07/15/07 THRU 07/15/07 | | | 16.81 | 1,993,734.62 |
| 7-17 | Bruce Minsky, Esq | | 1,134,934.42 | | 858,800.20 |
| 7-17 | INT PMT 07/16/07 THRU 07/16/07 | | | 13.66 | 858,813.86 |
| 7-18 | INT PMT 07/17/07 THRU 07/17/07 | | | 5.88 | 858,819.74 |
| 7-19 | INT PMT 07/18/07 THRU 07/18/07 | | | 5.88 | 858,825.62 |
| 7-20 | WEB XFER TO DDA 005514007797 | 1024 | 850,000.00 | | 8,825.62 |
| 7-20 | INT PMT 07/19/07 THRU 07/19/07 | | 50,000.00 | | 41,174.38- |
| 7-23 | WEB XFER FR DDA 005514008209 | | | 5.88 | 41,168.50- |
| 7-23 | Carruthers & Roth PA Trust Acc | | | 850,000.00 | 808,831.50 |
| 7-23 | | 1028 | 5,250.00 | | 803,581.50 |
| 7-24 | INT PMT 07/23/07 THRU 07/23/07 | 1029 | 50,000.00 | | 753,581.50 |
| 7-25 | | 1012 | 50,000.00 | | 703,581.50 |
| 7-25 | INT PMT 07/24/07 THRU 07/24/07 | | 10,100.00 | 4.82 | 703,586.32 |
| 7-26 | | 1031 | | 4.82 | 693,486.32 |
| 7-26 | INT PMT 07/25/07 THRU 07/25/07 | 1018 | 1,500.00 | 4.75 | 693,491.14 |
| 7-27 | | | 11,784.00 | | 691,991.14 |
| 7-27 | INT PMT 07/26/07 THRU 07/26/07 | | | 4.74 | 691,995.89 |
| | | | | | 680,211.89 |
| | | | | | 680,216.63 |

Continued on next page

```
FIRST REPUBLIC GROUP CORP                          7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L           PAGE    3
1979 MARCUS AVE STE 209                      5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Balance Forward | | | 9.32 | 680,216.63 |
| 7-29 | INT PMT 07/27/07 THRU 07/28/07 | | | 9.32 | 680,225.95 |
| 7-30 | | 1014 | 48,000.00 | | 632,225.95 |
| 7-30 | | 1032 | 1,400.00 | | 630,825.95 |
| 7-30 | INT PMT 07/29/07 THRU 07/29/07 | | | 4.66 | 630,830.61 |
| 7-31 | INT PMT 07/30/07 THRU 07/30/07 | | | 4.32 | 630,834.93 |
| | Ending Balance | | | | 630,834.93 |

CHECKS PAID DURING STATEMENT PERIOD     * INDICATES CHECK OUT OF SEQUENCE

| NUMBER | DATE | AMOUNT | NUMBER | DATE | AMOUNT |
|--------|------|--------|--------|------|--------|
| 1012 | 7-25 | 10100.00 | 1014* | 7-30 | 48000.00 |
| 1018* | 7-27 | 11784.00 | 1024* | 7-20 | 50000.00 |
| 1028* | 7-23 | 50000.00 | 1029 | 7-23 | 50000.00 |
| 1031* | 7-26 | 1500.00 | 1032 | 7-30 | 1400.00 |

Please be advised that we are not legally obligated to print these
statements out on North Fork statement paper. Due to the fact
effective August 1, 2007, North Fork Bank was merged into
Capital One, N.A.

END OF STATEMENT

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6665 Long Beach Blvd., Suite B-22, Long Beach, CA 90805.

     On May 19, 2008, I served the foregoing document(s) described as: NOTICE OF SUBPOENA DUCES TECUM, thereof, on interested parties:

XX
_____        **BY MAIL -** by placing a true and correct copy thereof enclosed in an addressed envelope as follows:

| | |
|---|---|
| Philip S. Ross<br>Stephen R. Stern<br>Hoffinger, Stern & Ross, LLP<br>150 East 58th Street<br>New York, NY 10155 | Philip R. White, Esq.<br>Marc D. Youngelson, Esq.<br>Sills Cummis & Gross P.C.<br>One Riverfront Plaza<br>Newark, NJ  07102 |
| Jonathan D. Lupkin<br>Jean Marie Hackett<br>Flemming Zulack Williamson Zauderer LLP<br>One Liberty Plaza<br>New York, New York 10006 | Michael Lynn<br>Arthur Brown<br>Efrem Schwalb<br>Kay Scholer LLP<br>425 Park Avenue<br>New York, NY 10022 |

     I caused such envelope to be deposited in the mail at Long Beach, California.  I am readily familiar with the firm's practice of collection and processing mail.  It is picked up by a postal courier on that same day in the ordinary course of business.

_____        **BY PERSONAL SERVICE -** by delivering true and correct copies thereof by hand delivery to the persons at the following address:

_____        **STATE -** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX
_____        **FEDERAL -** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 19, 2008 at Long Beach, California.

Farida Baig