UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,

                               Plaintiffs,

   - against -

MOSES STERN, aka MARK STERN; JOSHUA SAFRIN,
FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM
FRENKEL, LAND TITLE ASSOCIATES ESCROW,

                               Defendants.

No. 07 Civ. 11586 (LAK)(GWG)

(ECF)

------------------------------------------------------------------------ X
JOSHUA SAFRIN,

               Defendant/Third Party-Crossclaim-
               Counterclaim-Plaintiff,

   - against –

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL
REALTY ADVISORS LLC, and FIRST REPUBLIC GROUP
CORP.,

               Third Party Defendants,

   - and -

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND
TITLE ASSOCIATES ESCROW,

               Defendants/Crossclaim Defendants,

   - and -

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.,

               Plaintiffs/Counterclaim Defendants.
------------------------------------------------------------------------ X

## DEFENDANT JOSHUA SAFRIN'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS/CROSSCLAIM DEFENDANTS' MOTIONS TO DISMISS

Of Counsel:
    Jonathan D. Lupkin
    Jean Marie Hackett

**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
**Attorneys for Defendant Joshua Safrin**
**One Liberty Plaza, 35th Floor**
**New York, New York 10006**
**(212) 412-9500**

**PRELIMINARY STATEMENT**

Defendant/Third Party-Counterclaim-Crossclaim-Plaintiff Joshua Safrin ("Safrin") submits this Memorandum of Law in opposition to the motions filed by Defendants/Crossclaim Defendants First Republic Group Realty LLC ("First Republic") and Mark Stern ("Stern") (Docket Entry # 76), and by Defendants/Crossclaim Defendants Ephraim Frenkel ("Frenkel") and Land Title Associates Escrow ("Land Escrow") (Docket Entry # 79) to "strike or dismiss" the crossclaims asserted against them (First Republic, Stern, Frenkel, and Land Title are collectively referred to herein as the "Crossclaim Defendants" or "Stern Defendants").[1]

This Motion is notable not for what it argues, but what it fails to argue. It utterly fails to challenge (or even purport to challenge) the legal sufficiency of the claims asserted by Safrin against the Crossclaim Defendants. The movants also do not challenge the procedural correctness of Safrin's third party complaint itself; they cannot, since it asserts proper claims against additional parties. Instead, their sole gripe is that the crossclaims have been improperly included in a "third party complaint," instead of in an answer.

The Crossclaim Defendants' hyper-technical argument lacks merit and is contrary to the common sense practicalities that inform any interpretation of the Federal Rules of Civil Procedure. As set forth more fully below, the inclusion of crossclaims in a third party complaint is plainly appropriate; crossclaims may be interposed in a "pleading," and a "third party complaint" is explicitly recognized as a "pleading" in the Rules themselves. We respectfully submit that the Motion is a thinly veiled attempt to delay the Crossclaim Defendants' obligation to answer the crossclaims and, thereby, take formal positions on Safrin's allegations that they conspired to misappropriate his identity and utilize forged documentation to secure financing.

For these reasons and the reasons set forth below, Safrin respectfully requests that the Motion be denied in all respects.

---

[1] Because both motions refer to the same memorandum of law (Docket Entry # 77), they are collectively referred to herein as the "Motion", and the supporting memorandum law is referred to as the "MOL."

**PROCEDURAL HISTORY**

On February 27, 2008, all of the defendants in this matter filed motions to dismiss the complaint in its entirety. These motions remain sub judice, and to date, no answers have been filed. On February 28, 2008, the Court held a pre-trial conference, which resulted in a scheduling order ("Scheduling Order") entered on March 5, 2008. The Scheduling Order set May 1, 2008 as the deadline for joinder of additional parties.

On May 1, 2008, Safrin impleaded third party defendants Stephen Friedman ("Friedman"), Steven Alevy, Buchanan Ingersoll & Rooney, P.C., Bankers Capital Realty Advisors LLC, and First Republic Group Corp. (hereinafter collectively referred to as the "Third Party Defendants"). In his pleading, and together with traditional contribution and indemnification claims, Safrin also asserted against the Third Party Defendants several independent tort claims and a claim for declaratory judgment. Fed. R. Civ. P. 18; 28 U.S.C. § 1367. In that same pleading, and pursuant to Fed. R. Civ. P. 13(g), Safrin also asserted crossclaims against co-defendants Stern , First Republic, Frenkel, and Land Title. The crossclaims asserted against the Stern Defendants are the same as those asserted against the Third Party Defendants. On May 29, 2008, and with Court approval, Safrin filed an amended pleading, which asserts the same claims for relief asserted against the Third Party Defendants and the Stern Defendants as were interposed against these parties in the original third party complaint.

**ARGUMENT**

**I.   SAFRIN'S ASSERTION OF CROSSCLAIMS IN HIS PLEADING IS ENTIRELY PROPER UNDER THE FEDERAL RULES OF CIVIL PROCEDURE**

   **A.   Rule 13(g) Requires Only That Crossclaims Be Asserted In A "Pleading," And Rule 7(a) Makes Clear That A Third Party Complaint Constitutes Such A "Pleading"**

Courts have been charged with the overarching mandate to "construe[]" and "administer[]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive

2

determination of every action and proceeding." Fed. R. Civ. P. 1. As the Sixth Circuit has explained:

> Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are 'intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.' Blair v. Cleveland Twist Drill Co., 197 F.2d 842, 845 (7th Cir. [1952]). The aim of these rules 'is facilitation not frustration of decisions on the merits.' Frommeyer v. L. & R. Construction Co., 139 F. Supp. 579, 585 (D.N.J. [1956]).

LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander, 414 F.2d 143, 146 (6th Cir. 1969); U.S. v. All Right, Title and Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of New York, No. 95 Civ. 10929 (HB THK), 1996 WL 695671 at *10 (S.D.N.Y. Dec. 5, 1996), aff'd, 1997 WL 220309 (S.D.N.Y. May 1, 1997) ("In furtherance of the underlying policy of Rule 13(g) -- to settle as many related claims as possible in a single action -- the Rule encourages liberal joinder of claims at the pleading stage . . . .").

With this in mind, Safrin's assertion of crossclaims against the Stern Defendants is entirely proper under the Federal Rules of Civil Procedure. Rule 13(g) of sets forth three straightforward prerequisites for interposing a proper crossclaim. A crossclaim must be (a) stated in a "pleading;" (b) brought by one party against a "co-party;" and (c) arise out of the same transaction or occurrence, or relate to the same property, that is the subject matter of the original action. See Fed. R. Civ. P. 13(g). "Therefore, so long as the requirements of Rule 13(g) are met, courts should entertain the cross-claim if doing so would further policies of judicial economy, convenience and fairness to litigants." U.S. v. All Right, Title and Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of New York, 1996 WL 695671 at *8 (internal quotation marks and citations omitted).

Safrin's crossclaims satisfy each of these prerequisites:

3

    (1) Under Fed. R. Civ. P. 7(a), a third party complaint, such as the one filed by Safrin, is a recognized "pleading;"[2]

    (2) As explained in <u>Mauney v. Imperial Delivery Servs., Inc.</u>, 865 F. Supp. 142 (S.D.N.Y. 1994), cited by the Stern Defendants (<u>see</u> MOL at 2), a "co-party" is defined as "any party that is not an opposing party." <u>Id.</u> at 153 (internal quotation marks and citation omitted). As defendants to this lawsuit, the Stern Defendants are "co-parties" with Safrin within the meaning of Rule 13; and

    (3) All of the claims asserted against the Stern Defendants "arise[] out of the same transaction or occurrence, or relate[] to the same property, that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Here, the main action relates to a series of transactions and negotiations pursued in connection with efforts to secure financing for the purchase of a portfolio of real estate located throughout the Southeastern United States. <u>See</u> the accompanying Declaration of Jonathan D. Lupkin, executed June 5, 2008, at Exhibit 1 (Amended Third Party Complaint (Containing Crossclaims and Counterclaims)), at ¶¶ 2-3.

    Plaintiffs premise their entire case against Safrin on the claim that he participated in these transactions and negotiations through Friedman, who purportedly acted as Safrin's attorney and agent. <u>Id.</u> at ¶ 2. Safrin's crossclaims relate to these same underlying facts. They allege that the Stern Defendants, together with Friedman and the other Third Party Defendants, were integral members of a conspiracy to misappropriate Safrin's identity (i.e., his name, stellar reputation in the real estate industry, and financial wherewithal) in order to secure the financing for the purchase of the real estate portfolio. <u>Id.</u> at ¶ 3.

The fact is that parties to multi-party litigation such as this *do* combine crossclaims (and counterclaims) into a single pleading that includes a third party complaint. <u>See, e.g</u>, <u>Various Markets, Inc. v. Chase Manhattan Bank, N.A.</u>, 908 F. Supp. 459 (E.D. Mich. 1995) (noting that

---

[2] Rule 7(a) provides that "[o]nly these pleadings are allowed:

    (1) a complaint;
    (2) an answer to a complaint;
    (3) an answer to a counterclaim designated as a counterclaim;
    (4) an answer to a crossclaim;
    (5) *a third-party complaint*;
    (6) an answer to a third-party complaint; and
    (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a)) (emphasis added).

4

defendant Chase's third party claims "were asserted at the same time -- indeed, in the same pleading -- as its counterclaim against VMI and Depuis, the Plaintiffs in the principal action"; held, third party defendants' motions for summary judgment denied to the extent they "seek dismissal based upon . . . purported non-compliance with Rule 14(a)").[3]

Accordingly, Safrin has properly asserted crossclaims against the Stern Defendants in his third party complaint.

### B. The Stern Defendants' Challenge To The "Pleading" Selected By Safrin To Interpose His Crossclaims Has No Merit

At its core, the Stern Defendants' actual -- and unsupported -- contention seems to be that Safrin's crossclaims are improper because they are not asserted in an answer. MOL at nn.1-2. It is true that Safrin has not yet filed an answer, but he is not yet required to do so. He has moved to dismiss all of the claims asserted against him by the plaintiffs, and that motion remains undecided. However, as set forth above, nothing in the Federal Rules of Civil Procedure prohibits Safrin from asserting crossclaims against the Stern Defendants in conjunction with his third party complaint -- one of several "pleadings" (in addition to an answer) recognized under the Federal Rules -- and nothing cited by the Stern Defendants provides otherwise.

None of the authorities cited by the Stern Defendants undermines this basic conclusion. Instead, the cases cited stand for the unremarkable proposition that Rule 14(a) permits joinder of non-parties only. See, e.g., MOL at 2-3 (citing Mauney, 865 F. Supp. at 153 (because defendants are unable to file third party claims against already-joined third party defendants, defendants would be permitted to assert crossclaims against such already joined third-party defendants); Henz v. Superior Trucking Co., 96 F.R.D. 219, 220 (M.D. Pa. 1982) (third party complaint against original plaintiff improper; "[Plaintiff] is already a party to the action and thus he cannot be a third party defendant under Rule 14(a)"); Atlantic Nat'l Bank of Jacksonville v. First Nat'l

---

[3] The Court's recognition in Various Markets of the right to assert counterclaims against the original plaintiff in a third party complaint is equally appropriate in the context of crossclaims asserted against original co-defendants, the type of claims being challenged on this motion. Pursuant to Rule 13, counterclaims, like crossclaims, may be stated in "[a] pleading," and, as noted above, Rule 7 specifically recognizes a "third party complaint" as a "pleading."

Bank, 7 F.R.D. 573 (M.D. Pa. 1947) (third party defendant Chapin attempted to join original plaintiff to action under Rule 14(a)); Horton v. Continental Trucking Co., 19 F.R.D. 429, 431-32 (D. Neb. 1956) (denying defendant's motion to bring in another defendant to the action as a third party defendant); *Moore's Federal Practice* § 14.09 ("impleader rule expressly provides for the joinder of a 'nonparty'"); Baicker-McKee, *Federal Civil Rules Handbook* at 441 ("[o]nly persons not already parties may be impleaded.")). Here, by contrast, Safrin has only joined as third party defendants persons and entities who were not already parties to the litigation. In that same pleading, though, he has also asserted crossclaims against the Stern Defendants, as he is permitted to do under Rule 13(g).

 Mauney actually supports Safrin's position. There, the Court held that an original defendant could file a crossclaim against a third party defendant so as to avoid the "anomalous consequences" of having to file a separate action for contribution against that third party defendant. Mauney, 865 F. Supp. at 153-54 (internal quotation marks and citation omitted). The Mauney court reached this result by looking beyond the Federal Rules themselves to broadly define "co-party" as "any party that is not any opposing party." 865 F. Supp. at 153. Mauney is illustrative of the liberal policy that underlies joinder rules -- to resolve all related disputes in one action and to join as many claims as possible at the pleading stage. Here, the Court need not even look beyond the Federal Rules to conclude that Safrin's assertion of crossclaims against co-defendants with his third party complaint is proper, since the Rules explicitly define "pleading" to include a "third party complaint," and crossclaims may be asserted in a "pleading."

 The Stern Defendants have failed to provide any support for their overly restrictive view regarding the appropriate pleading in which to interpose crossclaims, and their position runs contrary to the common sense approach that the Federal Rules of Civil Procedure are intended to advance. The Stern Defendants' Motion must therefore be denied.

6

## **CONCLUSION**

For the foregoing reasons, the Stern Defendants' Motion must be denied in its entirety. In the alternative, Safrin should be permitted to re-plead his present crossclaims in any answer he may be required to file.

Dated: New York, New York
       June 5, 2008

FLEMMING ZULACK WILLIAMSON
  ZAUDERER LLP

By: _____/s/_____
    Jonathan D. Lupkin (JL-0792)
    Jean Marie Hackett (JH-1784)

One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

*Attorneys for Defendant Joshua Safrin*
