PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC. (dba WESTLAND INDUSTRIES), and PRACTICAL FINANCE CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOSES STERN (aka MARK STERN), JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, <br><br> Defendants. | CASE NO. 07 Civ. 11586 (LAK) (GWG) <br><br> **PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIMS OF DEFENDANT SAFRIN** |

| | |
|---|---|
| JOSHUA SAFRIN, | : |
| | : |
| Defendant/Third Party | : |
| Crossclaim- Counterclaim | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| STEPHEN FRIEDMAN, STEVEN ALEVY, | : |
| BUCHANAN INGERSOLL & ROONEY, | : |
| P.C., BANKERS CAPITAL REALTY | : |
| ADVISORS LLC, and FIRST REPUBLIC | : |
| GROUP CORP., | : |
| | : |
| Third Party Defendants, | : |
| | : |
| - and - | : |
| | : |
| MOSES STERN aka MARK STERN, FIRST | : |
| REPUBLIC GROUP REALTY LLC, | : |
| EPHRAIM FRENKEL, and LAND TITLE | : |
| ASSOCIATES ESCROW, | : |
| | : |
| Defendants/Crossclaim | : |
| Defendants, | : |
| | : |
| - and - | : |
| | : |
| AMUSEMENT INDUSTRY, INC. dba | : |
| WESTLAND INDUSTRIES, and | : |
| PRACTICAL FINANCE CO., INC., | : |
| | : |
| Plaintiffs/Counterclaim | : |
| Defendants. | : |

Plaintiffs Amusement, Industry, Inc. ("Amusement") and Practical Finance Co., Inc. ("Practical," and, together, "plaintiffs"), by and through their undersigned attorneys, and as and for their reply to the amended counterclaims of defendant Joshua Safrin ("Safrin" or "defendant") in the above-captioned action (the "Action"), hereby:

1. Admit the allegations in paragraph 1.

2. Deny the allegations in paragraph 2, and refer to the Complaint for a statement of its terms.

3. Deny the allegations in paragraph 3.

4. Admit the allegations in paragraph 4.

5. Admit the allegations in paragraph 5.

6. Admit the allegations in paragraph 6.

7. Deny the allegations in paragraph 7, except admit that Steven Alevy is an individual citizen of the State of New York residing at the cited address, that Steven Alevy is a managing director of Bankers Capital Realty Advisors LLC ("Bankers Capital"), and that Steven Alevy is the son of Allen Alevy.

8. Deny the allegations in paragraph 8, except admit that Bankers Capital operates from the cited address.

9. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, therefore, deny the allegations therein, except admit that third party defendant First Republic Group Corp. is a New York corporation operating out of the cited address.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Admit the allegations in paragraph 13.

14. Admit the allegations in paragraph 14.

15. Admit the allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Deny the allegations in paragraph 17, except admit that the Court has personal jurisdiction over the Third Party Defendants.

18. Deny the allegations in paragraph 18, except admit that venue is proper in this judicial district.

19. Deny the allegations in paragraph 19, except admit that Safrin purports to base his allegations on those contained in the Complaint, and refer to the Complaint for a statement of its terms.

20. Deny the allegations in paragraph 20, except admit, upon information and belief, that defendant First Republic Group Corp. contracted to purchase from Colonial Realty the Property Portfolio and that First Republic Corp. assigned its interest to First Republic LLC, and refer to the Complaint for a statement of its terms.

21. Deny the allegations in paragraph 21, except admit that Safrin and Stern obtained primary financing for their property portfolio purchase from Citigroup, that Stern and Safrin's buying entity, First Republic LLC executed a loan agreement with Citigroup for $111,150,000, that Stern and Safrin's created managing entity, FRGR Managing Member LC, executed a Mezzanine Loan Agreement with Citigroup for $15,000, and that Safrin is a guarantor of both loans.

22. Deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23, except admit that in June 2007, defendants Stern and Safrin knew that the funds they would received from Citibank would be insufficient for their portfolio purchase and that Stern and Safrin approached Steven

4

Alevy of Bankers Capital and Friedman in an attempt to obtain additional funding, and refer to the Complaint for a statement of its terms.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25, except admit that plaintiffs have alleged that, in June 2007, Steven Alevy and Friedman presented an investment opportunity to plaintiffs from Stern and Safrin, and refer to the Complaint for a statement of its terms.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27, and refer to the Complaint for a statement of its terms.

28. Deny the allegations in paragraph 28.

29. Deny the allegations in paragraph 29, and refer to the LOI for a statement of its terms.

30. Deny the allegations in paragraph 30, and refer to the LOI for a statement of its terms.

31. Deny the allegations in paragraph 31, and refer to the documents identified therein for a statement of their terms.

32. Deny the allegations in paragraph 32, except admit that on June 29, 2007, Amusement wired $13,000,000 to an escrow account held by defendant Land Title and that plaintiffs have alleged that by such performance, a contract between Amusement and, among others, Stern and Safrin, formed.

33. Deny the allegations in paragraph 33.

34. Admit the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

5

36. Deny the allegations in paragraph 36, and refer to the Complaint for a statement of its terms.

37. Deny the allegations in paragraph 37, and refer to the documents identified therein for a statement of their terms.

38. Deny the allegations in paragraph 38, and refer to the Complaint for a statement of its terms.

39. Deny the allegations in paragraph 39, and refer to the Complaint for a statement of its terms.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41, and refer to the Complaint for a statement of its terms.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43, except admit that Stern and Safrin did not provide the Citibank loan documents when requested by plaintiffs, and refer to the Complaint for a statement of its terms.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45, and refer to the Complaint for a statement of its terms.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47, except admit that Amusement instructed Land Escrow Frenkel not to release Amusement's funds without written authorization from Sragow & Sragow, and refer to the Complaint for a statement of its terms.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49, except admit that plaintiffs received certain documents executed by Stern and Safrin, and refer to the Complaint for a statement of its terms.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51, and refer to the Complaint for a statement of its terms.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53, except admit that plaintiffs have alleged that defendants provided a $15 million promissory note signed by Stern, and refer to the Complaint for a statement of its terms.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55, except admit that plaintiffs have alleged that, on July 12, 2007, defendants took and used Amusement's $13 million without notice or authorization, and refer to the Complaint for a statement of its terms.

56. Deny the allegations in paragraph 56.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny, upon information and belief, the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

## Count I

67. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

68. Deny the allegations in paragraph 68, except admit that Safrin purports to deny any wrongdoing.

69. Deny the allegations in paragraph 69.

## Count II

70. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

71. Deny the allegations in paragraph 71, except admit that plaintiffs have alleged that Friedman and/or Buchanan Ingersoll were authorized to act on behalf of Safrin in connection with the transactions identified in the Complaint.

72. Deny the allegations in paragraph 72, except admit Safrin contends that Friedman did not have authority to act on Safrin's behalf.

73. Deny the allegations in paragraph 73.

## Count III

74. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

75. Deny the allegations in paragraph 75.

76. Deny the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

## Count IV

78. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

79. Deny the allegations in paragraph 79, except admit that Safrin purports to deny any wrongdoing.

80. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore deny the allegations therein.

81. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore deny the allegations therein.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

## Count V

84. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

85. Deny the allegations in paragraph 85.

86. Deny the allegations in paragraph 86.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Deny the allegations in paragraph 93.

## Count VI

94. Repeat their responses to the foregoing allegations as if fully set forth herein.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

## Count VII

102. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

103. Deny the allegations in paragraph 103.

104. Deny the allegations in paragraph 104.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106.

## Count VIII

107. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

108. Deny the allegations in paragraph 108.

109. Deny the allegations in paragraph 109.

110. Deny the allegations in paragraph 110.

111. Deny the allegations in paragraph 111.

## FIRST AFFIRMATIVE DEFENSE

Safrin has failed to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because Safrin failed to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by reason of his misconduct and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he waived his right to claim damages by his acts and omissions.

### SIXTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he failed to exercise ordinary care.

### SEVENTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he ratified the alleged wrongful conduct for which he seeks recovery.

### RESERVATION OF RIGHTS

Plaintiffs expressly reserve the right to amend and/or supplement their reply and affirmative defenses as needed as discovery proceeds.

### JURY DEMAND

Plaintiffs-Counterclaim defendants hereby demand a jury trial on all issues so triable.

**WHEREFORE**, plaintiffs respectfully request entry of a judgment in their favor and against Safrin (i) dismissing Safrin's claims against plaintiffs with prejudice, (ii) awarding to

11

plaintiffs their attorneys' fees, as well as the costs and expenses of this litigation, and (iii) granting plaintiffs such other relief as this Court deems just and proper.

DATED: June 6, 2008

        SILLS CUMMIS & GROSS, P.C.

By: _____
        Philip R. White, Esq.
        Marc D. Youngelson, Esq.
        One Rockefeller Plaza
        New York, NY 10020
        Telephone: (212) 643-7000

        Allen P. Sragow, Esq.
        Sragow & Sragow
        6665 Long Beach Blvd., Suite B-22
        Long Beach, California 90805
        Telephone: (310) 639-0782

        Attorneys for Plaintiffs-Counterclaim
        Defendants Amusement and Practical