# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., | CASE NO. 07 CV 11586 (LAK) (GWG) |
| Plaintiffs, | **PLAINTIFFS' MOTION TO COMPEL JONES LANG LASALLE TO PRODUCE DOCUMENTS AND CERTIFICATION IN SUPPORT THEREOF** |
| v. | |
| MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, | |
| Defendants. | |

Plaintiffs Amusement Industry, Inc. ("Amusement") and Practical Finance Co., Inc. (together, "plaintiffs") hereby move to compel Jones Lang Lasalle ("Jones Lang") to produce documents in response to the subpoena, dated March 12, 2008 (the "Subpoena"), served by plaintiffs on Jones Lang in the above-captioned action (the "Action"). Although Jones Lang is not a party to the Action, counsel for the Stern defendants is representing Jones Lang in connection with the Subpoena. As demonstrated below, Jones Lang has failed to (i) explain whether it is withholding any responsive documents pursuant to its written objections to the Subpoena, and (ii) produce various responsive documents.

## Summary of Dispute and Request for Relief

Plaintiffs' allegations concerning the underlying facts in the Action are straightforward: in June 2007, defendants Stern and Safrin, through their agent and attorney Friedman, solicited Amusement's participation in a real estate investment opportunity. That opportunity involved defendants' purchase of a significant portfolio of shopping centers (the "Portfolio") from an entity known as Colonial Realty Limited Partnership. On June 29, 2007, Amusement

contributed $13 million to defendants' Portfolio purchase. Plaintiffs contend in the Action that defendants have conveyed an ownership interest in the Portfolio properties to plaintiffs. Jones Lang acts as property manager and leasing agent for the Portfolio properties.

The Subpoena seeks discovery of evidence concerning important issues in the Action. For example, it seeks documents concerning the financial status and value of the Portfolio properties, including Income Statements, Balance Sheets, Receivable Reports, Financial Statements, rent rolls and appraisals. (Ex. A, Request Nos. 12-14, 17 and 26.) Such documents directly relate to plaintiffs' damages in the Action and to the value of the properties in which plaintiffs assert an ownership interest.

By its terms, the Subpoena required a response by April 1, 2008. (Ex. A.) On April 2, plaintiffs extended Jones Lang's time to respond until April 23, 2008. (Ex. B.) On April 16, counsel for the Stern defendants advised that it would be representing Jones Lang in connection with the Subpoena, and stated that it would provide "appropriate dates for the service of objections and responses," but did not promise a production date. (Ex. C.) That same day, plaintiffs reminded counsel that Jones Lang had agreed to produce documents on April 23, and, as a courtesy, offered a one week extension of time. (Ex. D.) On April 17, counsel responded evasively and still did not provide a production date. (Ex. E.) On April 30, Jones Lang provided written responses and objections to the Subpoena. (Ex. F.) On May 7, Jones Lang produced some documents, and promised to produce more. (Ex. G.)

On May 20, plaintiffs requested that Jones Lang explain certain deficiencies in both its objections and its document production. (Ex. H.) On May 21, counsel responded that the Jones Lang production was "not completely in [their] hands," refused to explain Jones Lang's objections, and failed to confirm when, or even if, the remaining documents would be produced. (Ex. I.) On May 23, plaintiffs again requested that counsel clarify Jones Lang's objections and

cure its production deficiencies. (Ex. J.) Counsel refused to respond to plaintiffs' legitimate

discovery inquiries. (Ex. K.) Then, on June 4, Jones Lang produced 110 additional pages from

the file of a paralegal, with no representation of when further documents would be produced.

(Ex. L.) This small production did not contain the documents requested by plaintiffs.

 Plaintiffs' right to relief here is plain. Under F.R.C.P. 34(b), "[a]n objection to a Rule 34

request must clearly set forth the specifics of the objection and how that objection relates to the

documents being demanded." Moore's Federal Practice (3d Ed.) § 34.13[2][b]. Jones Lang and

has refused to do so for its objections. Jones Lang also has refused to produce the additional,

plainly responsive, documents identified by plaintiffs. Lastly, counsel's claim that the Jones

Lang production is "not completely in [their] hands" is simply incomprehensible.

 As the Court may recall, this is not the first time that counsel for the Stern defendants has

employed evasive and obstructive tactics to resist and avoid discovery herein. In fact, on March

26, 2008, the same counsel filed an order to show cause seeking to quash the nonparty subpoenas

issued by plaintiffs (and by defendant Safrin), including particularly the Jones Lang Subpoena.

On March 28, 2008, the Court, after hearing argument specifically relating to the Jones Lang

Subpoena, denied the motion to quash. (Ex. M.) Now, that same counsel is refusing to produce

the very discovery his motion to quash unsuccessfully sought to avoid.[1]  Such gamesmanship is

unacceptable.

 Accordingly, and in view of the tight discovery schedule in the Action, plaintiffs

respectfully request that the Court order Jones Lang and its counsel promptly to (i) clarify its

objections, including by specifying whether its is withholding any responsive, nonprivileged

documents, (ii) produce all remaining responsive documents, with an appropriate privilege log,

---

[1] Counsel used similar evasive tactics in connection with the Stern defendants' document
production, which resulted in plaintiffs filing a motion to compel on April 29, 2008. On May 2,
2008, the Court granted plaintiffs' motion.

and (iii) reimburse plaintiffs the attorneys' fees incurred in making this application to address

Jones Lang's and counsel's frivolous and baseless conduct.

DATED: June 9, 2008

<div style="margin-left: 40%;">

SILLS CUMMIS & GROSS, P.C.

By: _____

Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Attorneys for plaintiffs

</div>

Marc D. Youngelson, Esq., under penalty of perjury, hereby certifies that annexed hereto are true and correct copies of (i) the Subpoena (Ex. A); (ii) two April 2, 2008 e-mails between Jones Lang in-house counsel and plaintiffs' counsel (Ex. B); (iii) an April 16, 2008 e-mail from Stephen Stern (Ex. C); (iv) an April 16, 2008 e-mail from Allen Sragow to Stephen Stern (Ex. D); (v) an April 17, 2008 e-mail from Stephen Stern to Allen Sragow (Ex. E); (vi) Jones Lang's written objections and responses to the Subpoena, dated April 30, 2008 (Ex. F); (vii) a May 7, 2008 letter from Stephen Stern to me (Ex. G); (viii) a May 20, 2008 letter from me to Stephen Stern (Ex. H); (ix) a May 21, 2008 letter from Stephen Stern to me (Ex. I); (x) a May 23, 2008 letter from me to Stephen Stern (Ex. J); and (xi) a May 23, 2008 e-mail from Stephen Stern to me (Ex. K); (xii) a June 4, 2008 letter from Stephen Stern to me (Ex. L); (xiii) relevant pages from the transcript of the March 28, 2008 hearing with the Court (Ex. M).

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: June 9, 2008

<div style="margin-left: 40%;">

_____

Marc D. Youngelson

</div>

## <u>CERTIFICATE OF SERVICE</u>

DACIA C. COCARIU hereby certifies under penalty of perjury pursuant to 28 U.S.C. 1746

that on June 9, 2008, I caused to be served by hand delivery upon the party listed below, a true and

correct copy of the within Plaintiffs' Motion to Compel Jones Lang Lasalle to Produce Documents

and Certification Thereof.

> Stephen R. Stern, Esq.
> Hoffinger Stern & Ross, LLP
> 150 East 58th Street, 19th Floor
> New York, NY 10155

Dated:    New York, New York
          June 9, 2008

                                    DACIA C. COCARIU

**Exhibit A**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;
PRACTICAL FINANCE, CO., INC., a California
corporation,

<div style="text-align:center">Plaintiff,</div>

v.

MOSES STERN, an individual aka MARK STERN,
JOSHUA SAFRIN, an individual; FIRST REPUBLIC
GROUP REALTY LLC, a Delaware limited liability
company, EPHRAIM FRENKEL, an individual;
LAND TITLE ASSOCIATES ESCROW, a New York
limited company,

<div style="text-align:center">Defendant.</div>

## SUBPOENA IN A CIVIL CASE

Case No. 07 CV 11586

TO:    JONES LANG LASALLE, 153 E. 53rd Street, Suite 3300, New York, NY 10022, (212) 812-5700

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped trial deposition in the above case relating to the topics identified in Schedule B hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A at the place, date, and time specified below.

| PLACE    Silis Cummis & Gross P.C.<br>One Rockefeller Plaza<br>New York, New York 10020 | DATE AND TIME<br>4/1/08<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | (DATE)<br>3/12/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marc D. Youngelson, Esq.
Silis Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
(212)-643-7000
Counsel for plaintiffs Amusement Industry, Inc. and Practical Finance Co.

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply.

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of

1399022 v1

SCHEDULE A

**DEFINITIONS**

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.  Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.  The following rules of construction apply to all discovery requests:

   (a)  All/Each. The terms "all" and "each" shall be construed as all and each.

   (b)  And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   (c)  Number. The use of the singular form of any word includes the plural and vice versa.

9.  The term "YOU", "YOUR" or "YOURS" as used herein, refers to JONES LANG LA SALLE AMERICAS, INC. a Maryland corporation.

10.  The term "STERN" as used herein, refers to the Defendant in this action, MOSES STERN, an individual aka MARK STERN, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

11.  The term "SAFRIN" as used herein, refers to the Defendant in this action, JOSHUA SAFRIN, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

12.  The term "FIRST REPUBLIC LLC" as used herein, refers to the Defendant in this action, FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

13.    The term "FRENKEL" as used herein, refers to the Defendant in this action, EPHRAIM FRENKEL, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

14.    The term "LAND ESCROW" as used herein, refers to the Defendant in this action, LAND TITLE ASSOCIATES ESCROW, a New York limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

15.    The term "Master Agreement" as used herein, refers to that written Master Retail Management And Leasing Agreement of June 29, 2007 between YOU and FIRST REPUBLIC LLC, for YOU to act as property manager and leasing agent as to various improved real properties owned by FIRST REPUBLIC LLC, as amended.

16.    The term "FIRST CORP" as used herein, refers to First Republic Group, Corp., a New York corporation, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

17.    The term "LOANS" as used herein, refers to collectively and separately, the loan made by CITIGROUP GLOBAL MARKETS REALTY CORP. as lender to FIRST REPUBLIC LLC as borrower pursuant to a Loan Agreement dated as of July 11, 2007, to the mezzanine loan made by CITIGROUP GLOBAL MARKETS REALTY CORP. as mezzanine lender to FRGR MANAGING MEMBER LLC, a Delaware limited liability company as mezzanine borrower pursuant to a Mezzanine Loan Agreement dated as of July 11, 2007, and to all loan and mezzanine loan procurement activities of both these borrowers and lender.

18.    Documents responsive to the requests for production below must be produced in their native electronic format, meaning in the electronic file format in which the subpoenaed party

3

maintains and retains them, and includes any responsive emails and other forms of communication in electronic format that exist, in accordance with F.R.C.P. 34(b).

## REQUESTS FOR PRODUCTION

1.  Executed Master Agreement.

2.  Executed amendments to the Master Agreement.

3.  Documents related to formation of the Master Agreement.

4.  Documents sent by YOU to, and received by YOU from, FRENKEL or LAND ESCROW, concerning the Master Agreement.

5.  Documents sent by YOU to, and received by YOU from, any escrow company or escrow agent other than FRENKEL or LAND ESCROW, concerning the Master Agreement.

6.  Documents sent by YOU to, and received by YOU from, any title company or title agent, concerning the Master Agreement.

7.  Documents sent by YOU to, and received by YOU from, the law firm of Buchanan, Ingersoll & Rooney PC, including to or from attorney Stephen Friedman therein, concerning the Master Agreement.

8.  Documents sent by YOU to, and received by YOU from, the law firm of Herrick, Feinstein LLP, including to or from attorney Steven D. Fleissig therein, concerning the Master Agreement.

9.  Documents sent by YOU to, and received by YOU from, STERN, SAFRIN, Avery Egert, FIRST REPUBLIC LLC or FIRST CORP concerning the Master Agreement.

10.  Documents sent by YOU to, and received by YOU from, Steven Alevy or Bankers Capital LLC, concerning the Master Agreement.

4

11.    Escrow Closing Statement and Summary for each property YOU manage for FIRST REPUBLIC LLC as recorded in YOUR accounting system.

12.    Income Statement and Balance Sheet for each property YOU manage for FIRST REPUBLIC LLC, for each month from July 2007 through December 2007.

13.    Aging Receivable summary and Collection reports for each property YOU manage for FIRST REPUBLIC LLC, for each month from September 2007 through February 2008.

14.    Initial rent roll and most current rent roll for each property YOU manage for FIRST REPUBLIC LLC.

15.    Documents concerning contributions from or distributions to FIRST REPUBLIC LLC, including individuals working therein, which relate to the properties YOU manage for FIRST REPUBLIC LLC, from July 12, 2007 through the present.

16.    Documents and Summary concerning all impounds by lender, CITIGROUP GLOBAL MARKETS REALTY CORP., including lockbox accounts, relating to the properties YOU manage for FIRST REPUBLIC LLC, from July 12, 2007 through December 31, 2007.

17.    Consolidated Financial Statements as of December 31, 2007 concerning the properties YOU manage for FIRST REPUBLIC LLC, including balance sheet and income statement.

18.    Lender, CITIGROUP GLOBAL MARKETS REALTY CORP.'s statement of confirmation of outstanding loan balances as of December 31, 2007, concerning the LOANS.

19.    Current property tax bills for the properties YOU manage for FIRST REPUBLIC LLC.

20.    Current certificates of insurance for the properties YOU manage for FIRST REPUBLIC LLC.

5

21.    Current vendor ledgers concerning the properties YOU manage for FIRST REPUBLIC LLC.

22.    Documents concerning reserve accounts and receipt of monies from released reserves to FIRST REPUBLIC LLC, relating to the LOANS, from July 12, 2007 through the present.

23.    Documents concerning the sources of funds obtained or used to purchase the properties YOU manage for FIRST REPUBLIC LLC.

24.    Documents concerning the allocation and use of LOANS' proceeds.

25.    Documents which mention either Plaintiff herein, AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES or PRACTICAL FINANCE CO., INC., a California corporation, including as abbreviated (such as "Amusement" or "Westland").

26.    Documents, including but not limited to appraisals, concerning the value of the properties YOU manage for FIRST REPUBLIC LLC.

# Exhibit B

**Marc Youngelson**

| | |
|---|---|
| **From:** | Allen Sragow [A.Sragow@sragow.com] |
| **Sent:** | Wednesday, April 02, 2008 8:10 PM |
| **To:** | Siegel, Abra (US) |
| **Cc:** | Marc Youngelson; Philip White; Bertha Hall |
| **Subject:** | RE: Subpoena issued to Jones Lang LaSalle in Amusement Industries v. Stern et al |

Abra,

Thank you for your time on the telephone today, I think it was time well spent. As I mentioned, we do agree to allow JLL an extension to April 23, 2008 to respond to the subpoena, with our shared understanding that this is an extension for production of documents, not an extension for mere written responses or objections, etc. We spent considerable time going over each request, and two requests remain with some questions we did not resolve, No. 9 and No. 11. I will discuss those requests with my co-counsel. In addition, I will ask Marc Youngelson, counsel in NY, to forward you a copy of the confidentiality stipulation as soon as it is ready. Finally, I will send you a copy of the complaint and the recent order on the motion to quash.

Allen

**From:** Siegel, Abra (US) [mailto:Abra.Siegel@am.jll.com]
**Sent:** Wednesday, April 02, 2008 9:34 AM
**To:** Allen Sragow
**Cc:** myoungelson@sillscummis.com; pwhite@sillscummis.com; bhall@sillscummis.com
**Subject:** Subpoena issued to Jones Lang LaSalle in Amusement Industries v. Stern et al

Dear Mr. Sragow: It was a pleasure speaking with you today on the telephone. Thank you for agreeing to extend the time for Jones Lang LaSalle to respond to the above referenced subpoena to April 23, 2008. I will call you at 1 pm PST to continue our conversation about better understanding what it is your client really needs to avoid the subpoena compliance being unduly burdensome for Jones Lang LaSalle.

Please send me a reply email confirming that you got this message and you agree to the extension.

*Abra C. Siegel*
*Employment & Litigation Senior Counsel*
*Vice President, Americas Legal*
*Jones Lang LaSalle Americas, Inc.*
*200 East Randolph Drive*
*Chicago, Illinois 60601*
*+1 312 228 2646 telephone*
*+1 312 228 2277 facsimile*
*Abra.Siegel@am.jll.com*

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

6/2/2008

**Exhibit C**

## Marc Youngelson

| | |
|---|---|
| **From:** | Stephen R. Stern [SRStern@hsrlaw.com] |
| **Sent:** | Wednesday, April 16, 2008 11:05 AM |
| **To:** | Marc Youngelson; Hackett, Jean Marie; Lupkin, Jonathan |
| **Cc:** | Philip White; Allen Sragow |
| **Subject:** | RE: Amusement v. Stern, et al. |

Counsel:

      This will confirm we will be representing Jones LaSalle for the limited purposes of responding to the Rule 45 nonparty subpoena served on them in this matter.   Once we have had the opportunity to confer with them and ascertain what is contained in their files in connection with the subpoena we will contact you to discuss appropriate dates for the service of objections and responses.

      Thank you for your attention to this matter.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax:  (212) 750-1259
```

***************************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.
***************************************************

6/2/2008

# Exhibit D

Page 1 of 2

**Marc Youngelson**

| | |
|---|---|
| **From:** | Allen Sragow [A.Sragow@sragow.com] |
| **Sent:** | Wednesday, April 16, 2008 5:39 PM |
| **To:** | Stephen R. Stern |
| **Cc:** | Philip White; Hackett, Jean Marie; Lupkin, Jonathan; Marc Youngelson |
| **Subject:** | RE: Amusement v. Stern, et al. |

Counsel:

You do not appear to be fully informed with respect to the subpoena served upon Jones Lang Lasalle ("JLL") by Amusement. Specifically, I have conferred at great length with Abra Siegel, Senior Counsel for JLL concerning its response to the subpoena. On April 2, 2007, at Ms. Siegal's request, I agreed to extend their time to produce documents to April 23, 2008. Also on April 2, Ms. Siegel and I agreed to the initial scope of JLL's production in response to all of the document requests, except for Request Nos. 9 and 11, which we agreed to hold in abeyance. In fact, Ms. Siegel advised that JLL already had partially completed the collection and review process. We see no reason for any further delay at this point, particularly in view of the fact that the subpoena was served on JLL on March 13, 2008. Further, we expect you to honor Ms. Siegel's agreement with respect to the scope and timing of JLL's initial production. Having said that, we would agree to a short, one week extension of the April 23 deadline in order to allow you sufficient time to review JLL's production. Thank you.

Yours truly,

Allen P. Sragow

SRAGOW & SRAGOW
6665 LONG BEACH BOULEVARD
SUITE B-22
LONG BEACH, CA 90805
(310) 639-0782

---

**From:** Stephen R. Stern [mailto:SRStern@hsrlaw.com]
**Sent:** Wednesday, April 16, 2008 8:05 AM
**To:** Marc Youngelson; Hackett, Jean Marie; Lupkin, Jonathan
**Cc:** Philip White; Allen Sragow
**Subject:** RE: Amusement v. Stern, et al.

Counsel:

This will confirm we will be representing Jones LaSalle for the limited purposes of responding to the Rule 45 nonparty subpoena served on them in this matter. Once we have had the opportunity to confer with them and ascertain what is contained in their files in connection with the subpoena we will contact you to discuss appropriate dates for the service of objections and responses.

Thank you for your attention to this matter.

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259

6/2/2008

**Exhibit E**

Page 1 of 3

**Marc Youngelson**

| | |
|---|---|
| **From:** | Stephen R. Stem [SRStern@hsrlaw.com] |
| **Sent:** | Thursday, April 17, 2008 4:41 PM |
| **To:** | Allen Sragow |
| **Cc:** | Philip White; Hackett, Jean Marie; Lupkin, Jonathan; Marc Youngelson |
| **Subject:** | RE: Amusement v. Stern, et al. |

Allen:

Thank you for the gratuitous extension for Jones Lang Lasalle ("JLL") to respond to your client's subpoena. Certainly, after I confer with the appropriate people at JLL I will advise if that time frame works.

I hasten to advise I have spoken with Abra Siegel, Esq. – several times now – and discussed the content of your below e mail with her specifically.  She does confirm the date of April 23, 2008 which you have now extended; but, her understanding as to the rest of the content of your e mail below is different than what you have related.  Perhaps, most importantly, she advises she noted to you the vague as well as the burdensome nature of the subpoena and its apparent overbroad nature – thus, this the subpoena was quite problematic to JLL.  She advised, further, the scope of the subpoena, as you related it to her, was not agreed to and specifically as to Items No. 9 and 11 you had stated these items were perhaps the most vague ones.

The foregoing aside, I am further informed there has a great deal of effort by JLL to gather anything that might be responsive to the subpoena but that the process if far from over as there are 11 malls, numerous persons who are to respond, disparate venues from which information is to be gathered, analysis of the documents and materials, potential privilege logs to be prepared, etc..

Moreover, I am further informed, the subpoena is by far the most burdensome subpoena Ms. Siegel at JLL has been faced with since, at least, August of this past year.

With the foregoing having been said, please note as soon as I can obtain meaningful information I will promptly advise as to the nature of the objections, the depth of the production, and privileges to be raised.

Thank you.

```
Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:  (212) 421-4000
Fax:  (212) 750-1259
*************************************************
This electronic mail transmission may contain privileged, confidential and/or
proprietary information intended only for the person(s) named. Any use,
distribution, copying or disclosure to another person is strictly prohibited. If
you are not the addressee indicated in this message (or responsible for delivery of
the message to such person), you may not copy or deliver this message to anyone. In
such case, you should destroy this message and kindly notify the sender by reply
email.
```

6/2/2008

**Exhibit F**

**HOFFINGER STERN & ROSS, LLP**
150 EAST 58ᵀᴴ STREET
NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEIBLER
*ERIC P. BLANA

*ALSO ADMITTED N.J. & D.C

April 30, 2008

**BY FEDERAL EXPRESS & E- MAIL**

Allen P. Sragow, Esq.
Sragow & Sragow
6665 Long Beach Boulevard, Suite B22
Long Beach, California 90805

   Re: Amusement Industry, Inc. et ano v. Stern, et al
     <u>Subpoena to Jones Lang Lasalle</u>

Dear Mr. Sragow:

  As you may be aware, on April 16, 2008, we advised we would be representing Jones Lang Lasalle ("JLL") in connection with the response to the Rule 45 subpoena. It is an arduous undertaking for JLL to gather information to respond to the Subpoena, involving tens of persons to contact and eleven shopping malls. Nevertheless, enclosed is JLL's responses and objections to the subpoena. We anticipate producing any documents shortly.

        Very truly yours,

        Stephen R. Stern

SRS:sc
Enc.

cc: Philip White, Esq.
  Jonathan Lupkin, Esq.
  Michael Lynn, Esq.

{300319.DOC}

Stephen R. Stern (SS-5665)
Philip S. Ross (PR-0867)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street-19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
E mail: srstern@hsrlaw.com

*Attorneys for Jones Lang Lasalle for purposes of*
*Responding to the Subpoena*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;
PRACTICAL FINANCE CO., INC., a California
corporation,

                         Plaintiffs,

    - against -

MOSES STERN aka MARK STERN; JOSHUA SAFRIN
FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM
FRENKEL, LAND TITLE ASSOCIATES ESCROW,

                    Defendants.
-------------------------------------------------------------------x

:  No. 07 Civ. 11586 (LAK)(GWG)

:  RESPONSE AND
:  OBJECTIONS OF NON-PARTY
:  JONES LANG LASALLE TO
:  SUBPOENA

:

    Non-party JONES LANG LASALLE ("JLL"), by and through its undersigned attorneys,

sets forth below its objections and responses to the Subpoena in the above captioned matter,

dated March 12, 2008 issued by plaintiffs (the "Subpoena"). No objection set forth herein shall

be construed as a statement that any documents responsive to the request exist. JLL reserves the

right to supplement and amend these objections (and any production) in the future, and reserves

the right to object to any further discovery. JLL will limit its production, if any, subject to and

without waiver of the objections set forth herein.

{300316.DOC}

## GENERAL OBJECTIONS

The following General Objections apply to and are expressly made part of JLL's specific responses, set forth below, to each Request.

(a)    JLL objects to plaintiffs' Subpoena Requests to the extent they seek the production of documents or information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.

(b)    JLL objects to plaintiffs' Subpoena Requests and the definitions and instructions associated therewith to the extent they purport to impose requirements which exceed those imposed by Fed. R. Civ. P. 26 and 34 and applicable Local Civil Rules.

(c)    JLL objects to plaintiffs' Subpoena Requests to the extent they call for disclosure and/or production of documents or information protected by the attorney-client privilege, work-product doctrine, or other privilege, or which are otherwise immune from discovery.  Inadvertent production of any such documents or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive the right of JLL to object to the use of any such document (or the information contained therein) during any subsequent proceeding.

(d)    JLL objects to plaintiffs' Subpoena Requests to the extent they call for disclosure of confidential business, commercial or proprietary information.

(e)    JLL objects to plaintiffs' Subpoena Requests to the extent they seek documents or information without specifying any time period or any appropriate time period for same and, hence, are overly broad and unduly burdensome.

(f)    JLL objects to plaintiffs' Subpoena Requests to the extent they would require JLL to (1) create any document not in existence at the time of their responses to plaintiffs' Subpoena

{300316.DOC}

Requests or (2) produce documents which are no longer or which never were in JLL's possession, custody, or control, as the same is not required by the Federal Rules of Civil Procedure.

(g)    JLL objects to plaintiffs' Subpoena Requests to the extent they seek information that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

(h)    JLL objects to plaintiffs' Subpoena Requests to the extent they are overbroad and unduly burdensome.

(i)    JLL objects to plaintiffs' Subpoena Requests to the extent they seek disclosure of information or documents that are equally within the possession, custody or control of plaintiffs.

(j)    JLL objects to plaintiffs' Subpoena Requests to the extent they seek information the discovery of which is cumulative or duplicative, or is obtainable from some other more convenient, less burdensome or less expensive source.

(k)    JLL objects to plaintiffs' Subpoena Requests to the extent that they are vague, ambiguous, and/or subject to several and/or conflicting interpretations.

(l)    JLL reserves the right to supplement its responses.

(m)    No objection set forth herein or below shall be construed as a statement that any documents responsive to the request exist.

(n)    Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, JLL objects to bearing the cost of complying with and responding to the Subpoena, and demands that plaintiffs reimburse it for such costs, including but not limited to attorneys' fees and duplication costs.

(o)    A response indicating that JLL will produce documents shall not be construed as indicating said documents exist or have existed, but instead is a representation that to the extent

{300316.DOC}

such documents exist and are in the possession, custody or control of JLL, they will be produced in accordance with the terms of JLL's response to the specific request.

(p)    To the extent any documents are to be produced, an appropriate confidentiality stipulation will be required as a condition to production.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

The foregoing General Objections are and shall be deemed incorporated into each and every specific response and objection to each specific request, definition, and instruction as if fully set forth and repeated therein.

1.    Executed Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

2.    Executed amendments to the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Notwithstanding and without waiver of the foregoing

{300316.DOC}

general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

      3.      Documents related to formation of the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objections to this Request as overbroad. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

      4.      Documents sent by YOU to, and received by YOU from, FRENKEL or LAND ESCROW, concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

      5.      Documents sent by YOU to, and received by YOU from, any escrow company or escrow agent other than FRENKEL or LAND ESCROW, concerning the Master Agreement.

{300316.DOC}

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

6.      Documents sent by YOU to, and received by YOU from, any title company or title agent, concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

7.      Documents sent by YOU to, and received by YOU from, the law firm of Buchanan, Ingersoll & Rooney PC, including to or from attorney Stephen Friedman therein, concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks

{300316.DOC}

documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

8.    Documents sent by YOU to, and received by YOU from, the law firm of Herrick, Feinstein LLP, including to or from attorney Steven D. Fleissig therein, concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

9.    Documents sent by YOU to, and received by YOU from, STERN, SAFRIN, Avery Egert, FIRST REPUBLIC LLC or FIRST CORP concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly

{300316.DOC}

burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

       10.     Documents sent by YOU to, and received by YOU from, Steven Alevy or Bankers Capital LLC, concerning the Master Agreement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

       11.     Escrow Closing Statement and Summary for each property YOU manage for FIRST REPUBLIC LLC as recorded in YOUR accounting system.

RESPONSE: JLL objects to the Request as utilizing undefined terms. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

{300316.DOC}

12.    Income Statement and Balance Sheet for each property YOU manage for FIRST REPUBLIC, LLC, for each month from July 2007 through December 2007.

RESPONSE: JLL objects to the Request as utilizing undefined terms. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

13.    Aging Receivable summary and Collection reports for each property YOU manage for FIRST REPUBLIC LLC, for each month from September 2007 through February 2008.

RESPONSE: JLL objects to the Request as utilizing undefined terms. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

14.    Initial rent roll and most current rent roll for each property YOU manage for FIRST REPUBLIC LLC.

{300316.DOC}

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

15.    Documents concerning contributions from or distributions to FIRST REPUBLIC LLC, including individuals working therein, which relate to the properties YOU manage for FIRST REPUBLIC LLC, from July 12, 2007 through the present.

RESPONSE: JLL objects to the Request as vague and incomprehensible. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

16.    Documents and Summary concerning all impounds by lender, CITIGROUP GLOBAL MARKETS REALTY CORP., including lockbox accounts, relating to the properties YOU manage for FIRST REPUBLIC LLC, from July 12, 2007 through December 31, 2007.

{300316.DOC}

RESPONSE: JLL objects to the Request as utilizing undefined terms. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

17.    Consolidated Financial Statements as of December 31, 2007 concerning the Properties YOU manage for FIRST REPUBLIC LLC, including balance sheet and income statement.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

18.    Lender, CITIGROUP GLOBAL MARKETS REALTY CORP.'s statement of confirmation of outstanding loan balances as of December 31, 2007, concerning the LOANS.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery

of admissible evidence. JLL further objects to this Request on the ground that it seeks

documents and information that contain sensitive, confidential, commercial, financial, business

or proprietary business information. JLL further objects to the Request as overbroad and unduly

burdensome. Notwithstanding and without waiver of the foregoing general and specific

objections, JLL will produce non-privileged documents responsive to this Request as they relate

to the subject matter of the captioned action.

      19.    Current property tax bills for the properties YOU manage for FIRST REPUBLIC

LLC.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither

relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery

of admissible evidence. JLL further objects to this Request on the ground that it seeks

documents and information that contain sensitive, confidential, commercial, financial, business

or proprietary business information. JLL further objects to the Request as overbroad and unduly

burdensome. Notwithstanding and without waiver of the foregoing general and specific

objections, JLL will produce non-privileged documents responsive to this Request as they relate

to the subject matter of the captioned action.

      20.    Current certificates of insurance for the properties YOU manage FIRST

REPUBLIC LLC.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither

relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery

of admissible evidence. JLL further objects to this Request on the ground that it seeks

documents and information that contain sensitive, confidential, commercial, financial, business

or proprietary business information. JLL further objects to the Request as overbroad and unduly

{300316.DOC}

burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

21.    Current vendor ledgers concerning the properties YOU manage for FIRST REPUBLIC LLC.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

22.    Documents concerning reserve accounts and receipt of monies from released reserves to FIRST REPUBLIC LLC, relating to the LOANS, from July 12, 2007 through the present.

RESPONSE: JLL objects to the Request as utilizing undefined terms. JLL further objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and

{360316.DOC}

without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

23.    Documents concerning the sources of funds obtained or used to purchase the properties YOU manage for FIRST REPUBLIC.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

24.    Documents concerning the allocation and use of LOANS' proceeds.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

25.    Documents which mention either Plaintiff herein, AMUSEMENT INDUSTRY,

INC., a California corporation dba WESTLAND INDUSTRIES or PRACTICAL FINANCE CO., INC., a California corporation, including as abbreviated (such as "Amusement" or "Westland").

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

     26. Documents, including but not limited to appraisals, concerning the value of the Properties YOU manage for FIRST REPUBLIC LLC.

RESPONSE: JLL objects to the Request as seeking documents and information that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. JLL further objects to this Request on the ground that it seeks documents and information that contain sensitive, confidential, commercial, financial, business or proprietary business information. JLL further objects to the Request as overbroad and unduly burdensome. Notwithstanding and without waiver of the foregoing general and specific objections, JLL will produce non-privileged documents responsive to this Request as they relate to the subject matter of the captioned action.

;300316.DOC;

Dated:  April 30, 2008

HOFFINGER STERN & ROSS, LLP
Attorneys for Jones Lang Lasalle for
purposes of responding to the Subpoena

_____
Stephen R. Stern
150 East 58th Street
19th Floor
New York, New York 10155
(212) 421-4000

{300316.DOC}

**Exhibit G**

# HOFFINGER STERN & ROSS, LLP
### 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLANK

*ALSO ADMITTED N.J. & D.C.

May 7, 2008

**BY HAND**

Marc Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, NY 10020

Re:    Amusement Industry, Inc. et al. v. Mark Stern, et al. ( JLL)

Dear Mr. Youngelson:

Enclosed are two discs of documents produced in response to the subpoena issued to Jones Lang Lasalle ("JLL"). As we obtain additional responsive documents from the various personnel of JLL and review for any privilege issues, we will promptly produce the same and, if appropriate, provide a privilege log. Meanwhile, we are producing the enclosed two discs of documents, which in accordance with discussions should be treated as confidential. If they will not be treated as confidential, they should be returned immediately, unread, unopened and uncopied by all recipients of same, until appropriate confidentiality arrangements are made.

Very truly yours,

Stephen R. Stern

SRS:sc
Enclosure

cc:    Jonathan D. Lupkin, Esq. (w/enc)
       Allen Sragow, Esq. (by fax, w/o enc)

{300346.DOC}

**Exhibit H**

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**One Rockefeller Plaza**
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

May 20, 2008

**Via e-mail and regular mail**

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

Re:    Amusement Industry, Inc. v. Moses Stern, et al.

Dear Stephen:

We write to raise several issues concerning the Jones Lang LaSalle ("Jones Lang") document production made by your firm in response to plaintiffs' subpoena herein. As described below, the Jones Lang production is deficient in several respects.

First, it is not clear from the written responses and objections whether Jones Lang is withholding any responsive, nonprivileged documents. For example, each response asserts, among other things, objections based on relevance, confidentiality, overbreadth and burden. Has Jones Lang in fact withheld any documents on any of these bases? If so, please explain the objection more clearly, and identify which documents have been withheld. Similarly, certain responses (e.g., Nos. 11-13) assert an objection that the request used a purportedly "undefined" term. Again, has Jones Lang in fact withheld any documents on this basis? If so, please identify which term Jones Lang felt was "undefined," and we will be happy to clear up any confusion in this regard. In sum, we request that you more fully explain your objections so that we can determine whether to raise a discovery dispute with the Court.

Second, Jones Lang did not produce a privilege log. To the extent Jones Lang is claiming that certain documents are protected from discovery by an applicable, please promptly provide a privilege log identifying all such documents, as required by the Federal Rules.

Finally, the Jones Lang production does not contain, for each property in the Portfolio, the following documents and categories of documents:

Stephen R. Stern, Esq.
May 20, 2008
Page 2

1.   A Rent Roll as April 30, 2008;

2.   Trailing 12-month operating statements;

3.   Year End 2007 operating statements;

4.   A list of all tenants that have left since the portfolio acquisition, as well as all

documents concerning why such tenants left;

5.   A list of all new tenants and lease renewals since the portfolio acquisition;

6.   All leases for major/anchor tenants;

7.   Year end 2007and trailing 12 month sales for all tenants who report;

8.   All documents concerning any termination options;

9.   The most recent real estate tax bills;

10.  All environmental/engineering reports, including the most recent reports;

11.  All appraisals, including the most recent final appraisals;

12.  The final Citi closing statement for the portfolio acquisition;

13.  Documents concerning lock box transactions;

14.  Documents concerning any reserve account statements;

15.  Documents concerning reports on the conditions of the property;

16.  All inspection reports;

17.  All documents concerning any lease negotiations; and

18.  Documents concerning payment of common area maintenance costs.

The foregoing documents plainly are responsive to plaintiffs' document requests. Accordingly, we request that Jones Lang promptly produce them.

Stephen R. Stern, Esq.
May 20, 2008
Page 2

We request a response by Tuesday, May 27, 2008.  Thank you.

Very truly yours,

Marc D. Youngelson

cc:    Allen Sragow, Esq.
       Jonathan Lupkin, Esq.
       Michael Lynn, Esq.
       David F. Bayne, Esq.

Exhibit I

# HOFFINGER STERN & ROSS, LLP
### 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1259

MICHAEL J. SHERMAN
MARK W. GEISLER

May 21, 2008

Marc D. Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, New York 10020

   Re:  <u>Amusement Industry, Inc v. Moses Stern, et al</u>

Dear Marc:

  We have your letter regarding Jones Lang LaSalle.

  In order for you to more completely understand the current situation, please note the production from Jones et al is not completely in our hands as yet because of the overbroad depth and breadth of the requests as well as, and perhaps even more significantly, the number of locations involved and the oftentimes several people from each location who need to obtain materials, sift through them, organize them, forward them to our offices, the required review of the materials provided and appropriate follow-up, if and as needed, etc..

  Some material has been provided to you on May 7, 2008. The two discs provided on that date do not contain attorney-client privileged information, and no privilege log would apply to those documents. However, they do contain confidential and proprietary commercial information and were provided in good faith, prior to the execution of the stipulated protective order and the entry of the protective order by the court; accordingly, they should be deemed as having been stamped confidential. You were advised the material produced is not the universe of material but that production would be on an on-going rolling basis. That is still the plan being followed.

  Curiously, our office has abided every event of non-production, late production, improper production, etc. from your office on behalf of your clients and the third parties you firm has stated it represents without pressing your office or setting an arbitrary deadline by which production must be completed. Thus, the unilaterally set deadline contained in your letter of last evening is neither

HOFFINGER STERN & ROSS, LLP

Marc D. Youngelson, Esq.
May 21, 2008
Page Two

acceptable nor is it in keeping with the spirit of how we have addressed your numerous inadequacies in completing the discovery process.

    Nevertheless, we will continue to undertake appropriate and meaningful discovery on an ongoing basis for LaSalle et al as has been promised with the expectation that it should be completed in the words of your several letters regarding production to be made by your offices "shortly".

    Thank you for your anticipated reciprocal courtesies.

                                        Sincerely,

                                        Stephen R. Stern

SRS:ll
By email and US Mail

cc:    Mark W. Geisler, Esq.
       Allen Sragow, Esq.
       Jonathan Lupkin, Esq.
       Michael Lynn, Esq.
       David F. Bayne, Esq.

**Exhibit J**

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

MARC D. YOUNGELSON
ASSOCIATE
DIRECT DIAL: (973) 643-5279
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

May 23, 2008

<u>Via e-mail and regular mail</u>

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, NY 10155

Re:   <u>Amusement Industry, Inc. v. Moses Stern, et al.</u>

Dear Stephen:

This responds to your May 21 letter concerning the Jones Lang LaSalle ("Jones Lang")
document production.  For the reasons set forth below, your response is unacceptable.

First, FRCP 34(b) requires a party objecting to a discovery request to state "the reasons
for the objection."  If an objection is made to only part of a request, that objection needs to be
"specified."  Simply put, "[a]n objection to a Rule 34 request must clearly set forth the specifics
of the objection and how that objection relates to the documents being demanded."  Moore's
Federal Practice (3d Ed.) § 34.13[2][b].  Your response simply ignores our request to clarify the
Jones Lang objections, and fails to explain whether Jones Lang is withholding any responsive,
nonprivileged documents.  This is a plain violation of your discovery obligations.

Second, we do not understand your assertion that the Jones Lang production "is not
completely in our hands."  Frankly, this makes no sense.  Having undertaken the representation
of Jones Lang in response to plaintiffs' subpoena, ensuring that Jones Lang complies with its
discovery obligations in fact is in your firm's hands.  Please explain what you mean by your
curious statement.

Third, your vague and conclusory assertions regarding plaintiffs' purported "late
production, improper production, etc." have no basis in fact.  Setting aside the fact that the minor
delay in plaintiffs' document production arose as a result of unanticipated technical issues
(including the unfortunate corruption of a large electronic file), the fact is that, as of today,
plaintiffs have complied with their discovery obligations.  Further, we have been forthcoming

Stephen R. Stern, Esq.
May 23, 2008
Page 2

with counsel regarding these issues, and we have worked extremely diligently to resolve them as promptly as possible. On the other hand, more than two weeks have passed since you promised to produce Jones Lang documents "on an on-going rolling basis," with no representation or communication from you regarding when a further Jones Lang production will be made.

Accordingly, by the close of business on Thursday, May 29, please provide us with a response that (i) appropriately clarifies the Jones Lang objections; and (ii) sets forth a firm date by which Jones Lang will supplement its document production, including by producing the documents specifically identified in my May 20 letter.

Very truly yours,

Marc D. Youngelson

cc:    Allen Sragow, Esq.
       Jonathan Lupkin, Esq.
       Michael Lynn, Esq.
       David F. Bayne, Esq.

**Exhibit K**

**Marc Youngelson**

| | |
|---|---|
| **From:** | Steve Stern [srstern@hsrlaw.com] |
| **Sent:** | Friday, May 23, 2008 6:07 PM |
| **To:** | Marc Youngelson; Stephen R. Stern |
| **Cc:** | Allen Sragow; Philip White; Michael Lynn; Jonathan Lupkin; Jean Marie Hackett; David Bayne |
| **Subject:** | Re: Amusement v. Stern |

Dear Marc
Suffice it to say your letter misstates and intentionally misconstrues what
you have received from our firm on behalf of Jones et al.
Moreover, one need look no further than the letters your firm has written and
those sent in reply by counsel for defendant Safrin to properly assess the
shortcomings of your effort to defend the position you advance in defending
your clients' various discovery shortcomings.
Please enjoy your weekend.
Thank you.
Sent via BlackBerry

Stephen R. Stern, Esq.
Hoffinger Stern & Ross, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
**************************************************************
This electronic mail transmission may contain privileged, confidential and/or
proprietary information intended only for the person(s) named.
Any use, distribution, copying or disclosure to another person is strictly
prohibited. If you are not the addressee indicated in this message (or
responsible for delivery of the message to such person), you may not copy or
deliver this message to anyone. In such case, you should destroy this message
and kindly notify the sender by reply email.
**************************************************************


-----Original Message-----
From: "Marc Youngelson" <myoungelson@sillscummis.com>

Date: Fri, 23 May 2008 17:09:34
To:"Stephen R. Stern" <SRStern@hsrlaw.com> Cc:"Allen Sragow"
<A.Sragow@sragow.com>,"Philip White"
<PWHITE@sillscummis.com>,mlynn@kayescholer.com,"Lupkin, Jonathan"
<JLupkin@fzwz.com>,"Hackett, Jean Marie" <JHackett@fzwz.com>,"David Bayne"
<Davidbayne@kmollp.com>
Subject: Amusement v. Stern


Dear Steve:

Please see the enclosed correspondence.

Marc

Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.

**Exhibit L**

# HOFFINGER STERN & ROSS, LLP

### 150 EAST 58ᵀᴴ STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1269

MICHAEL J. SHERMAN
MARK W. GEISLER
*ERIC P. BLAHA

*ALSO ADMITTED N.J. & D.C

June 4, 2008

**BY HAND**

Marc Youngelson, Esq.
Sills Cummis & Gross
One Rockefeller Plaza
New York, NY 10020

Re:   Amusement Industry, Inc. et al v. Mark Stern, et al .- Subpoena to RREEF

Dear Mr. Youngelson:

        In connection with the continuing production on behalf of Jone Lang Lasalle, enclosed
herewith are documents nos. JLL ES 001 – JLL ES 110 from the file of paralegal Eleanor Smith
together with a privilege log.

                                Very truly yours,

                                Stephen R. Stern

SRS:em

enclosure

cc:   Jonathan D. Lupkin, Esq.
      Michael Lynn, Esq.
      Allen P. Sragow, Esq. (via facsimile w/o enclosures)

{251150.DOC}

**EXHIBIT M**

1

83S5AMUM                     motion

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   AMUSEMENT INDUSTRY INC., *et*
     *ano*.,
 4
                  Plaintiff,
 5
                  v.                    07 CIV. 11586 (LAK)
 6
     MOSES STERN, *et al*.,
 7
                  Defendants.
 8
     ------------------------------x
 9
                                        March 28, 2008
10                                      10:50 a.m.
     Before:
11
                     HON. LEWIS A. KAPLAN,
12
                                        District Judge
13
                         APPEARANCES
14
     SILLS, CUMMIS & GROSS
15        Attorneys for Plaintiff
     BY:  PHILIP R. WHITE
16
     HOFFINGER, STERN & ROSS, L.L.P.
17        Attorneys for Defendants Stern, Frenkel, First Republic
     and Land Associates
18   BY:  STEPHEN R. STERN

19   FLEMMING, ZULACK, WILLIAMSON, ZAUDERER, L.L.P.
          Attorneys for Defendant Safrin
20   BY:  JONATHAN D. LUPKIN

21        JEAN MARIE HACKETT

22

23

24

25

83S5AMUM                         motion

1    that we received the full ambit of documents that we believed

2    that we were entitled to.

3           Other than that, I think that Mr. White adequately

4    summarized, certainly, their position.

5           And I wanted to emphasize, again, that the heart of

6    Mr. Safrin's defense at this point in time is that his

7    signature was forged on a number of documents (A) and in

8    connection with that, we have already retained a handwriting

9    expert, his name is Gus Lesnevich.  Mr. Lesnevich has examined

10   three signatures on the documents that purport to have

11   Mr. Safrin's signature.  He has compared them against no fewer

12   than 38 known exemplars of Mr. Safrin's signature and has

13   concluded and so stated in a declaration that I have already

14   provided to counsel that the signatures that appear on those

15   documents are not genuine.

16          And, with that, I will answer whatever other questions

17   the Court may have.  But, other than that, I am finished.

18          THE COURT:  Mr. Stern, thank you.

19          MR. STERN:  Thank you, your Honor.  Good morning.

20          I am listening to what other counsel said in another

21   matter.  I guess my perspective is totally different than what

22   the Court has heard.

23          I think this case is a rather garden variety case of

24   an attempt or effort to collect on a note which note we don't

25   know because the complaint itself is not sure and perhaps

83S5AMUM                    motion

1    collateral security that may or may not have been given in

2    connection with that note pursuant to a contract thereto.  We

3    don't know which ones, but we are not sure.  But, the complaint

4    is obviously a complaint in search of a theory.  There are 260

5    paragraphs, 83 pages, and 27 clauses of action all centering on

6    whether or not a note actually existed, was signed and money

7    was given and whether or not there is security for that note.

8            When we were before the Court the last time in

9    chambers and the Court entered its order, pretrial order

10   regarding discovery, I was silent.  I said nothing with regard

11   to the discovery schedule because I anticipated, as I have over

12   the past 35-plus years practicing law, that at the outset, at a

13   minimum, discovery would start among the lawyers.

14           As far as I can recall in my review of the documents,

15   no discovery has come from plaintiffs to my clients, the

16   defendants in this lawsuit.  I find that curious.  I have not

17   seen the document.  If I missed it, I apologize to the Court

18   and to Mr. White and Mr. White's office but I have not seen

19   such a request.

20           I would think at a minimum that's where discovery --

21   only an opinion -- would start.  Once is it starts with my

22   client, my client has an ability, under the Federal Rules of

23   Civil Procedure, to take certain conduct that's permitted under

24   the federal rules; assert privileges, cause the plaintiffs who

25   have now sought discovery from the defendants to make motions

10

83S5AMUM                          motion

1   to compel, we affirm in front of your Honor and do whatever is

2   necessary and appropriate with regard to that discovery.  And

3   still what we have here is wholesale going out the other way,

4   going out the back-door of the house full.

5          Plaintiffs, instead, have chosen to serve tons of

6   subpoenas on third-parties.  The information sought from those

7   third-parties is either within or not within the purview of the

8   plaintiffs -- of the defendants.  He could have started there.

9          The information sought from those parties are not

10  relevant and not germane to the core claims here whether or not

11  there is a note, whether or not the note resulted in money

12  given, and whether or not security given in connection with

13  those notes are appropriate, exactly as your Honor began with

14  the first question here.

15         With respect, further, to the subpoenas, specifically

16  the most egregious subpoenas which are items number 23 and 13

17  appended to the motion that we have submitted to the Court, 23

18  being with regard to Jones LaSalle which is the managing agent

19  for the property and 13 with regard to CitiGroup, they're

20  beyond egregious.  They are pure fishing expeditions.  They are

21  seeking due diligence post the loan and they're seeking

22  confidential and proprietary business information that the

23  plaintiffs are not entitled to easily at this juncture and

24  perhaps never.

25         For example, if we look at subpoena 23, which is

11

83S5AMUM                      motion

1    directed to Jones, Lang, LaSalle, there are 26 categories of

2    documents, the first 10 which deal with a master agreement.

3    The master agreement is defined as that written master retail

4    management and leasing agreement between Jones LaSalle and

5    First Republic L.L.C.  What that has to do with monies loaned

6    and/or seeking to collect on collateral is far beyond me.

7            Those first 10, therefore, seem to be completely

8    irrelevant and seek to be a fishing expedition.

9            More importantly -- more importantly -- this

10   particular category of documents has a chilling effect on the

11   entire business.  One can appreciate when a subpoena is served

12   on a party to a lawsuit that party has a vested interest in

13   dealing with the subpoena.  Obviously they're a plaintiff or

14   defendant and the allegations are core to them.

15           When a third-party is served with a subpoena, the

16   third-party is not quite as vested in a lawsuit as the parties

17   are.

18           THE COURT:  They might actually turn over some

19   important documents.

20           MR. STERN:  I'm sorry.

21           THE COURT:  They might actually turn over some

22   important documents.

23           MR. STERN:  That's correct; if they're relevant and

24   germane, correct, but here with Jones LaSalle it took months to

25   negotiate this master agreement.  They manage 11 malls with

12

83S5AMUM                          motion

1    hundreds of tenants, with hundreds if not thousands of

2    employees, and can you imagine the chilling effect that being

3    served with subpoenas like this would have on a company like

4    that with regard to managing malls that have an appraised

5    value, so we are told, of $180 million or $190 million?

6         If Jones LaSalle were to throw up its hands and walk

7    away from its master agreement for whatever reason -- good, bad

8    or indifferent -- these malls could go dark.  The asset could

9    be destroyed irreparably and that's a concern, dramatic concern

10   I have with regard to these malls, a fear that they won't be

11   able to be replaced in a day, week, or a month.  That's a big

12   concern.

13        If we look further at the rest of the subpoena it

14   talks about income and balance sheets, aging aged receivables,

15   rent roll, current rent roll, impounds, consolidated financial

16   statements.  This has nothing to do with whether a loan was

17   made.  This has nothing to do with whether or not they're

18   entitled to security.  This is purely a fishing expedition, the

19   grossest and most egregious type of fishing expedition.  It

20   seeks confidential business information that they're not

21   entitled to at this point.

22        If, per chance, our motion to dismiss is denied in

23   full, and if, per chance, they're successful in this lawsuit,

24   and if, per chance, they get the security or collateral when

25   they walk in and they own the premises, if they do, they can

22

83S5AMUM                        motion

1    time which is why we decided to do them early in the process.

2          And, to the extent that we haven't given -- I don't

3    understand about the use of proceeds argument that Mr. Stern is

4    making exactly, but in the initial disclosures that we made in

5    which we did not produce categories of documents but instead

6    produced several, I don't know, a large pile of actual

7    documents that we think are relevant, among them with several

8    closing statements that don't reconcile with each other.  And

9    so, we are trying to figure out what that's about.

10         At heart there is an awful lot of -- and I think

11   Mr. Stern alluded to it, allegations that are going to come of

12   patent dishonesty among these people and these documents are

13   relevant to those allegations.  And if we are going to get to

14   where somebody says very quickly the note, the assignment and

15   whatever, are actually enforceable valid documents, then this

16   case will be very quick, your Honor, because they're in default

17   and we are entitled to foreclose on those assets and we will be

18   the observers very quickly.

19         But, I suspect that when we come around to that point

20   we are not going to hear this is a case only about a note and

21   an assignment of collateral, we are going to hear it is a

22   massive fraud and conspiracy case and I'm trying to get to the

23   bottom of that quickly because we don't have a lot of time.

24         THE COURT:  Okay.  All right.

25         I was presented last week with a proposed order to

23

83S5AMUM                          motion

1    show cause to quash, modify, limit and/or enjoin approximately

2    37, plus or minus -- 38 subpoenas, actually, served by the

3    plaintiff on non-party witnesses.  The proposed order to show

4    cause was presented on behalf of the defendants other than

5    Mr. Safrin.

6            Rather than go through the time consuming and wasteful

7    exercise of having lots of papers prepared, I invited counsel

8    to come in today and we have just heard argument on the matter

9    and I am going to treat the motion set out in the order to show

10   cause as having been made and I deny it.

11           First of all, I am completely unpersuaded by the

12   movant's contention that discovery ought to go forward only as

13   among the parties initially and that all discovery against

14   non-party witnesses be deferred.  That just doesn't make any

15   sense to me and it seems also perfectly apparent, first, that

16   there are relevant documents that quite likely that are in the

17   hands of non-parties that are not in the hands of the parties

18   and, in all the circumstances of this case, issues as to

19   whether some potentially relevant documents that are or were in

20   the hands of some parties may, for one reason or another,

21   simply not turn up in discovery among the parties.  So, I just

22   decline altogether to accept the assertion about the order of

23   discovery.

24           Secondly, I think the assertion that there is some

25   horrible threat of irreparable harm if discovery proceeds

83S5AMUM                    motion

1   against Jones LaSalle and Citibank is, first of all,

2   unsupported by any substantive showing, highly speculative, and

3   a kind of the-sky-is-falling argument.  I see nothing to it, at

4   least at this point.

5        Thirdly, I think that the subpoenas addressed to the

6   disbursement of the proceeds that are in issue here are

7   patently relevant.  I simply reject the contrary argument.

8   And, the long and the short of it is that I don't see any

9   persuasive basis on the part of the moving defendants to

10  suggest or to lead me to the conclusion that the discovery

11  sought is not relevant in the broad scope of that term as

12  defined in the Federal Rules of Civil Procedure.

13       If and to whatever extent there are legitimate

14  concerns about confidentiality, they are readily resolved by

15  the parties that are entering into the standard form of

16  confidentiality order which could readily contemplate the

17  designation of confidential materials that are of concern to

18  non-party witnesses as confidential under the terms of the

19  order.  And, I would be perfectly prepared to sign the normal

20  form order.  And so, the motion is denied.  I do say, also,

21  however, that this is without prejudice to whatever arguments

22  might be raised on behalf of particular non-party witnesses who

23  have not been heard and to whatever objections they might have

24  to the subpoenas, and I do expect that the parties will be

25  reasonably accommodating of the interests of the non-party

25

83S5AMUM                    motion

1    witnesses with respect to resolving questions of scheduling the

2    level of burden entailed by whatever searches are necessary to

3    comply and the like.

4            Anything else we can accomplish this morning?

5            MR. WHITE:  Not on behalf of the plaintiffs, your

6    Honor.  Thank you.

7            THE COURT:  Okay.  Thank you.

8            MR. LUPKIN:  Thank you very much.

9            MR. STERN:  Thank you, your Honor.

10                            o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25