# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, <br><br> Defendants. | CASE NO. 07 CV 11586 (LAK) (GWG) <br><br> **PLAINTIFFS' MOTION TO COMPEL BURR & FORMAN LLP TO PRODUCE DOCUMENTS AND CERTIFICATION IN SUPPORT THEREOF** |

Plaintiffs Amusement Industry, Inc. ("Amusement") and Practical Finance Co., Inc. (together, "plaintiffs") hereby move to compel Burr & Forman, LLP ("Burr Forman") to produce documents in response to the subpoena, dated March 6, 2008 (the "Subpoena"), served by plaintiffs on Burr Forman in the above-captioned action (the "Action"). Although Burr Forman is not a party to the Action, counsel for the Stern defendants is representing Burr Forman in connection with the Subpoena.[1] As demonstrated below, Burr Forman has failed to produce any documents to date.

## Summary of Dispute and Request for Relief

Plaintiffs' allegations concerning the underlying facts in the Action are straightforward: in June 2007, defendants Stern and Safrin, through their agent and attorney Friedman, solicited Amusement's participation in a real estate investment opportunity. That opportunity involved

---

[1]    Plaintiffs understand that Burr Forman is located in Georgia. However, in view of the discovery schedule in the Action, and because Burr Forman has advised that it delivered its responsive files to its New York counsel (who also is counsel to the Stern defendants), plaintiffs believed it would be more efficient to raise this motion pursuant to the Court's individual rules concerning discovery disputes.

defendants' purchase of a significant portfolio of shopping centers (the "Portfolio") from an entity known as Colonial Realty Limited Partnership. On June 29, 2007, Amusement contributed $13 million to defendants' Portfolio purchase by wiring that amount to an escrow account maintained by defendant Land Title Associates Escrow at North Fork Bank, now known as Capital One ("Capital One").

Plaintiffs contend that defendants thereafter misappropriated plaintiffs' $13 million without authorization. Indeed, records produced by Capital One in response to the Subpoena indicate that (i) on July 3, 2008, Amusement's $13 million was transferred to a second account held in the name of First Republic Group Corp.; and (ii) on July 12, 2007 – one day before receiving what defendants contend was a purported authorization from Steven Alevy (defendants knew that Steven Alevy no authority to release the escrow) to release the escrow funds – some of Amusement's funds apparently were disbursed to Burr Forman. (Ex. B (NF/CAP1 00016).)[2]

The Subpoena seeks discovery of important evidence in the Action, including documents concerning the disbursement of Amusement's funds, and all debts owed by defendants, to Burr Forman. (Ex. B.)

By its terms, the Subpoena required a response by April 15, 2008. (Ex. B.) On April 18, Burr Forman notified plaintiffs that it would be (i) represented by counsel for the Stern defendants in connection with the Subpoena; and (ii) providing a copy of its file to such counsel. (Ex. C.) On May 6, plaintiffs requested that Burr Forman produce its documents, or forward them to counsel. (Ex. D.) On May 14, Burr Forman advised that, only two days earlier, it had sent its file to counsel for the Stern defendants. (Ex. E.) On May 23, plaintiffs requested that counsel produce the Burr Forman file by May 28. (Ex. F.) Counsel responded that the May 28

---

[2]    Capital One produced the documents annexed as Exhibit B without Bates stamps. For identification purposes, plaintiffs have affixed Bates numbers.

"deadline is not well taken," and refused to provide a date as to when documents would be forthcoming. (Ex. G.)

Plaintiffs' right to relief here is plain. Plaintiffs properly have issued and served a lawful Subpoena on Burr Forman seeking documents that are relevant to the Action. This Court noted as much at the March 28, 2008 hearing on defendants' motion to quash plaintiffs' subpoenas (which the Court denied): "the subpoenas addressed to the disbursement of the proceeds that are in issue here are patently relevant." (Ex. H.) Counsel for the Stern defendants apparently has the Burr Forman documents, but has refused to produce them. See F.R.C.P. 45(d) (duties of party in responding to subpoena).

As the Court may recall, this is not the first time that counsel for the Stern defendants has employed evasive and obstructive tactics to resist and avoid discovery herein. In fact, on March 26, the same counsel filed an order to show cause seeking to quash the nonparty subpoenas issued by plaintiffs (and by defendant Safrin), including particularly the Burr Forman Subpoena. As noted, on March 28, the Court denied this motion. Now, that same counsel is refusing to produce the very discovery his motion to quash unsuccessfully sought to avoid.[3] Such gamesmanship is unacceptable.

Accordingly, and in view of the tight discovery schedule in the Action, plaintiffs respectfully request that the Court order Burr Forman and its counsel promptly to (i) produce all responsive documents, and (ii) reimburse plaintiffs the attorneys' fees incurred in making this

---

[3]    Counsel used similar evasive tactics in connection with the Stern defendants' document production, which resulted in plaintiffs filing a motion to compel on April 29, 2008. On May 2, 2008, the Court granted plaintiffs' motion.

application to address the Burr Forman and counsel's baseless conduct.[4]

DATED: June 9, 2008

SILLS CUMMIS & GROSS, P.C.

By: _____

Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Attorneys for plaintiffs

Marc D. Youngelson, Esq., under penalty of perjury, hereby certifies that annexed hereto are true and correct copies of (i) documents bearing Bates Nos. NF/CAP1 00012 and NF/CAP1 00016-18, which were produced by Capital One (Ex. A); (ii) the Subpoena (Ex. B); (iii) an April 18, 2008 letter from Burr Forman to plaintiffs' Georgia counsel (Ex. C); (iv) A May 6, 2008 letter from plaintiffs' counsel to Burr Forman (Ex. D); (v) a May 14, 2008 letter from Burr Forman to plaintiffs' counsel (Ex. E); (vi) a May 23, 2008 letter from Allen Sragow to Stephen Stern (Ex. F); (vii) a May 27, 2008 letter from Stephen Stern to Allen Sragow (Ex. G); and (vii) relevant pages from the transcript of the March 28, 2008 hearing concerning defendants' motion to quash plaintiffs' Rule 45 subpoenas (Ex. H).

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: June 9, 2008

Marc D. Youngelson

---

[4]    In view of its failure to respond, plaintiffs submit that Burr Forman has waived any objections to the Subpoena, including privilege.

### CERTIFICATE OF SERVICE

DACIA C. COCARIU hereby certifies under penalty of perjury pursuant to 28 U.S.C. 1746

that on June 9, 2008, I caused to be served by hand delivery upon the party listed below, a true and

correct copy of the within Plaintiffs' Motion to Compel Burr & Forman, LLP to Produce

Documents and Certification Thereof.

> Stephen R. Stern, Esq.
> Hoffinger Stern & Ross, LLP
> 150 East 58th Street, 19th Floor
> New York, NY 10155

Dated:    New York, New York
          June 9, 2008

_____
DACIA C. COCARIU

# EXHIBIT A

FAIR LAWN
For Information: (877)694-9111

NOTICE: See Reverse side
for Important Information

7-31-07
PAGE    1
5514007904
NO ENCLOSURES

LAND TITLE ASSOCIATES AGENCY,LLC          551
ESCROW ACCOUNT
1979 MARCUS AVE STE 209
NEW HYDE PARK NY 11042-1002

MORE BRANCHES, MORE ATMS, MORE HOURS, MORE LOCATIONS,
MORE WAYS TO SERVE YOU BETTER. FOR A WIDE RANGE OF
PRODUCTS TO BETTER SERVE YOUR FINANCIAL NEEDS CALL OUR
TELEPHONE EXPRESS BANKING CENTER AT 877-694-9111.

BUSINESS ADVANTAGE PLUS          551400 790 4

| | | |
|---|---|---|
| Previous Balance | 6-30-07 | 55,301.38 |
| +Deposits/Credits | 4 | 21,777,500.00 |
| -Checks/Debits | 4 | 21,777,500.00 |
| -Service Charge | | .00 |
| Ending Balance | 7-31-07 | 55,301.38 |
| Days in Statement Period | 31 | |

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|
| | Beginning Balance | | | | 55,301.38 |
| 7-02 | AMUSEMENT INDUSTRY INC | | | 13,000,000.00 | 13,055,301.38 |
| 7-03 | TRANSFER TO 5516019766 | | 13,000,000.00 | | 55,301.38 |
| 7-12 | IOLA-TEPFER AND TEPFER PC SPEC | | | 8,677,500.00 | 8,732,801.38 |
| 7-12 | WEB XFER TO DDA 005516019766 | | 8,677,500.00 | | 55,301.38 |
| 7-13 | WEB XFER TO DDA 005516019766 | | 50,000.00 | | 5,301.38 |
| 7-16 | WEB XFER FR DDA 005516019766 | | | 50,000.00 | 55,301.38 |
| 7-20 | WEB XFER TO DDA 005514007797 | | 50,000.00 | | 5,301.38 |
| 7-23 | WEB XFER FR DDA 005514008209 | | | 50,000.00 | 55,301.38 |
| | Ending Balance | | | | 55,301.38 |

Please be advised that we are not legally obligated to print these
statements out on North Fork statement paper. Due to the fact
effective August 1, 2007, North Fork Bank was merged into
Capital One, N.A.

END OF STATEMENT

NF/CAP1 00012

FAIR LAWN
For Information:  (877)694-9111

NOTICE: See Reverse side
for Important Information

7-31-07
PAGE    1
5516019766
8 ENCLOSURES

JEM

FIRST REPUBLIC GROUP CORP
C/O LAND TITLE ASSOCIATES AGENCY,L        551
1979 MARCUS AVE STE 209
NEW HYDE PARK NY 11042-1002

MORE BRANCHES, MORE ATMS, MORE HOURS, MORE LOCATIONS,
MORE WAYS TO SERVE YOU BETTER. FOR A WIDE RANGE OF
PRODUCTS TO BETTER SERVE YOUR FINANCIAL NEEDS CALL OUR
TELEPHONE EXPRESS BANKING CENTER AT 877-694-9111.

ESCROW MANAGEMENT ACCOUNT                 551601 976 6

| | | |
|---|---|---|
| Previous Balance | 7-03-07 | .00 |
| +Deposits/Credits | 22 | 32,367,000.00 |
| -Checks/Debits | 63 | 31,737,121.50 |
| -Service Charge | | .00 |
| +Interest Paid | | 956.43 |
| Ending Balance | 7-31-07 | 630,834.93 |
| Days in Statement Period | 28 | |

INTEREST INFORMATION
Average Daily Balance                                  630,830.61
Interest Paid This Year                                     956.43

| Date | Rate | Date | Rate | Date | Rate |
|---|---|---|---|---|---|
| 7-03 | .250% | | | | |

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 7-03 | Beginning Balance | | | | .00 |
| 7-05 | TRANSFER FROM 5514007904 | | | 13,000,000.00 | 13,000,000.00 |
| 7-06 | INT PMT 07/03/07 THRU 07/04/07 | | | 178.07 | 13,000,178.07 |
| 7-08 | INT PMT 07/05/07 THRU 07/05/07 | | | 89.04 | 13,000,267.11 |
| 7-09 | INT PMT 07/06/07 THRU 07/07/07 | | | 178.08 | 13,000,445.19 |
| 7-10 | INT PMT 07/08/07 THRU 07/08/07 | | | 89.04 | 13,000,534.23 |
| 7-11 | INT PMT 07/09/07 THRU 07/09/07 | | | 89.04 | 13,000,623.27 |
| 7-12 | INT PMT 07/10/07 THRU 07/10/07 | | | 89.04 | 13,000,712.31 |
| 7-12 | WEB XFER FR DDA 005514007904 | | 8,677,500.00 | | 13,000,712.31 |
| 7-12 | Tepfer and Tepfer | | 8,677,500.00 | | 21,678,212.31 |
| 7-12 | Echan Associates | | 2,670,000.00 | | 13,000,712.31 |
| 7-12 | GMAC | | 2,325,000.00 | | 10,330,712.31 |
| 7-12 | Bruce W Minsky Esq | | 934,500.00 | | 8,005,712.31 |
| 7-12 | Land Title Associates | | 934,500.00 | | 7,071,212.31 |
| 7-12 | Latham Watkins LLP | | 277,500.00 | | 6,136,712.31 |
| 7-12 | Herrick Feinstein LLP | | 200,000.00 | | 5,859,212.31 |
| 7-12 | SMBC Derivative Products Limit | | 111,760.00 | | 5,659,212.31 |
| 7-12 | Integra Realty Resources | | 96,485.00 | | 5,547,452.31 |
| 7-12 | Helix Financial | | 88,538.42 | | 5,450,967.31 |
| 7-12 | LandAmerica Assesment Corp | | 44,800.00 | | 5,362,428.89 |
| 7-12 | LeaseProbe | | 16,125.00 | | 5,317,628.89 |
| 7-12 | Young Conaway Stargatt & Taylo | | 15,000.00 | | 5,301,503.89 |
| 7-12 | Parker Hudson Rainer & Dobbs L | | 12,400.00 | | 5,286,503.89 |
| 7-12 | Chatham Financial Corp | | 11,176.00 | | 5,274,103.89 |
| 7-12 | The Planing & Zoning Resource | | 7,001.80 | | 5,262,927.89 |
| 7-12 | Odin Feldman & Pittleman PC | | 6,800.00 | | 5,255,926.09 |
| 7-12 | LandAmerica Assesment Corp | | 2,400.00 | | 5,249,126.09 |
| 7-12 | ChoicePoint | | 1,350.96 | | 5,246,726.09 |
| 7-12 | INT PMT 07/11/07 THRU 07/11/07 | | | 89.04 | 5,245,375.13 |
| 7-13 | FIRST REPUBLIC GROUP CORP | | | 2,325,000.00 | 5,245,464.17 |
| 7-13 | WEB XFER FR DDA 005514008290 | | | 1,260,000.00 | 7,570,464.17 |
| 7-13 | WEB XFER FR DDA 005514008332 | | | 1,180,000.00 | 8,830,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 350,000.00 | 10,010,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 230,000.00 | 10,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514008316 | | | 150,000.00 | 10,590,464.17 |
| 7-13 | WEB XFER FR DDA 005514008944 | | | 130,000.00 | 10,740,464.17 |
| 7-13 | WEB XFER FR DDA 005514008217 | | | 120,000.00 | 10,870,464.17 |
| | | | | | 10,990,464.17 |

Continued on next page

NF/CAP1 00016

```
FIRST REPUBLIC GROUP CORP                          7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L                 PAGE   2
1979 MARCUS AVE STE 209                             5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Balance Forward | | | | 10,990,464.17 |
| 7-13 | WEB XFER FR DDA 005514008274 | | | 100,000.00 | 11,090,464.17 |
| 7-13 | WEB XFER FR DDA 005514008282 | | | 100,000.00 | 11,190,464.17 |
| 7-13 | WEB XFER FR DDA 005514008951 | | | 70,000.00 | 11,260,464.17 |
| 7-13 | WEB XFER FR DDA 005514008365 | | | 50,000.00 | 11,310,464.17 |
| 7-13 | WEB XFER FR DDA 005514008308 | | | 50,000.00 | 11,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514007904 | | | 50,000.00 | 11,410,464.17 |
| 7-13 | WEB XFER FR DDA 005514008241 | | | 30,000.00 | 11,440,464.17 |
| 7-13 | WEB XFER FR DDA 005514008266 | | | 20,000.00 | 11,460,464.17 |
| 7-13 | WEB XFER FR DDA 005514001329 | | | 20,000.00 | 11,480,464.17 |
| 7-13 | Incoming Wire Transfer Fee | | 15.00 | | 11,480,449.17 |
| 7-13 | first republic group realty/s | | 6,337,047.62 | | 5,143,401.55 |
| 7-13 | CRLP | | 1,116,210.00 | | 4,027,191.55 |
| 7-13 | northmarq capital inc | | 975,000.00 | | 3,052,191.55 |
| 7-13 | Reiss Eisenpress LLP | | 350,000.00 | | 2,702,191.55 |
| 7-13 | Citigroup Global Markets Realt | | 230,000.00 | | 2,472,191.55 |
| 7-13 | Cavazos, Hendricks & Poirot PC | | 12,000.00 | | 2,460,191.55 |
| 7-13 | Burr & Forman LLP | | 5,750.00 | | 2,454,441.55 |
| 7-13 | citigroup global markets realt | | 743.28 | | 2,453,698.27 |
| 7-13 | INT PMT 07/12/07 THRU 07/12/07 | | | 35.93 | 2,453,734.20 |
| 7-15 | INT PMT 07/13/07 THRU 07/14/07 | | | 33.61 | 2,453,767.81 |
| 7-16 | FIRST REPUBLIC GROUP CORP | | | 2,670,000.00 | 5,123,767.81 |
| 7-16 | LAND TITLE | | | 934,500.00 | 6,058,267.81 |
| 7-16 | Incoming Wire Transfer Fee | | 15.00 | | 6,058,252.81 |
| 7-16 | Incoming Wire Transfer Fee | | 15.00 | | 6,058,237.81 |
| 7-16 | First Republic Group Realty/St | | 50,000.00 | | 6,008,237.81 |
| 7-16 | Buchanan Ingersoll PC | | 50,000.00 | | 5,958,237.81 |
| 7-16 | CRLP/ Corporate Account | | 27,000.00 | | 5,931,237.81 |
| 7-16 | Integra Realty Resources | | 15,520.00 | | 5,915,717.81 |
| 7-16 | Cavazos, Hendricks & Poirot PC | | 12,000.00 | | 5,903,717.81 |
| 7-16 | WEB XFER TO DDA 005514008290 | | 1,260,000.00 | | 4,643,717.81 |
| 7-16 | WEB XFER TO DDA 005514008532 | | 1,180,000.00 | | 3,463,717.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 350,000.00 | | 3,113,717.81 |
| 7-16 | WEB XFER TO DDA 005514008290 | | 229,770.00 | | 2,883,947.81 |
| 7-16 | WEB XFER TO DDA 005514008316 | | 150,000.00 | | 2,733,947.81 |
| 7-16 | WEB XFER TO DDA 005514008944 | | 130,000.00 | | 2,603,947.81 |
| 7-16 | WEB XFER TO DDA 005514008217 | | 120,000.00 | | 2,483,947.81 |
| 7-16 | WEB XFER TO DDA 005514008282 | | 100,000.00 | | 2,383,947.81 |
| 7-16 | WEB XFER TO DDA 005514008274 | | 100,000.00 | | 2,283,947.81 |
| 7-16 | WEB XFER TO DDA 005514008951 | | 70,000.00 | | 2,213,947.81 |
| 7-16 | WEB XFER TO DDA 005514007904 | | 50,000.00 | | 2,163,947.81 |
| 7-16 | WEB XFER TO DDA 005514008365 | | 50,000.00 | | 2,113,947.81 |
| 7-16 | WEB XFER TO DDA 005514008308 | | 50,000.00 | | 2,063,947.81 |
| 7-16 | WEB XFER TO DDA 005514008241 | | 30,000.00 | | 2,033,947.81 |
| 7-16 | WEB XFER TO DDA 005514008266 | | 20,000.00 | | 2,013,947.81 |
| 7-16 | WEB XFER TO DDA 005514001329 | | 20,000.00 | | 1,993,947.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 230.00 | | 1,993,717.81 |
| 7-16 | INT PMT 07/15/07 THRU 07/15/07 | | | 16.81 | 1,993,734.62 |
| 7-17 | Bruce Minsky, Esq | | 1,134,934.42 | | 858,800.20 |
| 7-17 | INT PMT 07/16/07 THRU 07/16/07 | | | 13.66 | 858,813.86 |
| 7-18 | INT PMT 07/17/07 THRU 07/17/07 | | | 5.88 | 858,819.74 |
| 7-19 | INT PMT 07/18/07 THRU 07/18/07 | | | 5.88 | 858,825.62 |
| 7-20 | WEB XFER TO DDA 005514007797 | 1024 | | | 9,825.62 |
| 7-20 | | | 850,000.00 | | 41,174.38- |
| 7-20 | WEB XFER TO DDA 005514008209 | | 50,000.00 | | 41,168.50- |
| 7-23 | INT PMT 07/19/07 THRU 07/19/07 | | | 5.88 | 808,831.50 |
| 7-23 | Carruthers & Roth PA Trust Acc | | | 850,000.00 | 803,581.50 |
| 7-23 | | 1028 | 5,250.00 | | 753,581.50 |
| 7-23 | | 1029 | 50,000.00 | | 703,581.50 |
| 7-24 | INT PMT 07/23/07 THRU 07/23/07 | | 50,000.00 | 4.82 | 703,586.32 |
| 7-25 | | 1012 | 10,100.00 | | 693,486.32 |
| 7-25 | INT PMT 07/24/07 THRU 07/24/07 | | | 4.82 | 693,491.14 |
| 7-26 | | 1031 | 1,500.00 | | 691,991.14 |
| 7-26 | INT PMT 07/25/07 THRU 07/25/07 | | | 4.75 | 691,995.89 |
| 7-27 | | 1018 | 11,784.00 | | 680,211.89 |
| 7-27 | INT PMT 07/26/07 THRU 07/26/07 | | | 4.74 | 680,216.63 |

Continued on next page

NF/CAP1 00017

```
FIRST REPUBLIC GROUP CORP                              7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L            PAGE      3
1979 MARCUS AVE STE 209                        5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Balance Forward | | | | 680,216.63 |
| 7-29 | INT PMT 07/27/07 THRU 07/28/07 | | | 9.32 | 680,225.95 |
| 7-30 | | 1014 | 48,000.00 | | 632,225.95 |
| 7-30 | | 1032 | 1,400.00 | | 630,825.95 |
| 7-30 | INT PMT 07/28/07 THRU 07/29/07 | | | 4.66 | 630,830.61 |
| 7-31 | INT PMT 07/30/07 THRU 07/30/07 | | | 4.32 | 630,834.93 |
| | Ending Balance | | | | 630,834.93 |

CHECKS PAID DURING STATEMENT PERIOD          * INDICATES CHECK OUT OF SEQUENCE

| NUMBER | DATE | AMOUNT | NUMBER | DATE | AMOUNT |
|--------|------|--------|--------|------|--------|
| 1012 | 7-25 | 10100.00 | 1014* | 7-30 | 48000.00 |
| 1018* | 7-27 | 11784.00 | 1024* | 7-20 | 50000.00 |
| 1028* | 7-23 | 50000.00 | 1029 | 7-23 | 50000.00 |
| 1031* | 7-26 | 1500.00 | 1032 | 7-30 | 1400.00 |

Please be advised that we are not legally obligated to print these
statements out on North Fork statement paper. Due to the fact
effective August 1, 2007, North Fork Bank was merged into
Capital One, N.A.

END OF STATEMENT

NF/CAP1 00018

# EXHIBIT B

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES; PRACTICAL FINANCE, CO., INC., a California corporation, <br><br> **Plaintiff,** <br><br> v. <br><br> MOSES STERN, an individual aka MARK STERN, JOSHUA SAFRIN, an individual; FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, EPHRAIM FRENKEL, an individual; LAND TITLE ASSOCIATES ESCROW, a New York limited company, <br><br> **Defendant.** | **SUBPOENA IN A CIVIL CASE** <br><br> **CASE NO. 07 CV 11586** <br> **PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** |

TO:   Burr & Forman LLP, c/o Richard A. Fishman, Esq., Registered Agent, 171 17th St., NW, Suite 1100, Atlanta, GA 30363, (404) 815-3000

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped trial deposition in the above case relating to the topics identified in Schedule B hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A at the place, date, and time specified below.

| PLACE     Kilpatrick Stockton LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, GA 30309 | DATE AND TIME <br> April 15, 2008 <br> 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | (DATE) |
|---|---|
| *[signature]* | 4/4/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jill Warner, Georgia Bar No. 378472
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6639
Counsel for Plaintiffs Amusement Industry, Inc. and Practical Finance Co.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

US2000 10716457.1

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earliest of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed by the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

US2000 10716467.1

(d) DUTIES IN RESPONDING TO A SUBPOENA. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

<u>DEFINITIONS</u>

1.    The terms "document" and "communication" as used herein are as defined by the United States District Court Southern District of New York Local Rule 26.3.

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) The following definitions apply to all discovery requests:

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

1

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) All/Each. The terms "all" and "each" shall be construed as all and each.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

2.      The term "YOU", "YOUR" or "YOURS" as used herein, refers to BURR FORMAN LLP.

3.      The term "STERN" as used herein, refers to the Defendant in this action, MOSES STERN, an individual aka MARK STERN, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

4.      The term "SAFRIN" as used herein, refers to the Defendant in this action, JOSHUA SAFRIN, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

5.      The term "FIRST REPUBLIC LLC" as used herein, refers to the Defendant in this action, FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

6.    The term "FRENKEL" as used herein, refers to the Defendant in this action, EPHRAIM FRENKEL, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

7.    The term "LAND ESCROW" as used herein, refers to the Defendant in this action, LAND TITLE ASSOCIATES ESCROW, a New York limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

8.    The term "FIRST CORP" as used herein, refers to First Republic Group, Corp., a New York corporation, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

9.    The term "CITIGROUP" as used herein, refers to Citigroup Global Markets Realty Corp., and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

10.    The term "COLONIAL" as used herein, refers to Colonial Realty Limited Partnership, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

11.    The term "FIDELITY" as used herein, refers to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

12.    Documents responsive to the requests for production below include any responsive emails and other forms of communication in electronic format that exist, in accordance with F.R.C.P. 34(b), which must be produced in their native electronic format, meaning in the electronic file format in which the subpoenaed party maintains and retains them.

3

## REQUESTS FOR PRODUCTION

1. Documents concerning monies received by YOU from STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY during the period of June 29, 2007 through July 31, 2007.

2. Documents concerning YOUR involvement in the negotiation, sale or purchase of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

3. Documents concerning debts owed to YOU by STERN, SAFRIN, FIRST CORP or FIRST REPUBLIC LLC's any payments made to YOU thereon.

4. Documents concerning monies received by YOU from any escrow or escrow agent in 2007 related to STERN, FIRST CORP or to FIRST REPUBLIC LLC's purchase of shopping centers from COLONIAL.

5. Documents of communication with any escrow or escrow agent in 2007 related to STERN, FIRST CORP, SAFRIN or FIRST REPUBLIC LLC.

6. Documents sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning the sale and purchase of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

7. Documents sent by YOU to, and received by YOU from, any escrow or escrow agent related to FIRST REPUBLIC LLC's purchase of shopping centers from COLONIAL in 2007.

8. Documents sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning a loan from CITIGROUP to FIRST REPUBLIC LLC in 2007.

4

9.  Documents sent by YOU to, and received by YOU from, the law firm of Buchanan, Ingersoll & Rooney PC, or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

10. Documents sent by YOU to, and received by YOU from, the law firm of Herrick, Feinstein LLP, or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

11. Documents sent by YOU to, and received by YOU from, Avery Egert, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

12. Documents sent by YOU to, and received by YOU from, Steven Alevy or Bankers Capital LLC, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

13. Documents concerning the sources of funds obtained or used by FIRST REPUBLIC LLC to purchase shopping centers from COLONIAL in 2007.

14. Documents which mention either Plaintiff herein, AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES or PRACTICAL FINANCE CO., INC., a California corporation, including as abbreviated (such as "Amusement" or "Westland").

15. Documents concerning the entry by STERN, FIRST CORP, SAFRIN or FIRST REPUBLIC LLC into negotiations or agreements with either Plaintiff herein.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6665 Long Beach Blvd., Suite B-22, Long Beach, CA 90805.

      On April 4, 2008, I served the foregoing document(s) described as: NOTICE OF SUBPOENA DUCES TECUM, thereof, on interested parties:

XX

**BY MAIL** - by placing a true and correct copy thereof enclosed in an addressed envelope as follows:

Philip S. Ross
Stephen R. Stern
Hoffinger, Stern & Ross, LLP
150 East 58th Street
New York, NY 10155

Jonathan D. Lupkin
Jean Marie Hackett
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006

Philip R. White, Esq.
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, NY 10020

      I caused such envelope to be deposited in the mail at Long Beach, California. I am readily familiar with the firm's practice of collection and processing mail. It is picked up by a postal courier on that same day in the ordinary course of business.

**BY PERSONAL SERVICE** - by delivering true and correct copies thereof by hand delivery to the persons at the following address:

**STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XX

**FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed April 4, 2008 at Long Beach, California.

Farida Baig

# EXHIBIT C

**BURR ••• FORMAN** LLP

*results matter*

Michael L. Lucas
Direct Dial: (205) 458-5204
Direct Fax: (205) 244-5673
Email: mlucas@burr.com

)

420 North 20th Street
Suite 3400
Birmingham, AL 35203

Office (205) 251-3000
Fax (205) 458-5100

BURR.COM

April 18, 2008

**VIA E-MAIL AND U.S. MAIL**
Jill Warner, Esq.
Kilpatrick, Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530

>    Re:    **Amusement Industry, Inc., et al. vs Moses Stern, et al.**
>           **Case No: 07-CV-11586**
>           **Pending in the United States District Court for the Southern District of**
>           **New    York**

Dear Ms. Warner:

The purpose of this letter is to confirm our agreement regarding a subpoena issued by your firm out of the United States District Court for the Northern District of Georgia, Atlanta Division with respect to the above-referenced matter.

My firm provided local opinion representation for First Republic Group Realty, LLC, in a transaction in the summer of 2007.

For purposes of the subpoena, we have agreed my firm will send a copy of my firm's file from that representation to Stephen R. Stern, Esq., counsel for First Republic Group Realty, LLC in the underlying litigation in New York. Mr. Stern and his firm, on behalf of their client, can review the file and advise which documents to produce and as to which documents to assert attorney client or work product objections.

We authorize Mr. Stern to deal directly with the counsel for Amusement Industry, Inc., and Practical Finance Company in the underlying litigation in New York as to any disputes over which documents are to be produced or withheld and will supply a privilege log if necessary.

We have agreed this will resolve my firm's obligation under this subpoena. I will send you a copy of my transmittal letter.

I hasten to add that we do preserve our right to object to the subpoena and any portion thereof on the basis of privilege or for any other appropriate and legal reason.

1635274 v1

Jill Warner
April 18, 2008
Page 2

We have agreed to no specific deadline for the objections or the responses and anticipate that Mr. Stern and his firm will contact you to arrive at a firm date.

Thank you for your attention to this matter.

Very truly yours,

Michael L. Lucas

MLL/rhs
cc:    Stephen R. Stern, Esq.

1658274 v1

# EXHIBIT D

SRAGOW & SRAGOW
LAW OFFICES
6665 LONG BEACH BOULEVARD, SUITE B22
LONG BEACH, CALIFORNIA 90805
TELEPHONE (310) 639-0782
FACSIMILE (310) 639-7210

May 6, 2008

Michael L. Lucas
Burr Forman LLP
171 17th St., NW, Suite 1100
Atlanta, GA 30363

       Re:    Amusement v Stern et al

Dear Mr. Lucas:

     We have not received any response to a subpoena that was served on Burr Forman LLP on April 7, 2008. As you may recall, you agreed in a letter, dated April 18, 2008, to forward your firm's file to Mr. Stern so he and his firm can advise you as to which documents to produce and which documents to affirm as privileged. We have not heard anything from Mr. Stern on this. Please either direct Mr. Stern to pass along your production, or produce the documents as sought in the subpoena.

                        Very truly yours,

                        Allen P. Sragow

cc:    Marc D. Youngelson, Sills Cummis & Gross, P.C.
       Jill Warner, Kilpatrick Stockton, LLP
       Stephen Stern, Hoffinger, Stern & Ross, LLP

**EXHIBIT E**

**BURR • • • FORMAN** LLP

*results matter*

Michael L. Lucas
Direct Dial: (205) 458-5204
Direct Fax: (205) 244-5672
Email: mlucas@burr.com

420 North 20th Street
Suite 3400
Birmingham, AL 35203

*Office* (205) 251-3000
*Fax* (205) 458-5100

BURR.COM

May 14, 2008

Allen P. Sragow
Sragow & Sragow
6665 Long Beach Blvd., Suite B22
Long Beach, California 90805

> Re:    **Amusement v. Stern et al**

Dear Mr. Sragow:

On Monday, May 12, 2008, we forwarded a copy of our file to Mr. Stern, pursuant to our earlier agreement. Thank you for your attention to this matter.

Very truly yours,

Michael L. Lucas

MLL/rhs
cc:    Stephen Stern
Jill Warner

1664852 v1

# EXHIBIT F

## SRAGOW & SRAGOW

LAW OFFICES
6665 LONG BEACH BOULEVARD, SUITE B22
LONG BEACH, CALIFORNIA 90805
TELEPHONE (310) 639-0782
FACSIMILE (310) 639-7210

**VIA ELECTRONIC AND
REGULAR MAIL**

May 23, 2008

Stephen R. Stern
Hoffinger, Stern & Ross, LLP
150 East 58th Street
New York, NY 10155

      Re:    <u>Amusement v Stern et al</u>

Dear Mr. Stern:

      We received a letter, dated May 14, 2008, from Michael Lucas, at Burr Forman, LLP, that a copy of their file on Mark Stern was forwarded to your office. Since this file was sent to you in connection to a subpoena that we served on Burr Forman, LLP, please forward it to our office by no later than May 28, 2008.

      If you have any questions, please contact our office.

              Very truly yours,

              Allen P. Sragow

APS/fb

**EXHIBIT G**

08-May-27    12:46pm    From-H S & R                    212 223-3857            T-708  P.002/002  F-488

## HOFFINGER STERN & ROSS, LLP
### 150 EAST 58TH STREET
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
STEPHEN R. STERN, P.C.
PHILIP S. ROSS
FRAN HOFFINGER
SUSAN HOFFINGER

(212) 421-4000
TELECOPIER: (212) 223-3857
TELECOPIER: (212) 750-1269

MICHAEL J. SHERMAN
MARK W. GEISLER

May 27, 2008

Allen P. Sragow, Esq.
Sragow & Sragow
6665 Long Beach Blvd., Suite B-22
Long Beach, California 90805

        Re:  Stern - Alevy (Burr-Foreman)

Dear Mr. Sragow:

        I have your letter of Friday evening last before the
Memorial Day weekend.

        It is important, at the outset, to note the voluminous
correspondence transmitted to and received by either your office
or your co-counsel's office with respect to the irregularities,
errors and delays encountered by all parties in connection with
responses to discovery coming from your offices prior to receipt
of last Friday's evenings letter; and, yet, in the details of
the voluminous letters our clients have never demanded or even
requested that already late discovery should be produced by your
offices by a date certain.  Instead, given the promises your
respective offices have made regarding late discovery produced
by you, we have abided the event.

        Thus, your deadline is not well taken.  Nevertheless, our
firm will continue to endeavor to produce what is available on
as current a basis as possible subject, of course, to all
applicable rules and privileges.

                                Very truly yours,

                                Stephen R. Stern

SRS:ll
BY FACSIMILE & US MAIL

cc:  Mark W. Geisler, Esq.

{LL0210.DOCX}

**EXHIBIT H**

1

83S5AMUM                          motion

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   AMUSEMENT INDUSTRY INC., *et
    ano.*,
4
                    Plaintiff,
5
            v.                              07 CIV. 11586 (LAK)
6
    MOSES STERN, *et al.*,
7
                    Defendants.
8
    ------------------------------x
9
                                        March 28, 2008
10                                      10:50 a.m.
    Before:
11
                        HON. LEWIS A. KAPLAN,
12
                                        District Judge
13
                        APPEARANCES
14
    SILLS, CUMMIS & GROSS
15          Attorneys for Plaintiff
    BY:  PHILIP R. WHITE
16
    HOFFINGER, STERN & ROSS, L.L.P.
17          Attorneys for Defendants Stern, Frenkel, First Republic
    and Land Associates
18  BY:  STEPHEN R. STERN

19  FLEMMING, ZULACK, WILLIAMSON, ZAUDERER, L.L.P.
            Attorneys for Defendant Safrin
20  BY:  JONATHAN D. LUPKIN

21      JEAN MARIE HACKETT

22

23

24

25

83S5AMUM                    motion

1    time which is why we decided to do them early in the process.

2         And, to the extent that we haven't given -- I don't

3    understand about the use of proceeds argument that Mr. Stern is

4    making exactly, but in the initial disclosures that we made in

5    which we did not produce categories of documents but instead

6    produced several, I don't know, a large pile of actual

7    documents that I think are relevant, among them with several

8    closing statements that don't reconcile with each other.  And

9    so, we are trying to figure out what that's about.

10        At heart there is an awful lot of -- and I think

11   Mr. Stern alluded to it, allegations that are going to come of

12   patent dishonesty among these people and these documents are

13   relevant to those allegations.  And if we are going to get to

14   where somebody says very quickly the note, the assignment and

15   whatever, are actually enforceable valid documents, then this

16   case will be very quick, your Honor, because they're in default

17   and we are entitled to foreclose on those assets and we will be

18   the observers very quickly.

19        But, I suspect that when we come around to that point

20   we are not going to hear this is a case only about a note and

21   an assignment of collateral, we are going to hear it is a

22   massive fraud and conspiracy case and I'm trying to get to the

23   bottom of that quickly because we don't have a lot of time.

24        THE COURT:  Okay.  All right.

25        I was presented last week with a proposed order to

83S5AMUM                      motion

1   show cause to quash, modify, limit and/or enjoin approximately

2   37, plus or minus -- 38 subpoenas, actually, served by the

3   plaintiff on non-party witnesses.  The proposed order to show

4   cause was presented on behalf of the defendants other than

5   Mr. Safrin.

6           Rather than go through the time consuming and wasteful

7   exercise of having lots of papers prepared, I invited counsel

8   to come in today and we have just heard argument on the matter

9   and I am going to treat the motion set out in the order to show

10  cause as having been made and I deny it.

11          First of all, I am completely unpersuaded by the

12  movant's contention that discovery ought to go forward only as

13  among the parties initially and that all discovery against

14  non-party witnesses be deferred.  That just doesn't make any

15  sense to me and it seems also perfectly apparent, first, that

16  there are relevant documents that quite likely that are in the

17  hands of non-parties that are not in the hands of the parties

18  and, in all the circumstances of this case, issues as to

19  whether some potentially relevant documents that are or were in

20  the hands of some parties may, for one reason or another,

21  simply not turn up in discovery among the parties.  So, I just

22  decline altogether to accept the assertion about the order of

23  discovery.

24          Secondly, I think the assertion that there is some

25  horrible threat of irreparable harm if discovery proceeds

24

83S5AMUM                        motion

1    against Jones LaSalle and Citibank is, first of all,

2    unsupported by any substantive showing, highly speculative, and

3    a kind of the-sky-is-falling argument.  I see nothing to it, at

4    least at this point.

5         Thirdly, I think that the subpoenas addressed to the

6    disbursement of the proceeds that are in issue here are

7    patently relevant.  I simply reject the contrary argument.

8    And, the long and the short of it is that I don't see any

9    persuasive basis on the part of the moving defendants to

10   suggest or to lead me to the conclusion that the discovery

11   sought is not relevant in the broad scope of that term as

12   defined in the Federal Rules of Civil Procedure.

13        If and to whatever extent there are legitimate

14   concerns about confidentiality, they are readily resolved by

15   the parties that are entering into the standard form of

16   confidentiality order which could readily contemplate the

17   designation of confidential materials that are of concern to

18   non-party witnesses as confidential under the terms of the

19   order.  And, I would be perfectly prepared to sign the normal

20   form order.  And so, the motion is denied.  I do say, also,

21   however, that this is without prejudice to whatever arguments

22   might be raised on behalf of particular non-party witnesses who

23   have not been heard and to whatever objections they might have

24   to the subpoenas, and I do expect that the parties will be

25   reasonably accommodating of the interests of the non-party

25

83S5AMUM                         motion

1    witnesses with respect to resolving questions of scheduling the

2    level of burden entailed by whatever searches are necessary to

3    comply and the like.

4            Anything else we can accomplish this morning?

5            MR. WHITE:  Not on behalf of the plaintiffs, your

6    Honor.  Thank you.

7            THE COURT:  Okay.  Thank you.

8            MR. LUPKIN:  Thank you very much.

9            MR. STERN:  Thank you, your Honor.

10                            o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25