**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, <br><br> Defendants. | CASE NO. 07 CV 11586 (LAK) (GWG) <br><br> **PLAINTIFFS' MOTION TO COMPEL ROMAN ASSOCIATES TO PRODUCE DOCUMENTS AND CERTIFICATION IN SUPPORT THEREOF** |

Plaintiffs Amusement Industry, Inc. ("Amusement") and Practical Finance Co., Inc.

(together, "plaintiffs"), by their undersigned attorneys, hereby move to compel Roman

Associates Limited ("Roman") to produce documents in response to the subpoena, dated March

12, 2008 (the "Subpoena"), served by plaintiffs on Roman in the above-captioned action (the

"Action").[1]  As demonstrated below, in direct breach of its discovery obligations, Roman simply

has failed to respond to the Subpoena in any way.

### Summary of Dispute and Request for Relief

Plaintiffs' allegations concerning the underlying facts in the Action are straightforward:

in June 2007, defendants Stern and Safrin, through their agent and attorney Friedman, solicited

Amusement's participation in a real estate investment opportunity.  That opportunity involved

defendants' purchase of a significant portfolio of shopping centers (the "Portfolio") from an

---

[1]    Roman is not a party in the Action.  However, in view of the discovery schedule in the Action, plaintiffs believed it would be more efficient to raise this motion pursuant to the Court's individual rules concerning discovery disputes.  Plaintiffs provided a copy of the Court's rules to Roman when they provided Roman with notice of this motion.  (Ex. A hereto.)  To accommodate Roman as a nonparty, and subject to the Court's approval, plaintiffs have no objection to a reasonable extension of Roman's time to respond to this motion.

entity known as Colonial Real Estate.  On June 29, 2007, Amusement contributed $13 million to defendants' purchase by wiring that amount to an escrow account maintained by defendant Land Title Associates Escrow at North Fork Bank, now known as Capital One ("Capital One").

Plaintiffs contend that defendants thereafter misappropriated plaintiffs' $13 million without authorization.  Indeed, records produced by Capital One in response to the Subpoena indicate that (i) on July 3, 2008, Amusement's $13 million was transferred to a second account held in the name of First Republic Group Corp.; and (ii) on July 12, 2007 – one day before receiving what defendants contend was a purported authorization from Steven Alevy (defendants knew that Steven Alevy no authority to release the escrow) to release the escrow funds – $2,670,000 of Amusement's escrowed funds apparently was sent to Roman.  (Ex. B (NF/CAP1 00012 and 00016).[2])  The purpose of this disbursement is unclear.

On March 17, 2008, plaintiffs served the Subpoena on Roman, by delivering it to an individual authorized to accept service of process for Roman.  (Exs. C-D hereto.)  The Subpoena seeks discovery of evidence relating to important issues in the Action.  For example, the Subpoena seeks documents concerning (i) Roman's involvement in the Portfolio purchase transaction, including any payments made to Roman in connection with that transaction; (ii) debts owed by defendants or First Corp to Roman; and (iii) communications between Roman and defendants.  (Ex. C, Requests Nos. 2, 3, 5-7.)  As this Court observed at the March 28, 2008 hearing regarding defendants' motion to quash plaintiffs' subpoenas, "the subpoenas addressed to the disbursement of the proceeds that are in issue here are patently relevant."  (Ex. G.)

Roman has not responded to plaintiffs' Subpoena.  Specifically, by its terms, the Subpoena required a response by April 1, 2008.  Roman did not respond on that date.  Accordingly, on April 9, 2008, counsel for plaintiffs requested that Roman respond to the

---

[2]     Capital One produced the documents annexed as Exhibit B without Bates stamps.  For identification purposes, plaintiffs have affixed Bates numbers.

Subpoena, and, as a courtesy, granted Roman an extension of time to respond to April 19 (a 19 day extension). (Ex. F.) Roman still did not respond. Surprisingly, in April, Roman responded to a subpoena served on it by defendant Safrin. (Ex. G.)

On April 24, 2008, plaintiffs' counsel contacted Roman's President, Joseph Mirando, to discuss Roman's lack of response to Plaintiffs' subpoena. (Sragow Cert. ¶ 2.) Mr. Mirando assured Mr. Sragow that the matter would be handled expeditiously by Eric Passini. (Id.) Mr. Sragow thereafter left messages with Mr. Passini, but Roman never responded. (Id.)

Plaintiffs' right to relief here is plain. Plaintiffs properly have issued and served a lawful Subpoena on Roman seeking documents that are relevant to the Action. In derogation of its discovery obligations, Roman utterly has failed to respond to the Subpoena. See F.R.C.P. 45(d) (duties of party in responding to subpoena). Roman has not requested an extension of time to respond (though plaintiffs already have provided one of nearly three weeks). Nor has Roman filed a motion for a protective order pursuant to F.R.C.P. 45(c). Roman's failure to respond is particularly puzzling in light of the facts that (i) it responded to Safrin's subpoena; and (ii) it promised plaintiffs that it would respond to the Subpoena.

Accordingly, and in view of the tight discovery schedule in the Action, plaintiffs respectfully request that the Court order Roman promptly to comply with the Subpoena.[3]

DATED: June 9, 2008

SILLS CUMMIS & GROSS, P.C.

By: _____
Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000
Attorneys for plaintiffs

---

[3]     In view of Roman's failure to respond, plaintiffs respectfully submit that Roman has waived any objections it may have had to the Subpoena (including privilege objections).

3

Allen P. Sragow, Esq., under penalty of perjury, hereby certifies as follows:

1.      Annexed hereto are true and correct copies of (i) a June 2, 2008 letter from plaintiffs' counsel to Roman providing notice of this motion, and enclosing a copy of this Court's individual rules (Ex. A); (ii) a copy of documents bearing Bates Nos. NF/CAP1 00012 and NF/CAP1 00016-18, which were produced by nonparty Capital One in this action (Ex. B); (iii) the Subpoena and an affidavit of service relating thereto (Exs. C-D); (iv) correspondence from counsel for plaintiffs to Roman (Ex. E); (v) a copy of the Declaration of Joseph T. Mirando, dated April 2008 (Ex. F); and (vi) relevant pages from the transcript of the March 28, 2008 hearing concerning defendants' motion to quash plaintiffs' Rule 45 subpoenas (Ex. G).

2.      On April 24, 2008, I telephoned Roman's President, Joseph Mirando, to discuss Roman's lack of response to Plaintiffs' subpoena.  Mr. Mirando assured me that the matter would be expeditiously handled by Eric Passini.  Thereafter, I left messages with Mr. Passini, but neither Mr. Passini nor Mr. Mirando returned my call.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: June 6, 2008

Allen P. Sragow

## CERTIFICATE OF SERVICE

DACIA C. COCARIU hereby certifies under penalty of perjury pursuant to 28 U.S.C. 1746 that on June 9, 2008, I caused to be served by hand delivery upon the party listed below, a true and correct copy of the within Plaintiffs' Motion to Compel Nonparty Roman Associates Limited to Produce Documents and Certification Thereof.

> Joseph T. Mirando
> ROMAN ASSOCIATES LIMITED
> 1200 Veteran's Memorial Hwy, Suite 310
> Hauppauge, NY 11788

Dated:    New York, New York
          June 7, 2008

_____
DACIA C. COCARIU

# EXHIBIT A

# SILLS CUMMIS & GROSS
#### A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

Dacia C. Cocariu
Associate
Direct Dial: (212) 500-1576
E-mail: dcocariu@sillscummis.com

650 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

June 9, 2008

**<u>By Hand</u>**

Joseph T. Mirando
ROMAN ASSOCIATES LIMITED
1200 Veteran's Memorial Hwy, Suite 310
Hauppauge, NY 11788

> Re:   Amusement Indus., Inc. v. Stern, et al.
>       <u>Case No. 07-CV-11586 (LAK)</u>

Dear Mr. Mirando:

We represent plaintiffs Amusement Industry, Inc. and Practical Finance Co., Inc. in the above-referenced action (the "Action"). Enclosed herewith is a copy of plaintiffs' motion to compel Roman Associates Limited to produce documents in response to a subpoena served upon it by plaintiffs in the Action. Plaintiffs' motion is being filed with the Court today.

Also enclosed herewith is a copy of Judge Kaplan's individual practices, which require that a response to a discovery motion be filed within two days. However, to accommodate Roman as a nonparty, and subject to the Court's approval, plaintiffs have no objection to a reasonable extension of Roman's time to respond to this motion.

1464412 v1

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Joseph T. Mirando
ROMAN ASSOCIATES LIMITED
June 9, 2008
Page 2


        Please feel free to contact me at (212) 500-1576 if you have any questions or wish to
discuss the foregoing.


                                            Very truly yours,

                                            Dacia C. Cocariu


Enclosures

cc:    All counsel of record (via e-mail w/ enclosures)

1464412 v1

**LEWIS A. KAPLAN**
**United States District Judge**
**United States Courthouse**
**500 Pearl Street**
**New York, NY 10007**

## COMMUNICATIONS

For questions concerning general calendar matters, call the Deputy Clerk, Mr. Andrew Mohan at (212) 805-0104.

*Counsel are not to communicate with Chambers by phone except in case of emergency. Counsel are not to communicate with chambers via facsimile without prior approval.* Copies of correspondence between counsel *should not be sent to the Court.*

Except as otherwise provided herein, the Court's procedures are governed by the Local Rules of this Court and the Federal Rules of Civil Procedure. *Counsel should not call the Judge's law clerks with respect to procedural questions.*

## CONFERENCES

*The attorney who will serve as principal trial counsel must appear at all conferences with the Court.*

Unless the parties are otherwise notified, a pending motion to dismiss the entire action cancels any previously scheduled initial scheduling conference.

## MOTION RULES AT A GLANCE

| | |
|---|---|
| Pre-motion conference: | Discovery disputes only unless otherwise ordered in a specific case. |
| Motion returnable: | **Motions are to be filed without a return date.** |
| Courtesy Copies: | Two courtesy copies should be addressed to Judge Kaplan and delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed). |

## MOTION RULES AND PROCEDURES

### Discovery Disputes

#### Non-ECF Cases

A conference must be requested before the filing of any motion relating to a discovery dispute. Counsel wishing to make such a motion should send a letter to the Court concisely describing the basis for the proposed motion and requesting a conference. The party opposing the relief sought may respond within two (2) business days by letter briefly describing why the relief sought should not be granted. Letters seeking such conferences and responses thereto shall not exceed three (3) pages.

#### ECF Cases

Discovery disputes in ECF cases shall be raised with the Court by motion filed electronically. The motion shall not exceed four (4) pages in length, including affidavits and declarations, but exclusive of exhibits. In addition, counsel filing such motions electronically shall send a letter to the Court stating that such a motion has been filed electronically. The party opposing the relief sought may respond within two (2) business days electronically, briefly describing why the relief sought should not be granted. No briefs or memoranda of law shall be filed unless requested by the Court.

Regardless of whether the case is an ECF case, counsel should be prepared to discuss with the Court the matters raised by such letters or motions, as the case may be, as the Court will seek to resolve discovery disputes quickly, often by telephone conference call.

Discovery disputes should be raised with the Court promptly once it is clear that the issues cannot be resolved by agreement.

### Return Dates and Special Filing Rules

All motions, unless brought on by an Order to Show Cause, should be made without a return date.

The original of all motion papers, opposition papers, and replies should be filed in the Clerk's office. Two (2) courtesy copies for the use of Chambers should be delivered to the Marshals at the Worth Street entrance, 500 Pearl Street (at the time the originals are filed).

### Orders to Show Cause and TROs

All applications for orders to show cause and temporary restraining orders first shall be brought to the Orders and Appeals Clerk for approval and then to Chambers, provided that in ECF cases, counsel shall adhere to any instructions given by the Clerk's Office with respect to such applications. Applications for temporary restraining orders will be entertained only after notice to the adversary absent a persuasive showing that the giving of notice itself is likely to result in immediate and irreparable injury.

### Briefs and Motion Papers

Citations to New York and United States Supreme Court cases shall contain citations to the official reports and parallel cites to New York Supplement and Supreme Court Reporter, respectively. Citations to unreported cases not available on WESTLAW should be accompanied by a copy of the case cited.

Memoranda of law in support of or in opposition to motions may not exceed thirty-five (35) pages, double spaced, in length and, if in excess of ten (10) pages, should contain tables of contents and authorities. Reply memoranda may not exceed ten (10) pages, double spaced, in length. All exhibits should be tabbed and indexed. A copy of the complaint should accompany the moving papers. Requests to file memoranda exceeding the page limits set forth herein must be made *in writing* five (5) days prior to the due date except with respect to reply briefs, in which case the time is the day prior to the due date.

*Answering and reply papers*, if any, are to be served within the time specified in S.D.N.Y. Civ. R. 6.1. At the time reply papers are due, counsel shall advise the Court of any Monday morning within the next six (6) week period when they would be *unavailable* for oral argument.

### Oral Argument

After answering papers are received, the Court will notify counsel of the time and place for oral argument if the Court regards oral argument as likely to be helpful. The Court will have reviewed the papers prior to argument.

### Reports, Recommendations and Orders of Magistrate Judges

The page limits applicable to memoranda of law on motions apply also to objections to reports and recommendations, and appeals from orders of, Magistrate Judges.

### Adjournments/Extensions

All requests for extensions of time or adjournment of motions, pretrial conferences, and other matters must be made *in writing* with copies to all counsel and received in chambers not less than two business days before the scheduled time. Such requests must include the number and disposition of any prior requests for similar extensions and state whether opposing counsel

4

consents to the extension or adjournment. If the extension request is made with the consent of all parties, a stipulation should be submitted setting out the schedule to which counsel have agreed; a request for an extension without the consent of all counsel may be made by letter to the Court. Requests to adjourn the date for oral argument made less than one week prior to the scheduled date will be granted only under the most compelling circumstances.

*The Court will **not** advise the parties by telephone or mail of the disposition of requests for extensions and adjournments. Counsel are responsible for checking the docket sheet in the Clerk's office in person, by use of a service, or through use of the Court's ECF system.*

## ECF Cases

In ECF cases, notice of opinions, orders and stipulations is given through the ECF system

## Notice of Rulings in Non-ECF Cases

Judge Kaplan participates in the CourtWeb system with respect to cases that are not on the Electronic Case Filing system. Notice of most orders (other than scheduling orders), decisions and stipulations in non-ECF cases is posted on the World Wide Web and may be accessed through the Court's web site:

<u>http://www.nysd.uscourts.gov</u>

CourtWeb also permits attorneys to use an electronic watch list to notify them by electronic mail when orders are posted in cases. Counsel are directed to the court's web site for details as to how to sign up for this service.

Although most orders in non-ECF cases will be posted to the CourtWeb site, counsel are responsible for knowledge of *all* orders entered on the docket.

## PRETRIAL AND TRIAL RULES AND PROCEDURES

### Discovery Schedule

Notices inviting the parties to stipulate to a discovery schedule will be sent to plaintiff's counsel (or, in the case of removed actions, defendant's counsel) shortly after the filing of the action. If the parties can agree upon a schedule providing for prompt completion of pretrial proceedings, the Court ordinarily will incorporate the agreement in a Scheduling Order.

Counsel are responsible for being aware of the contents of the formal Scheduling Order and any amendments thereto irrespective of whether they are sent to counsel by the Clerk of the Court.

**Copies of Pleadings**

The parties are to provide a courtesy copy of the complaint, answer and any reply (but not discovery requests, discovery responses, stipulations, correspondence or other papers) to chambers promptly after service.

**Pretrial Order**

Counsel are to file a *joint* pretrial order, with two (2) courtesy copies addressed to chambers, on or before the date set by the Court. The pretrial order shall be prepared in accordance with the outline attached as Annex A. Failure to submit the pretrial order may result in dismissal or a default judgment, as appropriate. *The filing of a motion for summary judgment does not excuse or extend the time for filing the pretrial order unless the Court otherwise directs. Such applications are disfavored.*

**Ready for Trial**

Counsel must be prepared to proceed to trial on twenty four (24) hours telephone notice once the pretrial order has been filed. Any party with a scheduling problem should bring it to the Court's attention by letter at the time the pretrial order is filed.

**Bench Trials**

In bench trials, counsel shall prepare and exchange statements containing the direct testimony of each witness they intend to call. These witness statements, copies of which are to be addressed to chambers and delivered to the Marshals with copies of all exhibits at least one week before trial, shall be used at trial in accordance with the following procedure.

**Form of Statement**

For each witness whose direct testimony will be presented in statement form, counsel shall prepare a statement setting forth in declaratory form all of the facts to which that witness will testify. The facts shall be stated in narrative, rather than question and answer, form. The statement shall contain all of the relevant facts to which the witness would testify including facts necessary to establish the foundation for the testimony. It need not be sworn or notarized.

**Use of Statements**

At the trial, each witness whose direct testimony previously has been submitted in statement form shall take the stand and under oath shall adopt the statement as true and correct. The party offering that witness then shall offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule.

The witness then will be allowed to supplement his or her statement by any additional live direct testimony considered necessary by counsel.

6

Thereafter cross-examination and any redirect shall proceed in the ordinary course.

**Exceptions to Use of Statement**

Statements will be required of the parties and other witnesses under their control. They are not to be used for adverse parties or for persons whose attendance must be compelled by subpoena.

**Exhibits**

Documents to be offered as exhibits shall not be attached to witness statements but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

**Jury Selection**

Juries ordinarily will be selected by the struck panel method.

## BANKRUPTCY APPEALS

Counsel shall provide chambers with two courtesy copies of their briefs, and counsel for appellant shall provide it with one courtesy copy of the record, immediately upon the filing of the originals with the Clerk of Court. The page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals.

## CRIMINAL CASES

Upon the assignment of a criminal case to Judge Kaplan, the Assistant United States Attorney immediately shall provide a copy of the indictment to chambers and arrange with the Deputy Clerk for a prompt conference at which the defendant and defense counsel will be present in order to set a discovery and motion schedule and a trial date and, if necessary, to arraign the defendant and set bail.

Unless otherwise ordered, proposed *voir dire* questions, requests to charge, and *in limine* motions shall be served, filed and delivered to chambers no later than ten (10) days prior to the scheduled commencement of trial.

Revised11/16

7

**Annex A -- Form of Pretrial Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                   XX Civ. XXXX (LAK)


       The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.


## I. NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each party.]


## II. JURY/NON-JURY

[State whether a jury is claimed, whether there is any dispute as to whether the action should be tried to a jury, and the estimated length of the trial.]


## III. STIPULATED FACTS

[Set forth any stipulated facts.]


## IV. PARTIES' CONTENTIONS

       The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

A.    <u>Plaintiff's Contentions</u>

[Set forth a brief statement of the plaintiff's contentions as to all ultimate issues of fact and law.]

B.    <u>Defendant's Contentions</u>
[Set forth a brief statement of the defendant's contentions as to all ultimate issues of fact and law.]

## V.  ISSUES TO BE TRIED

[Set forth an agreed statement of the issues to be tried.]

## V.  PLAINTIFF'S EXHIBITS

## VI.  DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

[Each side shall list all exhibits it intends to offer on its case in chief.  The list shall include a description of each exhibit.  All exhibits shall be premarked.

[In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without change at trial.  Absent use of such a system, plaintiff's trial exhibits shall be identified by Arabic numerals and defendant's by letters (e.g., PX 1, DX 1, D-Jones A, D-Smith C).]

## VIII.  STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.]

## IX.  PLAINTIFF'S WITNESS LIST

## X.  DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.]

9

## XI.  RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages.  If the plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

Dated:


_____
                                    U.S.D.J.


[Signatures of counsel]

# EXHIBIT B

FAIR LAWN
For Information: (877)694-9111

NOTICE: See Reverse side
for Important Information

7-31-07
PAGE   1
5514007904
NO ENCLOSURES

LAND TITLE ASSOCIATES AGENCY,LLC          551
ESCROW ACCOUNT
1979 MARCUS AVE STE 209
NEW HYDE PARK NY 11042-1002

MORE BRANCHES, MORE ATMS, MORE HOURS, MORE LOCATIONS,
MORE WAYS TO SERVE YOU BETTER. FOR A WIDE RANGE OF
PRODUCTS TO BETTER SERVE YOUR FINANCIAL NEEDS CALL OUR
TELEPHONE EXPRESS BANKING CENTER AT 877-694-9111.

BUSINESS ADVANTAGE PLUS                551400 790 4

| | | |
|---|---|---|
| Previous Balance | 6-30-07 | 55,301.38 |
| +Deposits/Credits | 4 | 21,777,500.00 |
| -Checks/Debits | 4 | 21,777,500.00 |
| -Service Charge | | .00 |
| Ending Balance | 7-31-07 | 55,301.38 |
| Days in Statement Period | 31 | |

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|
| | Beginning Balance | | | | 55,301.38 |
| 7-02 | AMUSEMENT INDUSTRY INC | | | 13,000,000.00 | 13,055,301.38 |
| 7-03 | TRANSFER TO 5516019766 | | 13,000,000.00 | | 55,301.38 |
| 7-12 | IOLA-TEPFER AND TEPFER PC SPEC | | | 8,677,500.00 | 8,732,801.38 |
| 7-12 | WEB XFER TO DDA 005516019766 | | 8,677,500.00 | | 55,301.38 |
| 7-13 | WEB XFER TO DDA 005516019766 | | 50,000.00 | | 5,301.38 |
| 7-16 | WEB XFER FR DDA 005516019766 | | | 50,000.00 | 55,301.38 |
| 7-20 | WEB XFER TO DDA 005514007797 | | 50,000.00 | | 5,301.38 |
| 7-23 | WEB XFER FR DDA 005514008209 | | | 50,000.00 | 55,301.38 |
| | Ending Balance | | | | 55,301.38 |

*Please be advised that we are not legally obligated to print these statements out on North Fork statement paper. Due to the fact effective August 1, 2007, North Fork Bank was merged into Capital One, N.A.*

END OF STATEMENT

NF/CAP1 00012

```
FAIR LAWN                                    NOTICE: See Reverse side
For Information: (877)694-9111                  for Important Information

                                                              7-31-07
                                                         PAGE    1
                                                         5516019766
                                                         8 ENCLOSURES
                                    JEM

FIRST REPUBLIC GROUP CORP                551
C/O LAND TITLE ASSOCIATES AGENCY,L
1979 MARCUS AVE STE 209
NEW HYDE PARK NY 11042-1002


              MORE BRANCHES, MORE ATMS, MORE HOURS, MORE LOCATIONS,
              MORE WAYS TO SERVE YOU BETTER. FOR A WIDE RANGE OF
              PRODUCTS TO BETTER SERVE YOUR FINANCIAL NEEDS CALL OUR
              TELEPHONE EXPRESS BANKING CENTER AT 877-694-9111.


   ESCROW MANAGEMENT ACCOUNT            551601 976 6

              Previous Balance         7-03-07                    .00
              +Deposits/Credits             22         32,367,000.00
              -Checks/Debits               63         31,737,121.50
              -Service Charge                                     .00
              +Interest Paid                                   956.43
              Ending Balance           7-31-07            630,834.93
              Days in Statement Period      28

                          INTEREST INFORMATION
              Average Daily Balance                       630,830.61
              Interest Paid This Year                         956.43
       Date     Rate       Date      Rate        Date        Rate
       7-03     .250%
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
| | Beginning Balance | | | | .00 |
| 7-03 | TRANSFER FROM 5514007904 | | | 13,000,000.00 | 13,000,000.00 |
| 7-05 | INT PMT 07/03/07 THRU 07/04/07 | | | 178.07 | 13,000,178.07 |
| 7-06 | INT PMT 07/05/07 THRU 07/05/07 | | | 89.04 | 13,000,267.11 |
| 7-08 | INT PMT 07/06/07 THRU 07/07/07 | | | 178.08 | 13,000,445.19 |
| 7-09 | INT PMT 07/08/07 THRU 07/08/07 | | | 89.04 | 13,000,534.23 |
| 7-10 | INT PMT 07/09/07 THRU 07/09/07 | | | 89.04 | 13,000,623.27 |
| 7-11 | INT PMT 07/10/07 THRU 07/10/07 | | | 89.04 | 13,000,712.31 |
| 7-12 | WEB XFER FR DDA 005514007904 | | | 8,677,500.00 | 21,678,212.31 |
| 7-12 | Tepfer and Tepfer | | 8,677,500.00 | | 13,000,712.31 |
| 7-12 | Roman Associates | | 2,670,000.00 | | 10,330,712.31 |
| 7-12 | GMAC | | 2,325,000.00 | | 8,005,712.31 |
| 7-12 | Bruce W Minsky Esq | | 934,500.00 | | 7,071,212.31 |
| 7-12 | Land Title Associates | | 934,500.00 | | 6,136,712.31 |
| 7-12 | Latham& Watkins LLP | | 277,500.00 | | 5,859,212.31 |
| 7-12 | Herrick Feinstein LLP | | 200,000.00 | | 5,659,212.31 |
| 7-12 | SMBC Derivative Products Limit | | 111,760.00 | | 5,547,452.31 |
| 7-12 | Integra Realty Resources | | 96,485.00 | | 5,450,967.31 |
| 7-12 | Helix Financial | | 88,538.42 | | 5,362,428.89 |
| 7-12 | LandAmerica Assesment Corp | | 44,800.00 | | 5,317,628.89 |
| 7-12 | LeaseProbe | | 16,125.00 | | 5,301,503.89 |
| 7-12 | Young Conaway Stargatt & Taylo | | 15,000.00 | | 5,286,503.89 |
| 7-12 | Parker Hudson Rainer & Dobbs L | | 12,400.00 | | 5,274,103.89 |
| 7-12 | Chatham Financial Corp | | 11,176.00 | | 5,262,927.89 |
| 7-12 | The Planing & Zoning Resource | | 7,001.80 | | 5,255,926.09 |
| 7-12 | Odin Feldman & Pittleman PC | | 6,800.00 | | 5,249,126.09 |
| 7-12 | LandAmerica Assesment Corp | | 2,400.00 | | 5,246,726.09 |
| 7-12 | ChoicePoint | | 1,350.96 | | 5,245,375.13 |
| 7-12 | INT PMT 07/11/07 THRU 07/11/07 | | | 89.04 | 5,245,464.17 |
| 7-13 | FIRST REPUBLIC GROUP CORP | | | 2,325,000.00 | 7,570,464.17 |
| 7-13 | WEB XFER FR DDA 005514008290 | | | 1,260,000.00 | 8,830,464.17 |
| 7-13 | WEB XFER FR DDA 005514008332 | | | 1,180,000.00 | 10,010,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 350,000.00 | 10,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514008258 | | | 230,000.00 | 10,590,464.17 |
| 7-13 | WEB XFER FR DDA 005514008316 | | | 150,000.00 | 10,740,464.17 |
| 7-13 | WEB XFER FR DDA 005514008944 | | | 130,000.00 | 10,870,464.17 |
| 7-13 | WEB XFER FR DDA 005514008217 | | | 120,000.00 | 10,990,464.17 |

Continued on next page

NF/CAP1 00016

```
FIRST REPUBLIC GROUP CORP                              7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L                     PAGE   2
1979 MARCUS AVE STE 209                                5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|---|---|---|---|---|---|
| | Balance Forward | | | | 10,990,464.17 |
| 7-13 | WEB XFER FR DDA 005514008274 | | | | 11,090,464.17 |
| 7-13 | WEB XFER FR DDA 005514008282 | | | 100,000.00 | 11,190,464.17 |
| 7-13 | WEB XFER FR DDA 005514008951 | | | 100,000.00 | 11,260,464.17 |
| 7-13 | WEB XFER FR DDA 005514008365 | | | 70,000.00 | 11,310,464.17 |
| 7-13 | WEB XFER FR DDA 005514008308 | | | 50,000.00 | 11,360,464.17 |
| 7-13 | WEB XFER FR DDA 005514007904 | | | 50,000.00 | 11,410,464.17 |
| 7-13 | WEB XFER FR DDA 005514008241 | | | 50,000.00 | 11,440,464.17 |
| 7-13 | WEB XFER FR DDA 005514008266 | | | 30,000.00 | 11,460,464.17 |
| 7-13 | WEB XFER FR DDA 005514001329 | | | 20,000.00 | 11,480,464.17 |
| 7-13 | Incoming Wire Transfer Fee | | | 20,000.00 | 11,480,449.17 |
| 7-13 | first republic group realty/s | | 15.00 | | 11,480,449.17 |
| 7-13 | CRLP | | 6,337,047.62 | | 5,143,401.55 |
| 7-13 | northmarq capital inc | | 1,116,210.00 | | 4,027,191.55 |
| 7-13 | Reiss Eisenpress LLP | | 975,000.00 | | 3,052,191.55 |
| 7-13 | Citigroup Global Markets Realt | | 350,000.00 | | 2,702,191.55 |
| 7-13 | Cavazos, Hendricks & Poirot PC | | 230,000.00 | | 2,472,191.55 |
| 7-13 | Burr & Forman LLP | | 12,000.00 | | 2,460,191.55 |
| 7-13 | citigroup global markets realt | | 5,750.00 | | 2,454,441.55 |
| 7-13 | INT PMT 07/12/07 THRU 07/12/07 | | 743.28 | | 2,453,698.27 |
| 7-13 | INT PMT 07/13/07 THRU 07/14/07 | | | 35.93 | 2,453,734.20 |
| 7-15 | FIRST REPUBLIC GROUP CORP | | | 33.61 | 2,453,767.81 |
| 7-16 | LAND TITLE | | | 2,670,000.00 | 5,123,767.81 |
| 7-16 | Incoming Wire Transfer Fee | | | 934,500.00 | 6,058,267.81 |
| 7-16 | Incoming Wire Transfer Fee | | 15.00 | | 6,058,252.81 |
| 7-16 | First Republic Group Realty/St | | 15.00 | | 6,058,237.81 |
| 7-16 | Buchanan Ingersoll PC | | 50,000.00 | | 6,008,237.81 |
| 7-16 | CRLP/ Corporate Account | | 50,000.00 | | 5,958,237.81 |
| 7-16 | Integra Realty Resources | | 27,000.00 | | 5,931,237.81 |
| 7-16 | Cavazos, Hendricks & Poirot PC | | 15,520.00 | | 5,915,717.81 |
| 7-16 | WEB XFER TO DDA 005514008290 | | 12,000.00 | | 5,903,717.81 |
| 7-16 | WEB XFER TO DDA 005514008332 | | 1,260,000.00 | | 4,643,717.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 1,180,000.00 | | 3,463,717.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 350,000.00 | | 3,113,717.81 |
| 7-16 | WEB XFER TO DDA 005514008316 | | 229,770.00 | | 2,883,947.81 |
| 7-16 | WEB XFER TO DDA 005514008944 | | 150,000.00 | | 2,733,947.81 |
| 7-16 | WEB XFER TO DDA 005514008217 | | 130,000.00 | | 2,603,947.81 |
| 7-16 | WEB XFER TO DDA 005514008282 | | 120,000.00 | | 2,483,947.81 |
| 7-16 | WEB XFER TO DDA 005514008274 | | 100,000.00 | | 2,383,947.81 |
| 7-16 | WEB XFER TO DDA 005514008951 | | 100,000.00 | | 2,283,947.81 |
| 7-16 | WEB XFER TO DDA 005514007904 | | 70,000.00 | | 2,213,947.81 |
| 7-16 | WEB XFER TO DDA 005514008365 | | 50,000.00 | | 2,163,947.81 |
| 7-16 | WEB XFER TO DDA 005514008308 | | 50,000.00 | | 2,113,947.81 |
| 7-16 | WEB XFER TO DDA 005514008241 | | 50,000.00 | | 2,063,947.81 |
| 7-16 | WEB XFER TO DDA 005514008266 | | 30,000.00 | | 2,033,947.81 |
| 7-16 | WEB XFER TO DDA 005514001329 | | 20,000.00 | | 2,013,947.81 |
| 7-16 | WEB XFER TO DDA 005514008258 | | 20,000.00 | | 1,993,947.81 |
| 7-16 | INT PMT 07/15/07 THRU 07/15/07 | | 230.00 | | 1,993,717.81 |
| 7-17 | Bruce Minsky, Esq | | | 16.81 | 1,993,734.62 |
| 7-17 | INT PMT 07/16/07 THRU 07/16/07 | | 1,134,934.42 | | 858,800.20 |
| 7-18 | INT PMT 07/17/07 THRU 07/17/07 | | | 13.66 | 858,813.86 |
| 7-19 | INT PMT 07/18/07 THRU 07/18/07 | | | 5.88 | 858,819.74 |
| 7-20 | WEB XFER TO DDA 005514007797 | | 850,000.00 | 5.88 | 858,825.62 |
| 7-20 | | | 50,000.00 | | 8,825.62 |
| 7-20 | INT PMT 07/19/07 THRU 07/19/07 | | | 5.88 | 41,174.38- |
| 7-23 | WEB XFER FR DDA 005514008209 | | | 850,000.00 | 41,168.50- |
| 7-23 | Carruthers & Roth PA Trust Acc | | 5,250.00 | | 808,831.50 |
| 7-23 | | 1028 | 50,000.00 | | 803,581.50 |
| 7-23 | | 1029 | 50,000.00 | | 753,581.50 |
| 7-24 | INT PMT 07/23/07 THRU 07/23/07 | 1012 | | 4.82 | 703,586.32 |
| 7-25 | | 1031 | 10,100.00 | | 693,486.32 |
| 7-25 | INT PMT 07/24/07 THRU 07/24/07 | | | 4.82 | 693,491.14 |
| 7-26 | | 1031 | 1,500.00 | | 691,991.14 |
| 7-26 | INT PMT 07/25/07 THRU 07/25/07 | | | 4.75 | 691,995.89 |
| 7-27 | | 1018 | 11,784.00 | | 680,211.89 |
| 7-27 | INT PMT 07/26/07 THRU 07/26/07 | | | 4.74 | 680,216.63 |

Continued on next page

NF/CAP1 00017

```
FIRST REPUBLIC GROUP CORP                          7-31-07
C/O LAND TITLE ASSOCIATES AGENCY,L            PAGE    3
1979 MARCUS AVE STE 209                        5516019766
NEW HYDE PARK NY 11042-1002
```

| DATE | DESCRIPTION | CHECK# | DEBITS | CREDITS | BALANCE |
|------|-------------|--------|--------|---------|---------|
|      | Balance Forward |     |        |         | 680,216.63 |
|      |             |        |        | 9.32    | 680,225.95 |
| 7-29 | INT PMT 07/27/07 THRU 07/28/07 | | 48,000.00 | | 632,225.95 |
| 7-30 |             | 1014   |        |         | 630,825.95 |
| 7-30 |             | 1032   | 1,400.00 |       | 630,830.61 |
| 7-30 | INT PMT 07/29/07 THRU 07/29/07 | | | 4.66  | 630,834.93 |
| 7-31 | INT PMT 07/30/07 THRU 07/30/07 | | | 4.32  | 630,834.93 |
|      | Ending Balance |     |        |         |         |

CHECKS PAID DURING STATEMENT PERIOD          * INDICATES CHECK OUT OF SEQUENCE

| NUMBER | DATE | AMOUNT | NUMBER | DATE | AMOUNT |
|--------|------|--------|--------|------|--------|
| 1012   | 7-25 | 10100.00 | 1014* | 7-30 | 48000.00 |
| 1018*  | 7-27 | 11784.00 | 1024* | 7-20 | 50000.00 |
| 1028*  | 7-23 | 50000.00 | 1029  | 7-23 | 50000.00 |
| 1031*  | 7-26 | 1500.00 | 1032  | 7-30 | 1400.00 |

**Please be advised that we are not legally obligated to print these statements out on North Fork statement paper. Due to the fact effective August 1, 2007, North Fork Bank was merged into Capital One, N.A.**

```
END OF STATEMENT
```

NF/CAP1 00018

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;
PRACTICAL FINANCE, CO., INC., a California
corporation,

        **Plaintiff,**

v.

MOSES STERN, an individual aka MARK STERN,
JOSHUA SAFRIN, an individual; FIRST REPUBLIC
GROUP REALTY LLC, a Delaware limited liability
company, EPHRAIM FRENKEL, an individual;
LAND TITLE ASSOCIATES ESCROW, a New York
limited company,

        **Defendant.**

## SUBPOENA IN A CIVIL CASE

Case No. 07 CV 11586

TO:    ROMAN ASSOCIATES LIMITED, 115 E. 57th Street, Suite 1002, 10th Floor, New York, NY 10022, (973) 698-9700

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped trial deposition in the above case relating to the topics identified in Schedule B hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A at the place, date, and time specified below.

| PLACE   Sills Cummis & Gross P.C.<br>One Rockefeller Plaza<br>New York, New York 10020 | DATE AND TIME<br>4/1/08<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | (DATE)<br>3/12/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marc D. Youngelson, Esq.
Sills Cummis & Gross P.C.
One Rockefeller Plaza
New York, New York 10020
(212)-643-7000
Counsel for plaintiffs Amusement Industry, Inc. and Practical Finance Co.

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

1399041 v1

## PROOF OF SERVICE

|  |  |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of

1399041 v1

## SCHEDULE A

## DEFINITIONS

1.     Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.     Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.     Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.     Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.     Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

7.    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

9.    The term "YOU", "YOUR" or "YOURS" as used herein, refers to ROMAN ASSOCIATES LIMITED.

10.    The term "STERN" as used herein, refers to the Defendant in this action, MOSES STERN, an individual aka MARK STERN, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

11.    The term "SAFRIN" as used herein, refers to the Defendant in this action, JOSHUA SAFRIN, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

12.    The term "FIRST REPUBLIC LLC" as used herein, refers to the Defendant in this action, FIRST REPUBLIC GROUP REALTY LLC, a Delaware limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

2

13. The term "FRENKEL" as used herein, refers to the Defendant in this action, EPHRAIM FRENKEL, an individual, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such person.

14. The term "LAND ESCROW" as used herein, refers to the Defendant in this action, LAND TITLE ASSOCIATES ESCROW, a New York limited liability company, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

15. The term "FIRST CORP" as used herein, refers to First Republic Group, Corp., a New York corporation, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

16. The term "CITIGROUP" as used herein, refers to Citigroup Global Markets Realty Corp., and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

17. The term "COLONIAL" as used herein, refers to Colonial Realty Limited Partnership, and to each person who, with respect to the subject matter of the request, was or is acting on behalf of such entity.

18. The term "FIDELITY" as used herein, refers to FIDELITY NATIONAL TITLE INSURANCE COMPANY.

19. Documents responsive to the requests for production below must be produced in their native electronic format, meaning in the electronic file format in which the subpoenaed party maintains and retains them, and includes any responsive emails and other forms of communication in electronic format that exist, in accordance with F.R.C.P. 34(b).

## REQUESTS FOR PRODUCTION

1.    Documents concerning monies received by YOU from STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY during the period of June 29, 2007 through July 31, 2007.

2.    Documents concerning YOUR involvement in the negotiation, sale or purchase of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

3.    Documents concerning debts owed to YOU by STERN, SAFRIN, FIRST CORP or FIRST REPUBLIC LLC's any payments made to YOU thereon.

4.    Documents concerning monies received by YOU from any escrow or escrow agent in 2007 related to STERN, FIRST CORP or to FIRST REPUBLIC LLC's purchase of shopping centers from COLONIAL.

5.    Documents of communication with any escrow or escrow agent in 2007 related to STERN, FIRST CORP, SAFRIN or FIRST REPUBLIC LLC.

6.    Documents sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning the sale and purchase of shopping centers from COLONIAL to FIRST REPUBLIC LLC in 2007.

7.    Documents sent by YOU to, and received by YOU from, any escrow or escrow agent related to FIRST REPUBLIC LLC's purchase of shopping centers from COLONIAL in 2007.

8.    Documents sent by YOU to, and received by YOU from, STERN, FIRST CORP, SAFRIN, FIRST REPUBLIC LLC, FRENKEL, LAND ESCROW or FIDELITY concerning a loan from CITIGROUP to FIRST REPUBLIC LLC in 2007.

4

9.      Documents sent by YOU to, and received by YOU from, the law firm of Buchanan, Ingersoll & Rooney PC, or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

10.      Documents sent by YOU to, and received by YOU from, the law firm of Herrick, Feinstein LLP, or any attorney therein, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

11.      Documents sent by YOU to, and received by YOU from, Avery Egert, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

12.      Documents sent by YOU to, and received by YOU from, Steven Alevy or Bankers Capital LLC, concerning the sale of shopping centers by COLONIAL to FIRST REPUBLIC LLC in 2007.

13.      Documents concerning the sources of funds obtained or used by FIRST REPUBLIC LLC to purchase shopping centers from COLONIAL in 2007.

14.      Documents which mention either Plaintiff herein, AMUSEMENT INDUSTRY, INC., a California corporation dba WESTLAND INDUSTRIES or PRACTICAL FINANCE CO., INC., a California corporation, including as abbreviated (such as "Amusement" or "Westland").

15.      Documents concerning the entry by STERN, FIRST CORP, SAFRIN or FIRST REPUBLIC LLC into negotiations or agreements with either Plaintiff herein.

# EXHIBIT D

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AMUSEMENT INDUSTRY, INC., a California
corporation dba WESTLAND INDUSTRIES;
PRACTICAL FINANCE, CO., INC., a California
corporation,

                       Plaintiff (s),

       -against-

MOSES STERN, an individual aka MARK STERN,
JOSHUA SAFRIN, an individual; FIRST REPUBLIC
GROUP REALTY LLC, a Delaware limited liability
company EPHRAIM FRENKEL, an individual;
LAND TITLE ASSOCIATES ESCROW, a New York
limited company,

                       Defendant (s).

Index No. 07 CV 11586
<u>AFFIDAVIT OF SERVICE</u>

------------------------------------------------------------------X

STATE OF NEW YORK    )
                       :s.s:
COUNTY OF QUEENS   )

        ANTHONY CALDERON, being duly sworn, deposes and says:

        I am not a party to this action, am over the age of eighteen years, and
reside in the State of New York.

        On the 17ᵗʰ day of March, 2008, at approximately 3:58 p.m. at 115 East 57ᵗʰ
Street, Suite 1002, New York, New York, I served a true copy of the SUBPOENA IN A
CIVIL CASE, in the above entitled-action, upon ROMAN ASSOCIATES LIMITED, by
personally delivering to and leaving thereat, a true copy of the above mentioned
document with Melissa Figari. At time of service, Ms. Figari identified herself as the
General Manager for Office Suite Group and as a person authorized to accept service of
process for Roman Associates Limited.

Ms. Figari is a Caucasian female, approximately 25-30 years of age, 5'5" tall, 140 lbs, with dark hair and dark eyes.

Sworn to before me this,
17th day of March, 2008

_____
NOTARY PUBLIC

EDWIN PATRICK SANTAMARIA
Notary Public, State of New York
No. 01SA6062013
Qualified in New York County
Commission Expires July 30, 20 09

_____
ANTHONY CALDERON
Organization License No. 1155020

# EXHIBIT E

# SRAGOW & SRAGOW
### LAW OFFICES
6665 LONG BEACH BOULEVARD, SUITE B22
LONG BEACH, CALIFORNIA 90805
TELEPHONE (310) 639-0782
FACSIMILE (310) 639-7210

April 9, 2008

ROMAN ASSOCIATES LIMITED
115 E. 57th Street, Suite 1002
10th Floor, New York, NY 10022

      Re:   <u>Amusement v. Stern, et al.</u>

To Whom It May Concern:

     We have not received responses to the subpoena for production of documents that was served on March 17, 2008. The responses were due on April 1, 2008 at Sills Cummis & Gross P.C., One Rockefeller Plaza, New York, NY 10020.

     Please forward responses to this address within ten (10) days from the date of this letter. If you need an extension to respond, please contact our office.

                Very truly yours,

                Allen P. Sragow

APS/fb

# EXHIBIT F

Jonathan D. Lupkin, Esq.
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

AMUSEMENT INDUSTRY, INC., dba WESTLAND       :    No. 07 Civ. 11586 (LAK)(GWG)
INDUSTRIES; PRACTICAL FINANCE CO., INC.,     :
                                             :    (ECF)
                        Plaintiffs,          :
                                             :    **DECLARATION OF**
   - against -                               :    **JOSEPH T. MIRANDO**
                                             :
MOSES STERN, aka MARK STERN; JOSHUA SAFRIN,  :
FIRST REPUBLIC REALTY LLC, EPHRAIM           :
FRANKEL, LAND TITLE ASSOCIATES ESCROW,       :
                                             :
                        Defendants.          :

-------------------------------------------------x

JOSEPH T. MIRANDO declares, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am Chief Executive Officer of Roman Associates Limited.

2.    Our company received a Subpoena *Duces Tecum* on April 1, 2008 from the law firm Flemming Zulack Williamson Zauderer LLP on behalf of their client, defendant Joshua Safrin (the "Subpoena").

3.    After a diligent search, my company was unable to locate any documents concerning defendant Joshua Safrin, including any documents concerning debts owed or payments made by defendant Joshua Safrin.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on April ___ , 2008.

                                        _____
                                               JOSEPH T. MIRANDO

ROMAN 00001

# EXHIBIT G

1

83S5AMUM                         motion

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    AMUSEMENT INDUSTRY INC., *et
     ano.*,
4
                    Plaintiff,
5
            v.                              07 CIV. 11586 (LAK)
6
     MOSES STERN, *et al.*,
7
                    Defendants.
8
     ------------------------------x
9
                                     March 28, 2008
10                                   10:50 a.m.
     Before:
11
                        HON. LEWIS A. KAPLAN,
12
                                          District Judge
13
                             APPEARANCES
14
     SILLS, CUMMIS & GROSS
15        Attorneys for Plaintiff
     BY:  PHILIP R. WHITE
16
     HOFFINGER, STERN & ROSS, L.L.P.
17        Attorneys for Defendants Stern, Frenkel, First Republic
     and Land Associates
18   BY:  STEPHEN R. STERN

19   FLEMMING, ZULACK, WILLIAMSON, ZAUDERER, L.L.P.
          Attorneys for Defendant Safrin
20   BY:  JONATHAN D. LUPKIN

21        JEAN MARIE HACKETT

22

23

24

25

83S5AMUM                          motion

1    time which is why we decided to do them early in the process.

2          And, to the extent that we haven't given -- I don't

3    understand about the use of proceeds argument that Mr. Stern is

4    making exactly, but in the initial disclosures that we made in

5    which we did not produce categories of documents but instead

6    produced several, I don't know, a large pile of actual

7    documents that we think are relevant, among them with several

8    closing statements that don't reconcile with each other.  And

9    so, we are trying to figure out what that's about.

10          At heart there is an awful lot of -- and I think

11   Mr. Stern alluded to it, allegations that are going to come of

12   patent dishonesty among these people and these documents are

13   relevant to those allegations.  And if we are going to get to

14   where somebody says very quickly the note, the assignment and

15   whatever, are actually enforceable valid documents, then this

16   case will be very quick, your Honor, because they're in default

17   and we are entitled to foreclose on those assets and we will be

18   the observers very quickly.

19          But, I suspect that when we come around to that point

20   we are not going to hear this is a case only about a note and

21   an assignment of collateral, we are going to hear it is a

22   massive fraud and conspiracy case and I'm trying to get to the

23   bottom of that quickly because we don't have a lot of time.

24          THE COURT:  Okay.  All right.

25          I was presented last week with a proposed order to

23

1   show cause to quash, modify, limit and/or enjoin approximately

2   37, plus or minus -- 38 subpoenas, actually, served by the

3   plaintiff on non-party witnesses.  The proposed order to show

4   cause was presented on behalf of the defendants other than

5   Mr. Safrin.

6       Rather than go through the time consuming and wasteful

7   exercise of having lots of papers prepared, I invited counsel

8   to come in today and we have just heard argument on the matter

9   and I am going to treat the motion set out in the order to show

10  cause as having been made and I deny it.

11      First of all, I am completely unpersuaded by the

12  movant's contention that discovery ought to go forward only as

13  among the parties initially and that all discovery against

14  non-party witnesses be deferred.  That just doesn't make any

15  sense to me and it seems also perfectly apparent, first, that

16  there are relevant documents that quite likely that are in the

17  hands of non-parties that are not in the hands of the parties

18  and, in all the circumstances of this case, issues as to

19  whether some potentially relevant documents that are or were in

20  the hands of some parties may, for one reason or another,

21  simply not turn up in discovery among the parties.  So, I just

22  decline altogether to accept the assertion about the order of

23  discovery.

24      Secondly, I think the assertion that there is some

25  horrible threat of irreparable harm if discovery proceeds

83S5AMUM                         motion

1    against Jones LaSalle and Citibank is, first of all,

2    unsupported by any substantive showing, highly speculative, and

3    a kind of the-sky-is-falling argument.  I see nothing to it, at

4    least at this point.

5            Thirdly, I think that the subpoenas addressed to the

6    disbursement of the proceeds that are in issue here are

7    patently relevant.  I simply reject the contrary argument.

8    And, the long and the short of it is that I don't see any

9    persuasive basis on the part of the moving defendants to

10   suggest or to lead me to the conclusion that the discovery

11   sought is not relevant in the broad scope of that term as

12   defined in the Federal Rules of Civil Procedure.

13           If and to whatever extent there are legitimate

14   concerns about confidentiality, they are readily resolved by

15   the parties that are entering into the standard form of

16   confidentiality order which could readily contemplate the

17   designation of confidential materials that are of concern to

18   non-party witnesses as confidential under the terms of the

19   order.  And, I would be perfectly prepared to sign the normal

20   form order.  And so, the motion is denied.  I do say, also,

21   however, that this is without prejudice to whatever arguments

22   might be raised on behalf of particular non-party witnesses who

23   have not been heard and to whatever objections they might have

24   to the subpoenas, and I do expect that the parties will be

25   reasonably accommodating of the interests of the non-party

25

83S5AMUM                          motion

1    witnesses with respect to resolving questions of scheduling the

2    level of burden entailed by whatever searches are necessary to

3    comply and the like.

4           Anything else we can accomplish this morning?

5           MR. WHITE:  Not on behalf of the plaintiffs, your

6    Honor.  Thank you.

7           THE COURT:  Okay.  Thank you.

8           MR. LUPKIN:  Thank you very much.

9           MR. STERN:  Thank you, your Honor.

10                              o0o

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25