UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC.,

Plaintiffs,

- against -

MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, LAND TITLE ASSOCIATES ESCROW,

Defendants.

No. 07 Civ. 11586 (LAK) (GWG) (ECF)

JOSHUA SAFRIN,

Defendant/Third Party-Crossclaim-Counterclaim-Plaintiff,

- against -

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN INGERSOLL & ROONEY, P.C., BANKERS CAPITAL REALTY ADVISORS LLC, and FIRST REPUBLIC GROUP CORP.,

Third Party Defendants,

- and -

MOSES STERN, aka MARK STERN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW,

Defendants/Crossclaim Defendants,

- and -

AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, PRACTICAL FINANCE CO., INC.

Plaintiffs/Counterclaim Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EPHRAIM FRENKEL AND LAND TITLE ASSOCIATES ESCROW'S MOTION TO DISMISS THE CLAIMS ASSERTED AGAINST THEM IN SAFRIN'S AMENDED THIRD PARTY COMPLAINT**

**TABLE OF CONTENTS**

Table of Authorities ....................................................................................ii

Preliminary Statement ....................................................................................1

Procedural History.........................................................................................1

POINT I
SAFRIN'S ASSERTION OF CLAIMS AGAINST FRENKEL AND LTA IN A THIRD PARTY COMPLAINT IS NOT PERMITTED UNDER RULE 14(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THOSE CLAIMS SHOULD BE DISMISSED..........................................................2

POINT II
THE CLAIMS ASSERTED AGAINST FRENKEL AND LTA IN THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED ..........................4

A. The Indemnification and Contribution Claim Against Frenkel and LTA Should Be Dismissed .....................................4

B. The Civil Rights Law Claims (Counts V and VII) Should Be Dismissed Against Frenkel and LTA .....................................5

C. The California Common Law Right of Privacy/Commercial Misappropriation Claims (Counts VI and VIII) Should Be Dismissed Against Frenkel and LTA ..............................................................7

CONCLUSION ..........................................................................................8

## TABLE OF AUTHORITIES

**Cases** **Page**

85 Fifth Ave. 4th Floor, LLC v. I.A. Selig, LLC, 45 A.D.3d 439, 845 N.Y.S.2d 274 (1st Dept. 2007) ........ 7

Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) ........ 7

Atlantic National Bank of Jacksonville v. First National Bank, 7 F.R.D. 573 (M.D. Pa. 1947) ........ 2

Corley v. Country Squire Apartments, Inc., 32 A.D.3d 867, 820 N.Y.S.2d 900 (2d Dept. 2006) ........ 4

Flores v. Mosler Safe Company, 7 N.Y.2d 276, 196 N.Y.S.2d 975 (1959)........ 6

Freihofer v. Hearst Corp., 65 N.Y.2d 135, 490 N.Y.S.2d 735 (1985) ........ 5-6

Henz v. Superior Trucking Co., 96 F.R.D. 219 (M.D. Pa. 1982) ........ 2

Horton v. Continental Can Co., 19 F.R.D. 429 (D. Neb. 1956) ........ 3

Mauney v. Imperial Delivery Servs., Inc., 865 F. Supp. 142 (S.D.N.Y. 1994) ........ 2

Meeropol v. Nizer, 381 F.Supp. 29 (S.D.N.Y. 1974) ........ 6

Messenger v. Gruner + Jahr Printing and Publishing, 94 N.Y.2d 436, 706 N.Y.S.2d 52 (2000) ........ 6

Salvatore v. Kumar, 45 A.D.3d 560, 845 N.Y.S.2d 384 (2d Dept 2007) ........ 6-7

**Statutes**

Fed.R.Civ.P. 14(a) ........ 2-3

New York Civil Rights Law, § 50 ........ 5-6

New York Civil Rights Law, § 51 ........ 5-6

**Treatises**

3 *Moore's Federal Practice*, § 14.09 (3d ed) at 14-45 .......................................... 3

Steven Baicker-McKee, Federal Civil Rules Handbook (West 2008) ........................ 3

## PRELIMINARY STATEMENT

Defendants and putative third party defendants Ephraim Frenkel ("Frenkel") and Land Title Associates Escrow ("LTA") submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 14(a) and 12(b)(6), to strike or dismiss the claims asserted against them in the amended third-party complaint (ECF document no. 93) filed by defendant and third-party plaintiff Joshua Safrin ("Safrin") because: (i) a defendant cannot assert claims against a party in a third party action where the defendant is already a defendant in the primary action under Fed. R. Civ. P. 14(a) and (ii), alternatively, Counts I and V-VIII against Frenkel and LTA fail to state claims upon which relief can be granted.

## PROCEDURAL HISTORY

On December 27, 2007, plaintiffs Amusement Industry, Inc, dba Westland Industries ("Amusement") and Practical Finance Co., Inc. ("Practical Finance") filed a complaint asserting claims against defendants Safrin, Mark Stern ("Stern"), First Republic Group Realty, LLC ("First Republic LLC"), Frenkel and LTA.

On February 27, 2008, all defendants moved to dismiss the claims against them in their entirety. Those motions are *sub judice*.

On February 28, 2008, the Court held a pre-trial conference with all parties and entered a scheduling order (the "Scheduling Order") which provided, *inter alia*, that additional parties be joined by May 1, 2008.

On May 1, 2008, Safrin filed a third party complaint in which he asserted purported cross-claims against defendants Frenkel, LTA, Stern, and First Republic LLC, purported counterclaims against plaintiffs Amusement and Practical Finance and third party claims against nonparties Stephen Friedman, Steven Alevy, Buchanan Ingersoll & Rooney P.C., Bankers Capital Realty Advisors LLC and First Republic Group Corp. The claims asserted against Frenkel and LTA include claims for

contribution and indemnification (Count I), claims for alleged violations of Sections 50 and 51 of New York Civil Rights (Counts V, VII) and claims for alleged violations of the California common law right of privacy/commercial misappropriation (Counts VI, VIII).

On May 29, 2008, Safrin filed an amended third party complaint, which asserts the same claims for relief against the Third-Party Defendants named in the original pleading.

## ARGUMENT

### I. SAFRIN'S ASSERTION OF CLAIMS AGAINST FRENKEL AND LTA IN A THIRD PARTY COMPLAINT IS NOT PERMITTED UNDER RULE 14(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THOSE CLAIMS SHOULD BE DISMISSED

Safrin's assertion of new claims against Frenkel and LTA in his amended third-party complaint is a clear violation of the Federal Rules of Civil Procedure. Third party practice under the Federal Rules is governed by Rule 14(a). That rule makes it absolutely clear that a defendant in the primary action may only bring a third party complaint against nonparties; he cannot bring a claim against parties who are already defendants to the original litigation. *See, e.g., Mauney v. Imperial Delivery Servs., Inc.*, 865 F. Supp. 142, 153 (S.D.N.Y. 1994) ("under Rule 14(a), a third-party action may not be brought against a third-party defendant that is already a party to the action"). Rule 14(a) provides in relevant part that:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or who may be liable to it for all or part of the claim against it

The case law makes clear that the appropriate remedy for violation of Rule 14(a) is dismissal of the improperly brought claims. *See, e.g., Henz v. Superior Trucking Co.*, 96 F.R.D. 219, 220 (M.D. Pa. 1982) (impleader by defendant against plaintiff improper); *Atlantic National Bank of Jacksonville v. First National Bank,* 7 F.R.D. 573 (M.D. Pa. 1947) (striking fourth party complaint brought by third party plaintiff against original plaintiff noting that Rule 14(a) only permits the

joinder of additional parties not already a party to the action); *Horton v. Continental Can Co.*, 19 F.R.D. 429 (D. Neb. 1956) (denying defendant's motion to bring a third party action against a party already a defendant to the primary action).

Commentators examining Rule 14(a) have reached the same conclusion. *See* 3 *Moore's Federal Practice*, § 14.09 (3d ed) at 14-45. ("The impleader rule expressly provides for the joinder of a 'nonparty.' On its face then, the rule precludes impleader of one who is already a party to the litigation. In fact, the proper procedural devices for asserting claims against those who are already parties are counterclaims (which are asserted against an opposing party) and crossclaims (which are asserted against a 'coparty')."); *see also* Steven Baicker-McKee, Federal Civil Rules Handbook, at 440-441 (West 2008). In explaining the application of Rule 14(a), the authors of the handbook state that "Rule 14 permits parties who are defending against claims to join other persons, not yet parties, who may be obligated to reimburse the party defending the claim for some or all of that party's liability" and that "[o]nly persons not already parties may be impleaded." *Id.* at 441.

Thus, under the plain application of Rule 14(a) and applicable caselaw, Safrin cannot assert claims in a third party complaint against Frenkel and LTA because they already are defendants to the primary action.[1] Accordingly, this Court should dismiss all claims asserted against Frenkel and LTA in Safrin's amended Third Party Complaint.

---

[1] Safrin's characterization of Frenkel and LTA in his amended third-party complaint as "crossclaim defendants" is, in and of itself, a recognition on Safrin's part that his claims are cross claims and not third party claims. Accordingly, those claims should be asserted if, at all, in Safrin's answer and not in a third-party complaint.

**II. THE CLAIMS ASSERTED AGAINST FRENKEL AND LTA IN THE AMENDED THIRD PARTY COMPLAINT SHOULD BE DISMISSED**

Even if Safrin could assert claims against Frenkel and LTA in his amended third party complaint (which he cannot for the reasons demonstrated in Point I), none of those claims state causes of action and all of the claims should be dismissed.[2]

**A. The Indemnification and Contribution Claim Against Frenkel and LTA Should Be Dismissed**

The first count, asserted against all "Defendants" - i.e., each of the defendants in the amended third-party complaint - asserts that Safrin is innocent of any wrongdoing or fault and to the extent he "is found liable to plaintiffs for the wrongful conduct alleged in the Complaint (referring to plaintiffs' claims against Safrin in the main action), that Safrin is entitled to indemnity and/or contribution from one or more of the Defendants" (ATPC ¶ 69). This conclusory assertion is insufficient against either Frenkel or LTA. Nowhere in his amended third-party complaint does Safrin explain what the basis would be of either his indemnification or contribution claim. Safrin does not sufficiently plead the factual basis for either claim, *i.e*, he does not sufficiently allege whether he had a contractual or common law right of indemnity from either Frenkel or LTA and what the factual basis of that claim would be and he does not sufficiently allege the factual basis for a contribution claim against either Frenkel or LTA . Accordingly, the indemnification/contribution claim against Frenkel and LTA must fall. *See, e.g., Corley v. Country Squire Apartments, Inc.*, 32 A.D.3d 867, 820 N.Y.S.2d 900 (2d Dept. 2006) ("Country Squire failed to sufficiently plead the elements of common-law indemnification as its cross claim did not allege that the plaintiff's injury was due solely to the appellant's negligent performance or nonperformance of an act solely within

---

[2] Frenkel and LTA move to dismiss all claims asserted against them in the Amended Third Party Complaint, other than the declaratory judgment claim (Count II).

its province [citation omitted]").

**B.   The Civil Rights Law Claims (Counts V and VII) Should Be Dismissed Against Frenkel and LTA**

Section 50 of the Civil Rights Law plainly does not apply to Safrin's claims against either Frenkel or LTA. Section 50 of the Civil Rights Law is a criminal statute which does not provide for a civil remedy:

> "A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, . . . is guilty of a misdemeanor."

Section 51 provides in pertinent part:

> "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages. . . ."

Sections 50 and 51 of the Civil Rights Law are found in "Article 5 - Right of Privacy" in the New York Civil Rights Law. The New York State Civil Rights Law statutes do not apply, and were not intended to apply, to the claims of Safrin, that his name was allegedly forged on business documents. "[I]n this state, there is no common-law right of privacy and the only available remedy is that created by Civil Rights Law §§ 50 and 51" (*Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 140, 490 N.Y.S.2d 735 [1985] [citations omitted]). The statute "created a limited right of privacy, which had not existed prior to the enactment [of said statute]" (*Id.* [citation omitted]). The New York State Court of Appeals has taken "cognizance of the limited scope of the statute as granting protection only

to the extent of affording a remedy for commercial exploitation of an individual's name, portrait or picture, without written consent" (*Id.*).

Further, the New York State Court of Appeals has underscored that the statute is to be narrowly construed and "'strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person'" *Messenger v. Gruner + Jahr Printing and Publishing*, 94 N.Y.2d 436, 441, 706 N.Y.S.2d 52 [2000], *quoting Finger v. Omni Publs. Intl,*, 77 N.Y.2d 138, 141). Narrow construction of the statute, in accordance with the statute's purpose, warrants dismissal of the Civil Rights Law claims. Indeed, "[t]he primary purpose of this legislation was to protect the sentiments, thoughts and feelings of an individual." *Flores v. Mosler Safe Company*, 7 N.Y.2d 276, 280, 196 N.Y.S.2d 975 (1959) (citation omitted). *See generally, Meeropol v. Nize*r, 381 F.Supp. 29, n. 6 at 39 (S.D.N.Y. 1974) ("Generally, the law of defamation protects an individual from harm to relational interest, while the right of privacy has developed to compensate an individual for the injury to his feelings, to prevent inaccurate portrayal of private life, and, in some instances, to prevent one's private life from being depicted at all" [citation omitted]), *affd on other grounds*, 560 F.2d 1061 (2d Cir. 1977). Safrin does not claim his "sentiments, thoughts and feelings" were hurt by the alleged conduct, nor do the facts he alleges fall within the scope of a Civil Rights Law privacy claim. Thus, the circumstances alleged by Safrin – the alleged forgery of his signature on business documents – does not fall within the scope of a cause of action under New York Civil Rights Law, § 51, and the claims should be dismissed.[3]

Furthermore, Count VII, asserting a conspiracy to violate the Right of Privacy statutes cited in Count V, is subject to dismissal for an additional, independent ground. "'New York does not

---

[3] Furthermore, Counts V and VII should be dismissed for the additional reason that Safrin indiscriminately claims that "defendants" violated his rights under New York Civil Rights Law, §§ 50 and 51 without ascribing any particular conduct to either Frenkel or LTA.

recognize a civil conspiracy to commit a tort as an independent cause of action.'" *Salvatore v. Kumar*, 45 A.D.3d 560, 845 N.Y.S.2d 384 (2d Dept 2007), q*uoting Pappas v. Passias*, 271 A.D.2d 420, 421, 707 N.Y.S.2d 178 (2d Dept 2000); *see also Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986); *85 Fifth Ave. 4th Floor, LLC v. I.A. Selig, LLC*, 45 A.D.3d 439, 845 N.Y.S.2d 274 (1st Dept. 2007).[4] This basic principle of law fully applies here as well. Accordingly, for the foregoing reasons, Counts V and VII should be dismissed.

**C. The California Common Law Right of Privacy/Commercial Misappropriation Claims (Counts VI and VIII) Should Be Dismissed Against Frenkel and LTA**

Counts VI and VIII allege, respectively, that "defendants" violated Safrin's California common law right of privacy/commercial misappropriation and conspired to violate his California common law right of privacy. Once again, as with all his claims, Safrin simply does not – because he cannot – ascribe any particular wrongful conduct to either Frenkel or LTA, resorting, instead, to wholesale and misplaced references to "Defendants."

Aside from the foregoing fundamental defect in his pleading, Safrin can hardly claim rights under California law. Safrin alleges he is a citizen and resident of the State of New York (ATPC ¶ 4). Safrin alleges, upon information and belief, that Frenkel is a citizen of the State of New York (ATPC ¶ 13) and LTA is a limited liability company organized under the laws of the State of New York with its principal place of business in New York (ATPC ¶ 15). Thus, the amended Third Party Complaint does not allege that either Safrin, Frenkel or LTA had any contacts with the State of California and Safrin cannot claim a violation of his supposed California common law rights which presumably apply to California citizens.

---

[4] Indeed, Safrin expressly incorporated by reference this argument in support of the his motion to dismiss the twenty-fifth claim in the Complaint for conspiracy to commit conversion and fraud. *See* ECF Document No. 33, p. 34.

**CONCLUSION**

For all of the foregoing reasons, Safrin's amended third party complaint against Frenkel and LTA should be dismissed.

Dated: New York, New York
June 9, 2008

HOFFINGER STERN & ROSS LLP

By: Stephen R. Stern (SS-5665)
Mark W. Geisler (MG-7261)
150 East 58th Street
New York, New York 10155
Tel: (212) 421-4000
Fax: (212) 750-1259
Email: srstern@hsrlaw.com

*Attorneys for Ephraim Frenkel and Land Title Associates Escrow*

To: FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
Jonathan D. Lupkin (JL-0792)
Jean Marie Hackett (JH-1784)
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

*Attorneys for Defendant-Third Party Plaintiff Joshua Safrin*

SILLS CUMMIS & GROSS, P.C.
Philip R. White
Marc D. Youngelson
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-5000
Email: myoungelson@sillscummis.com

*Attorneys for Plaintiffs*

SRAGOW & SRAGOW
Allen P. Sragow
6665 Long Beach Blvd, Suite B-22
Long Beach, California 90805
(310) 639-0782

*Attorneys for Plaintiffs*

Arthur Brown (AB-0627)
Michael Lynn (ML-6052)
Efrem Schwalb (ES-5288)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Mark Stern and First Republic Group Realty, LLC*

James Joseph Maloney, Esq.
Kavanaugh, Maloney & Osnato, LLP
415 Madison Avenue
New York, New York 10017
(212) 906-8304)

*Attorneys for Third Party Defendants Stephen Friedman and Buchanan Ingersoll & Rooney, P.C.*