Jonathan D. Lupkin, Esq. (JL-0792)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC.,<br><br>          Plaintiffs,<br><br>- against -<br><br>MOSES STERN, aka MARK STERN; JOSHUA SAFRIN; FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, LAND TITLE ASSOCIATES ESCROW,<br><br>          Defendants. | **JURY TRIAL DEMANDED**<br><br>No. 07 Civ. 11586 (LAK)(GWG)<br><br>(ECF)<br><br>**THIRD PARTY PLAINTIFF JOSHUA SAFRIN'S ANSWER TO COUNTERCLAIMS ASSERTED BY BANKERS CAPITAL REALTY ADVISORS LLC AND STEVEN ALEVY** |

------------------------------------------------------------------------ X

JOSHUA SAFRIN,

          Defendant/Third Party-Crossclaim-
          Counterclaim-Plaintiff,

    - against –

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN INGERSOLL & ROONEY, P.C., BANKERS CAPITAL REALTY ADVISORS LLC, and FIRST REPUBLIC GROUP CORP.,

          Third Party Defendants,

    - and -

MOSES STERN, aka MARK STERN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW,

          Defendants/Crossclaim Defendants,

    - and -

AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, PRACTICAL FINANCE CO., INC.,

          Plaintiffs/Counterclaim Defendants.

------------------------------------------------------------------------ X

305417 v1

Third Party Plaintiff Joshua Safrin ("Safrin") by and through his attorneys, Flemming Zulack Williamson Zauderer LLP, as and for his answer to the counterclaims asserted by Third Party Defendants Bankers Capital Realty Advisors LLC ("Bankers Capital") and Steven Alevy ("Alevy") (Bankers Capital and Alevy are collectively referred to herein as "Third Party Defendants") (the "Counterclaims"), alleges as follows:

## AS TO "JURISDICTION AND VENUE"

1. Avers that no response is required, as the paragraph purports to assert legal conclusions, not allegations of fact.

2. Avers that no response is required, as the paragraph purports to assert legal conclusions, not allegations of fact.

## AS TO "FACTS"

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, except denies that Safrin requested that Bankers Capital secure financing for the Colonial transaction.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 insofar as said allegations pertain to Safrin, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 as they relate to Stern and First Republic.

6. Denies the allegations contained in paragraph 6 insofar as said allegations pertain to Safrin, and lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 6 as they relate to Stern and First Republic.

## ANSWER TO COUNT I

7.Incorporates his responses to paragraphs 1 through 6.

8.Denies the allegations contained in paragraph 8 insofar as said allegations pertain to Safrin, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 as they relate to Stern and First Republic.

9.Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.Denies the allegations contained in paragraph 10.

11.Denies the allegations contained in paragraph 11.

## ANSWER TO COUNT II

12.Incorporates his response to paragraphs 1 through 11.

13.Denies the allegations contained in paragraph 13.

14.Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.Denies the allegations contained in paragraph 16, except admits that Safrin has not paid Bankers Capital in connection with the transactions described in the Counterclaims and avers that Safrin was under no obligation to make such a payment.

17. Denies the allegations contained in paragraph 17.

## ANSWER TO COUNT III

18. Incorporates his responses to paragraphs 1 through 17.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20, and refers to the "[c]ertain closing statements" for their true and correct terms.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

## ANSWER TO COUNT IV

24. Incorporates his responses to paragraphs 1 through 23.

25. Denies the allegations contained in paragraph 25.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, but denies that Safrin made any promise of payment.

27. Denies the allegations contained in paragraph 27, except admits that Safrin has not paid Bankers Capital in connection with the transactions at issue in the Counterclaims and avers that Safrin was under no obligation to make such a payment.

28. Denies the allegations contained in paragraph 28.

## AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

29. The Third Party Defendants' Counterclaims fail to state claims on which relief may be granted.

## AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

30. The Third Party Defendants' Counterclaims are barred, in whole or in part, by the statute of frauds.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

31. The Third Party Defendants' Counterclaims are barred by the doctrine of unclean hands.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

32. The Third Party Defendants' Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

33. The Third Party Defendants' Counterclaims are barred because Bankers Capital provided no service of value to Safrin in connection with the Colonial transaction.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

34. The Third Party Defendants' Counterclaims are barred, in whole or in part, for failure of consideration.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

35. The Third Party Defendants' Counterclaims are barred, in whole or in part, because it was unreasonable to rely upon any purported promise made to Bankers Capital or Alevy regarding purported payment from Safrin.

## JURY DEMAND

Safrin hereby demands a trial by jury on all issues so triable.

**WHEREFORE,** Safrin demands judgment, for Safrin and against Bankers Capital and Alevy:

a. dismissing the Counterclaims in their entirety;

b. for costs and disbursements;

c. such other, further and different relief as the Court deems just and proper.

Dated:   New York, New York
         June 16, 2008

        FLEMMING ZULACK WILLIAMSON
          ZAUDERER LLP

By:_____/s/_____
       Jonathan D. Lupkin (JL-0792)
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9579
Fax: (212) 964-9200
Email: jlupkin@fzwz.com

Attorneys for Third Party Plaintiff Joshua Safrin