Stephen R. Stern, Esq. (SRS-5665)
Mark W. Geisler, Esq. (MG7261)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street, 19th Floor
New York, New York 10155
Tel:   (212) 421-4000
Fax:   (212) 750-1259

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,          :

                       Plaintiffs,          :   07CV11586 (LAK)(GWG)
     -against-                                :
                                        (ECF)

MOSES STERN, aka MARK STERN, JOSHUA SAFRIN,   :
FIRST REPUBLIC GROUP REALTY, LLC,              :
EPHRAIM FRENKEL,
LAND TITLE ASSOCIATES ESCROW,                  :
                                                ANSWER OF EPHRAIM
                 Defendants.                  :      FRENKEL AND LAND
------------------------------------------------------------------------X   TITLE ASSOCIATES
JOSHUA SAFRIN,                                            ESCROW TO
         Defendant/Third Party-Crossclaim-              CROSS-CLAIMS OF
         Counterclaim Plaintiff,                        STEVEN ALEVY AND
     -against-                                          BANKERS CAPITAL
                                                REALTY ADVISORS LLC
STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN    AND CROSS-CLAIMS
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL   AGAINST STEVEN
REALTY ADVISORS, LLC, and FIRST REPUBLIC    ALEVY AND BANKERS
GROUP CORP.,                                CAPITAL REALTY
                Third Party Defendants,      ADVISORS LLC
        -and-

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and
LAND TITLE ASSOCIATES ESCROW,

                  Defendants/Crossclaim Defendants,
        -and-

AMUSEMENT INDUSTRY, INC. dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.
                Plaintiffs/Counterclaim Defendants.
------------------------------------------------------------------------X

1

Defendants Ephraim Frenkel ("Frenkel") and Land Title Associates Escrow ("LTA"), by and through their undersigned attorneys, as and for their answer to the cross-claims of third party defendants Bankers Capital Realty Advisors LLC and Steven Alevy (collectively, "Bankers Capital") dated June 6, 2008, and as and for their cross-claims against Bankers Capital, allege upon knowledge as to themselves and otherwise upon information and belief as follows:

1. Frenkel and LTA do not respond to the allegations set forth in the Counterclaims of Third-Party Defendant Steven Alevy d/b/a Bankers Capital because those counterclaims are asserted against Third Party Plaintiff Joshua Safrin ("Safrin").

2. The allegations of paragraph 1 of the cross-claims are a legal conclusion as to which no response is required; to the extent a response is required, Frenkel and LTA deny the allegations in paragraph 1, except admit Third Party Defendant Bankers Capital purports to base jurisdiction of its cross-claims under 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

3. The allegations of paragraph 2 of the cross-claims are a legal conclusion as to which no response is required; to the extent a response is required, Frenkel and LTA deny the allegations in paragraph 2, except admit Third Party Defendant Bankers Capital purports to base venue on 28 U.S.C. § 1391(a)(2).

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

8. As to paragraph 7, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

9. Deny the allegations of paragraph 8.

10. Deny the allegations of paragraph 9.

11. Deny the allegations of paragraph 10.

12. Deny the allegations of paragraph 11.

13. As to paragraph 12, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

14. Deny the allegations of paragraph 13.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

18. Deny the allegations of paragraph 17.

19. As to paragraph 18, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

20. Deny the allegations of paragraph 19.

21. Deny the allegations of paragraph 20.

22. Deny the allegations of paragraph 21.

23. Deny the allegations of paragraph 22.

24. Deny the allegations of paragraph 23.

25. As to paragraph 24, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

26. Deny the allegations of paragraph 25.

27. Deny the allegations of paragraph 26.

28. Deny the allegations of paragraph 27.

29. Deny the allegations of paragraph 28.

30. As to paragraph 29, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

31. Deny the allegations of paragraph 30, except agree that Safrin is not entitled to any of the relief he seeks in his third-party complaint.

32. Deny the allegations of paragraph 31.

33. Deny the allegations of paragraph 32.

34. As to paragraph 33, Frenkel and LTA repeat their responses to the foregoing paragraphs as if fully set forth herein.

35. Deny the allegations of paragraph 34, except agree that Safrin is not entitled to any of the relief he seeks in his third-party complaint.

36. Deny the allegations of paragraph 35.

37. Deny the allegations of paragraph 36.

## FIRST AFFIRMATIVE DEFENSE

38. Bankers Capital has failed to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

39. Bankers Capital's claims are barred in whole or in part because of a failure to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

40. Bankers Capital's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

41. Bankers Capital's claims are barred by reason of its fraud, misconduct and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

42. Bankers Capital's claims are barred, in whole or in part, because it waived any alleged right to claim damages by its own acts and omissions.

## SIXTH AFFIRMATIVE DEFENSE

43. Bankers Capital's claims are barred, in whole or in part, because it was negligent and/or failed to exercise reasonable care.

## SEVENTH AFFIRMATIVE DEFENSE

44. Bankers Capital's claims are barred, in whole or in part, because it ratified the alleged wrongful conduct for which it seeks recovery.

## EIGHTH AFFIRMATIVE DEFENSE

45. Bankers Capital's claims are barred, in whole or in part, because it is a dissolved entity and is not licensed as a mortgage broker in the State of New York.

## NINTH AFFIRMATIVE DEFENSE

46.     Bankers Capital's claims are barred, in whole or in part, because any harm it allegedly suffered is the result of its own contributory negligence.

## RESERVATION OF RIGHTS

47.     Frenkel and LTA expressly reserve their rights to amend and/or supplement their answer and affirmative defenses as appropriate as discovery proceeds.

## CROSS-CLAIMS AGAINST BANKERS CAPITAL REALTY ADVISORS LLC AND STEVEN ALEVY

Defendants Ephraim Frenkel ("Frenkel") and Land Title Associates Escrow ("LTA"), by and through their undersigned attorneys, as and for their cross-claims against Third Party Defendant Bankers Capital Realty Advisors LLC and Steven Alevy (collectively, "Bankers Capital"), allege upon information as to themselves and otherwise upon information and belief as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Frenkel's and LTA's cross-claims pursuant to 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

2.     Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to these claims occurred herein.

## PARTIES

3.     Defendant Frenkel is a citizen of the State of New York.

4.     Land Title Associates Agency LLC, sued herein as Land Title Associates Escrow ("LTA"), is a limited liability company formed pursuant to the laws of the State of New York, with its principal place of business in the State of New York.

5. Third Party Defendant/cross-claim defendant Steven Alevy is, upon information and belief, a resident and citizen of the State of New York and a Managing Director of Bankers Capital Realty Advisors LLC.

6. Third Party Defendant/cross-claim defendant Bankers Capital Realty Advisors LLC is, upon information and belief, a dissolved California limited liability company whose principal place of business is in the State of New York. Bankers Capital Realty Advisors LLC and Steven Alevy are collectively referred to herein as "Bankers Capital."

### Factual Background

7. Upon information and belief, after lengthy negotiations and discussions, effective April 20, 2007, First Republic Group Corp. ("First Republic Corp."), the predecessor in interest to First Republic Group Realty LLC ("First Republic LLC"), entered into a written contract of sale with Colonial Realty Limited Partnership ("Colonial") to acquire ten shopping center malls in the southeast region of the United States for a purchase price of $128 million (the "Contract"). Under the terms of the Contract, First Republic Corp. paid Colonial a $1 million non-refundable deposit, with the balance of the purchase price due a closing. The closing was scheduled to occur no later than June 15, 2007.

8. Upon information and belief, after the Contract was executed, First Republic Group Corp. assigned its right, title and interest under the Contract to First Republic LLC.

9. Upon information and belief, pursuant to several written amendments to the Contract, (a) in exchange for an additional $2 million non-refundable deposit, the closing date was extended first to June 29, 2007 and then to July 12, 2007; (b) in exchange for an additional $5.5 million, an eleventh property was added to the transaction; and (c) Colonial agreed to credit $4,447,000 to First Republic LLC, reducing the purchase price by that amount. Thus, after

execution of the several amendments, the total purchase price for the Properties was approximately $129 million.

10. In addition to paying Colonial the $129 million purchase price at the closing, First Republic LLC was also obligated to pay (a) certain closing costs for the transactions and (b) to escrow certain funds for capital expenditure improvements, tax and insurance, tenant improvements, deferred maintenance and environmental claims as provided for in agreements subsequently made with First Republic LLC's senior lender.

11. Upon information and belief, at the same time Mark Stern ("Stern") and First Republic were negotiating to acquire the Properties from Colonial, they were also working with a number of mortgage brokers, but not Steven Alevy or Bankers Capital Realty Advisors LLC, to secure financing for the acquisition and related expenses.

12. Upon information and belief, on or about May 9, 2007, Steven Alevy was introduced to Stern by Stephen Friedman, an attorney with Buchanan Ingersoll & Rooney, LLP, who advised Stern he had represented Steven Alevy and the Alevy family in numerous other transactions. Friedman told Stern that Steven Alevy was someone whom he could trust and someone who could assist Stern and First Republic LLC in securing financing for the acquisition of the Properties.

13. Upon information and belief, Steven Alevy represented to Stern that he and his company Bankers Capital Realty Advisors LLC were licensed mortgage brokers and had arranged for billions of dollars of financings in a variety of real estate transactions.

14. Upon information and belief, Stern explained the entire transaction as well as the economics of the transaction to Steven Alevy and told Steven Alevy he had been working with another broker to secure financing with J.P. Morgan Chase, that J.P. Morgan Chase was very

interested in providing the senior financing for the Colonial transaction, but that Stern was trying to increase the amount of senior financing by a few million dollars and to obtain mezzanine financing as well. Steven Alevy persuaded Stern to let him try to arrange both the senior and mezzanine financing for the acquisition. First Republic agreed to retain Steven Alevy and Bankers Capital Realty Advisors LLC as its non-exclusive broker to obtain financing for the acquisition of the Properties.

15. Upon information and belief, and as alleged in Stern's and First Republic's Answer to and Cross-Claims Against Third Party Defendants Steven Alevy and Bankers Capital Realty Advisors LLC, Steven Alevy, Bankers Capital Realty Advisors LLC and others were involved in a scheme to sabotage First Republic's acquisition of the Properties so that the Alevy family and related affiliates could purchase the Properties.

16. Upon information and belief, Stern and First Republic were also seeking to obtain additional financing to cover closing costs and escrow deposits that would need to be made to complete the transaction. By late June 2007, Colonial, the Seller, had agreed to finance the remaining portion of the amount necessary to close the transaction. Under that arrangement, Colonial would agree to take back a $14 million note from First Republic LLC that was secured by an irrevocable letter of credit from a third party with the other essential terms of the financing arrangement in place. Colonial had previously agreed to accept a $2 million irrevocable letter of credit from First Republic LLC as a non-refundable deposit on the transaction.

17. Upon information and belief, Stern told Steven Alevy he had received a commitment from Citigroup to provide the senior and mezzanine financing for the transaction and that the seller had agreed to finance the remaining portion of the transaction. Thereafter, Steven Alevy attempted to persuade Stern that First Republic LLC should forego the opportunity

to obtain financing from Citigroup and told Stern that First Republic LLC should reject the financing offer by the seller and should instead use Steven Alevy and his family to finance the remaining portion of the financing.

18. On June 28, 2007, First Republic LLC closed on two loans from Citigroup in the total sum of $131,150,000, which consisted of a $116,150,000 senior loan and a $15,000,000 mezzanine loan.

19. Upon information and belief, as the Citigroup loan closing was ending in the early morning hours of June 29, Stern received a telephone call from Steven Alevy saying he was just around the block and asking Stern if they could meet. Steven Alevy came to the law offices of Latham & Watkins (where the closing was held) at approximately 2:30 am and begged Stern to finance the remainder of the transaction with Steven Alevy and his family instead of with the seller. Steven Alevy made certain proposals, which Stern did not accept. Nonetheless, in order to induce Stern and First Republic into accepting their proposal and foregoing other financing opportunities, Allen Alevy (Steven Alevy's father) and Allen Sragow caused an Allen Alevy affiliate to wire $13 million to LTA, the escrow agent for the Colonial transaction. In early July 2007, Stern, then believing he would be able to obtain financing from the Alevy family and related affiliates, informed Colonial that First Republic LLC no longer needed to obtain seller financing.

20. On July 12, 2007, Steven Alevy provided oral instructions to LTA to release the $13 million that was being held in escrow. Based on those instructions, the $13 million was released and First Republic LLC closed the Colonial transaction.

21. On July 13, 2007, Steven Alevy confirmed his oral instructions in writing. However, LTA was not aware that Allen Alevy and Allen Sragow were making further unreasonable and coercive demands of Stern and First Republic.

22. On July 16, 2007, Allen Sragow emailed LTA and Stern's lawyer and stated that because all of their demands were not met and they had not received all the documents they were demanding, Allen Alevy and Allen Sragow did not agree to the release of the $13 million. Allen Sragow added that if the funds were released, they should be retrieved until all their demands were met. Because the escrowed funds had already been used to close the Colonial transaction, there was no way to retrieve the released funds. Allen Sragow then sent a letter to LTA and First Republic LLC's counsel, Stephen Friedman, restating that the escrowed funds were released without receiving the authorization of Allen Alevy or Allen Sragow.

23. Upon information and belief, as a result of the fraudulent scheme described more fully in Stern's and First Republic's Answer to and Cross-Claims Against Third Party Defendants Steven Alevy and Bankers Capital Realty Advisors LLC, Stern and First Republic were fraudulently induced into accepting the $13 million financing provided by the Alevy family and affiliates, and Frenkel and LTA were fraudulently misled into relying upon Steven Alevy's authorizations to release the $13 million from escrow.

## AS AND FOR A FIRST CROSS-CLAIM FOR RELIEF

24. Frenkel and LTA repeat and reallege paragraphs 1 through 23 of this pleading as if set forth fully herein.

25. Frenkel and LTA deny any wrongdoing or fault, and deny plaintiffs in the main action and Safrin in the third party action are entitled to any of the relief they seek.

26. Notwithstanding, if Frenkel and/or LTA are found liable to plaintiffs in the main action or Safrin in the third party action for any damages, such damages were brought about solely as a result of the primary, intentional and active recklessness, carelessness, negligence wrongdoing, misrepresentation, fraud and/or breach of contract by Bankers Capital.

27. By reason of the foregoing, to the extent Frenkel/LTA are found liable to plaintiffs and/or Safrin for the wrongful conduct they have alleged, Frenkel and LTA are entitled to indemnification from the Bankers Capital cross-claim defendants.

### AS AND FOR A SECOND CROSS-CLAIM FOR RELIEF

28. Frenkel and LTA repeat and reallege paragraphs 1 through 27 of this pleading as if set forth fully herein.

29. Frenkel and LTA deny any wrongdoing or fault, and deny plaintiffs in the main action and Safrin in the third party action are entitled to any of the relief they seek.

30. Notwithstanding, if Frenkel/LTA are found liable to plaintiffs in the main action or Safrin in the third party action for any damages, such damages were brought about at least in part as a result of the intentional and active recklessness, carelessness, negligence wrongdoing, misrepresentation, fraud and/or breach of contract by Bankers Capital.

31. By reason of the foregoing, to the extent Frenkel/LTA are found liable to plaintiffs and/or Safrin for the wrongful conduct they have alleged, Frenkel and LTA are entitled to contribution from the Bankers Capital cross-claim defendants.

WHEREFORE, Frenkel and LTA demand judgment as follows:

    A. Dismissing the Cross-claims of Steven Alevy and Bankers Capital Realty Advisors LLC;

B.  On the First and Second Cross-Claims for relief, awarding Frenkel and LTA actual, compensatory, and consequential damages in an amount to be determined by the trier of fact;

C.  Awarding Frenkel and LTA their attorneys' fees, as well as the costs and expenses of this litigation; and

D.  Awarding Frenkel and LTA such other relief as the Court deems just and proper.

Dated: June 16, 2008

        HOFFINGER STERN & ROSS, LLP
        Attorneys for Ephraim Frenkel and Land Title
        Associates Escrow

        By:  Stephen R. Stern (SRS 5565)
             Mark W. Geisler (MG 7261)
        150 East 58th Street, 19th Floor
        New York, New York 10155
        (212) 421-4000