KAVANAGH MALONEY & OSNATO LLP
 Attorneys for Third Party Defendants
  Buchanan Ingersoll & Rooney, P.C. and
  Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400
 James J. Maloney
 David F. Bayne
 Meredith D. Belkin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.

                              Plaintiffs,

         -against-

MOSES STERN, aka MARK STERN; JOSHUA
SAFRIN, FIRST REPUBLIC GROUP REALTY
LLC, EPHRAIM FRENKEL, LAND TITLE
ASSOCIATES ESCROW,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSHUA SAFRIN,

                Defendant/Third Party-Crossclaim-
                     Counterclaim-Plaintiff,

         -against-

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., ET AL.,BANKERS CAPITAL
REALTY ADVISORS LLC, and FIRST REPUBLIC
GROUP CORP.,
                Third Party Defendants,

         -and-

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and
LAND TITLE ASSOCIATES ESCROW,
                Defendants/Crossclaim Defendants,

         -and-

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.,

             Plaintiffs/Counterclaim Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

             [ECF]

    No. 07 Civ. 11586 (LAK)(GWG)

**MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY
DEFENDANTS BUCHANAN INGERSOLL & ROONEY, PC
AND STEPHEN FRIEDMAN'S MOTION TO DISMISS
SAFRIN'S AMENDED THIRD PARTY COMPLAINT**

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT I      SAFRIN'S FIRST AND THIRD COUNTS FOR INDEMNITY
             SHOULD BE DISMISSED BECAUSE NO EXPRESSED
             OR IMPLIED CONTRACTUAL RELATIONSHIP EXISTS  . . . . . . . . . . . . . . 4

POINT II     SAFRIN'S FIRST COUNT FOR CONTRIBUTION SHOULD
             BE DISMISSED IF ALL TORT COUNTS AGAINST HIM
             ARE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT III    THE SECOND COUNT FOR A DECLARATORY JUDGMENT
             SHOULD BE DISMISSED BECAUSE THERE IS NO THREAT
             OF IMPENDING LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT IV     THE FOURTH COUNT FOR BREACH OF DUTY AS
             AGENT OR ATTORNEY SHOULD BE DISMISSED BECAUSE
             BIR DID NOT ACT AS SAFRIN'S AGENT OR ATTORNEY . . . . . . . . . . . 11

POINT V      THE FIFTH COUNT FOR VIOLATION OF N.Y. CIVIL RIGHTS
             LAW SECTIONS 50 AND 51 FAILS TO STATE A CLAIM . . . . . . . . . . . . . 13

POINT VI     THE SIXTH COUNT FOR VIOLATION OF CALIFORNIA
             COMMON LAW RIGHT OF PRIVACY/COMMERCIAL
             MISAPPROPRIATION FAILS TO STATE A CLAIM . . . . . . . . . . . . . . . . . . 15

POINT VII    THE SEVENTH AND EIGHTH COUNTS FOR CONSPIRACY
             FAIL TO STATE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

POINT VIII   IF SAFRIN'S FOURTH THROUGH EIGHTH COUNTS
             ARE NOT DISMISSED, THE CLAIMS FOR PUNITIVE
             DAMAGES SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

Page

Cases

85 Fifth Ave. 4th Floor, LLC v. I.A. Selig, LLC,
    45 A.D.3d 349, 845 N.Y.S.2d 274 (1st Dep't 2007) ...................... 16

Alexander & Alexander of New York, Inc. v. Fritzen,
    68 N.Y.2d 968, 510 N.Y.S.2d 546 (1986) .............................. 16

Arrington v. New York Times Co., 55 N.Y.2d 433, 449 N.Y.S.2d 941 (1982),
    cert. denied 459 U.S. 1146, 103 S.Ct. 787 (1983) ........................ 13

Bankers Trust Co. v. State Street Bank and Trust Co.,
    1998 WL 355418 (S.D.N.Y. Jul. 2, 1998) ............................ 5, 6

Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley,
    71 N.Y.2d 21, 523 N.Y.S.2d 475 (1987) .............................. 10

Bellis v. Tokio Marine and Fire Ins. Co., Ltd.,
    2002 WL 193149 (S.D.N.Y. Feb. 7, 2002) ........................... 10

Beverley v. Choices Women's Medical Center, Inc.,
    78 N.Y.2d 745, 579 N.Y.S.2d 637 (1991) ............................ 13

Bi-Rite Enterprises, Inc. v. Button Master, 555 F.Supp. 1188 (S.D.N.Y. 1983) ...... 15

Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.,
    13 A.D.3d 296, 787 N.Y.S.2d 267 (1st Dep't 2004) ...................... 12

Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.,
    1996 WL 71492 (S.D.N.Y. Feb. 20 1996) ............................ 10

Camofi Master LDC v. College Partnership, Inc.,
    452 F.Supp.2d 462 (S.D.N.Y. 2006) ................................ 10

i

Cerveceria Modelo, S.A. De. C.V. v. UPSA Accessories LLC,
2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cigna Co. v. A.L. Bazzini Co., 1990 WL 160901 (S.D.N.Y. Oct. 16, 1990) . . . . . . . . . 5

Columbia Mem. Hosp. v. Barley,
16 A.D.3d 748, 790 N.Y.S.2d 576 (3d Dep't 2005) . . . . . . . . . . . . . . . . . . . . . . 12

Corley v. Country Squire Apartments, Inc.,
32 A.D.3d 978, 820 N.Y.S.2d 900 (2d Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . 7

Dataline, Inc. v. MCI WorldCom Network Services, Inc.,
2001 WL 102336 (S.D.N.Y. Feb. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Davis v. High Soc. Mag. Inc., 90 A.D.2d 374, 457 N.Y.S.2d 308 (2d Dep't 1982) . . . . 14

Davis v. High Society Magazine, 90 A.D.2d 374, 457 N.Y.S.2d 308 (2d Dep't 1982) . 13

Doe v. Holy See (State of Vatican City),
17 A.D.3d 793, 793 N.Y.S.2d 565 (3d Dep't 2005) . . . . . . . . . . . . . . . . . . . . . . 12

Dr. Beck & Co. G.M.B.H. v. General Electric Co., 210 F.Supp. 86 (S.D.N.Y.1962) . . . . 8

Ernest Lawrence Group v. Marketing Americas, Inc.,
2005 WL 2811781 (S.D.N.Y. Oct 27, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Evans Medical Ltd. v. American Cyanamid Co., 980 F.Supp. 132 (S.D.N.Y. 1997) . . . 10

Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278 (2d Cir.1981) . . . . . . . . . . . . . . . . . 15

Flickinger v. Harold C. Brown & Co., 947 F.2d 595 (2d Cir.1991) . . . . . . . . . . . . . . . 12

Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey,
112 A.D.2d 514, 490 N.Y.S.2d 919 (3d Dep't 1985) . . . . . . . . . . . . . . . . . . . . . 14

Highland Capital Management, L.P. v. Schneider,
533 F. Supp.2d 345 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9, 10

Kane v. Orange County Publications,
232 A.D.2d 526, 649 N.Y.S.2d 23 (2d Dep't 1996) . . . . . . . . . . . . . . . . . . . . . . 13

Mathews v. ABC Television, Inc., 1989 WL 107640 (S.D.N.Y. Sep. 11, 1989) . . . . . . 15

May Dept. Stores v. Employees Retirement System of Ala.,
    1993 WL 362389 (S.D.N.Y. Sep. 14, 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McDermott v. City of New York, 50 N.Y.2d 211, 428 N.Y.S.2d 643 (1980) . . . . . . . . . . 5

Morse/Diesel, Inc. v. Trinity Industries, Inc., 859 F.2d 242 (2d Cir.1988) . . . . . . . . . . . 9

Murray v. New York Mag. Co., 27 N.Y.2d 406, 318 N.Y.S.2d 474 (1971) . . . . . . . . . . 14

New York University v. Continental Ins. Co.,
    87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Parlato v. Equitable Life Assur. Soc. of the United States,
    299 A.D.2d 108, 749 N.Y.S.2d 216 (1st Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . 8

Pennisi v. Standard Fruit & S.S. Co.,
    206 A.D.2d 290, 614 N.Y.S.2d 519 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . 6

Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.,
    782 F.2d 346 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Robbins v. Harris Beach & Wilcox, LLP,
    291 A.D.2d 797, 737 N.Y.S.2d 486 (4th Dep't 2002) . . . . . . . . . . . . . . . . . . . . . 18

Rocanova v. Equitable Life Assur. Soc. of U.S.,
    83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Rosenkrantz v. Steinberg, 13 A.D.3d 88, 786 N.Y.S.2d 35 (1st Dep't 2004), lv. to appeal
    dismissed in part, denied in part, 5 N.Y.3d 729, 799 N.Y.S.2d 768 (2005) . . . . 18

Salvatore v. Kumar, 45 A.D.3d 560, 845 N.Y.S.2d 384 (2d Dep't 2007),
    lv. to appeal denied, 10 N.Y.3d 703, 854 N.Y.S.2d 104 (2008) . . . . . . . . . . . . . 16

Shell Oil Co. v. Amoco Corp., 970 F.2d 885 (Fed.Cir.1992) . . . . . . . . . . . . . . . . . . . . . 10

SSDW Co. v. Feldman-Misthopoulos Assocs.,
    151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dep't 1989) . . . . . . . . . . . . . . . . . . . . . . 5

Tal v. Superior Vending, LLC, 20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005) . . . 12

Topps Co., Inc. v. Cadbury Stani S.A.I.C., 380 F.Supp.2d 250 (S.D.N.Y. 2005) . . . . . 17

Triguero v. Consolidated Rail Corp., 932 F.2d 95 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . 6

Walker v. Stroh, 192 A.D.2d 775, 596 N.Y.S.2d 213 (3d Dep't 1993) . . . . . . . . . . . . 18

World Wrestling Federation Entertainment, Inc. v. Bozell,
        142 F.Supp.2d 514 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Zarin v. Reid & Priest, 184 A.D.2d 385, 585 N.Y.S.2d 379 (1st Dep't 1992) . . . . . . . . 18

Zoll v. Jordache Enterprises Inc., 2003 WL 1964054 (S.D.N.Y. Apr 24, 2003) . . . . . . . 14

## Statutes

N.Y. Civil Rights Law §50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13, 14, 16

N.Y. Civil Rights Law §51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13, 14, 16

New York Civil Practice Law and Rules §1401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman (collectively "BIR") in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss each Count of the Amended Third Party Complaint (Containing Crossclaims and Counterclaims) of Joshua Safrin for failure to state a claim upon which relief can be granted. A copy of the Amended Third Party Complaint and Exhibit A thereto (without exhibits) is attached to the Notice of Motion as Exhibit 1 ("TPC").

**STATEMENT OF ALLEGATIONS**

Defendant/Third Party-Counterclaim-Crossclaim-Plaintiff Joshua Safrin ("Safrin") alleges third party claims against BIR for indemnification (Counts I and III), contribution (Count I), declaratory judgment (Count II), breach of duty (Count IV), violation of N.Y. Civil Rights Law §§50 and 51 (Count V), violation of California's common law right of privacy and commercial misappropriation (Count VI), conspiracy to violate N.Y. Civil Rights Law §§50 and 51 (Count VII) and conspiracy to violate California's common law right of privacy and commercial misappropriation (Count VIII).

The Complaint ("Comp.") in the main action (Ex. A to the TPC) alleges breach of contract and tort claims against Safrin, Mark Stern, Ephraim Frenkel, First Republic Group Realty LLC and Land Title Associates Escrow ("Land") in connection with a large real estate transaction. Safrin alleges that he was unaware of any of the transactions at issue

1

in the main action until shortly before he was served with process. TPC ¶¶2, 56-66. Safrin claims that he was not aware that Friedman had represented to Plaintiffs that he was Safrin's agent or attorney as alleged in the main action and that he did not engage or retain Friedman to represent him in connection with the transaction. TPC ¶¶3, 63-66.

The Complaint alleges that First Republic Group Corp. purchased from non-party Colonial Realty Limited Partnership a real estate portfolio consisting of shopping centers located in the Southeastern United States. TPC ¶20, Comp. ¶24. At some point, First Republic Group Corp. assigned its interest in the real estate portfolio to First Republic Group Realty LLC ("FRGR"). TPC ¶20, Comp. ¶24. The Complaint also alleges that Safrin and Stern obtained financing for the purchase of the real estate portfolio by executing two loan agreements with Citigroup Global Markets Realty Corp. on behalf of various purchasing entities. TPC ¶21, Comp. ¶¶25, 26. Both loan agreements include Safrin as a Guarantor. TPC ¶21. Safrin contends that his signatures on the loan documents are forgeries. TPC ¶22.

The Complaint also alleges that because the two loans were insufficient to purchase the real estate portfolio, Safrin and others approached mortgage broker Steven Alevy and Friedman to obtain the additional necessary financing. TPC ¶23, Comp. ¶¶28, 30. Plaintiffs further allege that Steven Alevy and Friedman presented an investment opportunity to Plaintiff Amusement Industry Inc. ("Amusement") on behalf of Safrin and others. TPC ¶25, Comp. ¶31. Steven Alevy is the son of Allen Alevy, the sole shareholder of Plaintiff Amusement. TPC ¶7. Safrin alleges that he never retained or otherwise authorized Friedman

2

to speak or act on his behalf in connection with the transaction described in the Complaint. TPC ¶¶26, 28.

Plaintiffs allege that in June 2007 First Republic Corp. and Westland Industries (the name under which Plaintiff Amusement does business) entered into a "Letter of Intent" (TPC ¶29, Comp. ¶35), that on June 29, 2007 Amusement wired $13,000,000 into Land's account (TPC ¶32, Comp. ¶36), and that on or after July 2, 2007, Safrin and Stern obtained a reduction of the purchase price of the real estate portfolio of about $4.47 million. TPC ¶34, Comp. ¶39. Safrin alleges that he had no involvement with either the purchase or the financing of the real estate portfolio. TPC ¶35.

The Complaint alleges that after the "Letter of Intent" Plaintiffs continued to negotiate a partnership agreement through Friedman. TPC ¶¶36-39, Comp. ¶40. Safrin alleges that he did not know of any such negotiations. TPC ¶40. Safrin alleges that he was unaware of the alleged representation in the main action that on July 9, 2007 Friedman informed Plaintiffs that FRGR, and not First Republic Group Corp., was now the purchasing entity. TPC ¶¶43-44, Comp. ¶46. Plaintiffs allege that Amusement instructed Friedman, Land and Frenkel not to release Amusement's funds from escrow. TPC ¶47, Comp. ¶51. Safrin alleges he was unaware of any funds being held in escrow. TPC ¶48.

The Complaint alleges that on July 11, 2007, Friedman provided to Amusement a Promissory Note for $13 million signed by Stern in his individual capacity, an Escrow Agreement and Agreements purportedly signed by Stern and Safrin assigning their respective

3

LLC membership interests in FRGR (the "Escrow Documents"). TPC ¶49, Comp. ¶52.

Safrin alleges that his signature on the Agreement assigning his LLC interests is a forgery.

TPC ¶50. According to Plaintiffs, that same day Amusement communicated through

Friedman that it was not satisfied with the characterization of the transaction as a loan in the

Escrow Documents. TPC ¶51, Comp. ¶¶53-55. Safrin alleges that he was unaware of the

allegations in the main action that Friedman responded by telling Plaintiff Amusement that

it should not worry as Amusement now owned the whole thing and provided a $15 million

promissory note signed by Stern in his individual capacity. TPC ¶¶53-54, Comp. ¶56.

On July 12, 2007 it is alleged that Frenkel and Land "took and used" the $13

million in escrow based on written instructions from Steven Alevy, the son of Allen Alevy,

allegedly without notice or authorization from Plaintiff Amusement. TPC ¶55, Comp. ¶¶58,

63. There are no allegations that BIR was involved with the release of the escrow funds.

## ARGUMENT

### POINT I

### SAFRIN'S FIRST AND THIRD COUNTS FOR INDEMNITY SHOULD BE DISMISSED BECAUSE NO EXPRESSED OR IMPLIED CONTRACTUAL RELATIONSHIP EXISTS

Safrin's First and Third Counts for indemnification are duplicative. TPC ¶¶67-

69, 74-77. The First alleges general claims of indemnification and contribution against all

Third-Party Defendants and the Third purports to allege a claim for implied contractual

indemnification against BIR specifically. Under New York law, in order to recover upon a

4

theory of indemnification, a party must either have an expressed or implied contractual relationship with the party from whom indemnity is sought. Bankers Trust Co. v. State Street Bank and Trust Co., 1998 WL 355418, *5 (S.D.N.Y. Jul. 2, 1998); Cigna Co. v. A.L. Bazzini Co., 1990 WL 160901, *5 (S.D.N.Y. Oct. 16, 1990)(dismissing third party claim for indemnification "because it does not allege the existence of a contractual or quasi-contractual relationship between the two corporations, which is prerequisite for an indemnity claim in New York"); McDermott v. City of New York, 50 N.Y.2d 211, 216, 428 N.Y.S.2d 643, 646 (1980); SSDW Co. v. Feldman-Misthopoulos Assocs., 151 A.D.2d 293, 295, 542 N.Y.S.2d 565, 567 (1st Dep't 1989).

Safrin cannot state a claim for indemnification based on either an expressed or an implied contractual relationship. Safrin does not allege an expressed contractual relationship. Indeed, he flatly denies that he ever had any relationship with BIR with respect to the subject matter of this case. TPC ¶¶28, 63, 65, 66, 72, 73. Thus, Safrin cannot state a claim for express contractual indemnification.

The Second Circuit has held that when there is no express contractual right to indemnification, an implied contractual right to indemnity may still be found based upon "the special nature of a contractual relationship between the parties," or, an implied-in-fact right may be found "when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other." Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986);

5

Highland Capital Management, L.P. v. Schneider, 533 F. Supp.2d 345, 353 (S.D.N.Y. 2008);

Bankers Trust Co., 1998 WL 355418, at *5. Neither circumstance is found in this case.

In order to allege an implied contractual right to indemnification, plaintiff must set forth facts indicating the nature and scope of the relationship between the parties in order that an informed determination relating to any implied obligation may be made. Triguero v. Consolidated Rail Corp., 932 F.2d 95, 101-02 (2d Cir. 1991); Pennisi v. Standard Fruit & S.S. Co., 206 A.D.2d 290, 292, 614 N.Y.S.2d 519, 522 (1st Dep't 1994)("A contractual right to indemnification may be implied from the nature of the parties' relationship"). Contractual indemnity will only be implied "when unique special factors exist demonstrating that the parties intended that the 'would-be indemnitor bear the ultimate responsibility for the plaintiff's safety' or when there is a generally recognized special relationship between the parties." Pennisi, 206 A.D.2d at 292, 614 N.Y.S.2d at 522.

Safrin's denial of any contractual relationship between he and BIR makes it impossible for him to allege an implied contractual right to indemnification because there is nothing from which to create any implied obligation running from BIR to Safrin. TPC ¶¶28, 63, 65, 66, 72, 73.

Nor has Safrin alleged facts to state a claim for implied-in-fact indemnification. This theory requires a great disparity in the fault of two tortfeasors and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other. This theory is inapplicable to the contract claims alleged against Safrin by the Plaintiffs because if Plaintiffs

6

are successful on these claims, then Safrin will necessarily have been found to have breached an agreement with them and that breach cannot be primarily the fault of BIR. Highland Capital Management, L.P., 533 F. Supp.2d at 354. Accord Corley v. Country Squire Apartments, Inc., 32 A.D.3d 978, 979, 820 N.Y.S.2d 900 (2d Dep't 2006) ("Country Squire failed to sufficiently plead the elements of common-law indemnification as its cross claim did not allege that the plaintiff's injury was due solely to the appellant's negligent performance or nonperformance of an act solely within its province").

With respect to the tort claims asserted by Plaintiffs against Safrin which include claims of fraud, fraudulent inducement, negligent misrepresentation, and conspiracy to commit the foregoing, if Safrin is found liable, it will not be primarily the fault of BIR because Safrin will necessarily have been found at fault.[1] Safrin alleges that BIR improperly held itself out as his attorney or agent in the transaction at issue and that it had no authority to do so. However, the law is clear that an agent cannot create his own apparent authority. Only some affirmative act of the principal, i.e., Mr. Safrin, could have created such authority

---

[1]The claims for relief alleging tortious conduct against Safrin are: (1) the Fifteenth claim for relief for fraud in the inducement; (2) the Seventeenth claim for relief for fraud in the inducement; (3) the Eighteenth claim for relief for negligent misrepresentation; (4) the Nineteenth claim for relief for fraud in the inducement; (5) the Twentieth claim for relief for negligent misrepresentation; (6) the Twenty-First claim for relief for fraud; (7) the Twenty-Second claim for relief for negligent misrepresentation; (8) the Twenty-Third claim for relief for fraud; (9) the Twenty-Fourth claim for relief for conversion; (10) the Twenty-Fifth claim for relief for conspiracy to commit conversion and fraud; (11) the Twenty-Sixth claim for relief for unjust enrichment; and (12) the Twenty-Seventh claim for relief for breach of fiduciary duty.

7

in BIR.  Dr. Beck & Co. G.M.B.H. v. General Electric Co., 210 F.Supp. 86, 90

(S.D.N.Y.1962); Parlato v. Equitable Life Assur. Soc. of the United States, 299 A.D.2d 108,

114, 749 N.Y.S.2d 216, 221 (1st Dep't 2002).  Therefore, in order for Safrin to he held liable

to the Plaintiffs for the conduct of BIR, he will necessarily have been found to have

committed some affirmative act or acts conferring apparent authority upon BIR.  His

negligence in doing so, in light of his vehement denial that he retained BIR to represent him

and had no attorney client relationship with the firm in connection with the events at issue

in this case, bars a claim for implied-in-fact indemnification.

Nor is there any allegation that BIR is primarily responsible for Plaintiffs' loss.

Plaintiffs' alleged loss stems from the allegation that the money placed in escrow for the

transaction was released by Stern, Safrin and First Republic LLC without proper

authorization.  Complaint ¶¶58, 61-64.  Safrin alleges, however, that Frenkel and Land "took

and used" the $13 million in escrow based on written instructions from Steven Alevy,

without notice or authorization from Amusement. TPC ¶55.  Neither party alleges that BIR

released or took the escrow fund.  Therefore, BIR cannot be primarily responsible to the

Plaintiffs and a joint tortfeasor with Safrin.  Indeed, Plaintiffs have not asserted a claim

against BIR.

Because there is no expressed or implied contractual relationship between

Safrin and BIR, Safrin's claims for indemnification in Counts I and III  should be dismissed.

8

## POINT II

## SAFRIN'S FIRST COUNT FOR CONTRIBUTION SHOULD BE DISMISSED IF ALL TORT COUNTS AGAINST HIM ARE DISMISSED

Plaintiff has alleged causes of action against Safrin on theories of contractual and tort liability. By Notice of Motion dated February 27, 2008, Safrin moved to dismiss the Complaint against him in its entirety. Memorandum of Law in Support of Defendant Joshua Safrin's Motion to Dismiss the Complaint dated February 27, 2008, p.1. In the event that the Court grants Safrin's motion with respect to all of the tort claims alleged against him, Safrin's claim for contribution against BIR in Count I (TPC ¶¶67-69) must be dismissed too.[2]

Under New York's contribution statute, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. §1401. Section 1401 does not create a cause of action for contribution with respect to contract claims. Morse/Diesel, Inc. v. Trinity Industries, Inc., 859 F.2d 242, 249 (2d Cir.1988) ("[S]ection 1401 creates a right of contribution only among joint tortfeasors."); Highland Capital Management, L.P. v. Schneider, 533 F.Supp.2d 345, 355 (S.D.N.Y. 2008).

The New York Court of Appeals has determined that the "'purely economic loss resulting from a breach of contract does not constitute "injury to property" within the

---

[2]See footnote 1.

9

meaning of New York's contribution statute....'" Highland Capital Management, L.P. v. Schneider, 533 F.Supp.2d at 355 (quoting Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 26, 523 N.Y.S.2d 475, 477 (1987)). Accord Camofi Master LDC v. College Partnership, Inc., 452 F.Supp.2d 462, 483 (S.D.N.Y. 2006) ("The contribution claim, however, also fails, for under New York law there can be no contribution among two parties for purely economic loss that flows from a breach of contract."); Bellis v. Tokio Marine and Fire Ins. Co., Ltd., 2002 WL 193149, *17 (S.D.N.Y. Feb. 7, 2002) ("the existence of some form of tort liability is a prerequisite to application of the statute.").

If the Court dismisses all Counts against Safrin except for the contract claims, it is respectfully submitted that Safrin's claim for contribution in Count I against BIR should be dismissed.

## POINT III

### THE SECOND COUNT FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE THERE IS NO THREAT OF IMPENDING LITIGATION

The purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, is to protect a threatened party from the uncertainty of impending litigation. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 887-89 (Fed.Cir.1992); Evans Medical Ltd. v. American Cyanamid Co., 980 F.Supp. 132, 135 (S.D.N.Y. 1997); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 1996 WL 71492, *5 (S.D.N.Y. Feb. 20 1996); May Dept. Stores v. Employees

Retirement System of Ala., 1993 WL 362389, *2 (S.D.N.Y. Sep. 14, 1993) ("the purpose of the Declaratory Judgment Act is to allow a party to a case or controversy to seek a declaration of non-liability in order to determine the issue and be relieved of the burden of uncertainty which may be imposed upon one in the event that a potential claimant does not seek redress in the courts in a timely fashion."). "In a motion to dismiss, the plaintiff has the burden of proving that its apprehension of suit was reasonable." Dataline, Inc. v. MCI WorldCom Network Services, Inc., 2001 WL 102336, *3 (S.D.N.Y. Feb. 6, 2001).

In the present case, the threat of litigation between Safrin and BIR has been realized and hence there is no uncertainty with respect to the rights of the parties which should be resolved by a declaratory judgment. Safrin seeks a declaration that BIR was not his agent or attorneys with respect to the matters at issue. In light of the claims and defenses made in the main action, as well as Safrin's other claims asserted in this third-party action, the question on which Safrin seeks a declaratory judgment will be resolved by the resolution of the other claims alleged and a declaratory judgment is, therefore, unnecessary. Thus, Safrin's Second Count for a declaratory judgment (TPC ¶¶70-73) should be dismissed.

### POINT IV

### THE FOURTH COUNT FOR BREACH OF DUTY AS AGENT OR ATTORNEY SHOULD BE DISMISSED BECAUSE BIR DID NOT ACT AS SAFRIN'S AGENT OR ATTORNEY

Safrin's Fourth Count (TPC ¶¶78-83) fails to state a claim for relief because Safrin alleges that no attorney-client or principal-agent relationship existed between him and

11

BIR. TPC ¶¶28, 63, 65, 66, 72, 73. BIR admits that it did not represent Safrin in the transaction at issue. In the absence of any relationship, no fiduciary duty exists between Safrin and BIR. Ernest Lawrence Group v. Marketing Americas, Inc., 2005 WL 2811781, *8-9 (S.D.N.Y. Oct 27, 2005); Tal v. Superior Vending, LLC, 20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005).

A fiduciary duty arises "where one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relations." Ernest Lawrence Group, 2005 WL 2811781, at *8 (quoting Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 599 (2d Cir.1991)). New York has restricted the circumstances permitting a finding of a fiduciary duty. Id. at *9. At a minimum, a plaintiff must plead or prove facts demonstrating a "relationship approaching privity." Ernest Lawrence Group, 2005 WL 2811781, at *9 (citing Doe v. Holy See (State of Vatican City), 17 A.D.3d 793, 793 N.Y.S.2d 565 (3d Dep't 2005) and Columbia Mem. Hosp. v. Barley, 16 A.D.3d 748, 749, 790 N.Y.S.2d 576, 577 (3d Dep't 2005)). Accord Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C., 13 A.D.3d 296, 297, 787 N.Y.S.2d 267, 268 (1st Dep't 2004) ("plaintiffs' claims for breach of fiduciary duty ... were properly dismissed, as plaintiffs have not pleaded sufficient facts to demonstrate any fiduciary duty owed to plaintiffs, or any relationship approaching privity").

Here, Safrin's own allegations denying any relationship with BIR requires dismissal of the Fourth Count against BIR. TPC ¶¶28, 63, 65, 66, 72, 73.

### POINT V

### THE FIFTH COUNT FOR VIOLATION OF N.Y. CIVIL RIGHTS LAW SECTIONS 50 AND 51 FAILS TO STATE A CLAIM

Safrin's Fifth Count for violation of N.Y. Civil Rights Law Sections 50 and 51 fails to state a claim upon which relief can be granted. TPC ¶¶84-93. Civil Rights Law Section 51 authorizes a civil action for injunctive relief and damages where the name or likeness of any living person is used for advertising or trade purposes without the written consent of that person in violation of Civil Rights Law Section 50. Kane v. Orange County Publications, 232 A.D.2d 526, 526-27, 649 N.Y.S.2d 23, 25 (2d Dep't 1996).

Civil Rights Law §§50 and 51 "were drafted narrowly to encompass only the commercial use of an individual's name or likeness and no more." Arrington v. New York Times Co., 55 N.Y.2d 433, 439, 449 N.Y.S.2d 941, 943 (1982), cert. denied 459 U.S. 1146, 103 S.Ct. 787 (1983); Kane, 232 A.D.2d at 527, 649 N.Y.S.2d at 25. A name "is used 'for advertising purposes' if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service." Beverley v. Choices Women's Medical Center, Inc., 78 N.Y.2d 745, 751, 579 N.Y.S.2d 637, 640 (1991). "Trade purposes" is more difficult to define, and involves use which would draw trade to the defendant. Davis v. High Society Magazine, 90 A.D.2d 374, 379, 457 N.Y.S.2d 308, 313 (2d Dep't 1982); Kane, 232 A.D.2d at 527, 649 N.Y.S.2d at 25; Flores v. Mosler Safe Co., 7 N.Y.2d 276, 283, 196 N.Y.S.2d 975, 980 (1959).

13

Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey, 112 A.D.2d 514, 490 N.Y.S.2d 919 (3d Dep't 1985), is analogous to this case. In Griffin, Plaintiff contended that defendant law firm used his name in a federal action in an effort to defeat a plan to build a competing hotel, calculating that plaintiff's reputation as a representative of the poor would rally the community to oppose it. The court found that even if the allegations were true, "the use of plaintiff's name in this context is not sufficiently related to a commercial end to constitute a use 'for the purposes of trade' as required by Civil Rights Law §51." 112 A.D.2d at 516, 490 N.Y.S.2d at 921 (citing Murray v. New York Mag. Co., 27 N.Y.2d 406, 409, 318 N.Y.S.2d 474, 476 (1971)). The court found that "[w]hile such use might have been inspired by the profit motive, that is not, by itself, a sufficient foundation for this cause of action." Id. (citing Davis v. High Soc. Mag. Inc., 90 A.D.2d 374, 457 N.Y.S.2d 308 (2d Dep't 1982)). "The mercantile rewards for naming plaintiff in that suit were far too remote and speculative." Id.; see also Zoll v. Jordache Enterprises Inc., 2003 WL 1964054 (S.D.N.Y. Apr 24, 2003); NY Jur. 2d Defamation & Privacy s 299, What Constitutes Use For Purpose of Trade (2008).

Safrin's claim should be dismissed for the same reason. There are no allegations that BIR, which was not even a party to the transaction, used Safrin's name for advertising or trade purposes as required under the statutes.

Therefore, the Fifth Count for violation of N.Y. Civil Rights Law Sections 50 and 51 should be dismissed for failure to state a claim upon which relief can be granted.

## POINT VI

## THE SIXTH COUNT FOR VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PRIVACY/COMMERCIAL MISAPPROPRIATION FAILS TO STATE A CLAIM

Safrin's Sixth Count for violation of California's common law right of privacy (TPC ¶¶94-101) fails to state a claim upon which relief can be granted because New York law, and not California law, applies to Safrin's claims. This Court is to "apply the substantive law of the state to which the forum state, New York, would have turned had the suit been filed in state court." Bi-Rite Enterprises, Inc. v. Button Master, 555 F.Supp. 1188, 1197 (S.D.N.Y. 1983) (quoting Factors Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 280 (2d Cir.1981)). In considering a privacy claim, a New York court would apply its choice-of-law rules for torts, which requires a "grouping of contacts" approach. 555 F.Supp. at 1197. Under this rule, the law of the state in which the party asserting the claim resides controls. Id.; Mathews v. ABC Television, Inc., 1989 WL, 107640, *3 (S.D.N.Y. Sep. 11, 1989).

Safrin resides in the State of New York. TPC ¶4. Therefore, there is no basis to apply California common law to a claim for violation of privacy by Safrin. Thus, Safrin's Sixth Count should be dismissed.

15

## POINT VII

### THE SEVENTH AND EIGHTH COUNTS FOR CONSPIRACY FAIL TO STATE CLAIMS

Safrin's Seventh and Eighth Counts for conspiracy to violate N.Y. Civil Rights Law Sections 50 and 51 and California's common law right of privacy/commercial misappropriation respectively fail to state claims upon which relief can be granted. TPC ¶¶102-11. To establish a claim of civil conspiracy, a plaintiff "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." World Wrestling Federation Entertainment, Inc. v. Bozell, 142 F.Supp.2d 514, 532 (S.D.N.Y. 2001) (emphasis added). Accord Alexander & Alexander of New York, Inc. v. Fritzen, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546 (1986); 85 Fifth Ave. 4th Floor, LLC v. I.A. Selig, LLC, 45 A.D.3d 349, 350, 845 N.Y.S.2d 274, 276 (1st Dep't 2007); Salvatore v. Kumar, 45 A.D.3d 560, 563, 845 N.Y.S.2d 384, 388 (2d Dep't 2007), lv. to appeal denied, 10 N.Y.3d 703, 854 N.Y.S.2d 104 (2008) ("'New York does not recognize civil conspiracy to commit a tort as an independent cause of action'").

Because Safrin cannot state a claim for the primary torts (see Points V and VI, supra), the Seventh and Eighth claims for conspiracy liability must fail.

16

## POINT VIII

## IF SAFRIN'S FOURTH THROUGH EIGHTH COUNTS ARE NOT DISMISSED, THE CLAIMS FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

If for any reason the Court does not dismiss the Fourth through Eighth Counts, Safrin's request for punitive damages in those Counts should be dismissed because the allegations are wholly insufficient to support a claim for punitive damages. TPC ¶¶82-83, 93, 101, 106, 111.

The New York Court of Appeals has held that where a party seeks punitive damages in connection with a tort claim that has its genesis in a contractual relationship, the alleged egregious conduct "must be part of a pattern directed at the public." New York University v. Continental Ins. Co., 87 N.Y.2d 308, 315-16, 639 N.Y.S.2d 283, 287 (1995); Cerveceria Modelo, S.A. De. C.V. v. UPSA Accessories LLC, 2008 WL 1710910, *5-6 (S.D.N.Y. Apr. 10, 2008); Topps Co., Inc. v. Cadbury Stani S.A.I.C., 380 F.Supp.2d 250, 263-64 (S.D.N.Y. 2005) (same); Rocanova v. Equitable Life Assur. Soc. of U.S., 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342-43 (1994). There is no allegation that anything BIR is alleged to have done was aimed at the public. Instead, Safrin's claims against BIR are all premised on alleged breaches of duty which he claims were owed to him individually in the transaction at issue despite the fact that he alleges BIR did not represent him. See TPC ¶¶ 80-81. Thus, Safrin's failure to allege facts indicating that BIR's alleged conduct was "part of a pattern directed at the public" is fatal to its claim for punitive damages under New York

17

law. New York University, 87 N.Y.2d at 315-16, 639 N.Y.S.2d at 287.

New York courts have also consistently held that a punitive damages claim against an attorney should be dismissed where the plaintiff fails to "allege facts demonstrating that [the attorney's] conduct 'was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply criminal indifference to civil obligations.'" Rosenkrantz v. Steinberg, 13 A.D.3d 88, 786 N.Y.S.2d 35, 36 (1st Dep't 2004), lv. to appeal dismissed in part, denied in part, 5 N.Y.3d 729, 799 N.Y.S.2d 768 (2005) (quoting Zarin v. Reid & Priest, 184 A.D.2d 385, 388, 585 N.Y.S.2d 379, 382 (1st Dep't 1992)). Accord Robbins v. Harris Beach & Wilcox, LLP, 291 A.D.2d 797, 799, 737 N.Y.S.2d 486, 488-89 (4th Dep't 2002) (same); Walker v. Stroh, 192 A.D.2d 775, 776, 596 N.Y.S.2d 213, 214 (3d Dep't 1993) (same).

In the present case, Safrin has failed to allege any facts to meet this heavy burden. There is no allegation in this case that BIR had any involvement in the alleged forgery of Safrin's signatures on various documents or that BIR knew that the signatures were allegedly forged at the time of the transaction. Therefore, it is respectfully submitted that the claims for punitive damages in the Fourth through Eighth Counts should be dismissed if any of those Counts is not dismissed in its entirety.

18

## **CONCLUSION**

For each of the foregoing reasons, Third Party Defendants Buchanan Ingersoll

& Rooney, P.C. and Stephen Friedman respectfully request that their motion to dismiss each

Count of the Third Party Complaint be granted.

Dated: New York, N.Y.
  June 17, 2008

       Respectfully submitted,

       KAVANAGH MALONEY & OSNATO LLP

       By _James J Maloney_

        James J. Maloney
       Attorneys for Third Party Defendants Buchanan
        Ingersoll & Rooney, PC and Stephen Friedman
       415 Madison Avenue
       New York, N.Y. 10017
       212-207-8400

Of Counsel:
 David F. Bayne
 Meredith D. Belkin

19