James J. Maloney
KAVANAGH MALONEY & OSNATO LLP
Attorneys for Third Party Defendants
  Buchanan Ingersoll & Rooney, PC and Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES; PRACTICAL FINANCE CO., INC., | [ECF]<br>No. 07 Civ. 11586 (LAK)(GWG) |
| Plaintiffs, | |
| -against- | |
| MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, LAND TITLE ASSOCIATES ESCROW, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANTS BUCHANAN INGERSOLL & ROONEY, PC AND STEPHEN FRIEDMAN'S MOTION TO DISMISS THIRD PARTY DEFENDANTS BANKERS CAPITAL REALTY ADVISORS LLC AND STEVEN ALEVY'S CROSS CLAIM FOR INDEMNIFICATION**

# TABLE OF AUTHORITIES

Page

Cases

ATSA Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007),
    cert. granted __ S.Ct. __, 2008 WL 336310 (2008) .......................... 5

Bankers Trust Co. v. State Street Bank and Trust Co.,
    1998 WL 355418 (S.D.N.Y. Jul. 2, 1998) ................................ 6

Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955 (2007) ................ 5

Cigna Co. v. A.L. Bazzini Co., 1990 WL 160901 (S.D.N.Y. Oct. 16, 1990) .......... 6

Corley v. Country Squire Apartments, Inc.,
    32 A.D.3d 978, 820 N.Y.S.2d 900 (2d Dep't 2006) ....................... 7

Highland Capital Management, L.P. v. Schneider,
    533 F. Supp.2d 345 (S.D.N.Y. 2008) ................................ 6, 7

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ................................ 5

McDermott v. City of New York, 50 N.Y.2d 211, 428 N.Y.S.2d 643 (1980) .......... 6

Pennisi v. Standard Fruit & S.S. Co.,
    206 A.D.2d 290, 614 N.Y.S.2d 519 (1st Dep't 1994) ....................... 7

Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.,
    782 F.2d 346 (2d Cir. 1986) ........................................ 6

SSDW Co. v. Feldman-Misthopoulos Assocs.,
    151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dep't 1989) ...................... 6

Triguero v. Consolidated Rail Corp., 932 F.2d 95 (2d Cir. 1991) ................ 7

## TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT I    COUNT V FOR INDEMNITY
                     SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman (collectively "BIR") in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count V of Third Party Defendants Bankers Capital Realty Advisors LLC's and Steven Alevy's Answer to the Amended Third Party Complaint of Defendant Safrin, Counterclaims Against Safrin, and Cross Claims Against Stern, First Republic, Frenkel, Land Title, Stephen Friedman and Buchanan Ingersoll & Rooney dated June 6, 2008 ("Cross Claims") for failure to state a claim upon which relief can be granted. A copy of the Amended Third Party Complaint (containing Crossclaims and Counterclaims) of Defendant/Third Party-Counterclaim-Crossclaim-Plaintiff Joshua Safrin ("Safrin") dated May 29, 2008 and Exhibit A thereto (without exhibits) is attached to the Notice of Motion as Exhibit 1 ("Third Party Complaint" or "TPC"). A copy of the Cross Claims is attached to the Notice of Motion as Exhibit 2.

## STATEMENT OF ALLEGATIONS

BIR is a party to this action pursuant to the Third Party Complaint. Third Party Defendants Bankers Capital Realty Advisors LLC ("Bankers Capital") and Steven Alevy (collectively "Alevy") have asserted general, non-specific cross-claims against BIR and other parties to this action for indemnification (Count V) and contribution (Count VI). Ex. 2, pp.15-16, 19-20.

Alevy alleges that in May 2007 Bankers Capital was asked to arrange financing for Safrin, Defendant Mark Stern and Defendant First Republic Group Realty LLC for the purchase of a large portfolio of properties from non-party Colonial Realty Limited Partnership. Ex. 2, p.16 (Cross-Claim) ¶3. Alevy alleges that Bankers Capital arranged for $13 million in financing from Plaintiff Amusement Industry. Ex. 2 (Cross-Claim) ¶4. Safrin, Stern and First Republic allegedly promised to pay Bankers Capital a fee of $1.45 million for arranging such financing, which they have failed to pay. Ex. 2 (Cross-Claim) ¶¶5-6. Alevy's cross-claims do not assert any allegations of fact against BIR. In fact, Alevy denies all allegations in the Third Party Complaint asserting any wrongdoing on the part of BIR. Ex. 2.

The Complaint ("Comp.") in the main action (Ex. A to the TPC), alleges breach of contract and tort claims against Safrin, Mark Stern, Ephraim Frenkel, First Republic Group Realty LLC and Land Title Associates Escrow ("Land") in connection with the financing of a real estate transaction.

The Complaint alleges that First Republic Group Corp. purchased from non-party Colonial Realty Limited Partnership a real estate portfolio consisting of shopping centers located in the Southeastern United States. TPC ¶20, Comp. ¶24. At some point, First Republic Group Corp. assigned its interest in the real estate portfolio to First Republic Group Realty LLC ("FRGR"). TPC ¶20, Comp. ¶24. The Complaint also alleges that Safrin and Stern obtained financing for the purchase of the real estate portfolio by executing two loan

agreements with Citigroup Global Markets Realty Corp. on behalf of various purchasing entities. TPC ¶21, Comp. ¶¶25, 26. Both loan agreements include Safrin as a Guarantor. TPC ¶21. Safrin contends that his signatures on the loan documents are forgeries. TPC ¶22.

The Complaint also alleges that because the two loans were insufficient to purchase the real estate portfolio, Safrin and others approached mortgage broker Steven Alevy and Stephen Friedman of Buchanan Ingersoll to obtain the additional necessary financing. TPC ¶23, Comp. ¶¶28, 30. Plaintiffs further allege that Steven Alevy and Friedman presented an investment opportunity to Plaintiff Amusement Industry Inc. ("Amusement") on behalf of Safrin and others. TPC ¶25, Comp. ¶31. Steven Alevy is the son of Allen Alevy, the sole shareholder of Plaintiff Amusement. TPC ¶7. Safrin alleges that he was unaware of any of the transactions at issue in the main action until shortly before he was served with process. TPC ¶¶2, 56-66. Safrin alleges that he never retained or otherwise authorized Alevy or Friedman to speak or act on his behalf in connection with the transaction described in the Complaint. TPC ¶¶23-28. Safrin alleges that he was not aware that Friedman had allegedly represented to Plaintiffs that he was Safrin's agent or attorney as alleged in the main action. TPC ¶¶3, 63-66.

Plaintiffs allege that in June 2007 First Republic Corp. and Westland Industries (the name under which Plaintiff Amusement does business) entered into a "Letter of Intent" (TPC ¶29, Comp. ¶35), that on June 29, 2007 Amusement wired $13,000,000 into Land's account (TPC ¶32, Comp. ¶36), and that on or after July 2, 2007, Safrin and Stern obtained

3

a reduction of the purchase price of the real estate portfolio of about $4.47 million. TPC ¶34, Comp. ¶39. Plaintiffs allege that Amusement instructed Friedman, Land and Frenkel not to release Amusement's funds from escrow. TPC ¶47, Comp. ¶51.

The Complaint alleges that on July 11, 2007, Friedman provided to Amusement a Promissory Note for $13 million signed by Stern in his individual capacity, an Escrow Agreement and Agreements purportedly signed by Stern and Safrin assigning their respective LLC membership interests in FRGR (the "Escrow Documents"). TPC ¶49, Comp. ¶52. Safrin alleges that his signature on the Agreement assigning his LLC interests is a forgery. TPC ¶50. According to Plaintiffs, that same day Amusement communicated through Friedman that it was not satisfied with the characterization of the transaction as a loan in the Escrow Documents. TPC ¶51, Comp. ¶¶53-55.

On July 12, 2007 it is alleged that Frenkel and Land "took and used" the $13 million in escrow based on written instructions from Steven Alevy, the son of Allen Alevy, allegedly without notice or authorization from Plaintiff Amusement. TPC ¶55, Comp. ¶¶58-63. There are no allegations that BIR was involved with the release of the escrow funds.

## ARGUMENT

### POINT I

### COUNT V FOR INDEMNITY SHOULD BE DISMISSED

Alevy asserts a cross-claim for indemnification against BIR and others. Alevy alleges in conclusory fashion that if he and Bankers Capital are "found liable to Safrin for

4

any damages, such damages were brought about solely as a result of the primary, intentional and active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud and/or breach of contract by the cross claim defendants." Ex. 2 (Cross-Claim) ¶31. This conclusory assertion is insufficient to state a claim against BIR. Alevy does not allege any facts to support a claim of recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud and/or breach of contract by BIR. Ex. 2 (Cross-Claim). Furthermore, Alevy denies any allegations of such conduct by BIR in the Third Party Complaint. Ex. 2.

In order to defeat this motion to dismiss, Alevy must meet the pleading standard of "plausibility" announced by the Supreme Court in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955 (2007). The Second Circuit has held that the complaint must "amplify a claim with some factual allegations to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In complying with this "plausibility" standard, the pleading must provide "the grounds upon which [Alevy's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level." ATSA Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007), cert. granted __ S.Ct. __, 2008 WL 336310 (2008). A pleading cannot rely on mere conclusions. Bell Atlantic Corp., 127 S.Ct. at 1965.

Nowhere in the cross-claim does Alevy allege any factual allegation to support a plausible claim for indemnification. Under New York law, in order to recover upon a

theory of indemnification, a party must either have an expressed or implied contractual relationship with the party from whom indemnity is sought. Bankers Trust Co. v. State Street Bank and Trust Co., 1998 WL 355418, *5 (S.D.N.Y. Jul. 2, 1998); Cigna Co. v. A.L. Bazzini Co., 1990 WL 160901, *5 (S.D.N.Y. Oct. 16, 1990)(dismissing third party claim for indemnification "because it does not allege the existence of a contractual or quasi-contractual relationship between the two corporations, which is prerequisite for an indemnity claim in New York"); McDermott v. City of New York, 50 N.Y.2d 211, 216, 428 N.Y.S.2d 643, 646 (1980); SSDW Co. v. Feldman-Misthopoulos Assocs., 151 A.D.2d 293, 295, 542 N.Y.S.2d 565, 567 (1st Dep't 1989).

Alevy cannot state a claim for indemnification based on either an expressed or an implied contractual relationship. Alevy does not allege an expressed contractual relationship with BIR. Thus, Alevy cannot state a claim for express contractual indemnification.

The Second Circuit has held that when there is no express contractual right to indemnification, an implied contractual right to indemnity may still be found based upon "the special nature of a contractual relationship between the parties," or, an implied-in-fact right may be found "when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other." Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 351 (2d Cir. 1986); Highland Capital Management, L.P. v. Schneider, 533 F. Supp.2d 345, 353 (S.D.N.Y. 2008);

Bankers Trust Co., 1998 WL 355418 at *5. Neither circumstance is found in this case.

In order to allege an implied contractual right to indemnification, plaintiff must set forth facts indicating the nature and scope of the relationship between the parties in order that an informed determination relating to any implied obligation may be made. Triguero v. Consolidated Rail Corp., 932 F.2d 95, 101-02 (2d Cir. 1991); Pennisi v. Standard Fruit & S.S. Co., 206 A.D.2d 290, 292, 614 N.Y.S.2d 519, 522 (1st Dep't 1994)("A contractual right to indemnification may be implied from the nature of the parties' relationship"). Contractual indemnity will only be implied "when unique special factors exist demonstrating that the parties intended that the 'would-be indemnitor bear the ultimate responsibility for the plaintiff's safety' or when there is a generally recognized special relationship between the parties." Pennisi, 206 A.D.2d at 292, 614 N.Y.S.2d at 522. Alevy does not allege any such relationship with BIR.

In addition, Alevy has not alleged any facts to state a claim for implied-in-fact indemnification. This theory requires a great disparity in the fault of two tortfeasors and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other. Highland Capital Management, L.P., 533 F. Supp.2d at 354. Accord Corley v. Country Squire Apartments, Inc., 32 A.D.3d 978, 979, 820 N.Y.S.2d 900 (2d Dep't 2006) ("Country Squire failed to sufficiently plead the elements of common-law indemnification as its cross claim did not allege that the plaintiff's injury was due solely to the appellant's negligent performance or nonperformance of an act solely within its province"). No such allegations

exist in this case. On the contrary, Stephen Alevy is alleged to be the person who authorized the release of Plaintiffs' $13 million. TPC ¶55, Comp. ¶63. Alevy and Bankers Capital do not allege any basis on which they may be liable to Third Party Plaintiff Safrin because of any conduct of BIR.

Therefore, it is respectfully requested that Alevy's cross-claim for indemnification be dismissed.

### CONCLUSION

For each of the foregoing reasons, Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman respectfully request that their motion to dismiss Count V of Third Party Defendants Bankers Capital Realty Advisors LLC and Steven Alevy's Cross-Claims against them be granted.

Dated: New York, N.Y.
      June 27, 2008

Respectfully submitted,

KAVANAGH MALONEY & OSNATO LLP

By __/s/ James J. Maloney__
    James J. Maloney
Attorneys for Third Party Defendants Buchanan
  Ingersoll & Rooney, PC and Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

Of Counsel:
  David F. Bayne
  Meredith D. Belkin

8