UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.,

                           Plaintiffs,

     - against -

MOSES STERN, aka MARK STERN; JOSHUA SAFRIN;
FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM
FRENKEL, LAND TITLE ASSOCIATES ESCROW,

                           Defendants.
------------------------------------------------------------ x
JOSHUA SAFRIN,

            Defendant/Third Party-Crossclaim-
              Counterclaim-Plaintiff,

     - against -

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL
REALTY ADVISORS LLC, and FIRST REPUBLIC GROUP
CORP.,

                     Third Party Defendants,

     - and -

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND
TITLE ASSOCIATES ESCROW,

                 Defendants/Crossclaim Defendants,

     - and -

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.

                Plaintiffs/Counterclaim Defendants.
------------------------------------------------------------ x

: No. 07 Civ. 11586 (LAK) (GWG)
: (ECF)

**DECLARATION OF STEPHEN R. STERN IN SUPPORT OF MOTION BY
DEFENDANTS EPHRAIM FRENKEL AND LAND TITLE ASSOCIATES ESCROW TO
DISMISS CROSS-CLAIMS ASSERTED BY DEFENDANT JOSHUA SAFRIN**

Doc #MG2476.WPD

STEPHEN R. STERN, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the law of the United States of America as follows:

1. I am a partner in the law firm of Hoffinger Stern & Ross, LLP ("HSR") and a member of the bar of the State of New York, as well as admitted to practice before this Court.

2. HSR is counsel to defendants Ephraim Frenkel and Land Title Associates Escrow (collectively, the "LTA Defendants"). I submit this declaration in support of the LTA Defendants' motion to dismiss all claims asserted against them by Joshua Safrin ("Safrin") in his Answer to Plaintiffs' Complaint filed on July 18, 2008.

3. On May 1, 2008, Safrin filed a third-party complaint in which he asserted purported cross-claims against defendants Ephraim Frenkel, Land Title Associates Escrow, Mark Stern ("Stern"), First Republic Group Realty LLC ("First Republic LLC") (Stern and First Republic, LLC collectively the "Stern Defendants"), purported counterclaims against plaintiffs Amusement Industry, Inc. and Practical Finance Co., Inc. and third-party claims against Stephen Friedman, Steven Alevy, Buchanan Ingersoll & Rooney P.C., Bankers Capital Realty Advisors LLC and First Republic Group Corp. The claims asserted against the LTA Defendants included claims for contribution and indemnification (Count 1) and claims for violations of Sections 50 and 51 of the New York Civil Rights law and of the California common law right of privacy/commercial misappropriation (Counts V-VIII).

4. On May 29, 2008, Safrin filed an amended third party complaint (the "Amended Third Party Complaint") which asserted the same claims for relief against the defendants named in the original third-party complaint.

5. On June 9, 2008, the LTA Defendants moved for an order striking or dismissing the Amended Third Party Complaint as against them pursuant to Rule 14(a) of the Federal Rules

Doc #MG2476.WPD

of Civil Procedure for improperly asserting cross-claims against them in a third-party complaint and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief could be granted.

6. At the July 1, 2008 conference with the Court, after hearing argument on the procedural aspects of various defendants' motions to dismiss the claims asserted against them by Safrin in the Amended Third Party Complaint, the Court directed Safrin to file an answer to plaintiffs' complaint by July 18 and to assert his claims against the LTA and Stern Defendants as cross-claims in that answer. The Court also stated that, in lieu of filing a new motion to dismiss against the cross-claims that would be asserted by Safrin in his answer, the LTA (and Stern) Defendants could instead file a declaration with the Court which withdrew their procedural arguments raised in their motion to dismiss, but restated their substantive grounds for moving to dismiss the claims asserted against them by Safrin.

7. On July 18, 2008, Safrin filed his answer to plaintiffs' complaint, affirmative defenses and asserted cross-claims against the Stern Defendants and the LTA Defendants. I have reviewed Safrin's answer and cross-claims and the cross-claims asserted against the LTA Defendants appear to be the same claims that Safrin asserted against the LTA Defendants in his Amended Third Party Complaint.

8. Accordingly, on behalf of the LTA Defendants, I file this declaration to inform the Court that, in lieu of filing a new motion to dismiss the cross-claims asserted by Safrin against the LTA Defendants in Safrin's Answer, the LTA Defendants (i) restate and reincorporate the substantive grounds for dismissal that they asserted in their June 9, 2008 memorandum of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and (ii) withdraw that portion of their prior motion seeking to dismiss the claims pursuant to Rule 14 of the Federal Rules of

Civil Procedure.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2008

_____
Stephen R. Stern (SRS5665)