UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. 07 CV 11586 (LAK) (GWG) |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS CROSS CLAIM FOR INDEMNIFICATION BY THIRD PARTY DEFENDANTS BUCHANAN INGERSOLL AND STEPHEN FRIEDMAN

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, NY 10020
(212) 643-7000
Attorneys for Plaintiffs
Amusement Industry, Inc. dba Westland
Industries and Practical Finance Co., Inc.
and Third Party Defendants Steven Alevy
d/b/a Bankers Capital

**Preliminary Statement**

The motion of third party defendants Buchanan Ingersoll & Rooney, P.C. and Stephen Friedman ("Friedman," and, together, "BIR") to dismiss the cross claim for indemnification filed by third party defendant Steven Alevy, d/b/a Bankers Capital ("Bankers Capital") should be denied because, quite simply, Bankers Capital has alleged that, **if** in the (unlikely) event that Bankers Capital is found **liable** on the "conspiracy theory" claims asserted by defendant Joshua Safrin ("Safrin"), such liability will have occurred solely as a result of the primary wrongdoing of BIR.

New York law provides a joint tortfeasor with a right to implied indemnification where a tortfeasor who is found liable to a third party establishes that another tortfeasor was primarily responsible for the harm suffered by the third party.

BIR does not dispute the law on indemnification, but, instead, argues that there are no factual allegations in this Action that would support such a result. This simply is not true. In his third party complaint, Safrin alleges that BIR, working with Bankers Capital and others, misappropriated Safrin's identity. Significantly, Safrin alleges that BIR, not Bankers Capital, was the primary wrongdoer in connection with the alleged misappropriation. In its responsive pleading, Bankers Capital denies any wrongdoing with respect to Safrin, and also alleges that, if it nonetheless is found liable to Safrin, BIR was responsible for such liability.

In December 2007, this Court held that allegations virtually identical to those asserted by Bankers Capital herein were sufficient to state a claim for indemnification. For reasons as yet unexplained, BIR fails to acknowledge this precedent in its papers. Whatever those reasons may be, BIR's motion to dismiss should be denied.

## Summary of Factual Allegations

As BIR acknowledges, it is a third party defendant in this action pursuant to a third party complaint ("Safrin Compl.") filed by Safrin. (BIR Memorandum of Law ("Mem.") at 1.) Safrin alleges that BIR, working with others (including Bankers Capital), misappropriated Safrin's identity in order to secure financing for Safrin and the Stern defendants' purchase of a portfolio of real estate (the "Portfolio") located throughout the Southeastern United States. (Safrin Compl. ¶ 3.)

Safrin alleges that Friedman and Steven Alevy presented plaintiffs with the opportunity to invest in the Portfolio on behalf of Safrin and the Stern defendants. (Safrin Compl. ¶ 25.) BIR represented Safrin (and the Stern defendants) in "communications and dealings with plaintiffs." (Id. ¶ 27; see also ¶¶ 36-50.)

Safrin, however, repeatedly claims that BIR was not his attorney, that he did not authorize Friedman to make any representations on his behalf to plaintiffs, and that he had no knowledge of the actions undertaken by Friedman on Safrin's behalf. (Safrin Compl. ¶ 3; see also ¶¶ 26, 28, 44, 46, 54, 63, 65.)

Further, Safrin makes it plain that, in his view, BIR was the primary wrongdoer in the foregoing alleged conspiracy. Indeed, Safrin emphasizes that plaintiffs' "entire case against Safrin" turns "on the claim that he participated in these transactions and negotiations through Friedman, who purportedly acted for and spoke as Safrin's attorney and agent." (Safrin Compl. ¶ 2.) Safrin does not allege that Bankers Capital acted (wrongfully or otherwise) on Safrin's behalf.

In its answer to Safrin's complaint, Bankers Capital denied the substantive allegations concerning (i) Safrin's alleged lack of knowledge concerning the transactions at issue or BIR's actions on Safrin's behalf; and (ii) BIR's representation of and authority

2

to act on Safrin's behalf. (See Bankers Capital Answer, Counterclaims and Cross Claims, dated June 6, 2008 (Dkt No. 106).) Bankers Capital, however, also asserted cross claims against BIR (and the other defendants) for indemnification and contribution, in the (unlikely) event that Safrin succeeds in establishing his allegations and prevailing on any of his claims. (Id. ¶¶ 29-36.)

BIR now moves to dismiss Bankers Capital's cross claim for indemnification (but does not seek to dismiss the cross claim for contribution). For the reasons set forth below, BIR's motion should be denied.

## ARGUMENT

In deciding a motion to dismiss, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." In re Parmalat Sec. Litigation, 501 F. Supp. 2d 560, 572 (S.D.N.Y. 2007) (Kaplan, J.); see also Cevasco v. National Railroad Passenger Corp., No. 04 Civ. 5760, 2007 U.S. Dist. LEXIS 92189, at *11 (S.D.N.Y. December 8, 2007) (Gorenstein, J.) (same). Prior to the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, "it frequently was said that dismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In re Parmalat, 501 F. Supp. 2d at 572. After Twombly, "in order '[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Id. (citing, inter alia, Twombly). Even under this arguably more stringent standard, there plainly are sufficient factual allegations in this Action to support Bankers Capital's cross claim for indemnification against BIR.

3

As this Court has held, New York law provides for a right to implied indemnification among alleged joint tortfeasors where, as here, a party not at fault has paid (or may have to pay) for a loss primarily caused by another party:

> An implied right of indemnification can be found in two instances under New York law: (1) 'implied contract theory of indemnity,' which is 'based on the special nature of a contractual relationship between parties,' or (2) <u>'implied in law indemnity,' which 'is a tort-based right to indemnification found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other.'</u>

Cevasco, 2007 U.S. Dist. LEXIS 92189, at *20 (emphasis added) (quoting People's Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 350 (2d Cir. 1986)); see also Hernandez v. GPSDC Inc., No. 04 Civ. 127, 2008 U.S. Dist. LEXIS 5516, at *11 (S.D.N.Y. January 28, 2008) (Gorenstein, J.) ("[a] cause of action for indemnification must be based upon either an express contract or a common-law theory of implied indemnity").[1] BIR concedes as much. (BIR Mem. at 6 (citing Goodpasture) and at 7 ("This theory requires a great disparity in the fault of two tortfeasors and one of the tortfeasors has paid for a loss that was primarily the responsibility of another").)

"While a party seeking common law indemnity must ultimately show that it is free from fault, <u>adjudication of this issue is normally not possible at the pleadings stage.</u>" Cevasco, 2007 U.S. Dist. LEXIS 92189, at *21 (emphasis added); see also City of New York v. Black & Veatch, No. 95 Civ. 1299, 1997 U.S. Dist. LEXIS 15510, at *36 (S.D.N.Y. October 6, 1997) (denying motion to dismiss indemnification claim); Hernandez, 2008 U.S. Dist. LEXIS 5516, at *11-12 ("To establish a claim for common law indemnification, the one seeking indemnity must prove not only that it was not guilty

---

[1] Bankers Capital does not assert a claim for indemnification based upon an express contract between it and BIR.

4

of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident") (quotation omitted).

Here, while it acknowledges that New York law permits joint tortfeasors to seek indemnification from each other, BIR argues that Bankers Capital has not alleged anything that would give rise to such a right. (BIR Mem. at 7-8 ("no such allegations exist in this case").) This is just not true.

Specifically, while it denies any liability to Safrin, Bankers Capital also alleges that, **if** it is found **liable** to Safrin, such liability solely was caused by BIR (or others):

> if Bankers Capital is found liable to Safrin for any damages, such damages were brought about solely as a result of the primary, intentional and active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud, and/or breach of contract by [BIR].

(Bankers Capital Cross Claims ¶ 31.) Such allegations are sufficient to state a claim for indemnification. Cevasco, 2007 U.S. Dist. LEXIS 92189, at *22 (holding that "complaint which alleges that 'if . . . .Amtrak is found *liable*" stated a claim for indemnification) (italics in original); see also Fed. R.Civ. P. 8(a)(2) (pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Undeterred, BIR points the finger at Bankers Capital, apparently to imply that it, not BIR, was at fault. (BIR Mem. at 8 ("Stephen [sic] Alevy is alleged to be the person who authorized the release of Plaintiffs' $13 million").) This Court rejected that very argument in Cevasco:

> Terex argues that Amtrak fails to state a claim for common law indemnification because 'AMTRAK's negligence precludes it' from holding Terex liable. . . . But there has been no finding of negligence on the part of Amtrak. Nor does Amtrak's proposed complaint allege that Amtrak is entitled to indemnity in the event it is found 'negligent.' Rather, the complaint alleges that 'if . . . . Amtrak is found *liable*,' it is entitled to

5

> indemnity. . . .we cannot look beyond Amtrak's assertion – implicit in the complaint – that Amtrak ultimately may be found liable in this case without necessarily being found negligent. Accordingly, the proposed complaint states a claim for indemnification.

Cevasco, 2007 U.S. Dist. LEXIS 92189, at *22 (citations omitted) (italics in original); see also Black & Veatch, 1997 U.S. Dist. LEXIS 15510, at *36 (denying motion to dismiss/motion for summary judgment on indemnification claim even though there was "an issue of material fact as to the extent of the disparity in the fault of the City and Black and Veatch").

Simply put, the allegations in this Action are sufficient to give rise to Bankers Capital's right to common law indemnification. Indeed, given Safrin's allegation that BIR was the sole party who acted wrongfully on his behalf – Safrin does not allege that Bankers Capital acted or made any representations on Safrin's behalf – it is more than plausible that, in the (unlikely) event that Safrin succeeds on his wild conspiracy theory claims, BIR may be adjudged primarily liable on such claims. Accordingly, Bankers Capital adequately has pleaded a claim for indemnification, and BIR's motion to dismiss should be denied.

6

## **CONCLUSION**

For the foregoing reasons, Bankers Capital respectfully requests that the Court deny BIR's motion to dismiss Bankers Capital's cross claim for indemnification.

Dated: New York, New York
July 29, 2008

                                      SILLS CUMMIS & GROSS P.C.

                                      By: /s/ Marc D. Youngelson
                                            Philip R. White
                                            Marc D. Youngelson

                                            One Rockefeller Plaza
                                            New York, NY 10020
                                            Telephone: (212) 643-7000

                                            Attorneys for Plaintiffs and Third Party
                                            Defendants Steven Alevy d/b/a Bankers
                                            Capital