MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

Attorneys for plaintiffs and third party defendants
Steven Alevy and Bankers Capital

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, <br><br> Defendants. | CASE NO. 07 CV 11586 (LAK) (GWG) <br><br> **THIRD PARTY DEFENDANTS BANKERS CAPITAL REALTY ADVISORS LLC'S AND STEVEN ALEVY'S ANSWER TO THE CROSS CLAIMS OF DEFENDANTS EPHRAIM FRENKEL AND LAND TITLE ASSOCIATES** |

Third party defendants Steven Alevy, d/b/a Bankers Capital Realty Advisors (together, "Bankers Capital"), by their undersigned attorneys, and as and for their answer to the cross claims of defendants Ephraim Frenkel and Land Title Associates (together, the "Frenkel defendants") hereby:

1. Admit the allegations in paragraph 1.

2. Admit the allegations in paragraph 2.

3. Admit, upon information and belief, the allegations in paragraph 3.

4. Admit, upon information and belief, the allegations in paragraph 4.

5. Deny the allegations in paragraph 5, except admit that Steven Alevy is a citizen and resident of New York and is a Managing Director of Bankers Capital.

6. Deny the allegations in paragraph 6.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and, therefore, deny the allegations therein.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and, therefore, deny the allegations therein.

9. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and, therefore, deny the allegations therein.

10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and, therefore, deny the allegations therein.

11. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and, therefore, deny the allegations therein.

12. Deny the allegations in paragraph 12, except admit that Friedman introduced Steven Alevy to Stern in early May 2007 and that Friedman has represented the Alevy family in the past.

13. Deny the allegations in paragraph 13, except admit that Steven Alevy is a licensed broker and that Bankers Capital has arranged significant financings in different real estate transactions.

14. Deny the allegations in paragraph 14, except admit that defendants retained Bankers Capital on a non-exclusive basis to attempt to find such financing.

15. Deny the allegations in paragraph 15.

16. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and, therefore, deny the allegations therein.

17. Deny the allegations in paragraph 17.

18. Admit, upon information and belief, the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

22. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and, therefore, deny the allegations therein, except admit, upon information and belief, that plaintiffs advised defendants that the escrowed funds were released without authorization from Allen Alevy or Allen Sragow.

23. Deny the allegations in paragraph 23.

## FIRST CROSS CLAIM

24. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

25. Deny the allegations in paragraph 25, except admit that the Frenkel defendants purport to deny any wrongdoing

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

## SECOND CROSS CLAIM

28. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

29. Deny the allegations in paragraph 29, except admit that the Frenkel defendants purport to deny any wrongdoing.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

The Frenkel defendants and/or Safrin have failed to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, because they failed to mitigate their alleged damages.

## THIRD AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, by reason of their own misconduct and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, because they waived his right to claim damages by their acts and omissions.

## SIXTH AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, because they failed to exercise ordinary care.

## SEVENTH AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, because they ratified the alleged wrongful conduct for which they seeks recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The Frenkel defendants' claims are barred, in whole or in part, because any harm they suffered is the result of their own contributory negligence.

## RESERVATION OF RIGHTS

Bankers Capital expressly reserves the right to amend and/or supplement their answer and affirmative defenses as needed as discovery proceeds.

## Jury Demand

Bankers Capital hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Bankers Capital respectfully requests entry of a judgment in its favor as follows:

    A.    Dismissing the Frenkel defendants' cross claims against Bankers Capital with prejudice;

    B.    Awarding Bankers Capital its attorneys' fees, as well as the costs and expenses of this litigation; and

C.  Awarding Bankers Capital such other relief as this Court deems just and proper.

DATED: August 1, 2008

                                            SILLS CUMMIS & GROSS P.C.

By: _____
Philip R. White, Esq.
Marc D. Youngelson, Esq.
One Rockefeller Plaza
New York, NY 10020
Telephone: (212) 643-7000

Allen P. Sragow, Esq.
Sragow & Sragow
6665 Long Beach Blvd., Suite B-22
Long Beach, California 90805
Telephone: (310) 639-0782

Attorneys for third party defendants, counterclaim plaintiffs and cross claim plaintiffs Bankers Capital and Steven Alevy