PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs and Third Party Defendants
Bankers Capital and Steven Alevy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., | |
| | CASE NO. 07 CV 11586 (LAK) (GWG) |
| Plaintiffs, | **PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO SAFRIN'S COUNTERCLAIMS** |
| v. | |
| MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, | |
| Defendants. | |

Plaintiffs Amusement, Industry, Inc. ("Amusement") and Practical Finance Co., Inc. ("Practical," and, together, "plaintiffs"), by and through their undersigned attorneys, and as and for their reply to the counterclaims of defendant Joshua Safrin ("Safrin" or "defendant") in the above-captioned action (the "Action"), hereby:

    1.    Admit the allegations in paragraph 268.

2. Deny the allegations in paragraph 269, and refer to the Complaint for a statement of its terms.

3. Deny the allegations in paragraph 270.

4. Admit the allegations in paragraph 271.

5. Admit the allegations in paragraph 272.

6. Admit the allegations in paragraph 273.

7. Admit the allegations in paragraph 274.

8. Admit the allegations in paragraph 275.

9. Admit the allegations in paragraph 276.

10. Admit the allegations in paragraph 277.

11. Admit the allegations in paragraph 278.

12. Admit the allegations in paragraph 279.

13. Deny the allegations in paragraph 280, except admit that Steven Alevy is an individual citizen of the State of New York residing at the cited address, that Steven Alevy is a managing director of Bankers Capital Realty Advisors LLC ("Bankers Capital"), and that Steven Alevy is the son of Allen Alevy.

14. Deny the allegations in paragraph 281, except admit that Bankers Capital operates from the cited address.

15. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and, therefore, deny the allegations therein, except admit that third party defendant First Republic Group Corp. is a New York corporation operating out of the cited address.

16. Admit the allegations in paragraph 283.

17. Deny the allegations in paragraph 284, and refer to the Complaint for a statement of its terms.

18. Deny the allegations in paragraph 285, except admit, upon information and belief, that defendant First Republic Group Corp. contracted to purchase from Colonial Realty the Property Portfolio and that First Republic Corp. assigned its interest to First Republic LLC, and refer to the Complaint for a statement of its terms.

19. Deny the allegations in paragraph 286, except admit that Safrin and Stern obtained primary financing for their property portfolio purchase from Citigroup, that Stern and Safrin's buying entity, First Republic LLC executed a loan agreement with Citigroup for $111,150,000, that Stern and Safrin's created managing entity, FRGR Managing Member LC, executed a Mezzanine Loan Agreement with Citigroup for $15,000, and that Safrin is a guarantor of both loans.

20. Deny the allegations in paragraph 287.

21. Deny the allegations in paragraph 288.

22. Deny the allegations in paragraph 289.

23. Deny the allegations in paragraph 290, except admit that plaintiffs have alleged that, in June 2007, Steven Alevy and Friedman presented an investment opportunity to plaintiffs from Stern and Safrin, and refer to the Complaint for a statement of its terms.

24. Deny the allegations in paragraph 291.

25. Deny the allegations in paragraph 292, and refer to the Complaint for a statement of its terms.

26. Deny the allegations in paragraph 293.

27. Deny the allegations in paragraph 294, and refer to the LOI for a statement of its terms.

28. Deny the allegations in paragraph 295, and refer to the LOI for a statement of its terms.

29. Deny the allegations in paragraph 296, and refer to the documents identified therein for a statement of their terms.

30. Deny the allegations in paragraph 297, except admit that on June 29, 2007, Amusement wired $13,000,000 to an escrow account held by defendant Land Title and that plaintiffs have alleged that by such performance, a contract between Amusement and, among others, Stern and Safrin, formed.

31. Deny the allegations in paragraph 298.

32. Admit the allegations in paragraph 299.

33. Deny the allegations in paragraph 300.

34. Deny the allegations in paragraph 301, and refer to the Complaint for a statement of its terms.

35. Deny the allegations in paragraph 302, and refer to the documents identified therein for a statement of their terms.

36. Deny the allegations in paragraph 303, and refer to the Complaint for a statement of its terms.

37. Deny the allegations in paragraph 304, and refer to the Complaint for a statement of its terms.

38. Deny the allegations in paragraph 305.

39. Deny the allegations in paragraph 306, and refer to the Complaint for a statement of its terms.

40. Deny the allegations in paragraph 307.

41. Deny the allegations in paragraph 308, except admit that Stern and Safrin did not provide the Citibank loan documents when requested by plaintiffs, and refer to the Complaint for a statement of its terms.

42. Deny the allegations in paragraph 309.

43. Deny the allegations in paragraph 310, and refer to the Complaint for a statement of its terms.

44. Deny the allegations in paragraph 311.

45. Deny the allegations in paragraph 312, except admit that Amusement instructed Land Escrow Frenkel not to release Amusement's funds without written authorization from Sragow & Sragow, and refer to the Complaint for a statement of its terms.

46. Deny the allegations in paragraph 313.

47. Deny the allegations in paragraph 314, except admit that plaintiffs received certain documents executed by Stern and Safrin, and refer to the Complaint for a statement of its terms.

48. Deny the allegations in paragraph 315.

49. Deny the allegations in paragraph 316, and refer to the Complaint for a statement of its terms.

50. Deny the allegations in paragraph 317.

51. Deny the allegations in paragraph 318, except admit that plaintiffs have alleged that defendants provided a $15 million promissory note signed by Stern, and refer to the Complaint for a statement of its terms.

52. Deny the allegations in paragraph 319.

53. Deny the allegations in paragraph 320, except admit that plaintiffs have alleged that, on July 12, 2007, defendants took and used Amusement's $13 million without notice or authorization, and refer to the Complaint for a statement of its terms.

54. Deny the allegations in paragraph 321.

55. Deny the allegations in paragraph 322.

56. Deny the allegations in paragraph 323.

57. Deny the allegations in paragraph 324.

58. Deny, upon information and belief, the allegations in paragraph 325.

59. Deny the allegations in paragraph 326.

60. Deny the allegations in paragraph 327.

61. Deny the allegations in paragraph 328.

62. Deny the allegations in paragraph 329.

63. Deny the allegations in paragraph 330.

64. Deny the allegations in paragraph 331.

## **Count I**

65. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

66. Deny the allegations in paragraph 333, except admit that Safrin purports to deny any wrongdoing.

67. Deny the allegations in paragraph 334.

## Count II

68. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

69. Deny the allegations in paragraph 336, except admit that plaintiffs have alleged that Friedman and/or Buchanan Ingersoll were authorized to act on behalf of Safrin in connection with the transactions identified in the Complaint.

70. Deny the allegations in paragraph 337, except admit Safrin contends that Friedman did not have authority to act on Safrin's behalf.

71. Deny the allegations in paragraph 338.

## Count III

72. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

73. Deny the allegations in paragraph 340.

74. Deny the allegations in paragraph 341.

75. Deny the allegations in paragraph 342.

76. Deny the allegations in paragraph 343.

77. Deny the allegations in paragraph 344.

78. Deny the allegations in paragraph 345.

79. Deny the allegations in paragraph 346.

80. Deny the allegations in paragraph 347.

81. Deny the allegations in paragraph 348.

## Count IV

82. Repeat their responses to the foregoing allegations as if fully set forth herein.

83. Deny the allegations in paragraph 350.

84. Deny the allegations in paragraph 351.

85. Deny the allegations in paragraph 352.

86. Deny the allegations in paragraph 353.

87. Deny the allegations in paragraph 354.

88. Deny the allegations in paragraph 355.

89. Deny the allegations in paragraph 356.

## Count V

90. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

91. Deny the allegations in paragraph 358.

92. Deny the allegations in paragraph 359.

93. Deny the allegations in paragraph 360.

94. Deny the allegations in paragraph 361.

## Count VI

95. Repeat their responses to the foregoing paragraphs as if fully set forth herein.

96. Deny the allegations in paragraph 363.

97. Deny the allegations in paragraph 364.

98. Deny the allegations in paragraph 365.

99. Deny the allegations in paragraph 366.

## FIRST AFFIRMATIVE DEFENSE

Safrin has failed to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because Safrin failed to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by reason of his misconduct and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he waived his right to claim damages by his acts and omissions.

### SIXTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he failed to exercise ordinary care.

### SEVENTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he ratified the alleged wrongful conduct for which he seeks recovery.

### RESERVATION OF RIGHTS

Plaintiffs expressly reserve the right to amend and/or supplement their reply and affirmative defenses as needed as discovery proceeds.

### JURY DEMAND

Plaintiffs-Counterclaim defendants hereby demand a jury trial on all issues so triable.

**WHEREFORE**, plaintiffs respectfully request entry of a judgment in their favor and against Safrin (i) dismissing Safrin's claims against plaintiffs with prejudice, (ii) awarding to plaintiffs their attorneys' fees, as well as the costs and expenses of this litigation, and (iii) granting plaintiffs such other relief as this Court deems just and proper.

DATED: August 11, 2008

                                      SILLS CUMMIS & GROSS P.C.


                              By:   s/ Marc D. Youngelson
                                      Philip R. White, Esq.
                                      Marc D. Youngelson, Esq.
                                      One Rockefeller Plaza
                                      New York, NY 10020
                                      Telephone: (212) 643-7000

                                      Allen P. Sragow, Esq.
                                      Sragow & Sragow
                                      6665 Long Beach Blvd., Suite B-22
                                      Long Beach, California 90805
                                      Telephone: (310) 639-0782

                                      Attorneys for Plaintiffs-Counterclaim
                                      Defendants Amusement and Practical
                                      and Third-Party Defendants Bankers
                                      Capital and Steven Alevy