PHILIP R. WHITE
MARC D. YOUNGELSON
SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10020
Tel: (212) 643-7000
Fax: (212) 643-6500

ALLEN P. SRAGOW
SRAGOW & SRAGOW
6665 Long Beach Boulevard, Suite B-22
Long Beach, California 90805
Tel: (310) 639-0782
Fax: (310) 639-7210

Attorneys for Plaintiffs and Third Party Defendants
Steven Alevy and Bankers Capital

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMUSEMENT INDUSTRY, INC., dba WESTLAND INDUSTRIES, and PRACTICAL FINANCE CO., INC., | ) ) ) ) | CASE NO. 07 CV 11586 (LAK) (GWG) |
| Plaintiffs, | ) ) | **THIRD PARTY DEFENDANTS** **BANKERS CAPITAL** |
| v. | ) ) | **REALTY ADVISORS LLC'S AND** **STEVEN ALEVY'S** |
| MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, FIRST REPUBLIC GROUP REALTY LLC, EPHRAIM FRENKEL, and LAND TITLE ASSOCIATES ESCROW, | ) ) ) ) ) | **ANSWER TO THE CROSS CLAIMS** **OF DEFENDANT SAFRIN,** **COUNTERCLAIMS AGAINST** **SAFRIN, AND CROSS CLAIMS** **AGAINST STERN, FIRST REPUBLIC,** |
| Defendants. | ) ) ) | **FRENKEL, LAND TITLE, STEPHEN** **FRIEDMAN AND BUCHANAN** **INGERSOLL & ROONEY** |

Third party defendants Bankers Capital Realty Advisors LLC ("Bankers Capital")

and Steven Alevy (together, "third party defendants"), by their undersigned attorneys, and as

and for their answer to the third party complaint of defendant Joshua Safrin ("Safrin" or

"defendant") in the above-captioned action (the "Action"), hereby:

     1.     Admit the allegations in paragraph 268.

2.     Deny the allegations in paragraph 269, and refer to the Complaint for a statement of its terms.

3.     Deny the allegations in paragraph 270.

4.     Admit the allegations in paragraph 271.

5.     Admit the allegations in paragraph 272.

6.     Admit the allegations in paragraph 273.

7.     Admit the allegations in paragraph 274.

8.     Admit the allegations in paragraph 275.

9.     Admit the allegations in paragraph 276.

10.    Admit the allegations in paragraph 277.

11.    Admit the allegations in paragraph 278.

12.    Admit the allegations in paragraph 279.

13.    Deny the allegations in paragraph 280, except admit that Steven Alevy is an individual citizen of the State of New York residing at the cited address, that Steven Alevy is a managing director of Bankers Capital, and that Steven Alevy is the son of Allen Alevy.

14.    Deny the allegations in paragraph 281, except admit that Bankers Capital operates from the cited address.

15.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and, therefore, deny the allegations therein, except admit that third party defendant First Republic Group Corp. is a New York corporation operating out of the cited address.

16.    Admit the allegations in paragraph 283.

2

17.     Deny the allegations in paragraph 284, except admit that Safrin purports to base his allegations on those contained in the Complaint, and refer to the Complaint for a statement of its terms.

18.     Deny the allegations in paragraph 285, except admit, upon information and belief, that defendant First Republic Group Corp. purchased from Colonial Realty the Property Portfolio and that First Republic Corp. assigned its interest to First Republic LLC, and refer to the Complaint for a statement of its terms.

19.     Deny the allegations in paragraph 286, except admit that Safrin and Stern obtained primary financing for their property portfolio purchase from Citigroup, that Stern and Safrin's buying entity, First Republic LLC executed a loan agreement with Citigroup for $111,150,000, that Stern and Safrin's created managing entity, FRGR Managing Member LC, executed a Mezzanine Loan Agreement with Citigroup for $15,000, and that Safrin is a guarantor of both loans.

20.     Deny the allegations in paragraph 287.

21.     Deny the allegations in paragraph 288.

22.     Deny the allegations in paragraph 289.

23.     Deny the allegations in paragraph 290, except admit that plaintiffs have alleged that, in June 2007, Steven Alevy and Friedman presented an investment opportunity to plaintiffs from Stern and Safrin, and refer to the Complaint for a statement of its terms.

24.     Deny the allegations in paragraph 291.

25.     Deny the allegations in paragraph 292, and refer to the Complaint for a statement of its terms.

26.     Deny the allegations in paragraph 293.

27.     Deny the allegations in paragraph 294, and refer to the LOI for a statement of its terms.

28.     Deny the allegations in paragraph 295, and refer to the LOI for a statement of its terms.

29.     Deny the allegations in paragraph 296, and refer to the documents identified therein for a statement of their terms.

30.     Deny the allegations in paragraph 297, except admit that on June 29, 2007, Amusement wired $13,000,000 to an escrow account held by defendant Land Title and that plaintiffs have alleged that by such performance, a contract between Amusement and, among others, Stern and Safrin, formed.

31.     Deny the allegations in paragraph 298.

32.     Admit the allegations in paragraph 299.

33.     Deny the allegations in paragraph 300.

34.     Deny the allegations in paragraph 301, and refer to the Complaint for a statement of its terms.

35.     Deny the allegations in paragraph 302, and refer to the documents identified therein for a statement of their terms.

36.     Deny the allegations in paragraph 303, and refer to the Complaint for a statement of its terms.

37.     Deny the allegations in paragraph 304, and refer to the Complaint for a statement of its terms.

38.     Deny the allegations in paragraph 305.

4

39.     Deny the allegations in paragraph 306, and refer to the Complaint for a statement of its terms.

40.     Deny the allegations in paragraph 307.

41.     Deny the allegations in paragraph 308, except admit that Stern and Safrin did not provide the Citibank loan documents when requested by plaintiffs, and refer to the Complaint for a statement of its terms.

42.     Deny the allegations in paragraph 309.

43.     Deny the allegations in paragraph 310, and refer to the Complaint for a statement of its terms.

44.     Deny the allegations in paragraph 311.

45.     Deny the allegations in paragraph 312, except admit that Amusement instructed Land Escrow Frenkel not to release Amusement's funds without written authorization from Sragow & Sragow, and refer to the Complaint for a statement of its terms.

46.     Deny the allegations in paragraph 313.

47.     Deny the allegations in paragraph 314, except admit that plaintiffs received certain documents executed by Stern and Safrin, and refer to the Complaint for a statement of its terms.

48.     Deny the allegations in paragraph 315.

49.     Deny the allegations in paragraph 316, and refer to the Complaint for a statement of its terms.

50.     Deny the allegations in paragraph 317.

51.     Deny the allegations in paragraph 318, except admit that plaintiffs have alleged that defendants provided a $15 million promissory note signed by Stern, and refer to the Complaint for a statement of its terms.

52.     Deny the allegations in paragraph 319.

53.     Deny the allegations in paragraph 320, except admit that plaintiffs have alleged that, on July 12, 2007, defendants took and used Amusement's $13 million without notice or authorization, and refer to the Complaint for a statement of its terms.

54.     Deny the allegations in paragraph 321.

55.     Deny the allegations in paragraph 322.

56.     Deny the allegations in paragraph 323.

57.     Deny the allegations in paragraph 324.

58.     Deny, upon information and belief, the allegations in paragraph 325.

59.     Deny the allegations in paragraph 326.

60.     Deny the allegations in paragraph 327.

61.     Deny the allegations in paragraph 328.

62.     Deny the allegations in paragraph 329.

63.     Deny the allegations in paragraph 330.

64.     Deny the allegations in paragraph 331.

## Count I

65.     Repeat their responses to the foregoing paragraphs as if fully set forth herein.

66.     Deny the allegations in paragraph 333, except admit that Safrin purports to deny any wrongdoing.

67.     Deny the allegations in paragraph 334.

## Count II

68.     Repeat their responses to the foregoing paragraphs as if fully set forth herein.

69.     Deny the allegations in paragraph 336, except admit that plaintiffs have alleged that Friedman and/or Buchanan Ingersoll were authorized to act on behalf of Safrin in connection with the transactions identified in the Complaint.

70.     Deny the allegations in paragraph 337, except admit Safrin contends that Friedman did have authority to act on Safrin's behalf.

71.     Deny the allegations in paragraph 338.

## Count III

72.     Repeat their responses to the foregoing paragraphs as if fully set forth herein.

73.     Deny the allegations in paragraph 340.

74.     Deny the allegations in paragraph 341.

75.     Deny the allegations in paragraph 342.

76.     Deny the allegations in paragraph 343.

77.     Deny the allegations in paragraph 344.

78.     Deny the allegations in paragraph 345.

79.     Deny the allegations in paragraph 346.

80.     Deny the allegations in paragraph 347.

81.     Deny the allegations in paragraph 348.

## Count IV

82.     Repeat their responses to the foregoing allegations as if fully set forth herein.

83.     Deny the allegations in paragraph 350.

84.     Deny the allegations in paragraph 351.

85.    Deny the allegations in paragraph 352.

86.    Deny the allegations in paragraph 353.

87.    Deny the allegations in paragraph 354.

88.    Deny the allegations in paragraph 355.

89.    Deny the allegations in paragraph 356.

### Count V

90.    Repeat their responses to the foregoing paragraphs as if fully set forth herein.

91.    Deny the allegations in paragraph 358.

92.    Deny the allegations in paragraph 359.

93.    Deny the allegations in paragraph 360.

94.    Deny the allegations in paragraph 361.

### Count VI

95.    Repeat their responses to the foregoing paragraphs as if fully set forth herein.

96.    Deny the allegations in paragraph 363.

97.    Deny the allegations in paragraph 364.

98.    Deny the allegations in paragraph 365.

99.    Deny the allegations in paragraph 366.

### FIRST AFFIRMATIVE DEFENSE

Safrin has failed to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because Safrin failed to mitigate his alleged damages.

8

## THIRD AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, by reason of his misconduct and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he waived his right to claim damages by his acts and omissions.

## SIXTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he failed to exercise ordinary care.

## SEVENTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because he ratified the alleged wrongful conduct for which he seeks recovery.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Safrin seeks punitive or exemplary damages against Bankers Capital, Safrin's claims are barred, in whole or in part, by the procedural and substantive due process clauses of the United States Constitution and/or the Constitution of the State of California.

## NINTH AFFIRMATIVE DEFENSE

Safrin's claims are barred, in whole or in part, because any harm he suffered is the result of his own contributory negligence.

**RESERVATION OF RIGHTS**

Third party defendants expressly reserve the right to amend and/or supplement their answer and affirmative defenses as needed as discovery proceeds.

**COUNTERCLAIMS**

Third party defendant Steven Alevy, d/b/a Bankers Capital ("Bankers Capital"), through their undersigned attorneys, as and for their counterclaims against defendant and third party plaintiff Joshua Safrin ("Safrin"), hereby alleges as follows:

**Jurisdiction and Venue**

1.        This Court has jurisdiction over Bankers Capital's counterclaims pursuant to 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

2.        Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to these claims occurred herein.

**Facts**

3.        In approximately May 2007, Bankers Capital was asked to arrange financing for Safrin, defendant Mark Stern ("Stern") and defendant First Republic Group Realty LLC ("First Republic") for the purchase of a large portfolio of properties from Colonial Realty Limited Partnership ("Colonial," and the "Colonial transaction").

4.        In June 2007, Bankers Capital arranged for $13 million in financing from plaintiff Amusement Industry, Inc. ("Amusement") for Safrin, Stern and First Republic to use in connection with their purchase from Colonial.

5.        Safrin, Stern and First Republic promised to pay Bankers Capital a fee of $1.45 million for arranging such financing from Amusement.

6.      Safrin, Stern and First Republic have failed to pay Bankers Capital the fee it was promised.

## Count I
## (Breach of Contract)

7.      Bankers Capital repeats the foregoing allegations as if fully set forth herein.

8.      A valid, binding and enforceable contract existed between Safrin and Bankers Capital for the payment of a fee (the "Fee Agreement") for arranging financing in the Colonial transaction for Safrin, Stern and First Republic.

9.      Bankers Capital fulfilled its obligations under the Fee Agreement by, among other things, arranging $13 million in financing from Amusement.

10.      Safrin unilaterally and materially breached the Fee Agreement by, among other things, failing to make payment to Bankers Capital.

11.      As a direct result of Safrin's unilateral and material breach of the Fee Agreement, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count II
## (Quantum Meruit)

12.      Bankers Capital repeats the foregoing allegations as if fully set forth herein.

13.      Bankers Capital rendered services to Safrin by, among other things, arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

14.     Bankers Capital expected compensation in return for the services it rendered.

15.     The reasonable value of the services rendered by Bankers Capital to Safrin is at least $1,450,000.

16.     Safrin has failed to pay Bankers Capital the reasonable value of the services it rendered.

17.     As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count III
## (Account Stated)

18.     Bankers Capital repeats the foregoing allegations as if fully set forth herein.

19.     A debtor-creditor relationship existed between Bankers Capital and Safrin as a result of, among other things, Bankers Capital arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

20.     Certain closing statements drafted in connection with the Colonial transaction reflect the agreement between the parties that Safrin, Stern and First Republic were indebted to Bankers Capital in the amount of $1,450,000.

21.     There was a valid, binding and enforceable agreement between Bankers Capital and Safrin, Stern and First Republic for payment of the aforementioned debt.

22.     Safrin has failed to pay Bankers Capital the debt it is owed.

23.     As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

**Count IV**
**(Promissory Estoppel)**

24.     Bankers Capital repeats the foregoing allegations as if fully set forth herein.

25.     Safrin made a clear and unambiguous promise to pay Bankers Capital for arranging $13 million in financing in connection with the Colonial transaction.

26.     Bankers Capital reasonably relied on that promise of payment in arranging $13 million in financing from Amusement.

27.     Safrin has failed to honor its promise to remit payment.

28.     As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

**Cross-Claims**

Bankers Capital, by and through its undersigned attorneys, as and for its cross-claims against defendants Stern, First Republic, defendant Ephraim Frenkel ("Frenkel"), defendant Land Title Associates Escrow ("Land Title"), and third party defendants Steven Friedman and Buchanan Ingersoll & Rooney (together, "Buchanan"), hereby alleges as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over Bankers Capital's cross-claims pursuant to 28 U.S.C. § 1367 and pursuant to the Court's subject matter jurisdiction in the Action.

2.     Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to these claims occurred herein.

**Facts**

3.        In approximately May 2007, Bankers Capital was asked to arrange financing for Safrin, defendant Mark Stern ("Stern") and defendant First Republic Group Realty LLC ("First Republic") for the purchase of a large portfolio of properties from Colonial Realty Limited Partnership ("Colonial," and the "Colonial transaction").

4.        In June 2007, Bankers Capital arranged for $13 million in financing from plaintiff Amusement Industry, Inc. ("Amusement") for Safrin, Stern and First Republic to use in connection with their purchase from Colonial.

5.        Safrin, Stern and First Republic promised to pay Bankers Capital a fee of $1.45 million for arranging such financing from Amusement.

6.        Safrin, Stern and First Republic have failed to pay Bankers Capital the fee it was promised.

**Count I**
**(Breach of Contract – against Stern and First Republic)**

7.        Bankers Capital repeats the foregoing allegations as if fully set forth herein.

8.        A valid, binding and enforceable contract existed between Stern, First Republic and Bankers Capital for the payment of a fee (the "Fee Agreement") for arranging financing in the Colonial transaction for Safrin, Stern and First Republic.

9.        Bankers Capital fulfilled its obligations under the Fee Agreement by, among other things, arranging $13 million in financing from Amusement.

10.        Stern and First Republic unilaterally and materially breached the Fee Agreement by, among other things, failing to make payment to Bankers Capital.

11.     As a direct result of Stern and First Republic's unilateral and material breach of the Fee Agreement, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count II
## (Quantum Meruit – against Stern and First Republic)

12.     Bankers Capital repeats the foregoing allegations as if fully set forth herein.

13.     Bankers Capital rendered services to Stern and First Republic by, among other things, arranging $13 million in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

14.     Bankers Capital expected compensation in return for the services it rendered.

15.     The reasonable value of the services rendered by Bankers Capital to Safrin is at least $1,450,000.

16.     Stern and First  Republic have failed to pay Bankers Capital the reasonable value of the services it rendered.

17.     As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

## Count III
## (Account Stated – against Stern and First Republic)

18.     Bankers Capital repeats the foregoing allegations as if fully set forth herein.

19.     A debtor-creditor relationship existed between Bankers Capital and Stern and First Republic as a result of, among other things, Bankers Capital arranging $13 million

in financing for Safrin, Stern and First Republic's use in connection with the Colonial transaction.

20.        Certain closing statements drafted in connection with the Colonial transaction reflect the agreement between the parties that Safrin, Stern and First Republic were indebted to Bankers Capital in the amount of $1,450,000.

21.        There was a valid, binding and enforceable agreement between Bankers Capital and Safrin, Stern and First Republic for payment of the aforementioned debt.

22.        Stern and First Republic have failed to pay Bankers Capital the debt it is owed.

23.        As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

**Count IV**
**(Promissory Estoppel – against Stern and First Republic)**

24.        Bankers Capital repeats the foregoing allegations as if fully set forth herein.

25.        Stern and First Republic made a clear and unambiguous promise to pay Bankers Capital for arranging $13 million in financing in connection with the Colonial transaction.

26.        Bankers Capital reasonably relied on that promise of payment in arranging $13 million in financing from Amusement.

27.        Stern and First Republic have failed to honor its promise to remit payment.

28.    As a direct result of the foregoing, Bankers Capital has suffered damages in an amount to be determined by the trier of fact, but in no event less than $1,450,000.

### Count V
### (Indemnification – Against All Cross-Claim Defendants)

29.    Bankers Capital repeats the foregoing allegations as if fully set forth herein.

30.    Bankers Capital denies any wrongdoing or fault, and denies that Safrin is entitled to any of the relief he seeks in his third party complaint.

31.    Notwithstanding, if Bankers Capital is found liable to Safrin for any damages, such damages were brought about solely as a result of the primary, intentional and active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud, and/or breach of contract by the cross claim defendants.

32.    By reason of the foregoing, to the extent Bankers Capital is found liable to Safrin for the wrongful conduct he has alleged, Bankers Capital is entitled to indemnification from the cross claim defendants.

### Count VI
### (Contribution – Against All Cross Claim Defendants)

33.    Bankers Capital repeats the foregoing allegations as if fully set forth herein.

34.    Bankers Capital denies any wrongdoing or fault, and denies that Safrin is entitled to any of the relief he seeks in his third party complaint.

35.    Notwithstanding, if Bankers Capital is found liable to Safrin for any damages, such damages were brought about at least in part as a result of the intentional and

active recklessness, carelessness, negligence, wrongdoing, misrepresentation, fraud, and/or breach of contract by the cross claim defendants.

      36.      By reason of the foregoing, to the extent Bankers Capital is found liable to Safrin for the wrongful conduct he has alleged, Bankers Capital is entitled to contribution from the cross claim defendants.

## **Jury Demand**

Bankers Capital hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Bankers Capital respectfully requests entry of a judgment in its favor as follows:

      A.      Dismissing Safrin's third party claims against Bankers Capital with prejudice;

      B.      On Counterclaims I through IV, awarding Bankers Capital actual, compensatory, and consequential damages in an amount to be determined by the trier of fact, but in no event less than $1.45 million;

      C.      On Cross-Claims I through IV, awarding Bankers Capital actual, compensatory, and consequential damages in an amount to be determined by the trier of fact, but in no event less than $1.45 million;

      D.      On Cross-Claims V and VI, awarding Bankers Capital actual, compensatory, and consequential damages in an amount to be determined by the trier of fact;

      E.      Awarding Bankers Capital its attorneys' fees, as well as the costs and expenses of this litigation; and

      F.      Awarding Bankers Capital such other relief as this Court deems just and proper.

DATED: August 11, 2008

                          SILLS CUMMIS & GROSS P.C.


                    By:____s/ Marc D. Youngelson_____
                          Philip R. White, Esq.
                          Marc D. Youngelson, Esq.
                          One Rockefeller Plaza
                          New York, NY 10020
                          Telephone: (212) 643-7000

                          Allen P. Sragow, Esq.
                          Sragow & Sragow
                          6665 Long Beach Blvd., Suite B-22
                          Long Beach, California 90805
                          Telephone: (310) 639-0782

                          Attorneys for plaintiffs and third party defendants, counterclaim plaintiffs and cross claim plaintiffs Bankers Capital and Steven Alevy