KAVANAGH MALONEY & OSNATO LLP
Attorneys for Third Party Defendants
  Buchanan Ingersoll & Rooney, P.C. and
  Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400
  James J. Maloney
  David F. Bayne
  Meredith D. Belkin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                                                [ECF]

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.                No. 07 Civ. 11586 (LAK)(GWG)

                        Plaintiffs,

            -against-

MOSES STERN, aka MARK STERN; JOSHUA
SAFRIN, FIRST REPUBLIC GROUP REALTY
LLC, EPHRAIM FRENKEL, LAND TITLE
ASSOCIATES ESCROW,

                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSHUA SAFRIN,

                        Defendant/Third Party-Crossclaim-
                            Counterclaim-Plaintiff,
            -against-

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., ET AL.,BANKERS CAPITAL
REALTY ADVISORS LLC, and FIRST REPUBLIC
GROUP CORP.,
                        Third Party Defendants,

            -and-

MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL, and
LAND TITLE ASSOCIATES ESCROW,
                        Defendants/Crossclaim Defendants,

            -and-

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.,

                        Plaintiffs/Counterclaim Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THIRD PARTY
DEFENDANTS BUCHANAN INGERSOLL & ROONEY, PC
AND STEPHEN FRIEDMAN'S MOTION TO DISMISS
SAFRIN'S AMENDED THIRD PARTY COMPLAINT**

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................................. i

PRELIMINARY STATEMENT ................................... 1

ARGUMENT .................................................. 4

POINT I  SAFRIN'S FIRST COUNT FOR COMMON LAW
         INDEMNIFICATION SHOULD BE DISMISSED ......... 4

POINT II  SAFRIN'S THIRD COUNT FOR IMPLIED
          CONTRACTUAL INDEMNIFICATION
          SHOULD BE DISMISSED .......................... 11

POINT III  THE FOURTH COUNT FOR BREACH OF DUTY
           AS AGENT OR ATTORNEY SHOULD BE DISMISSED . . 13

POINT IV  THE SECOND COUNT FOR A DECLARATORY
          JUDGMENT SHOULD BE DISMISSED BECAUSE
          THERE IS NO THREAT OF IMPENDING LITIGATION . . 14

POINT V  THE FIFTH COUNT FOR VIOLATION OF N.Y.
         CIVIL RIGHTS LAW SECTIONS 50 AND 51 FAILS
         TO STATE A CLAIM .............................. 14

POINT VI  THE SIXTH COUNT FOR VIOLATION OF
          CALIFORNIA COMMON LAW RIGHT
          OF PRIVACY/COMMERCIAL MISAPPROPRIATION
          FAILS TO STATE A CLAIM ........................ 16

POINT VII  THE SEVENTH AND EIGHTH COUNTS FOR
           CONSPIRACY FAIL TO STATE CLAIMS ............. 17

POINT VIII  IF SAFRIN'S FOURTH COUNT IS NOT DISMISSED,
            THE CLAIM FOR PUNITIVE DAMAGES
            SHOULD BE DISMISSED ......................... 18

CONCLUSION ............................................... 20

# TABLE OF AUTHORITIES

Page

Cases

ATSA Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) . . . . . . . . 9

Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . 9, 11

Bi-Rite Enterprises, Inc. v. Button Master, 555 F.Supp. 1188 (S.D.N.Y. 1983) . . . . . . . 17

Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.,
        13 A.D.3d 296, 787 N.Y.S.2d 267 (1st Dep't 2004) . . . . . . . . . . . . . . . . 13

Cerveceria Modelo, S.A. De. C.V. v. UPSA Accessories LLC,
        2008 WL 1710910 (S.D.N.Y. Apr. 10, 2008) . . . . . . . . . . . . . . . . . . . . . 18

City of New York v. Lead Industries Assocs.,
        222 A.D.2d 119, 644 N.Y.S.2d 919 (1st Dep't 1996) . . . . . . . . . . . . . . . . 6

Coleman v. Ted's Auto Sales, 33 Misc.2d 739, 227 N.Y.S.2d 693 (Sup. Ct. Kings Co.),
        affd. 17 A.D.2d 827, 233 N.Y.S.2d 239 (2d Dep't 1962) . . . . . . . . . . . . 15

Cox v. Abrams, 1997 WL 251532 (S.D.N.Y. May 14, 1997) . . . . . . . . . . . . . . . . . . . . . . 17

Dr. Beck & Co. G.M.B.H. v. General Electric Co.,
        210 F.Supp. 86 (S.D.N.Y.1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Elkman v. Southgate Owners Corp.,
        246 A.D.2d 314, 668 N.Y.S.2d 11 (1st Dep't 1998) . . . . . . . . . . . . . . . . . 5

Equitable Life Assurance Society of the United States v. Werner,
        286 A.D.2d 632, 730 N.Y.S.2d 329 (1st Dep't 2001) . . . . . . . . . . . . . . . . 10

Ernest Lawrence Group v. Marketing Americas, Inc.,
        2005 WL 2811781 (S.D.N.Y. Oct 27, 2005) . . . . . . . . . . . . . . . . . . . . . . . 13

Finch, Pruyn & Co. v. M. Wilson Control Services, Inc.,

i

239 A.D.2d 814, 658 N.Y.S.2d 496 (3d Dep't 1997) . . . . . . . . . . . . . . . . 6

Fox v. County of Nassau, 183 A.D.2d 746, 583 N.Y.S.2d 482 (2d Dep't 1992) . . . . . . 12

Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey, 126 Misc.2d 209, 213,
          481 N.Y.S.2d 963, 966-67 (Sup. Ct. Broome Co.),
          112 A.D.2d 514, 490 N.Y.S.2d 919 (3d Dep't 1985 . . . . . . . . . . . . . . . . 15

Henry v. Daytop Village, Inc., 42 F.3d 89 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . 4

Highland Capital Management, L.P. v. Schneider,
          533 F. Supp.2d 345 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Parmalat Securities Litigation, 477 F.Supp.2d 602 (S.D.N.Y. 2007) . . . . . . . . . . . 4

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Kagan v. Jacobs, 260 A.D.2d 442, 687 N.Y.S.2d 732 (2d Dep't 1999) . . . . . . . . . . . . . 5

Kane v. Orange County Publications,
          232 A.D.2d 526, 649 N.Y.S.2d 23 (2d Dep't 1996) . . . . . . . . . . . . . . . . . 16

Mathews v. ABC Television, Inc., 1989 WL, 107640 (S.D.N.Y. Sep. 11, 1989) . . . . . . 16

New York University v. Continental Ins. Co.,
          87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 18

Orange County Choppers, Inc. v. Olaes Enterprises, Inc.,
          497 F.Supp.2d 541 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Padre Shipping, Inc. v. Yong He Shipping, 553 F.Supp.2d 328 (S.D.N.Y. 2008) . . . . . . 4

Panigeon v. Alliance Naviation Line, Inc.,
          1997 WL 473385 (S.D.N.Y. Aug. 19, 1997) . . . . . . . . . . . . . . . . . . . . . . . 5

Parlato v. Equitable Life Assur. Soc. of the United States,
          299 A.D.2d 108, 749 N.Y.S.2d 216 (1st Dep't 2002) . . . . . . . . . . . . . . . . . 6

Pennisi v. Standard Fruit & S.S. Co.,
          206 A.D.2d 290, 614 N.Y.S.2d 519 (1st Dep't 1994) . . . . . . . . . . . . . . . . 12

Playwell Toy, Inc. v. Bureau Veritas Consumer Products Services, Inc.,
    2007 WL 2892031 (W.D.N.Y. Sept. 28, 2007) . . . . . . . . . . . . . . . . . . . . 12

Pro Bono Investments, Inc. v. Gerry,
    2005 WL 2429787 (S.D.N.Y. Sept. 30, 2005) . . . . . . . . . . . . . . . . . . . . 12

Radio Today, Inc. v. Westwood One, Inc., 684 F.Supp. 68 (S.D.N.Y. 1988) . . . . . . . . 15

Raquet v. Braun, 90 N.Y.2d 177, 659 N.Y.S.2d 237 (1997) . . . . . . . . . . . . . . . . . . . . 10

Rocanova v. Equitable Life Assur. Soc. of U.S.,
    83 N.Y.2d 603, 612 N.Y.S.2d 339 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Rock v. Reed-Prentice Division of Package Machinery Co.,
    39 N.Y.2d 34, 382 N.Y.S.2d 720 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sierra Rutile Ltd. v. Katz,1995 WL 622691 (S.D.N.Y. Oct. 24, 1995) . . . . . . . . . . . . . . 5

SSDW Co. v. Feldman-Misthopoulos Assocs.,
    151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dep't 1989) . . . . . . . . . . . . . . . . . 6

Steinberg v. Sherman, 2008 WL 2156726 (S.D.N.Y. May 8, 2008) . . . . . . . . . . . . . . . . 5

Tal v. Superior Vending, LLC,
    20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005) . . . . . . . . . . . . . . . . . 13

Topps Co., Inc. v. Cadbury Stani S.A.I.C., 380 F.Supp.2d 250 (S.D.N.Y. 2005) . . . . . . 19

Triguero v. Consolidated Rail Corp., 932 F.2d 95 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . 11

Trustees of Columbia University in City of New York v. Mitchell/Giurgola Assocs.,
    109 A.D.2d 449, 492 N.Y.S.2d 371(1st Dep't 1985) . . . . . . . . . . . . . . . 5, 6

Zamierowski v. Nat'l R.R. Passenger Corp.,
    2006 WL 1816377 (S.D.N.Y. Jun. 28, 2006) . . . . . . . . . . . . . . . . . . . . . . 10

Zoll v. Jordache Enterprises Inc., 2003 WL 1964054 (S.D.N.Y. Apr. 24, 2003) . . . . . . 16

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman (collectively "BIR") in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss each Count of the Amended Third Party Complaint (Containing Crossclaims and Counterclaims) of Joshua Safrin for failure to state claims upon which relief can be granted.

This motion is not an "attempt to forestall" answering the Amended Third Party Complaint. Third Party Plaintiff Joshua Safrin's Memorandum of Law in Opposition to BIR's Motion to Dismiss the Amended Third Party Complaint dated July 31, 2008 ("Opp. Mem.") 3. At no time in this transaction was BIR representing Safrin or the Safrin Group. No attorney client privilege has been asserted by BIR or Safrin in response to any subpoenas or discovery demands in this action. BIR denies any allegations that it held itself out to be Safrin's attorney in the transaction. At the time BIR talked to Plaintiff Amusement concerning the transaction, BIR believed that Safrin had guaranteed the Citigroup Global Markets Realty Corp. ("Citigroup") loans. The guarantees to Citigroup were not delivered by or through BIR.

Safrin incorrectly states that BIR has not moved to dismiss his claim for contribution. Opp. Mem. 2 n.2. Point II of the Memorandum of Law in Support of Third Party Defendants BIR's Motion to Dismiss Safrin's Amended Third Party Complaint dated June 17, 2008 ("Mov. Mem.") pp.9-10, contends that if the Court dismisses all Counts in the

1

Complaint against Safrin except for the contract claims, then Safrin's claim for contribution in Count I against BIR should be dismissed. Safrin does not oppose this part of BIR's motion.

Safrin contends that his claims for indemnification and breach of duty should not be dismissed because under the Federal Rules he is entitled to plead hypothetically or in the alternative. Safrin, however, ignores the fact that he has not alleged any facts hypothetically or otherwise to support such claims. Count I for common law indemnification should be dismissed because no duty is alleged to have existed between Safrin and BIR that would give rise to a common law right to indemnity from BIR. Furthermore, it should be dismissed because Safrin cannot be found liable to Plaintiffs without being at fault himself for committing some affirmative act to mislead Plaintiffs into believing that BIR represented him. Moreover, Safrin has failed to make any factual allegations to support a hypothetical claim for either implied contractual indemnification or breach of duty. Thus, Counts III and IV should be dismissed.

Count II for a declaratory judgment should be dismissed because Safrin has failed to state why a declaratory judgment is necessary when all the issues sought to be decided in the declaratory judgment Count will be decided by the resolution of the other claims alleged in the main action and in Safrin's Amended Third Party Complaint. In addition, the threat of litigation between Safrin and BIR has been realized and hence there is no uncertainty with respect to the rights of the parties which should be resolved by a

2

declaratory judgment.

Both of Safrin's Counts concerning violation of his privacy should be dismissed. Safrin's Fifth Count for violation of Sections 50 and 51 of the New York Civil Rights Law should be dismissed because there are no allegations that BIR circulated anything with Safrin's name on it for advertising or trade purposes. This statute simply does not apply to a lawyer representing a client in negotiating a loan. Safrin's Sixth Count for violation of California's common law right to privacy should be dismissed because Safrin does not allege that any conduct took place in California and fails to cite any authority why the usual standard of applying the law of the state in which the party asserting the claim resides should not be applied in this case.

Because Safrin has failed to state a claim for violation of privacy under the New York Civil Rights Law or California common law, Safrin has failed to allege a claim for conspiracy to violate either laws. Thus, Counts VII and VIII for conspiracy should be dismissed.

Safrin's claim for punitive damages for his breach of duty claim should be dismissed because Safrin admits that his breach of duty claim is only viable if it is determined that BIR was acting as Safrin's attorney. Therefore, that claim has its genesis in a contractual relationship and the alleged egregious conduct must be part of a pattern directed at the public.

3

## ARGUMENT

### POINT I

### SAFRIN'S FIRST COUNT FOR COMMON LAW INDEMNIFICATION SHOULD BE DISMISSED

Safrin has failed to plead hypothetically the existence of a relationship between Safrin and BIR. Thus, Safrin has failed to state a claim for any form of indemnification. "Under federal pleading rules, plaintiffs are allowed to assert inconsistent facts in support of alternative claims, and courts may not construe allegations regarding one claim to be an admission against another." Padre Shipping, Inc. v. Yong He Shipping, 553 F.Supp.2d 328, 333 (S.D.N.Y. 2008); accord Henry v. Daytop Village, Inc., 42 F.3d 89, 95 (2d Cir. 1994). However, when pleading in the alternative, plaintiff must allege facts to support each element of the alternative claim. Orange County Choppers, Inc. v. Olaes Enterprises, Inc., 497 F.Supp.2d 541, 557 (S.D.N.Y. 2007) ("pleading a claim in the alternative does not absolve the pleader from adequately alleging the existence of each element of each claim."); In re Parmalat Securities Litigation, 477 F.Supp.2d 602, 612 (S.D.N.Y. 2007).

Safrin, however, has failed to plead any facts, hypothetical or otherwise, to support a claim for common law indemnification. Instead, Safrin repeatedly avers that he had no relationship with BIR in the transaction at issue.

Safrin contends that the Court should disregard the cases cited to describe the elements of a common law indemnification claim in the moving memorandum because they involved motions for summary judgment. Moving Mem. 6; Opp. Mem. 16 n.5. The pleading

4

standard is the same on a motion to dismiss. In Steinberg v. Sherman, 2008 WL 2156726, *6 (S.D.N.Y. May 8, 2008), deciding a motion to dismiss the court held that "[t]o state a claim for indemnification under New York law, the third-party plaintiff must allege that both he and the third-party defendant owed a duty to the plaintiff in the underlying action, and that the third-party defendant owed an express or implied duty to indemnify the third-party plaintiff for breach of the underlying duty." Accord Panigeon v. Alliance Naviation Line, Inc., 1997 WL 473385, *6 (S.D.N.Y. Aug. 19, 1997); Sierra Rutile Ltd. v. Katz,1995 WL 622691, *4-5 (S.D.N.Y. Oct. 24, 1995). Safrin does not allege any facts to support a claim that BIR had any duty to Safrin in this case or that Safrin can be held liable to Plaintiffs based upon any conduct of BIR.

Under New York law, common law indemnity shifts the entire loss from one who is compelled to pay for a loss, *without fault*, to another party who should more properly bear responsibility for that loss because it was the actual wrongdoer. Trustees of Columbia University in City of New York v. Mitchell/Giurgola Assocs., 109 A.D.2d 449, 451, 492 N.Y.S.2d 371, 374 (1st Dep't 1985); see Elkman v. Southgate Owners Corp., 246 A.D.2d 314, 668 N.Y.S.2d 11, 12 (1st Dep't 1998). "The predicate for common-law indemnity is vicarious liability without fault on the part of the proposed indemnitee, and it follows that a party who has itself participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." Kagan v. Jacobs, 260 A.D.2d 442, 687 N.Y.S.2d 732, 733 (2d Dep't 1999) (emphasis added); accord, Rock v. Reed-Prentice Division of Package Machinery Co., 39

5

N.Y.2d 34, 39, 382 N.Y.S.2d 720, 722 (1976); <u>Finch, Pruyn & Co. v. M. Wilson Control</u> <u>Services, Inc.</u>, 239 A.D.2d 814, 818, 658 N.Y.S.2d 496, 500 (3d Dep't 1997); <u>City of New</u> <u>York v. Lead Industries Assocs.</u>, 222 A.D.2d 119, 125, 644 N.Y.S.2d 919, 923-24 (1st Dep't 1996); <u>SSDW Co. v. Feldman-Misthopoulos Assocs.</u>, 151 A.D.2d 293, 296, 542 N.Y.S.2d 565, 567 (1st Dep't 1989); <u>Trustees of Columbia University in City of New York</u>, 109 A.D.2d at  453; 492 N.Y.S.2d at 375.

     Safrin distorts BIR's argument concerning vicarious liability. <u>Compare</u> Opp. Mem. 15 to Mov. Mem. 7-8.  BIR does not argue that indemnification cannot be based on vicarious liability, but instead argues that there are no allegations in Safrin's Amended Third Party Complaint or the main Complaint upon which Safrin could be found vicariously liable to Plaintiffs based on BIR's conduct.  Safrin contends that his common law indemnification claim is sufficient because a finding of liability on Safrin's part would be vicarious liability premised upon Safrin's agent BIR operating with apparent authority.  Opp. Mem. 2, 13.  Safrin, however,  does not dispute the cases in the moving memorandum which state that only some affirmative act of the principal, <u>i.e.</u>, Safrin, could have created such apparent authority in BIR.  Mov. Mem. 7-8 citing <u>Dr. Beck & Co. G.M.B.H. v. General Electric Co.</u>, 210 F.Supp. 86, 90 (S.D.N.Y.1962); <u>Parlato v. Equitable Life Assur. Soc. of the United</u> <u>States</u>, 299 A.D.2d 108, 114, 749 N.Y.S.2d 216, 221 (1st Dep't 2002); <u>see also</u> <u>Highland</u> <u>Capital Management, L.P. v. Schneider</u>, 533 F. Supp.2d 345, 350-53 (S.D.N.Y. 2008) (the court determined as a matter of law "under common law principles of agency 'that there is

no evidence supporting plaintiff's theory that RBC acted as an agent with the authority to bind the Schneiders to a contract with Highland'").

Thus, Safrin has failed to plead a claim based on vicarious liability because he fails to allege any affirmative act on his part to create apparent authority in BIR. In fact he continuously denies any attorney-client or agency relationship with BIR throughout the Amended Third Party Complaint and in his memorandum of law in opposition:

- Opp. Mem. 2- "Safrin's vehement denial of an attorney-client or agency relationship with the Attorney Defendants . . ."

- Opp. Mem. 8- "Safrin never authorized Alevy or Friedman to present any opportunity to Amusement." "Safrin never retained or otherwise authorized Friedman to speak or act on his behalf in connection with the transactions described in the Complaint."

- Opp. Mem. 13- "Safrin was unaware that Friedman represented to plaintiffs that he (Friedman) was Safrin's agent or attorney, did not authorize Friedman to make any such representations, and had no knowledge of any of the representations or actions described in the Complaint that were purportedly undertaken by Friedman on his behalf."

- TPC ¶28- "Safrin never retained or otherwise authorized Friedman to speak or act on his behalf in connection with the transactions described in the Complaint."

- TPC ¶63- "Safrin did not engage or retain Friedman, and Safrin never asked Friedman to represent him, or to speak, act or function on his behalf in connection with any of the transactions alleged in the Complaint."

- TPC ¶65- "Safrin did not authorize Friedman to make any of the representations ascribed to him in the Complaint, or engage in any on [sic] the conduct described therein."

7

- TPC ¶66- "Safrin did not ratify any of the representations made or actions purportedly undertaken by Friedman on Safrin's behalf in connection with the transactions alleged in the Complaint."

- TPC ¶72- "Safrin contends that he never engaged, retained or authorized Friedman or BIR to act on his behalf as his agents or attorneys in connection with the transactions alleged in the Complaint and that <u>Friedman and BIR had no authority, whether actual or apparent</u>, to act on his (Safrin's) behalf in connection with the transactions alleged in the Complaint." (emphasis added).

Furthermore, as Safrin acknowledges, Plaintiffs do not allege any acts by Safrin to create apparent authority in BIR:

- Opp. Mem. 1 - "Plaintiffs do <u>not</u> allege that Safrin ever did anything to foster this belief. Rather, all of plaintiffs' claims against Safrin are based on statements purportedly made and actions purportedly taken on his behalf by attorney Friedman."

- Opp. Mem. 5- "<u>Plaintiffs ... premise their entire case against Safrin on their contention that he participated in these transactions and negotiations through Friedman, who purportedly acted for and spoke as Safrin's attorney and agent.</u>"

- Opp. Mem. 12- same as Opp. Mem. 5, and also quoting paragraph 32 of the Complaint "Friedman led plaintiffs to believe that he had full authority to speak on behalf of Stern, Safrin and First Republic LLC concerning their purchase of the property portfolio . . ."

- Opp. Mem. 14-15- "<u>Plaintiffs ... premise their entire case against Safrin on the claim that he participated in these transactions and negotiations entirely through Friedman.</u>"

- Opp. Mem. 20- "plaintiffs have asserted a host of claims against Safrin, <u>all based on the conduct and statements of Friedman</u>, and all purportedly undertaken on Safrin's behalf." (emphasis added).

Thus, Safrin's only support for his vicarious liability argument is allegations

8

of acts by Friedman, which under the cases cited above, is insufficient. Because Safrin denies any relationship with BIR and does not allege any affirmative act or acts by Safrin himself conferring apparent or actual authority upon BIR, there is no basis for indemnification based on vicarious liability.

Moreover, Safrin's claim for indemnity based on vicarious liability does not meet the pleading standard of "plausibility" announced by the Supreme Court in Bell Atlantic Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955 (2007). The Second Circuit has held that the complaint must amplify a claim with some factual allegations to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In complying with this "plausibility" standard, the pleading must provide "the grounds upon which [Safrin's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSA Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Thus, Safrin's pleading is not plausible because Safrin does not allege that he conferred authority on BIR or that BIR deviated from such authority.[1]

Additionally, Safrin may not seek indemnification from BIR because BIR owed no duty to Safrin. The New York Court of Appeals has squarely held that "the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the

---

[1]Safrin alleges that Frenkel and Land Escrow took and used the $13 million in escrow based on verbal and written instructions from Steven Alevy. Opp. Mem. 12. There are no allegations by anyone that BIR released the money.

9

indemnitor.'"  Raquet v. Braun, 90 N.Y.2d 177, 183, 659 N.Y.S.2d 237, 240 (1997) (emphasis added); Equitable Life Assurance Society of the United States v. Werner, 286 A.D.2d 632, 730 N.Y.S.2d 329, 331 (1st Dep't 2001). In the present case, not only is no duty alleged to have existed between Safrin and BIR that would give rise to a common law right to indemnity from BIR, but Safrin repeatedly denies that any relationship existed between he and BIR from which such a duty could arise.  pp. 7-8, supra.

Zamierowski v. Nat'l R.R. Passenger Corp., 2006 WL 1816377 (S.D.N.Y. Jun. 28, 2006), cited by Safrin, is clearly not applicable.  In Zamierowski the court entered judgment on the pleadings under Rule 12(c) dismissing a contractual claim for indemnification between the defendants but declined to dismiss the railroad defendants' common law claim for indemnification against Pirate Canoe Club, Inc. ("PCC") for an accident between a patron of the club and a train at a railroad crossing on a road leading to the PCC.  Unfortunately, after stating that a party which actively participates in the wrongdoing is not entitled to common law indemnity, the Court fails to explain how the railroad defendants could be vicariously liable to Plaintiffs for the conduct of the PCC with respect to the allegedly negligent condition of the railroad crossing.  Hence, the case is not instructive in the present situation, particularly where there is an absence of any alleged relationship or duty owed by BIR to Safrin.

Based on the foregoing, it is respectfully submitted that the First Count for common law indemnification should be dismissed.

10

**POINT II**

**SAFRIN'S THIRD COUNT FOR IMPLIED CONTRACTUAL
INDEMNIFICATION SHOULD BE DISMISSED**

Safrin has also failed to state a claim for implied contractual indemnification.

Safrin contends that his entire claim for implied contractual indemnification "is contingent

on a finding of a 'relationship.'" Opp. Mem. 18. However, there are no allegations of fact

to support a finding of any relationship. Safrin has not asserted any factual allegations to

support an implied contractual relationship between Safrin and BIR, and has repeatedly

affirmatively denied such a relationship. pp.7-8, supra.

Furthermore, Safrin's claimed hypothetical pleading does not meet the pleading

standard of "plausibility" announced by the Supreme Court in Twombly, __ U.S.__, 127

S.Ct. 1955 (2007), as discussed above in Point I. Safrin does not allege any facts to support

a claim that BIR and Safrin had any relationship in this case. TPC Count III, ¶¶74-77. Safrin

has not pled that any relationship existed because any such allegation would be sanctionable

under Federal Rule 11 because Safrin knows that no relationship existed in this transaction.

In the cases in which courts have allowed parties to hypothetically plead "if - then"

allegations (Opp. Mem. 18-19), the party asserting the hypothetical facts did not have

personal knowledge that the alleged hypothetical facts were false.

In order to allege an implied contractual right to indemnification, plaintiff must

set forth facts indicating the nature and scope of the relationship between the parties in order

that an informed determination relating to any implied obligation may be made. Triguero v.

Consolidated Rail Corp., 932 F.2d 95, 101-02 (2d Cir. 1991); Pennisi v. Standard Fruit & S.S. Co., 206 A.D.2d 290, 292, 614 N.Y.S.2d 519, 522 (1st Dep't 1994). Accord Playwell Toy, Inc. v. Bureau Veritas Consumer Products Services, Inc., 2007 WL 2892031, *7-8 (W.D.N.Y. Sept. 28, 2007) ("in order for there to be an implied contractual duty of indemnity, there must have been an agreement between the proposed indemnitee and the proposed indemnitor into which the right to indemnity is implied"); Pro Bono Investments, Inc. v. Gerry, 2005 WL 2429787, *16-17 (S.D.N.Y. Sept. 30, 2005) (granting motion to dismiss claim for implied contractual indemnification); Fox v. County of Nassau, 183 A.D.2d 746, 747, 583 N.Y.S.2d 482, 483 (2d Dep't 1992) (granting motion to dismiss claim for failure to state a claim for implied contract of indemnification). Contractual indemnity will only be implied "when unique special factors exist demonstrating that the parties intended that the 'would-be indemnitor bear the ultimate responsibility for the plaintiff's safety' or when there is a generally recognized special relationship between the parties." Pennisi, 206 A.D.2d at 292, 614 N.Y.S.2d at 522. Safrin does not allege any facts indicating the nature and scope of any relationship between BIR and Safrin. Safrin's denial of any contractual relationship between he and BIR makes it impossible for him to allege an implied contractual right to indemnification because there is nothing from which to create any implied obligation running from BIR to Safrin.

Thus, Safrin has not alleged any alternative facts to plead the existence of an implied contractual relationship between Safrin and BIR. Thus, Count III for implied

12

contractual indemnification should be dismissed.

## POINT III

### THE FOURTH COUNT FOR BREACH OF DUTY AS AGENT OR ATTORNEY SHOULD BE DISMISSED

Similarly, Safrin fails to properly plead in the alternative a claim for a breach of duty. Safrin's Fourth Count (TPC ¶¶78-83) fails to state a claim for relief because Safrin alleges that no attorney-client or principal-agent relationship existed between him and BIR. pp.7-8, supra. Safrin does not dispute any of the cases cited in the moving memorandum concerning the pleading standard and elements for a claim for breach of duty. Mov. Mem. 12. In the absence of any relationship, no fiduciary duty exists between Safrin and BIR. Mov. Mem. 12 (citing Ernest Lawrence Group v. Marketing Americas, Inc., 2005 WL 2811781, *8-9 (S.D.N.Y. Oct 27, 2005); Tal v. Superior Vending, LLC, 20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005)). At a minimum, a plaintiff must plead or prove facts demonstrating a "relationship approaching privity." Mov. Mem. 12 (citing Ernest Lawrence Group, 2005 WL 2811781, at *9; Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C., 13 A.D.3d 296, 297, 787 N.Y.S.2d 267, 268 (1st Dep't 2004)). Safrin makes no such allegations.

Here, Safrin's failure to allege any facts from which a relationship with BIR may be found requires dismissal of the Fourth Count against BIR.

## POINT IV

### THE SECOND COUNT FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE THERE IS NO THREAT OF IMPENDING LITIGATION

Safrin fails to explain why the questions on which Safrin seeks a declaratory judgment will not be decided by the resolution of the other claims alleged in the main action and Safrin's Amended Third Party Complaint.

Indeed, the threat of litigation between Safrin and BIR has been realized and hence there is no uncertainty with respect to the rights of the parties which should be resolved by a declaratory judgment. Safrin does not cite any cases in which litigation has been realized in which a claim for declaratory judgment against a party to that litigation has been maintained. Thus, Safrin's Second Count for a declaratory judgment (TPC ¶¶70-73) should be dismissed.

## POINT V

### THE FIFTH COUNT FOR VIOLATION OF N.Y. CIVIL RIGHTS LAW SECTIONS 50 AND 51 FAILS TO STATE A CLAIM

Safrin has failed to state a claim for violation of the New York Civil Rights Law because there are no allegations that his name was used for advertising purposes or for purposes of trade as required by the statute. Even if Safrin's allegations were true that BIR used Safrin's name in connection with the transaction to purchase the Property, such use is not for the purpose of advertising or of the trade of BIR as required by the statute.

14

Safrin relies on Radio Today, Inc. v. Westwood One, Inc., 684 F.Supp. 68 (S.D.N.Y. 1988) and Coleman v. Ted's Auto Sales, 33 Misc.2d 739, 227 N.Y.S.2d 693 (Sup. Ct. Kings Co.), affd. 17 A.D.2d 827, 233 N.Y.S.2d 239 (2d Dep't 1962) in support of its Fifth Count. Opp. Mem. 25-26. Both these cases are distinguishable. In Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey, 126 Misc.2d 209, 213, 481 N.Y.S.2d 963, 966-67 (Sup. Ct. Broome Co.),112 A.D.2d 514, 490 N.Y.S.2d 919 (3d Dep't 1985) (Mov. Mem. 14), the court noted that the Coleman court found that it was not the use of plaintiff's name which provided plaintiff with a viable cause of action, but it was the circulation by defendant of a Dun and Bradstreet report with plaintiff's name for the purpose of obtaining credit for defendant which brought the offensive use within the statutory proscription. Similarly, in Radio Today, plaintiff alleged that defendant deliberately mislabeled its own rock program to state that Formento had produced it. In that case the allegedly mislabeled rock programs were commercially circulated to different radio stations. In this case Safrin does not allege that BIR circulated any documents with Safrin's name in it for advertising purposes or for purposes of trade of BIR or to promote the firm to potential clients.

Moreover, there are no allegations in the Amended Third Party Complaint to support Safrin's argument that BIR used his name to secure financing for the Colonial transaction from Citigroup. Opp. Mem. 25. There are no allegations that BIR made any representations to Citigroup concerning Safrin or that BIR was responsible for providing any documents with Safrin's name to Citigroup. Nor are there any allegations that BIR saw the

15

alleged forgeries of Safrin's name that were provided to Citigroup before the documents were sent to Citigroup. Safrin does not allege how BIR used his name to make a profit or develop business for its own benefit. Thus, this case is similar to the cases cited in the moving memorandum that were dismissed because the court held that there was no profit motive. Mov. Mem. 13, 14 citing Zoll v. Jordache Enterprises Inc., 2003 WL 1964054 (S.D.N.Y. Apr. 24, 2003); Kane v. Orange County Publications, 232 A.D.2d 526, 526-27, 649 N.Y.S.2d 23, 25 (2d Dep't 1996).

Therefore, the Fifth Count for violation of N.Y. Civil Rights Law Sections 50 and 51 should be dismissed for failure to state a claim upon which relief can be granted.

### POINT VI

### THE SIXTH COUNT FOR VIOLATION OF CALIFORNIA COMMON LAW RIGHT OF PRIVACY/COMMERCIAL MISAPPROPRIATION FAILS TO STATE A CLAIM

There is no basis to apply California law to allegations that a New York law firm used the name of a New York resident. Opp. Mem. 26-28. Anything BIR is alleged to have done was allegedly done by it in New York. As Safrin admits, New York law applies to conduct which occurred in New York. Opp. Mem. 27. Safrin does not allege any misconduct committed in the state of California. As stated in the moving memorandum, in considering a privacy claim, a New York court would apply the law of the state in which the party asserting the claim resides. Mov. Mem. 15, citing Mathews v. ABC Television, Inc.,

1989 WL, 107640, *3 (S.D.N.Y. Sep. 11, 1989); Bi-Rite Enterprises, Inc. v. Button Master,

555 F.Supp. 1188, 1197 (S.D.N.Y. 1983).

    In Cox v. Abrams, 1997 WL 251532, *9 (S.D.N.Y. May 14, 1997), cited by

Safrin (Opp. Mem. 27), the court stated that "the usual presumption with regard to choice of

law questions is that the plaintiff in a privacy action may invoke the law of plaintiff's

domicile." In Cox the court did not determine which state law applied because plaintiffs

failed to state a claim under any of the laws of the possibly applicable states. Id. Safrin does

not cite any cases to support its contention that California has the most significant

relationship to the alleged violation of the privacy of a New York resident by a New York

law firm. Thus, Safrin's Sixth Count should be dismissed because there is no basis to apply

California common law.

## POINT VII

### THE SEVENTH AND EIGHTH COUNTS FOR CONSPIRACY FAIL TO STATE CLAIMS

    Safrin does not dispute that if he fails to state a claim for violation of either

N.Y. Civil Rights Law Sections 50 and 51 or California's common law right of

privacy/commercial misappropriation then he has failed to state a claim for conspiracy to

violate such laws. To establish a claim of civil conspiracy, a plaintiff must demonstrate the

primary tort. Mov. Mem. 16 and cases cited therein.

    Safrin argues that he has also stated a claim for conspiracy to violate

unspecified breaches of duty. Safrin Opp. 28, 29. Safrin, however, does not allege a claim

17

for conspiracy concerning a breach of any duty in his Amended Third Party Complaint.  The only conspiracy claims alleged are Counts VII and VIII, with respect to the privacy statutes alleged in Counts V and VI.

Because Safrin cannot state a claim for the primary torts, the Seventh and Eighth claims for conspiracy liability must fail.

### POINT VIII

### IF SAFRIN'S FOURTH COUNT IS NOT DISMISSED, THE CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

Safrin's request for punitive damages for his breach of duty claim should be dismissed, because Safrin admits that his breach of duty claim is only viable if it is determined that BIR was acting as Safrin's attorney.[2]  Opp. Mem. 20.  Thus, Safrin's argument that he is entitled to punitive damages on his breach of duty claim because BIR held itself out to be Safrin's attorney when in fact it was not fails because if BIR was not his attorney, then there is no breach of duty.  Moreover, even if the breach of duty claim were not dismissed, that claim has its genesis in a contractual relationship and, therefore, the alleged egregious conduct must be part of a pattern directed at the public which Safrin has not alleged.  Mov. Mem. 17 (citing New York University v. Continental Ins. Co., 87 N.Y.2d 308, 315-16, 639 N.Y.S.2d 283, 287 (1995); Cerveceria Modelo, S.A. De. C.V. v. UPSA

---

[2]BIR withdraws it motion to dismiss the request for punitive damages as to Counts V through VIII.

18

Accessories LLC, 2008 WL 1710910, *5-6 (S.D.N.Y. Apr. 10, 2008); Topps Co., Inc. v.

Cadbury Stani S.A.I.C., 380 F.Supp.2d 250, 263-64 (S.D.N.Y. 2005); Rocanova v. Equitable

Life Assur. Soc. of U.S., 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342-43 (1994)). The cases

cited by Safrin are not applicable. Safrin Opp. 30. None of those cases allege a breach of

fiduciary duty based on an attorney/client relationship.

Therefore, Safrin's request for punitive damages in Count IV should be

dismissed.

## CONCLUSION

For each of the foregoing reasons, Third Party Defendants Buchanan Ingersoll

& Rooney, PC and Stephen Friedman  respectfully request that their motion to dismiss each

Count of the Third Party Complaint be granted.

Dated: New York, N.Y.
      August 22, 2008

                     Respectfully submitted,

                     KAVANAGH MALONEY & OSNATO LLP

                     By _James J. Maloney_

                         James J. Maloney
                     Attorneys for Third Party Defendants Buchanan
                       Ingersoll & Rooney, PC and Stephen Friedman
                     415 Madison Avenue
                     New York, N.Y. 10017
                     212-207-8400

Of Counsel:
    David F. Bayne
    Meredith D. Belkin