James J. Maloney
KAVANAGH MALONEY & OSNATO LLP
 Attorneys for Third Party Defendants
   Buchanan Ingersoll & Rooney, PC and Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMUSEMENT INDUSTRY, INC., dba WESTLAND           [ECF]
INDUSTRIES; PRACTICAL FINANCE CO., INC.,         No. 07 Civ. 11586 (LAK)(GWG)

                          Plaintiffs,
        -against-

MOSES STERN, aka MARK STERN; JOSHUA
SAFRIN, FIRST REPUBLIC GROUP REALTY
LLC, EPHRAIM FRENKEL, LAND TITLE
ASSOCIATES ESCROW,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANTS BUCHANAN INGERSOLL & ROONEY, PC AND STEPHEN FRIEDMAN'S MOTION TO DISMISS THIRD PARTY DEFENDANTS BANKERS CAPITAL REALTY ADVISORS LLC AND STEVEN ALEVY'S CROSS CLAIM FOR INDEMNIFICATION**

# TABLE OF CONTENTS

**Page**

Table of Authorities .................................... i

PRELIMINARY STATEMENT ................................ 1

ARGUMENT ............................................. 2

COUNT V FOR INDEMNITY SHOULD BE DISMISSED ............. 2

CONCLUSION ........................................... 6

# TABLE OF AUTHORITIES

Page

Cases

City of New York v. Lead Industries Assocs.,
    222 A.D.2d 119, 644 N.Y.S.2d 919 (1st Dep't 1996) ................ 5

Elkman v. Southgate Owners Corp.,
    246 A.D.2d 314, 668 N.Y.S.2d 11 (1st Dep't 1998) ................ 4

Equitable Life Assurance Society of the United States v. Werner,
    286 A.D.2d 632, 730 N.Y.S.2d 329 (1st Dep't 2001) ................ 3

Finch, Pruyn & Co. v. M. Wilson Control Services, Inc.,
    239 A.D.2d 814, 658 N.Y.S.2d 496 (3d Dep't 1997) ................ 4

Kagan v. Jacobs, 260 A.D.2d 442, 687 N.Y.S.2d 732 (2d Dep't 1999) ............. 4

Panigeon v. Alliance Naviation Line, Inc.,
    1997 WL 473385 (S.D.N.Y. Aug. 19, 1997) ........................ 3

Pennisi v. Standard Fruit & S.S. Co.,
    206 A.D.2d 290, 614 N.Y.S.2d 519 (1st Dep't 1994) ................ 3

Raquet v. Braun, 90 N.Y.2d 177, 659 N.Y.S.2d 237 (1997) ....................... 3

Rock v. Reed-Prentice Division of Package Machinery Co.,
    39 N.Y.2d 34, 382 N.Y.S.2d 720 (1976) .......................... 4

Sierra Rutile Ltd. v. Katz, 1995 WL 622691 (S.D.N.Y. Oct. 24, 1995) ............ 3, 4

SSDW Co. v. Feldman-Misthopoulos Assocs.,
    151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dep't 1989) ................ 5

Steinberg v. Sherman, 2008 WL 2156726 (S.D.N.Y. May 8, 2008) ................ 3

Triguero v. Consolidated Rail Corp., 932 F.2d 95 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . 2

Trustees of Columbia University in City of New York v. Mitchell/Giurgola Assocs.,
    109 A.D.2d 449, 492 N.Y.S.2d 371 (1st Dep't 1985) . . . . . . . . . . . . . . . 4, 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman (collectively "BIR") in further support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count V of Third Party Defendants Bankers Capital Realty Advisors LLC and Steven Alevy's Answer to the Amended Third Party Complaint of Defendant Safrin, Counterclaims Against Safrin, and Cross Claims Against Stern, First Republic, Frenkel, Land Title, Stephen Friedman and Buchanan Ingersoll & Rooney dated June 6, 2008 ("Cross Claims") for failure to state a claim upon which relief can be granted.

Bankers Capital Realty Advisors LLC and Steven Alevy (collectively "Alevy") state in their Memorandum of Law in Opposition to Motion to Dismiss Cross Claim for Indemnification by Third Party Defendants BIR dated July 29, 2008 (Opp. Mem.") that it is seeking indemnification only as to the "conspiracy theory" claims asserted by defendant Joshua Safrin. Opp. Mem. 1, 6. The only "conspiracy theory" claims in Safrin's Amended Third Party Complaint dated May 29, 2008 are Counts VII and VIII for conspiracy to violate N.Y. Civil Rights Law §§50, 51 and conspiracy to violate Safrin's Right to Privacy Under California Common Law, respectively. Amended Third Party Complaint (containing Crossclaims and Counterclaims) of Defendant/Third Party-Counterclaim-Crossclaim-Plaintiff Joshua Safrin ("Safrin") dated May 29, 2008 ("TPC") ¶¶102-111. Pursuant to its motion dated June 17, 2008, BIR has moved to dismiss both of those claims by Safrin. If

those Counts of Safrin's Amended Third Party Complaint are dismissed, then Count V of Alevy's Cross Claims should be dismissed in its entirety.

Even if both of Safrin's claims are not dismissed, Alevy has failed to state a claim for indemnification against BIR. Without any citations, Alevy contends that there are factual allegations in this action to support his claim for indemnification. Opp. Mem. 1. However, to be viable, a claim for common law indemnity requires that BIR owe a duty to Alevy. None existed, nor is one alleged. Moreover, Alevy denies all allegations in the Third Party Complaint asserting any wrongdoing on the part of BIR. Alevy does not allege any basis upon which he can be vicariously liable for the acts of BIR.

Alevy's assertion that Safrin does not allege that Alevy acted on Safrin's behalf is baseless. Opp. Mem. 2. Safrin alleges that Alevy made representations on behalf of Safrin without Safrin's authority and alleges further misconduct, such as authorizing the release of the $13 million in escrow without authorization from Plaintiffs. TPC ¶¶ 25, 26, 29, 31, 55.

## ARGUMENT

## COUNT V FOR INDEMNITY SHOULD BE DISMISSED

Alevy has failed to allege a cause of action for indemnification under either an implied in contract or an implied in law theory of indemnification. In order to allege an implied contractual right to indemnification, plaintiff must set forth facts indicating the nature and scope of the relationship between the parties in order that an informed determination relating to any implied obligation may be made. <u>Triguero v. Consolidated Rail</u>

2

Corp., 932 F.2d 95, 101-02 (2d Cir. 1991); Pennisi v. Standard Fruit & S.S. Co., 206 A.D.2d 290, 292, 614 N.Y.S.2d 519, 522 (1st Dep't 1994). Contractual indemnity will only be implied "when unique special factors exist demonstrating that the parties intended that the 'would-be indemnitor bear the ultimate responsibility for the plaintiff's safety' or when there is a generally recognized special relationship between the parties." Pennisi, 206 A.D.2d at 292, 614 N.Y.S.2d at 522. Alevy does not allege any facts indicating any relationship between BIR and Alevy. Thus any claim for implied in contract indemnification must be dismissed.

Additionally, "[t]o state a claim for indemnification under New York law, the third-party plaintiff must allege that both he and the third-party defendant owed a duty to the plaintiff in the underlying action, and that the third-party defendant owed an express or implied duty to indemnify the third-party plaintiff for breach of the underlying duty." Steinberg v. Sherman, 2008 WL 2156726, *6 (S.D.N.Y. May 8, 2008). Accord Panigeon v. Alliance Naviation Line, Inc., 1997 WL 473385, *6 (S.D.N.Y. Aug. 19, 1997); Sierra Rutile Ltd. v. Katz, 1995 WL 622691, *4-5 (S.D.N.Y. Oct. 24, 1995). Alevy may not seek indemnification from BIR because BIR owed no duty to Alevy. The New York Court of Appeals has squarely held that "the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor.'" Raquet v. Braun, 90 N.Y.2d 177, 183, 659 N.Y.S.2d 237, 240 (1997) (emphasis added); Equitable Life Assurance Society of

3

the United States v. Werner, 286 A.D.2d 632, 730 N.Y.S.2d 329, 331 (1st Dep't 2001). In the present case, there is no allegation that a duty existed between Alevy and BIR that would give rise to a common law right to indemnity from BIR. Nor is there any basis upon which to allege any such duty.

Moreover, Alevy is only seeking indemnification with regard to the conspiracy claims. A party liable for conspiracy cannot seek indemnification from a co-conspirator. Sierra Rutile Ltd., 1995 WL 622691, at *8 ("indemnity does not lie between co-conspirators"). Alevy admits that in order to prevail on its indemnification claim, it must be free from fault. Opp. Mem. 4.[1]

Nor has Alevy alleged a cause of action for implied in law indemnity. "The predicate for common-law indemnity is vicarious liability without fault on the part of the proposed indemnitee, and it follows that a party who has itself participated to some degree in the wrongdoing cannot receive the benefit of the doctrine." Kagan v. Jacobs, 260 A.D.2d 442, 687 N.Y.S.2d 732, 733 (2d Dep't 1999). Accord Rock v. Reed-Prentice Division of Package Machinery Co., 39 N.Y.2d 34, 39, 382 N.Y.S.2d 720, 722 (1976); Finch, Pruyn &

---

[1]Under New York law, common law indemnity shifts the entire loss from one who is compelled to pay for a loss, *without fault*, to another party who should more properly bear responsibility for that loss because it was the actual wrongdoer. Trustees of Columbia University in City of New York v. Mitchell/Giurgola Assocs., 109 A.D.2d 449, 451, 492 N.Y.S.2d 371, 374 (1st Dep't 1985); see Elkman v. Southgate Owners Corp., 246 A.D.2d 314, 668 N.Y.S.2d 11, 12 (1st Dep't 1998). In order for Alevy to be found liable for conspiracy he must have participated in the conspiracy to some degree. Therefore, he cannot be free from fault, and thus not entitled to indemnification.

4

Co. v. M. Wilson Control Services, Inc., 239 A.D.2d 814, 818, 658 N.Y.S.2d 496, 500 (3d Dep't 1997); City of New York v. Lead Industries Assocs., 222 A.D.2d 119, 125, 644 N.Y.S.2d 919, 923-24 (1st Dep't 1996); SSDW Co. v. Feldman-Misthopoulos Assocs., 151 A.D.2d 293, 296, 542 N.Y.S.2d 565, 567 (1st Dep't 1989); Trustees of Columbia University in City of New York, 109 A.D.2d at 453; 492 N.Y.S.2d at 375. There are no facts alleged that Alevy could under any circumstances be vicariously liable for the acts of BIR.

Therefore, it is respectfully requested that Alevy's cross-claim for indemnification be dismissed.

## CONCLUSION

For each of the foregoing reasons, Third Party Defendants Buchanan Ingersoll & Rooney, PC and Stephen Friedman respectfully request that their motion to dismiss Count V of Third Party Defendants Bankers Capital Realty Advisors LLC and Steven Alevy's Cross-Claims against them be granted.

Dated: New York, N.Y.
      August 22, 2008

Respectfully submitted,

KAVANAGH MALONEY & OSNATO LLP

By _____
    James J. Maloney
Attorneys for Third Party Defendants Buchanan
  Ingersoll & Rooney, PC and Stephen Friedman
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

Of Counsel:
  David F. Bayne
  Meredith D. Belkin