UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES; PRACTICAL FINANCE CO., INC.
                    Plaintiffs,
     -against-
MOSES STERN, aka MARK STERN; JOSHUA
SAFRIN, FIRST REPUBLIC GROUP REALTY
LLC, EPHRAIM FRENKEL, LAND TITLE
ASSOCIATES ESCROW,
                    Defendants.

[ECF]

No. 07 Civ. 11586 (LAK)(GWG)

------------------------------------------------x
JOSHUA SAFRIN,
              Defendant/Third Party-Crossclaim-
            Counterclaim-Plaintiff,
     -against-
STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN
INGERSOLL & ROONEY, P.C., BANKERS CAPITAL
REALTY ADVISORS LLC, FIRST REPUBLIC GROUP,
CORP., AND HERRICK, FEINSTEIN, LLP,
              Third Party Defendants,
     -and-
MOSES STERN, aka MARK STERN, FIRST REPUBLIC
GROUP REALTY LLC, EPHRAIM FRENKEL and
LAND TITLE ASSOCIATES ESCROW,
              Defendants/Crossclaim Defendants,
     -and-
AMUSEMENT INDUSTRY, INC., dba WESTLAND
INDUSTRIES, PRACTICAL FINANCE CO., INC.,
              Plaintiffs/Counterclaim Defendants.
------------------------------------------------x
BUCHANAN INGERSOLL & ROONEY PC,
            Third-Party Defendant and Fourth
            Party Plaintiff,
     -against-
AVRAHOM EGERT a/k/a AVERY EGERT and THE SAFRIN
GROUP, LLC a/k/a THE SOVEREIGN GROUP,
            Fourth-Party Defendants.
------------------------------------------------x

## BUCHANAN INGERSOLL & ROONEY PC'S FOURTH PARTY COMPLAINT AGAINST FOURTH PARTY DEFENDANTS AVRAHOM EGERT A/K/A AVERY EGERT AND THE SAFRIN GROUP, LLC A/K/A THE SOVEREIGN GROUP

       Third Party Defendant/Fourth Party Plaintiff Buchanan Ingersoll & Rooney

{00039757;v1}

PC ("BIR") by its attorneys Kavanagh Maloney & Osnato LLP for its Fourth Party Complaint against Fourth Party Defendants Avrahom Egert a/k/a Avery Egert ("Egert") and The Safrin Group, LLC a/k/a The Sovereign Group (hereinafter "The Safrin Group") alleges as follows:

1. On December 27, 2007 Plaintiffs commenced this action against Joshua Safrin ("Safrin"), Moses Stern a/k/a Mark Stern, First Republic Group Realty LLC, Ephraim Frenkel and Land Title Associates Escrow.

2. On or about May 1, 2008, Defendant Safrin commenced a Third Party action against BIR, Stephen Friedman, Steven Alevy, Bankers Capital Realty Advisors LLC, First Republic Group Corp. and on or about February 6, 2009 added Herrick, Feinstein, LLP as an additional Third Party Defendant. A copy of Safrin's Second Amended Third Party Complaint is attached hereto as Exhibit 1. Plaintiffs' Complaint is Exhibit A to the Second Amended Third Party Complaint.

3. BIR is a professional corporation organized under the laws of Pennsylvania which maintain offices for the practice of law at 620 Eighth Avenue, New York, NY 10018.

4. Stephen Friedman is a citizen of the State of New York and a former attorney with BIR.

5. Upon information and belief, Safrin is a citizen of the State of New York residing at 50 Riverside Drive, Apt. 2A, New York, NY 10024.

6. Upon information and belief, Fourth Party Defendant The Safrin Group is a New York limited liability company with its principal place of business

{00039757;v1}

located at 230 Park Avenue, Suite 460, New York, NY 10169.

7. Upon information and belief, Fourth Party Defendant Egert is a citizen of the State of New York residing in Kings County, New York and at all relevant times was the President of The Safrin Group and Safrin's son-in-law.

8. Upon information and belief, Joseph Kelemer ("Kelemer") at all relevant times was an officer or employee of The Safrin Group.

9. Based upon representations by Egert and Kelemer, at all relevant times Safrin was a principal of The Safrin Group.

10. This Court has jurisdiction over BIR's claims pursuant to Fed. R. Civ. P. 14(a) and 28 U.S.C. §§1367 and pursuant to the Court's subject matter jurisdiction over the Main Action.

11. This Court has personal jurisdiction over the Fourth Party Defendants, pursuant to CPLR 301 and 302, by virtue of the fact that they reside in, and/or transact, do or conduct business in New York.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because all of the Fourth Party Defendants reside in this judicial district or because a substantial number of the events or omissions giving rise to the claim occurred in this judicial district.

13. Safrin, a wealthy real estate investor, routinely used The Safrin Group in 2006 and 2007 to locate and negotiate real estate investments on his behalf.

14. Prior to and contemporaneous with the transactions alleged in the Complaint, Egert, Safrin and The Safrin Group were principals and syndicators in

{00039757;v1}

3

transactions in which BIR represented The Safrin Group.

15. Stephen Friedman introduced Egert to Defendant Stern in or about May 2007 for the purpose of Egert and The Safrin Group raising equity capital for the acquisition of certain shopping centers from Colonial Realty Limited Partnership ("Colonial").

16. On or about May 5, 2007, Egert and Stern met at the office of BIR and discussed an equity investment in the Colonial transaction by Safrin, and Safrin being a principal in the transaction.

17. Between the introduction of Egert to Stern and the closing of the purchase of the Colonial properties on or about July 12, 2007, Egert represented to Stephen Friedman and, upon information and belief, to Stern on more than one occasion that Safrin would invest equity in the transaction, and be a principal in the transaction and that Safrin would sign certain limited recourse obligation guarantees (standard carve-out guarantees) and environmental indemnities with respect to a loan by Citigroup Global Realty Corp. ("Citigroup") to be secured by the real property and a mezzanine loan to be secured by the equity interests in the LLC which was to be the indirect owner of the properties.

18. In addition, Egert and The Safrin Group had a contemporaneous working relationship with Third Party Defendants Steven Alevy and Bankers Capital Realty Advisors LLC ("Bankers Capital") in transactions other than the Colonial transaction which were occurring at or around the time of the Colonial transaction.

19. Upon information and belief, Safrin stated to Steven Alevy that he

{00039757;v1}

was pleased to be participating jointly with the Alevy family in acquiring the Colonial properties.

20. Beginning in or about October 2006, BIR had represented The Safrin Group and/or Safrin in several transactions prior to and/or contemporaneously with the Colonial transaction in which BIR was instructed that, unless specifically directed otherwise, it should obtain documents, signatures of Safrin and approvals of Safrin through Egert and the other officers and employees of The Safrin Group which practice was followed as a regular course of business.

21. Safrin denies any knowledge of the transactions out of which this action arises until shortly prior to the commencement of the action against him and claims that his signatures on the Citigroup guarantees and the assignment of his equity interest in the indirect owner of the Colonial properties are forgeries.

22. Notwithstanding this denial, in his verified Third Party Complaint in Stern v. Alevy, Index No. 601742/08 in the Supreme Court of the State of New York, County of New York, Egert admits that he investigated this transaction on behalf of Safrin and that he or others at The Safrin Group transmitted documents to BIR bearing signatures represented to be those of Safrin.

23. Egert claims that at some point he advised Stephen Friedman that Safrin would not be a financial investor in the acquisition of the Colonial properties. To date, Egert has not alleged that he gave any such notice to Citigroup, Stern, Steven Alevy, Bankers Capital, which brought Plaintiffs to the transaction, or to Herrick, Feinstein, Stern's attorneys with respect to the negotiation and closing of the Citigroup

loans.

24. Stephen Friedman played no role in the delivery of Safrin's guarantees or environmental indemnities to Citigroup or its counsel.

25. Neither Stephen Friedman, nor anyone else from BIR, attended the closing of the Citigroup loans or the closing of the purchase of the properties from Colonial.

26. On or about May 9, 2007, Stephen Friedman also introduced Stern to Third Party Defendant Steven Alevy whose father controls the Plaintiffs in this action in order for Alevy and Bankers Capital to help Stern to obtain financing for the acquisition of the Colonial properties.

27. Another broker obtained a commitment from Citigroup for first mortgage and mezzanine financing of the Colonial transaction.

28. The Citigroup loans did not provide all the funds needed to complete the acquisition of the Colonial properties.

29. Alevy proposed that he would provide the amount of $13 million which amount was wired into an escrow account at Defendant Land Title Associates Escrow.

30. Upon information and belief, Egert represented to Alevy that Safrin was an equity participant in the Colonial transaction.

31. Plaintiffs originally proposed that one of them or their nominee would take an equity position in the acquisition of the Colonial properties.

32. Plaintiffs changed their position when, among other things, Stephen

Friedman explained to them that Citigroup would ask them to sign the limited recourse obligation guarantees of the two loans if they took an equity position.

33. Plaintiffs then agreed to treat the investment as a loan for which a promissory note executed by Stern and an assignment of Stern's and Safrin's equity interests in the ultimate owner of the properties would be delivered to Plaintiffs.

34. Plaintiffs allege that the documents provided by BIR with respect to the loan were not satisfactory and that their $13 million was released from escrow without their permission prior to a final agreement being reached on terms.

35. No one from BIR is alleged to have played any role in causing Land Title to release the escrowed funds without Plaintiffs' permission.

36. Safrin has asserted various causes of action against BIR and Stephen Friedman based upon Stephen Friedman's alleged representation to Plaintiffs that Safrin was participating in the acquisition of the Colonial properties.

37. To date, neither Plaintiffs nor First Republic and Stern have alleged any claim against BIR or Stephen Friedman.

## FIRST CLAIM FOR RELIEF

38. BIR repeats and realleges the allegations of Paragraphs 1 through 37 as if fully set forth herein.

39. If BIR is held liable to Safrin in any amount, BIR seeks indemnification and/or contribution from Egert and The Safrin Group based upon their representations that Safrin was a participant in the acquisition of the Colonial properties and that based upon the prior representation of The Safrin Group and/or Safrin in other

{00039757;v1}

transactions, Egert and the other officers and employees of The Safrin Group had actual or apparent authority to bind Safrin and to provide authorized binding signatures of Safrin on documents provided by them.

WHEREFORE, Third Party Defendant/Fourth Party Plaintiff BIR demands judgment for indemnification or contribution from Fourth Party Defendants Egert and The Safrin Group in the event BIR is held liable in any amount to Defendant/Third Party Plaintiff Safrin, together with costs and such other relief as this Court deems just.

Dated: New York, NY
       March 16, 2009

                        KAVANAGH MALONEY & OSNATO LLP

                        By /s/ James J. Maloney
                             James J. Maloney
                        Attorneys for Third Party Defendant/Fourth
                        Party Plaintiff Buchanan Ingersoll & Rooney PC
                        415 Madison Avenue
                        New York, NY 10017
                        212-207-8400