UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

AMUSEMENT INDUSTRY, INC. dba                          :
WESTLAND INDUSTRIES; and PRACTICAL
FINANCE CO., INC.,                                    :          OPINION AND ORDER

                Plaintiffs,                   :          07 Civ. 11586 (LAK) (GWG)

    -v.-                                             :

MOSES STERN, aka MARK STERN; JOSHUA     :
SAFRIN; FIRST REPUBLIC GROUP REALTY
LLC; EPHRAIM FRENKEL; and LAND TITLE    :
ASSOCIATES ESCROW,

                                  :
              Defendants.

----------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/09

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs Amusement Industry, Inc. and Practical Finance Co., Inc. (collectively,

"Amusement") bring this action seeking damages relating to the loss of $13 million in a real

estate transaction. Amusement is represented by two law firms: Sragow & Sragow of Long

Beach, California and Arent Fox LLP of New York, New York.[1] Defendants Moses Stern,

Ephraim Frenkel, and Land Title Associates Escrow (collectively, "Stern") now move for

disqualification of Sragow & Sragow, asserting that various attorneys from that firm are likely to

be witnesses in this case.[2] For the reasons stated below, the motion to disqualify Amusement's

---

    [1] Arent Fox LLP recently replaced the law firm of Sills, Cummis & Gross P.C. of New
York, New York as co-counsel to plaintiffs.

    [2] See Notice of Motion, filed June 11, 2008 (Docket # 121); Memorandum of Law in
Support of Motion to Disqualify Plaintiffs' California Co-Counsel Sragow & Sragow, filed June
11, 2008 (Docket # 122) ("Def. Mem."); Declaration of Stephen R. Stern in Support of
Defendants' Motion to Disqualify Plaintiffs' California Co-Counsel Sragow & Sragow, filed
June 11, 2008 (Docket # 123); Plaintiffs' Memorandum of Law in Opposition to Defendants'
Motion to Disqualify the Sragow Firm, filed July 11, 2008 (Docket # 146) ("Pl. Mem.");
Certification of Marc D. Youngelson, filed July 11, 2008 (Docket # 147); Reply Memorandum

counsel is denied.

I.     LAW GOVERNING MOTIONS TO DISQUALIFY COUNSEL

"The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72-73 (2d Cir. 1990) (citations omitted).  This authority derives from a court's "inherent power to preserve the integrity of the adversary process."  Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citations and internal quotation marks omitted).  In exercising this power, courts "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession."  Id. (citation and internal quotation marks omitted).

In considering motions for disqualification, a court utilizes a "restrained approach that focuses primarily on preserving the integrity of the trial process."  Armstrong v. McAlpin, 625 F.2d 433, 444 (2d Cir. 1980), rev'd on other grounds, 449 U.S. 1106 (1981); accord Gormin v. Hubregsen, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009).  Because disqualification motions interfere with a party's right to the counsel of its choice and are often made for tactical reasons, they are viewed with disfavor, A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 160 F. Supp. 2d 657, 662-63 (S.D.N.Y. 2001), and the party seeking disqualification must meet a "heavy burden of proof in order to prevail," Gormin, 2009 WL 508269, at *2 (citation omitted).  Disqualification is only warranted if "an attorney's conduct tends to taint the underlying trial." Bd. of Educ. of N.Y. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979) (citation and internal

---

of Law in Support of Motion to Disqualify Plaintiffs' California Co-Counsel Sragow & Sragow, filed Aug. 1, 2008 (Docket # 156) ("Def. Reply Mem.").

quotation marks omitted); see also Ritchie v. Gano, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008). The "mere appearance of impropriety will not alone serve as a sufficient basis for granting a disqualification motion." Versace, 160 F. Supp. 2d at 663 (citation omitted).

Although courts look to state disciplinary rules when considering motions for disqualification, such rules "need not be rigidly applied," Lyman v. City of Albany, 2007 WL 496454, at *3 (N.D.N.Y. Feb. 12, 2007), as they "merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification," Hempstead Video, 409 F.3d at 132 (citation omitted).

On April 1, 2009, New York adopted the Model Rules of Professional Conduct. Model Rule 3.7(a) addresses the situation where an attorney may be called as a witness:

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1) the testimony relates solely to an uncontested issue;
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> (3) disqualification of the lawyer would work substantial hardship on the client;
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> (5) the testimony is authorized by the tribunal.

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.29 (2009). Previously, New York adhered to the Model Code of Professional Responsibility, which similarly provided that:

> A lawyer shall not act . . . as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client . . . .

N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.21 (repealed 2009).

These rules, commonly referred to as "advocate-witness" rules, are based upon concerns

3

that:

> (1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client.

Ramey v. Dist. 141, Int'l Ass'n. of Machinists & Aerospace Workers, 378 F.3d 269, 282-83 (2d Cir. 2004) (citation omitted).  Additionally, "when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined."  Id. (citation, internal quotation marks, and bracketing omitted).

II.      DISCUSSION

        Stern moves for the disqualification of Sragow & Sragow because it asserts that Allen Sragow will be a witness on three issues in this case.  See Def. Mem. at 10-17.  While Amusement contends that Sragow will not necessarily be a witness, Amusement also states that it "never intended for Mr. Sragow or his firm to be trial counsel," Pl. Mem. at 6, 19, and has "offered to stipulate that the Sragow firm would not serve as trial counsel," id. at 6.  In response, Stern argues that Sragow & Sragow must be "disqualified from the entire case – that is, they should no longer be permitted to represent plaintiffs during pre-trial proceedings or at trial." Def. Reply Mem. at 8 (emphasis in original).  It is not necessary to reach the question of whether Sragow will be a witness, as Stern has demonstrated no reason why such a finding would require Sragow's disqualification from pre-trial representation.

        The Second Circuit has emphasized that a motion to disqualify "should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a

significant risk of trial taint." <u>Glueck v. Jonathan Logan, Inc.</u>, 653 F.2d 746, 748 (2d Cir. 1981)

(citations omitted).  Accordingly, district courts in this Circuit regularly deny motions for

disqualification where the attorney in question is retained only for pre-trial purposes and does

not intend to represent the client at trial.  <u>See, e.g.</u>, <u>Versace</u>, 160 F. Supp. 2d at 665 (listing

cases); <u>Ragdoll Prods. (UK) Ltd. v. Wal-Mart Stores, Inc.</u>, 1999 WL 760209, at *2 (S.D.N.Y.

Sept. 27, 1999) (same); <u>Rosefield v. Orentreich</u>, 1998 WL 567750, at *6 (S.D.N.Y. Sept. 4,

1998) (same).  The rationale for this result is that "[t]he concerns underlying [the advocate-

witness rule] arise out of an attorney's presence at trial.  Allowing an attorney to continue his

representation pre-trial does nothing to undermine those interests, and protects the clients' right

to choose their own counsel." <u>Conigliaro v. Horace Mann School</u>, 1997 WL 189058, at *4

(S.D.N.Y. Apr. 17, 1997) (citations omitted); <u>accord Ramey</u>, 378 F.3d at 283 (concerns

underlying the advocate-witness rule are for the most part "absent or, at least, greatly reduced,

when [as here] the lawyer-witness does not act as trial counsel") (quoting <u>Culebras Enters. Corp.</u>

<u>v. Rivera-Rios</u>, 846 F.2d 94, 100 (1st Cir. 1988)).

      For example, in <u>Gormin</u>, the plaintiff moved for disqualification of the defendants'

counsel before discovery began, although the defendants did not intend for the attorney to

represent them at trial.  2009 WL 508269, at *3.  <u>Gormin</u> stated:

> Here, there appears to be little risk to the trial process, because Defendants have
> already represented that [the attorney] will not appear as trial counsel in this
> matter.  This concession largely, if not completely, eliminates the concerns about
> "trial taint" [as noted in <u>Glueck</u>].  Indeed, numerous courts in this District have
> held that [the advocate-witness rule] addresses counsel's participation at trial, and
> does not bar counsel's participation in pre-trial proceedings.

<u>Id.</u> (citing cases).  <u>See also, e.g.</u>, <u>Lyman</u>, 2007 WL 496454, at *4 ("No reason appears why

[attorney who was potential witness] should not be permitted to continue to represent the [party]

5

through the completion of discovery and dispositive motions."); Versace, 160 F. Supp. 2d at 665 (following "the great weight of authority in this District" which "permitted attorneys who were potential witnesses at trial to continue to represent their clients during pre-trial proceedings"); Rosefield, 1998 WL 567750, at *6 (attorney may continue representation during pre-trial stages, even though court had permitted attorney's deposition in order to determine whether attorney's testimony might be prejudicial to his client); NL Indus., Inc. v. Painewebber Inc., 1990 WL 43929, at *3 (S.D.N.Y. Apr. 9, 1990) ("The Disciplinary Rules . . . mandate disqualification only from participation at trial, and not from representation altogether.  Disqualification 'should be narrowly tailored to allow counsel to participate in all aspects of the case that would not involve counsel's testimony . . . .'") (citation omitted); N.Y. Inst. of Tech. v. Biosound, Inc., 1987 WL 11749, at *1 (S.D.N.Y. Jan. 27, 1987) ("It is the Court's view that even if [counsel] ultimately were to be disqualified, he could not be barred from assisting the defendants and co-counsel with the preparation for trial.").

Stern cites to a number of cases for the proposition that "the overwhelming weight of authority does not distinguish between the pre-trial and trial stages of a litigation and instead disqualifies counsel immediately upon learning that the attorney's testimony is necessary or may be prejudicial to the client's case."  See Def. Reply Mem. at 9.  But in the vast bulk of these cases, there was no suggestion that the parties had even raised the possibility that the representation would cease at the trial phase of the case.  Notably, none of these cases involved a situation where, as here, the party is represented not only by the attorney with the alleged conflict but also by a separate firm that is going to serve as sole trial counsel and has no arguable conflicts.

6

Stern identifies only two specific potential areas of concern arising from Sragow's participation in the pre-trial process. It argues Sragow "may argue motions for or against preclusion or protection orders concerning his own testimony," thereby "find[ing] himself in the unseemly situation of arguing his own credibility." Def. Reply Mem. at 10. Accepting arguendo the premise that such motions require an attorney to argue witness "credibility," the Court finds that there should be no concern on this front in light of the fact that such arguments, if any, will take place before the Court and not a jury. In any event, the Court can always require that such an argument be handled by co-counsel.

Second, Stern argues that "if any depositions taken or defended by Mr. Sragow are introduced at trial and Mr. Sragow testifies at trial, the fact finder may draw adverse inferences that would impact the judicial process." Id. For a stenographically recorded deposition, this is not a concern as the jury need never be informed of the questioner's name. With respect to a videotaped deposition, a similar argument was made and rejected in Gormin, in which the court noted that "the focus in any videotaped deposition is on the witness, and not on the lawyer asking the questions . . . . In any event, any possible juror confusion about [counsel's] participation in one deposition as a witness, and in another deposition as a questioner, surely would be curable through a jury instruction." 2009 WL 508269, at *3 n.1. Thus, if this case reaches trial and Sragow testifies, the risk of trial taint from Sragow's participation in depositions is curable by less drastic means than the disqualification of Amusement's chosen counsel.

Of greater concern to the Court is the possibility that Sragow might question witnesses at a deposition regarding his own interactions with the witness – a practice that has been

7

condemned by some courts.  See, e.g., New Gold Equities Corp. v. Capital Growth Real Estate,

Inc., 1990 U.S. Dist. LEXIS 3854, at * 2-3 (S.D.N.Y. Apr. 9, 1990).  But at a recent pretrial

conference Sragow informed the Court and the parties that he does not believe it appropriate for

him to take any depositions.  Indeed, he obtained a continuance from the Court to retain new trial

counsel based on this representation.  In light of this representation to the Court, the concern

regarding Sragow's participation in depositions does not apply.

III.    CONCLUSION

        For the foregoing reasons, defendants' motion to disqualify plaintiffs' counsel (Docket

# 121) is denied, except that the Sragow firm will be bound by its prior representations that it

will not serve as trial counsel in this case and that it will not question any witnesses at

depositions.

Dated: September 25, 2009
       New York, New York

                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

8