# Exhibit

# 186

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AMUSEMENT INDUSTRY, INC., dba WESTLAND : No. 07 Civ. 11586
INDUSTRIES; PRACTICAL FINANCE CO., INC., : (LAK)(GWG)
:
                       Plaintiffs, : (ECF)
  - against - :
:
MOSES STERN, aka MARK STERN; JOSHUA SAFRIN, :
FIRST REPUBLIC REALTY LLC, EPHRAIM : **AFFIDAVIT OF ERIC PASINI**
FRANKEL, LAND TITLE ASSOCIATES ESCROW, :
:
                      Defendants. :
------------------------------------------------------------- x

     I, Eric Pasini, do hereby swear as follows:

     1.     I was the Managing Director of Roman Associates Limited (hereinafter "Roman Associates") since before 2007. During that time I have worked with Joseph T. Mirando, CEO of Roman Associates.

     2.     Attached as Exhibit A is a copy of a brokerage agreement dated April 19, 2007 purportedly signed by me on behalf of Roman Associates. The brokerage agreement purports to be for services as an acquisition advisor to Mark Stern and First Republic Group Corp., relating to the acquisition of certain shopping centers located in the Southeast United States from the Colonial Realty Limited Partnership.

     3.     I have reviewed Exhibit A and it is a fake. Exhibit A is not a Roman Associates agreement and the signature on page 4 is a forgery. It is not my signature. Roman Associates had no such agreement with First Republic Group Corp. or Mark Stern. Roman Associates did work with Mark Stern on another matter in 2007, for which Mark Stern owed Roman Associates approximately $15,000 to $20,000.

     4.     Attached as Exhibit B is a copy of an invoice dated June 26, 2007 which purports to be from Roman Associates to First Republic Group Corp., again for

"acquisition advising fees for the Colonial Properties located in the Southeast United States." I have reviewed this invoice and it too is a fake. Exhibit B is not a Roman Associates invoice. Roman Associates did not create this invoice and did not bill First Republic Group Corp. or Mark Stern for any services relating to the acquisition of shopping centers from the Colonial Realty Limited Partnership.

     5.    On Friday July 12, 2007, $2,670,000 was wired from First Republic Group Corp. c/o Land Title Associates into the Roman Associates bank account. Roman Associates was not owed $2,670,000 from First Republic Group Corp. or Mark Stern, and neither I nor Mr. Mirando knew what to do with the funds. Soon thereafter Roman Associates were contacted by Chase bank, who told us that the escrow company Land Title Associates wanted the funds returned, claiming it was wired in error. On Monday July 16, 2007, Roman Associates wired the funds back.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 24th day of July 2012, at Bayside, New York.

_____
Eric Pasini



# Exhibit

# A

**Roman Associates Ltd.**
1200 Vets Memorial Hwy Suite #310
Happauge, New York 11788
C/o Eric P. Pasini

April 19, 2007

First Republic Group Corp.
241 5th Avenue
New York, New York 10016
Attention: Mr. Mark Stern

RE: Engagement of Roman Associates, Ltd. ("Roman") as the Acquisition Advisor for First Republic Group Corp. ("FRG") relating to the acquisition of certain shopping centers located in the Southeast United States (the "Properties")

Dear Mr. Stern:

Thank you for agreeing to engage Roman Associates, Ltd. to serve as your Acquisition Advisor in connection with your purchase of certain shopping centers (the Acquisition") pursuant to terms of your Purchase and Sale Agreement with Colonial Realty Limited Partnership.

This purpose of this letter is to formally describe the terms of our engagement, which shall be as follows:

**Scope of Engagement:**

Roman will assist and coordinate all aspects of the Acquisition, including, but not limited to, advising on all aspects of the deal, assisting in evaluating all financing opportunities, strategies and techniques, creating a master plan and strategy for maximizing the value of the Properties, overseeing and helping to coordinate all the due diligence, liaising with all third party professionals, assisting in evaluating all financial, marketing and other property data, and assisting in all other matters related to the Acquisition.

**Rights**

All actions and efforts of Roman hereunder will only be undertaken upon the request and in accordance with directions of FRG. In addition, any actions or efforts undertaken by Roman shall immediately cease if so directed by FRG.

041907-23652.3

-1-

## Compensation

Roman's fee shall be as follows: (a) if the Acquisition fails to close, the sum of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, and (b) if the Acquisition successfully closes (irrespective of whether FRG closes on all the shopping centers or only on a portion), the amount equal to TWO (2%) PERCENT of the Purchase Price payable for the Acquisition (or the portion of the shopping centers being acquired). Roman's fee is due when FRG closes or when the contract for the Acquisition of the Properties has been terminated by either party (irrespective of whether the other party commences litigation with respect to such litigation). All fees payable to Roman hereunder shall be payable, by immediately available funds or by wire transfer, when the Acquisition closes (or if the Acquisition closes ins stages or tranches, pro-rata at the closing of each stage or tranche).

## Other Agreements

FRG acknowledges that Roman is an independent contractor and not FRG's agent and has no other relationship with the FRG other than as an independent contractor, and except as otherwise expressly set forth in this Agreement, this agreement does not create a fiduciary or other special relationship between Roman and FRG.

FRG agrees to furnish to Roman all information in its possession or under its control concerning the Properties or FRG and its principals reasonably necessary for Roman to render its services effectively.

FRG represents that the information provided and to be provided to Roman by FRG is and will be, to FRG's actual knowledge, true, correct and complete. Roman will rely upon the completeness and accuracy of such information. FRG will promptly notify Roman upon learning that any of the information contained in any materials provided or to be provided to Roman is no longer true, accurate or complete.

FRG further agrees that the aforementioned fee does NOT pertain to any equity capital arranged by Roman for FRG. In event Roman arranges equity capital for FRG, Roman shall be entitled to a fee to be discussed and negotiated under a separate agreement.

Upon the closing of the Acquisition, Roman is authorized (at its own expense) to issue and to publish announcements in newspapers, trade journals and other media. These releases shall not mention the principals of the transaction without prior consent.

## Limitations of Damages / Indemnity

Because damages are speculative in nature and are not subject to being estimated at the time of execution of this Agreement, in no event shall FRG or Roman be liable for any special, consequential, incidental or punitive damages even if the other party has been

041907-23652.3

-2-



advised of the possibility of such damages. Furthermore, by their respective execution, FRG and Roman waive any right to claim or seek any damages.

FRG agrees to hold Roman and its officers, directors, partners, partners, employees, agents, representatives, and any of their affiliates, beneficiaries, successors, and assigns harmless from, and shall indemnify and defend them against any all fines, losses, damages, suits, claims, actions, demands, liabilities, costs and expenses (including court costs attorneys' fees) of any kind, nature or character (collectively, the "Claims"), in connection with, related to, resulting from or arising or alleged to have arisen in connection with the subject matter hereof regardless of whether the claims are caused in whole or in part by the negligence of FRG, including, but not by way of limitation, claims based upon any representation made by the FRG or assented to by FRG whether contained in any marketing materials or otherwise except to the extent of any errors or omissions made by Roman in the compilation or manipulation of any information provided by FRG or third parties. **THE INDEMNITY IN THIS PARAGRAPH SHALL APPLY TO CLAIM OF ANY KIND OR NATURE EXCEPT TO THE EXTENT THAT A COURT OF COMPETENT JURISDICTION DETERMINES THAT SUCH CLAIMS RESULTED FROM ROMAN'S SOLE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.** To the extent this paragraph is found by a court of competent jurisdiction not to be exculpate any such parties, damages shall be limited as set forth in the preceding paragraph.

Both parties agree to keep the contents of this agreement confidential, provided that Roman may disclose the contents of the agreement in connection with the payment or collection of its fee and either party may disclose information to their respective employees, attorneys, accountants, or other representatives or advisors in connection with performing their obligations hereunder.

This agreement shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns. In connection with the foregoing, if FRG assigns the contract for the Acquisition to any other party, the fees payable hereunder to Roman shall be due and payable upon the closing of the Acquisition by the assignee.

If any term or provisions of this Agreement his held to be void or unenforceable, such terms or provision will be ineffective and separable from the remaining terms and provisions of this agreement without invalidating the remaining terms or provisions of this agreement. In lieu of any invalid or unenforceable provision, a valid and enforceable provision will automatically be added containing terms as similar as possible to the ineffective provision and the parties request the court or any arbitrator to whom disputes relating to this agreement are submitted to reform the ineffective provision in accordance with this paragraph.

If either party institutes any action or proceeding against the other party relating to this agreement, the successful party in such action proceeding will be entitled to recover from

041907-23652.3

-3-



the unsuccessful party all fees and expenses incurred in connection therewith, including, without limitation, court costs, reasonable attorney's fees related expenses.

This agreement constitutes the entire agreement between Roman and FRG with respect to the matters set forth herein and supersedes all prior discussions, negotiations and agreement, whether oral or written. No amendment of this agreement is valid or binding unless made in writing and signed by both Roman and FRG. The individuals executing this agreement warrant and represent that, with respect to the agreements contained herein; he or she has the authority to bind Roman and FRG, respectively. This agreement is governed and constructed under the laws of the state of New York.

Please initial each page, sign and date this Agreement and retain a copy for your files. This Agreement may be signed in counterparts and facsimile signatures shall be deemed original signatures. If you have any questions regarding this agreement, please do not hesitate to call.

Sincerely,

ROMAN ASSOCIATES, LTD.

By: _____
Name: Eric P. Pasini
Title: Managing Director


Agreed and accepted as of this __19__ day of April, 2007.

**FIRST REPUBLIC GROUP CORP.**

By: _____          4/19/07
Name: Mark Stern
Title: President                          MOSHE E. MALIK
                                   Notary Public, State of New York
                                            No. 4961978
                                   Qualified in Rockland County
                                   Commission Expires Feb. 12, 20__

041907-23652.3

-4-

# Exhibit

# B

# ROMAN ASSOCIATES LTD.

Telephone: (631) 435-8099
Facsimile: (646) 435-8138

June 26, 2007

First Republic Group Corp
241 5th Avenue Suite 302
New York, NY 10016

Acquisition advising fees for the Colonial Properties located in the Southeast United States ("The Properties") by FRG.

| | |
|---|---|
| **Fees:** | $2,670,000.00 |
| **Total Due:** | $2,670,000.00 |

1200 Veterans Memorial Hwy • Suite #310 • Hauppauge • New York • 11788