```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC. dba                    :
WESTLAND INDUSTRIES; and PRACTICAL
FINANCE CO., INC.,                              :

                Plaintiffs,        :   07 Civ. 11586 (LAK) (GWG)

     -v.-                          :   REPORT AND
                                       RECOMMENDATION
MOSES STERN, aka MARK STERN; JOSHUA :
SAFRIN; FIRST REPUBLIC GROUP REALTY,
LLC; FIRST REPUBLIC GROUP CORP.; LAND :
TITLE ASSOCIATES AGENCY, LLC aka LAND
TITLE ASSOCIATES; AVERY EGERT, and   :
EPHRAIM FRENKEL,
                                     :
                Defendants.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Amusement Industry, Inc. d/b/a/ Westland Industries and Practical Finance Co., Inc. (collectively, "Amusement") move for an award of prejudgment interest against defendant Moses Stern, a/k/a Mark Stern.[1] A judgment has already been granted against Stern in

---

[1] See Plaintiffs Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Notice of Motion for Prejudgment Interest, filed Aug. 26, 2016 (Docket # 872); Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Memorandum of Points and Authorities in Support of Their Motion for Prejudgment Interest, filed Aug. 26, 2016 (Docket # 873) ("Pl. Mem."); Declaration of John W. Hofsaess in Support of Plaintiffs Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Motion for Prejudgment Interest Against Mark Stern and First Republic Group Corp., filed Aug. 26, 2016 (Docket # 874) ("Hofsaess Decl."); Notice of Errata for Exhibits Attached to Declaration of John W. Hofsaess in Support of Motion for Prejudgment Interest, filed Aug. 26, 2016 (Docket # 875); Declaration of Brian K. Condon in Opposition to Plaintiffs' Motion for Prejudgment Interest, filed Sept. 15, 2016 (Docket # 880); Memorandum of Law in Opposition to Plaintiffs' Motion for Prejudgment Interest, filed Sept. 15, 2016 (Docket # 881) ("Def. Mem."); Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Reply Memorandum of Points and Authorities in Support of Their Motion for Prejudgment Interest, filed Sept. 23, 2016 (Docket # 882) ("Pl. Reply").

The motion also sought prejudgment interest against First Republic Group Corp. an entity against which plaintiffs sought a default judgment in a previously-filed motion. See Plaintiffs Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Notice of Motion for

the amount of $13,000,000. See Judgment, filed Nov. 16. 2016 (Docket # 885).  The Judgment resulted from a grant of summary judgment to plaintiffs on their causes of action for fraud, conspiracy to commit fraud, conversion, and unjust enrichment.  See Amusement Indus., Inc. v. Stern, 2016 WL 6820744 (S.D.N.Y. Nov. 10, 2016), adopting Amusement Indus., Inc. v. Stern, 2016 WL 4249965 (S.D.N.Y. Aug. 11, 2016) ("August 2016 R&R").  For the following reasons, plaintiffs should be granted prejudgment interest against Stern.

I.     BACKGROUND

The facts relevant to the underlying judgment against Stern are set forth in full in the summary judgment decisions, familiarity with which is assumed.  In brief, Amusement entered into an agreement with Stern, First Republic Group Corp., and others, in June 2007 to invest $13,000,000 in a commercial real estate transaction.  See August 2016 R&R, 2016 WL 4249965, at *3-4.  Under the agreement, the money was placed in an escrow account and was not to be released without plaintiffs' approval.  Id. at *5.  Notwithstanding the fact that plaintiffs never gave their approval, Stern through his associates instructed the escrow agent, Land Title Associates, Inc., to release the $13,000,000.  Id. at *6.  Land Title Associates, Inc. complied with that instruction beginning on July 12, 2007.  Id.   Stern instructed Frenkel on where to disburse the funds.  Id.

Over $7,750,000 was distributed from the escrow account on July 12, 2007.  See Hofsaess Decl. Ex. 20.  By 3:00 p.m. on July 13, the escrow agent had released Amusement's $13,000,000.  Deposition of Ephraim Frenkel, dated October 20, 2009 ("Frenkel Dep.)  at

---

Default Judgment Against First Republic Group Corp. Pursuant to F.R.C.P. 55(b)(2), filed Aug. 25, 2016 (Docket # 866).  We deal with the request for prejudgment interest against First Republic Group Corp. in a separate Report and Recommendation being issued today.

412:22-413:24 (attached as Ex. 169 to Supplemental Declaration of John W. Hofsaess in Support of Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Motion for Summary Judgment, filed Feb. 26, 2016 (Docket # 852)).

II.    DISCUSSION

Federal courts apply state law to the calculation of prejudgment interest for state law claims. See Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999) (citing Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998)). While the parties have not briefed the question of choice of law, their briefs assume that New York governs and thus the Court will apply New York law to the dispute. See generally Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law.") (internal punctuation altered).

New York law provides that prejudgment interest of 9% per annum "shall be recovered" for claims arising from "an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." N.Y. C.P.L.R. §§ 5001(a), 5004. This provision governs claims for conversion, see, e.g., Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd, 888 F. Supp. 2d 385, 400 (S.D.N.Y. 2012) ("A plaintiff who prevails on a claim for conversion 'may recover the value of the property at the time and place of conversion, plus interest.'") (citations omitted), and for fraud, see, e.g., Mallis v. Bankers Tr. Co., 717 F.2d 683, 694-95 (2d Cir. 1983) (claims of common law fraud and negligent misrepresentation are the type of "act of omission" contemplated by § 5001(a)); Whittemore v. Yeo, 117 A.D.3d 544, 545-46 (1st Dep't 2014) (same).[2] Because of the provision's mandatory language, a court does not have discretion to

---

[2] Because plaintiffs are entitled to prejudgment interest on their fraud and conversion claims, it is not necessary to decide their entitlement to prejudgment interest on any other claims.

3

decline to award prejudgment interest. See, e.g., In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1166 (E.D.N.Y. 1996) ("awarding pre-judgment interest on damages awarded for fraud is mandatory") (citing Mfrs. Hanover Tr. Co. v. Drysdale Sec. Corp., 801 F.2d 13, 28 (2d Cir. 1986); and Mallis, 717 F.2d at 693-95).

The starting date from which a court computes interest is "the earliest ascertainable date the cause of action existed." Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994) (quoting N.Y. C.P.L.R. § 5001(b)). However, "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Id.; see also Marfia, 147 F.3d at 91 ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date.'") (quoting 155 Henry Owners Corp. v. Lovlyn Realty Co., 231 A.D.2d 559, 560-61 (2d Dep't 1996)).

Stern's arguments opposing the motion of prejudgment interest address exclusively the merits of the Court's finding that plaintiffs are entitled to a judgment on their claims in the amount of $13,000,000. Obviously, that determination is the law of the case and will be followed in adjudicating the instant motion.

Because plaintiffs have prevailed on their claims of conversion and fraud, they are entitled to an award of prejudgment interest against Stern. Plaintiffs have provided evidence that the $13,000,000 was fully disbursed as of July 13, 2007. Frenkel Dep. 412:22-413:24. Thus prejudgment interest should be calculated from July 13, 2007. The amount due per day in interest is $13,000,000/365 X .09, or $3,205.48.


III. CONCLUSION

For the foregoing reasons, the motion for prejudgment interest (Docket # 872) should be granted. An amended judgment should be entered in favor of plaintiffs against Moses Stern a/k/a Mark Stern in the amount of $13,000,000 plus prejudgment interest of $3,205.48 per day from July 13, 2007, until the date of judgment.

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 30, 2016
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge