```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMUSEMENT INDUSTRY, INC. dba                    :
WESTLAND INDUSTRIES; and PRACTICAL
FINANCE CO., INC.,                              :

                Plaintiffs,                     :    07 Civ. 11586 (LAK) (GWG)

    -v.-                                        :    REPORT AND
                                                     RECOMMENDATION
MOSES STERN, aka MARK STERN; JOSHUA              :
SAFRIN; FIRST REPUBLIC GROUP REALTY,
LLC; FIRST REPUBLIC GROUP CORP.; LAND            :
TITLE ASSOCIATES AGENCY, LLC aka LAND
TITLE ASSOCIATES; AVERY EGERT, and               :
EPHRAIM FRENKEL,
                                                 :
                Defendants.
-----------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Amusement Industry, Inc. d/b/a/ Westland Industries and Practical Finance Co., Inc. (collectively, "Amusement") move for default judgment against First Republic Group Corp. ("FRG Corp.") on their causes of action for fraud, conversion, conspiracy to commit conversion and/or fraud, and unjust enrichment.[1] For the following reasons, the motion should be granted.

I.      BACKGROUND

Plaintiffs filed their original complaint against Moses "Mark" Stern, Joshua Safrin, Ephraim Frenkel, Land Title Associates Escrow ("LTA"), and First Republic Group Realty LLC

---

[1] See Plaintiffs Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Notice of Motion for Default Judgment Against First Republic Group Corp. Pursuant to F.R.C.P. 55(b)(2), filed Aug. 25, 2016 (Docket # 866); Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Memorandum of Points and Authorities in Support of Their Motion for Default, filed Aug. 25, 2016 (Docket # 867) ("Default J. Mem."); Declaration of John W. Hofsaess in Support of Plaintiffs Amusement Industry, Inc's and Practical Finance Co., Inc.'s Motion for Default Judgment Against First Republic Group Corp., filed Aug. 26, 2016 (Docket # 871) ("Hofsaess Decl.").

("First Republic LLC") on December 27, 2007.  Complaint, filed Dec. 27, 2007 (Docket # 1). Several years later, plaintiffs filed a third amended complaint that included FRG Corp. as a defendant.  Third Amended Complaint, filed Apr. 27, 2010 (Docket # 405) ("3d Am. Compl."). Only four of plaintiffs' claims remain against FRG Corp.: claims of fraud based on statements made by FRG Corp. through Stern; a claim of conversion; a claim of conspiracy to commit fraud and/or conversion; and a claim of unjust enrichment.  See Amusement. Indus., Inc. v. Stern, 786 F. Supp. 2d 758, 788 & n.9 (S.D.N.Y. 2011).

While FRG Corp. was at one time represented by counsel, see, e.g., Letter, filed May 5, 2010 (Docket # 416); Stipulation and Consent to Substitution of Counsel, filed Oct. 23, 2013 (Docket # 726), a request by counsel to withdraw was granted in 2013 in a "so ordered" stipulation agreed to by FRG Corp.'s principal, Mark Stern, see Stipulation and Order, filed Dec. 11, 2013 (Docket # 736).  The stipulation recited that FRG Corp. was "aware of the possibility of [a] default judgment[ ] being taken" against it if it "fail[ed] to retain counsel."  Id. ¶ 3.

Earlier this year, this Court noted that FRG Corp. remained in the case, and that it was likely in default inasmuch as it was not represented by counsel.  See Order, filed Aug. 11, 2016 (Docket # 863).  Plaintiffs thereafter filed the instant motion for a default judgment against FRG Corp., seeking $13,000,000 plus prejudgment interest.  FRG Corp. has not responded to this motion.

II.   DISCUSSION

   A.   FRG Corp.'s Default

"It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P."  SEC v. Research

2

Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975) (internal citations omitted); accord Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006).  Because FRG Corp. has been unrepresented since December 2013, it is in default.

    B.    FRG Corp.'s Liability

When determining the liability of a party in default, a court must accept the factual allegations of the party moving for default judgment as true, and draw all reasonable inferences in its favor.  See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment") (internal citations omitted); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  A plaintiff is entitled to default judgment only if its complaint states a claim upon which relief can be granted.  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011).  In this case, the Court has already held that plaintiffs' third amended complaint states a claim against FRG Corp.  See Amusement Indus., Inc., 786 F. Supp. 2d at 788 & n.9.  Accordingly, FRG Corp.'s default establishes its liability on the four causes of action that the Court found stated a claim.

We will briefly summarize the factual allegations in the Third Amended Complaint pertinent to plaintiffs' claims.  FRG Corp. entered into a written agreement to purchase shopping centers from Colonial Realty Limited Partnership ("Colonial") in April 2007, with a closing date set for late June 2007.  3d Am. Compl. ¶ 2.  FRG Corp. authorized Bankers Capital Realty Advisors, through its principal, Steven Alevy, to secure additional financing.  See id. ¶¶ 21-22.  It also authorized an attorney, Stephen Friedman, to approach Amusement to invest in the transaction.  See id. ¶¶ 22-23.  Friedman told Amusement, among other things, that "Safrin, a respected New York real estate investor, was supplying much of the equity needed for the

acquisition." Id. ¶ 23. Stern, as agent for FRG Corp, see id. ¶¶ 2, 12, confirmed that Safrin was a sponsor of the transaction. Id. ¶ 78(f). Friedman told Amusement that the deal's financing agreement permitted a "50/50 equity split" between Amusement on one side and FRG Corp. and its partners on the other. Id. ¶ 78(k). These statements were knowingly false when made, and offered so that the FRG Corp. and others could obtain and use plaintiffs' money to complete the purchase from Colonial. Id. ¶¶ 76, 78.

Based on this and other representations by FRG Corp. and its agents, Amusement and FRG Corp. entered into a Letter of Understanding ("LOU") governing Amusement's proposed investment. See id. ¶¶ 29, 31, 78; Letter of Understanding (annexed as Ex. 2 to 3d Am. Compl.). On or about June 29, 2007, Amusement wired $13,000,000 into a bank account maintained by LTA, which Friedman told them was an account solely used for this deal. See 3d Am. Compl. ¶ 32. As Amusement later learned, the account was actually the general escrow account of another defendant, Ephraim Frenkel, and held only the $13,000,000 wired there by Amusement. Id. ¶ 42. As a condition to wiring the $13,000,000, Amusement required LTA to hold the money in escrow and release it only on Amusement's instruction. Id. ¶ 34. Between June 29, 2007, and July 14, 2007, Amusement repeatedly instructed Friedman, LTA, and Frenkel that the money should not be released. Id. ¶¶ 36-38. Nevertheless, the $13,000,000 was transferred from the LTA escrow account to one owned and controlled exclusively by FRG Corp. on July 3, 2007. Id. ¶ 40. Without Amusement's knowledge and despite the fact that no formal agreement had been reached, FRG Corp. and other defendants used the money to complete the transaction with Colonial beginning July 12, 2007. See id. ¶¶ 49, 59.

For the reasons explained in Amusement Indus., Inc., 786 F. Supp. 2d at 772-78, 782-84, the Third Amended Complaint shows that FRG Corp. (1) fraudulently induced plaintiffs, through

specific statements made by its agent Stern and others, to place the $13,000,000 in escrow, id. ¶ 78; (2) conspired to commit fraud against plaintiffs, see id. ¶¶ 97-101; (3) converted plaintiffs' money by taking possession and making use of their $13,000,000 without permission or compensation, id. ¶¶ 91-95; and (4) unjustly enriched itself by wrongfully taking plaintiffs' $13,000,000 and using it to complete the transaction with Colonial, id. ¶¶ 131-133, 135.

C. Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, a plaintiffs must still establish damages "with reasonable certainty." Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). Generally, it must do so using admissible evidence, including "detailed affidavits and documentary evidence." Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)) (other citations omitted); see also House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 208 (2d Cir. 2010) ("even when the defendant defaults and is not present to object, damages must be based on admissible evidence") (citations omitted).

Here, plaintiffs' proof of damages is inextricably bound to their allegations of liability. That is, plaintiffs alleged that they wired $13,000,000 to the escrow account and that FRG Corp. and the other defendants misappropriated the funds in that account. 3d Am. Compl. ¶¶ 1-4, 27, 29, 32-35, 40-44. By its default, FRG Corp. admitted those allegations. Thus, additional proof of damages is arguably not even necessary. See Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) ("The plaintiffs . . . alleged that [defendant] wrongfully retained the $34,000 that they

5

had wired to him.  By his default, [defendant] admitted that allegation.  Given those simple facts, the [district court] required no additional evidence to determine the amount of damages.").  In any event, deposition testimony confirms that plaintiffs lost $13,000,000.  See Deposition of Allen Edward Alevy, dated January 4, 2011 ("Alevy Dep.") at 60:10-60:22, 62:5-63:12, 86:4-88:3 (annexed as Exhibit 5 to Hofsaess Decl.); Deposition of Ephraim Frenkel, dated October 20, 2009, at 407:16-25 (annexed as Exhibit 21 to Hofsaess Decl.).  Finally, North Shore bank records reflect that Amusement transferred $13,000,000 into an escrow account on July 2, 2007, and that the same amount was transferred into FRG Corp.'s account the next day.  See Hofsaess Decl., Exhibits 10-11.

Accordingly, there is sufficient evidence in the record to establish that plaintiffs' damages were $13,000,000.

D.   Prejudgment Interest

Plaintiffs' motion for default judgment seeks an award of prejudgment interest.  "In a diversity case, state law governs the award of prejudgment interest."  Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008) (citing Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000)).  New York law, which governs this action, see Amusement Indus., Inc. 786 F. Supp. 2d at 771, provides that prejudgment interest of 9% per annum "shall be recovered" for claims arising from "an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property," N.Y. C.P.L.R. §§ 5001(a), 5004.  This provision governs claims for conversion, see, e.g., Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd, 888 F. Supp. 2d 385, 400 (S.D.N.Y. 2012) ("A plaintiff who prevails on a claim for conversion 'may recover the value of the property at the time and place of conversion, plus interest.'") (citations omitted), and for fraud, see, e.g., Mallis v. Bankers Tr. Co., 717 F.2d 683, 694-95 (2d Cir. 1983) (claims of common law

fraud and negligent misrepresentation are the type of "act of omission" contemplated by § 5001(a)); Whittemore v. Yeo, 117 A.D.3d 544, 545-46 (1st Dep't 2014) (same).[2] Because of the provision's mandatory language, a court does not have discretion to decline to award prejudgment interest. See, e.g., In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1166 (E.D.N.Y. 1996) ("awarding pre-judgment interest on damages awarded for fraud is mandatory") (citing Mfrs. Hanover Tr. Co. v. Drysdale Sec. Corp., 801 F.2d 13, 28 (2d Cir. 1986); and Mallis, 717 F.2d at 693-95).

The starting date from which a court computes interest is "the earliest ascertainable date the cause of action existed." Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994) (quoting N.Y. C.P.L.R. § 5001(b)). However, "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Id.; see also Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 91 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or a single reasonable intermediate date . . . .") (citing 155 Henry Owners Corp. v. Lovlyn Realty Co., 231 A.D.2d 559, 560-61 (2d Dep't 1996)).

Plaintiffs have provided evidence that the escrow agent began releasing the $13,000,000 on July 12, 2007; that the $13,000,000 was fully distributed as of July 13, 2007; and that the account had a negative balance as of July 20, 2007. Hofsaess Decl. at Ex. 11 (statement from FRG Corp.'s escrow management account); id. at Ex. 22 (transfer records from July 13, 2007); Frenkel Dep. 412:22-413:24 (attached as Ex. 169 to Supplemental Declaration of John W.

---

[2] Because plaintiffs are entitled to prejudgment interest on their fraud and conversion claims, it is not necessary to decide their entitlement to prejudgment interest on any other claims.

Hofsaess in Support of Amusement Industry, Inc.'s and Practical Finance Co., Inc.'s Motion for Summary Judgment, filed Feb. 26, 2016 (Docket # 852)). Based on this evidence, July 13, 2007, is a reasonable date from which to calculate interest. Accordingly, plaintiffs should be awarded prejudgment interest of 9% per annum beginning on July 13, 2007. The amount due per day in interest is $13,000,000/365 X .09, or $3,205.48.

III. CONCLUSION

For the foregoing reasons, the motion for default judgment (Docket # 866) should be granted. The Clerk of Court should enter a judgment by default against defendant First Republic Group Corp., in the amount of $13,000,000.00, plus prejudgment interest accruing at the rate of $3,205.48 per day from July 13, 2007, until the date judgment is entered.

Additionally, because all other parties have settled or have been (or must be) dismissed from the case, the Clerk should be instructed to close the case.[3]

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Lewis A. Kaplan at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Kaplan.

---

[3] Plaintiffs named "First Republic Group Realty, LLC" as a defendant in the Third Amended Complaint, an entity that is not represented by counsel. In its order of August 11, 2016 (Docket #863), the Court instructed plaintiffs that if they did not move for a default judgment against this entity by August 25, 2016, their case against it would be dismissed. Plaintiffs elected not to file a motion for default judgment against this entity.

If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 30, 2016
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge